UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KIMBERLY BACHIOCCHI

    Plaintiff,

v.

SOUTHERN NEW ENGLAND
TELEPHONE COMPANY

    Defendant.

CIVIL ACTION NO.
3:02CV908(CFD)

DECEMBER 30, 2003

## DEFENDANT'S MOTION TO EXTEND PRE-TRIAL DEADLINES, OR IN THE ALTERNATIVE, TO PRECLUDE PLAINTIFF'S EXPERT WITNESS DR. ZACHARIAH

Pursuant to Local Rule 9(b), the defendant, the Southern New England Telephone Company ("defendant"), respectfully requests a thirty (30) day extension of all remaining pre-trial deadlines. Specifically, defendant requests (1) an extension of time to complete discovery, to and including March 15, 2004; (2) an extension of time to complete the deposition of plaintiff's expert witness, to and including January 29, 2004; (3) an extension of time for defendant to designate its expert witness(es), to and including February 27, 2004; (4) an extension of time to complete the deposition of defendant's expert witness(es), to and including March 15, 2004; (5) an extension of time to file dispositive motions, to and including April 14, 2004; and (6) an extension of time to file the joint trial memorandum, to and including May 14, 2004 or forty five (45) days after the date of the court's decision on the dispositive motions, whichever is later. In the alternative, defendant

moves to preclude the plaintiff's expert Gary Zachariah, Psy.D from testifying at trial based upon the defendant's inability to complete his deposition.

In support of its motion, the undersigned counsel for defendant represents as follows:

1. Despite good faith efforts, defendant has been unable to complete the deposition of plaintiff's expert witness, Gary Zachariah, Psy.D.

2. First, plaintiff designated her expert witness nearly two months after the November 27, 2002 deadline for disclosing experts under the Court's Order.

3. Thereafter, plaintiff identified 2 treating physicians in response to her discovery requests by defendant. However, at her deposition in May, and in subsequent letters from her counsel, plaintiff identified 22 more treating physicians that had not been disclosed previously.

4. Defendant then followed up by requesting records and information from these 22 physicians, which are highly relevant to her claim of emotional distress damages, prior to taking the deposition of her experts.

5. Defendant then attempted to depose Dr. Zachariah. First, a tentative date was agreed to by counsel during the first week of August. However, no date was confirmed by Dr. Zachariah in time to conduct the deposition.

6. On August 4, 2003, the next date that Dr. Zachariah stated he had available was September 4, 2003. Unfortunately, defense counsel's trial schedule in another matter required that the deposition be postponed.

7. In early September, defense counsel made numerous attempts, written and oral, to obtain a date on which Dr. Zachariah was available for his deposition. Finally, on or about September 23, 2003, Dr. Zachariah provided the date of October 24, 2003.

8. On October 24th, Dr. Zachariah announced at the deposition that he did not bring plaintiff's file (as specifically requested in the Notice of Deposition) because he believed HIPPA requirements prohibited him from removing the file from his office (despite a written authorization signed by plaintiff which had been forwarded to him previously).

9. Then, Dr. Zachariah left the deposition early, at 2:00 or 2:30 to pick up his children from school.

10. Defense counsel then sought Dr. Zachariah's availability for the continued deposition. He stated he was available on December 12 or 15, 2003. Defense counsel subpoenaed him to appear on December 15, 2003 at 10 am, and to bring plaintiff's file with him.

11. Despite the Subpoena, Dr. Zachariah did not attend his deposition on December 15, 2003. He informed plaintiff's counsel that, as the parent responsible for two school age children, he could not attend because school was closed that day apparently due to weather.

12. Plaintiff's counsel provided three alternative dates, December 18, 19 and 22, 2003. Defense counsel re-noticed Dr. Zachariah's deposition for December 19th and wrote a letter stating that he must bring the plaintiff's file, as directed in the Subpoena, and he must plan to attend

until at least 4:30 to complete the deposition. Defense counsel asked that Dr. Zachariah plan accordingly. See attached Exhibit A.

13. Plaintiff's counsel responded that Dr. Zachariah would again want to leave early to pick up his children from school. Defense counsel stated that to finish the deposition, he must stay through the day and that he should make alternative arrangements for his children for one day.

14. Plaintiff's counsel asked if the deposition could begin earlier at 9:30 a.m. and defense counsel agreed.

15. On December 19th, Dr. Zachariah did not show up at 9:30. Instead, he arrived at some point shortly after 10:00 a.m. During the deposition, he announced that he would be leaving at 2 pm.

16. Defense counsel objected to his early departure. Dr. Zachariah stated that he had made himself available, that we had had an opportunity to question him sufficiently and that these were the decisions he and his wife had made as to how they were going to raise their children. He then got up and left the deposition at approximately 2 pm (2 and ½ hours before the scheduled end of the deposition).

17. Therefore, defense counsel did not complete her deposition of Dr. Zachariah, and there was no opportunity for plaintiff's counsel to question him.

18. Defense counsel estimates that she will need approximately 2 and ½ more hours to complete the deposition of Dr. Zachariah.

19. Defense counsel contacted plaintiff's counsel and he has agreed to try to obtain an agreed upon date from Dr. Zachariah on which his deposition can be completed. To date, however, no specific date has been provided by Dr. Zachariah.

20. It is unclear at this point whether Dr. Zachariah will agree to return to have his deposition completed or not. If he does not agree, or if the Court denies defendant's Motion for Extension of Time, defendant respectfully requests that the Court issue an order precluding him from testifying at trial.

21. This is the defendant's 7th request for an extension of the pre-trial deadlines.

22. The deadline for completing plaintiff's expert deposition is currently December 29, 2003.

WHEREFORE, defendant respectfully requests that its Motion to Extend Pre-trial Deadlines be granted, or in the alternative, that its Motion to Preclude Dr. Gary Zachariah from testifying at trial be granted.

THE DEFENDANT,
SOUTHERN NEW ENGLAND
TELEPHONE COMPANY

By: *Debbi Cannavino*
Deborah DeHart Cannavino (CT 08144)
TYLER COOPER & ALCORN, LLP
One Landmark Square
Stamford, CT 06901-2501
Telephone: (203)348-5555
Fax: (203) 348-3875
Cannavino@TylerCooper.com

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed first class mail, postage prepaid, to all counsel and pro-se parties of record this 30th day of December, 2003:

Peter E. Gillespie, Esq.
46 Riverside Avenue
P.O. Box 3416
Westport, CT 06880

*Deborah Cannavino* (signature)
Deborah DeHart Cannavino

**EXHIBIT "A"**


**Tyler Cooper
& Alcorn, LLP**
*Counsellors at Law*

Deborah D. Cannavino
Counsel
203.425.2475
Fax: 203.348.3875
cannavino@tylercooper.com
www.tylercooper.com

One Landmark Square
19th Floor
Stamford, CT
06901-2501
203.348.5555

New Haven
Hartford
Stamford
Madison

December 15, 2003

Via Facsimile
Peter E. Gillespie, Esq.
46 Riverside Avenue
P.O. Box 3416
Westport, CT 06880

    Re:    **Kimberly Bachiocchi v. SNET**

Dear Peter:

    This letter will serve to confirm that your expert witness, Gary Zachariah, Psy.D., did not appear at his continued deposition this morning (despite being served with a Subpoena).

    You explained that, as the parent responsible for two minor children, he had to stay home with them today because school was cancelled. Although as a parent I am not unsympathetic, I am, however, quite concerned. His last deposition had to be cut short so he could leave New Haven to pick up his children from school in Hartford. He also refused to bring a copy of the plaintiff's file with him, even though he was specifically requested to do so.

    You have informed me that Dr. Zachariah is available for his continued deposition on Friday, December 19th, and we agree to reschedule it for that date. A Re-Notice of Deposition will be forthcoming. As directed in the Subpoena, he must bring plaintiff's entire original file to the deposition. Please note, however, that we will expect Dr. Zachariah to appear promptly at 10 am and to stay until at least 4:30. Therefore, he should plan accordingly.

    This rescheduled deposition requires a further extension of the current discovery schedule, as the deadline for completing his deposition is tomorrow. Please call me to discuss this.

    Dr. Zachariah's conduct has caused this deposition to be unnecessarily continued twice, resulting in considerable delay and needless additional cost. If he fails to attend his deposition on Friday or to bring the complete original file, we will move to preclude him from testifying.

                            Very truly yours,

                              Deborah DeHart Cannavino