UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KIMBERLY BACHIOCCHI | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:02CV908(CFD) |
| v. | : | |
| | : | |
| SOUTHERN NEW ENGLAND | : | |
| TELEPHONE COMPANY | : | |
| | : | |
| Defendant. | : | FEBRUARY 24, 2004 |

## DEFENDANT'S MOTION ON CONSENT TO EXTEND TIME TO DISCLOSE ITS EXPERT WITNESS AND TO COMPLETE DISCOVERY

Pursuant to Local Rule 7(b), the defendant, the Southern New England Telephone Company ("defendant"), respectfully requests a fifty (50) day extension of time to disclose its expert witness and to complete expert discovery. Specifically, defendant requests (1) an extension of time to complete all discovery, to and including May 4, 2004; (2) an extension of time for defendant to designate its expert witness(es), to and including April 12, 2004; (3) an extension of time to file dispositive motions, to and including June 3, 2004; and (4) an extension of time to file the joint trial memorandum, to and including July 3, 2004 or forty five (45) days after the date of the court's decision on the dispositive motions, whichever is later.

In support of its motion, the undersigned counsel for defendant represents as follows:

1.    This extension is necessary for several reasons. First, despite its good faith efforts over several months, defendant has to date been unable to obtain access to all of plaintiff's prior medical records and needs additional time to obtain, review and consider them before designating its own expert witness.

2.    Defendant has issued Subpoenas and has requested information from all of the 24 treating physicians plaintiff has identified. However, there are still documents that have not been provided. [1]

3.    For example, defendant does not believe that it has received all of the records from Psychological Health Associates, where plaintiff was treated by her expert witness, Dr. Zachariah, and two other mental health professionals. At his first day of his deposition, October 24, 2003, Dr. Zachariah refused to bring his file to the deposition. Therefore, defendant issued a Subpoena on the Keeper of Records for Psychological Health Associates for a records deposition. Defendant received copies of some documents from Dr. Zachariah in response to that Subpoena. Then, Dr. Zachariah brought some documents to his second day of deposition on December 19, 2003, and some thereafter. Most recently, defendant received additional documents on or about February 17th, which had not been previously provided and which defendant needs to review and

---

[1]    Several of those doctors are no longer affiliated with the same practices or have retired from practice altogether, and others cannot locate any files. Plaintiff's counsel has represented that he believes that one doctor may have passed away.

which will prompt further discovery from the defendant.

      4.    At Dr. Zachariah's third day of deposition on January 16, 2004, defense counsel discovered that Dr. Zachariah took the Keeper of Records Subpoena himself and responded to it himself, even though he is not the Keeper of Records and even though he did not conduct *any* sort of a review to determine that all responsive documents were provided.

      5.    Even more troubling was his admission, under oath, that he had not provided all of the documents contained in Psychological Health Associates' files concerning the plaintiff. Thereafter, on or about February 17, 2004, Dr. Zachariah submitted a large package of new documents that had not previously been provided. The contents of that package[2], coupled with the testimony from Dr. Zachariah, as well as the piecemeal method of providing documents leads the defense counsel to question whether all documents have been provided. In addition, the plaintiff was treated by three health care providers at Psychological Health Associates, not just Dr. Zachariah. Therefore, defendant served a second Subpoena for the Keeper of Records of Psychological Health Associates to bring all of his or her original records on plaintiff to a deposition on February 25, 2004.

---

    [2]    For instance, many documents were clearly redacted, others referenced reports that were not included and another referenced material on the back, which was not copied. There are no documents of billing statements from Psychological Health Associates to an insurance company for payment for services rendered to plaintiff. There is no correspondence of any sort sent to plaintiff, although it does appear from the documents produced that she was required to pay $10 co-pays for each visit. Plaintiff has been treated by three doctors at varying times, and she saw Dr. Zachariah continually from May 2000 through the present. At a minium, it is difficult to believe that there were no invoices sent to plaintiff, no correspondence sent to her insurance carrier, relating to claims and claim submissions during nearly 4 years.

6.  This extension of time is also necessary because plaintiff recently went out on a medical leave of absence from SNET. Depending upon the specific medical information, this illness may be related to her prior treatment for and diagnosis of severe major depression. In addition, upon information and belief, and based upon conversations with plaintiff's counsel, plaintiff's current medical condition is almost certain to have a significant effect on her current mental state. This is especially significant because her expert witness testified that plaintiff's psychological injury (as well as her claim for emotional distress damages from SNET) is still on going.

7.  Defendant needs additional time to locate and review information on her current medical condition and to determine what additional discovery is needed, such as an independent medical examination or further depositions, and conduct any necessary discovery.

8.  Finally, the parties attended a settlement on February 11, 2004, which is being continued on March 31, 2004.

9.  In the absence of the requested extension, the deadline for defendant to designate its expert witness is February 27, 2004, and the time to complete discovery is March 15, 2004.

10.  Plaintiff's counsel has been contacted, and he consents to this motion.

11.  Defendant has made seven requests for extensions of pre-trial deadlines, and defendant has also requested one prior extension of expert discovery.

WHEREFORE, defendant respectfully requests that its Motion on Consent to Extend

Time be granted.

THE DEFENDANT,
SOUTHERN NEW ENGLAND
TELEPHONE COMPANY


By:_____
Deborah DeHart Cannavino  (CT 08144)
TYLER COOPER & ALCORN, LLP
One Landmark Square
Stamford, CT  06901-2501
Telephone: (203)348-5555
Fax: (203) 348-3875
Cannavino@TylerCooper.com

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed first class mail, postage prepaid, to all counsel and pro-se parties of record this 24th day of February, 2004:

Peter E. Gillespie, Esq.
46 Riverside Avenue
P.O. Box 3416
Westport, CT 06880

Deborah DeHart Cannavino