UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| KIMBERLY BACHIOCCHI, | \* | |
| | \* | |
| Plaintiff, | \* | CIVIL ACTION No. 3:02CV908(CFD) |
| | \* | |
| v. | \* | |
| | \* | |
| SOUTHERN NEW ENGLAND | \* | April 17, 2004 |
| TELEPHONE COMPANY, | \* | |
| | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# AFFIDAVIT OF PETER E. GILLESPIE IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

I, Peter E. Gillespie, being duly sworn, depose and state as follows:

1.   I am over 18 years of age and I believe in the obligations of an oath.

2.   I represent the Plaintiff in the above-captioned matter and I have been her counsel of record since the inception of this litigation.

3.   This affidavit is submitted in support of Plaintiff's Motion to Compel dated April 17, 2004.

4.   Plaintiff served Request for Production, dated January 24, 2003 were served upon Defendant. After a voluntary agreement to extend Defendant's time to respond, initial responses were received. In its response Defendant interposed

objections to every request except the request for formal production of Plaintiff's personnel file.

5. Thereafter the parties conferred by telephone. The discussions were between the undersigned and Ms. Cannavino. These discussions were somewhat disjointed, taking place over three separate sessions. On one occasion, if I recall correctly, Ms. Cannavino had to adjourn for a personal commitment. A second of these calls was begun about 45 minutes late due to a conflict in Ms. Cannavino's schedule.

6. There is a particular exchange during these discussions which always stands out in my recollection. We were discussing Plaintiff's Request No. 8 which sought, in essence, the sign-out logs for the Elizabeth Street facility to which Plaintiff had been assigned. Ms. Cannavino told me that her client had looked for the logs but they were lost and no one seemed able to find the lost logs. I recall expressing some disbelief as to this claim, noting that the logs were a business record which had always been maintained with accuracy and diligence. Ms. Cannavino said, as best I recall: But they're lost. So find me a witness who can tell me where to look. As a solo practitioner representing a Plaintiff, I can remember being quite daunted at the thought of trying to go through all of SNET's employee's trying to find one who might know where these logs were now located. However, the discussions seemed promising overall and the parties agreed to each supplement their earlier responses.

We set a target of the first week of July for an exchange of documents.

      7. As the target date approached Ms. Cannavino explained that her client had a personal matter which made him unavailable to her. As a result, Defendant's supplemental disclosure would be delayed. I was agreeable and went ahead with Plaintiff's supplemental disclosure unilaterally. Defendant acknowledged receipt of Plaintiff's Supplemental production by letter of July 7 and made supplemental disclosure of its own dated July 23, 2003. A copy of Defendant's Supplemental Response (without attachments), is attached hereto as Exhibit A. I will note, however, that Exhibit 4 of the supplemental response was a single page from the sign out log for the week ended January 20, 2001 which was marked with a Bates stamp in the upper right-hand corner. The Bates stamp was "D000049." Ms. Cannavino wrote to me by letter dated July 25, 2003, a copy of which is attached as Exhibit B.

      8. In response to Exhibit B I placed a telephone call to Ms. Cannavino. I believe I told her that I didn't quite know what I earlier had said, but that in fact I would like to have formal production of Plaintiff's personnel file and the Ellis report.

      9. Depositions continued in the following months. Excerpts from the depositions of Laurie Moffett, Chris Manouse and Kevin West are attached hereto as Exhibits C, D and E, respectively. An earlier letter of June 8, 2001 is attached as Exhibit F.

10.  By letter dated April 7, 2004 I wrote to Ms. Cannavino in an effort to raise and solve the most significant of the outstanding discovery issues.  A copy of my letter is attached hereto as Exhibit G.   All of the issues referred to in my letter had been discussed with Ms. Cannavino prior to Defendant issuing its supplemental discovery.  Since that time, however, several of the deposition witnesses  have supplied additional information concerning the identification of what is being sought and reference to them is made in my letter of April 7, 2004.

11.  I have received no response of any kind to my letter of April 7, 2004.

I have read the foregoing affidavit and I swear that it is true to the best of my knowledge and belief.

_____
Peter E. Gillespie

Subscribed and sworn to before
me this     day of April, 2004.

_____

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the forgoing was transmitted

by first class post this 17th day of April, 2004 to the following:

Lori B. Alexander, Esq.
Tyler, Cooper & Alcorn, LLP
205 Church Street
New Haven, CT 06510

Deborah DeH. Cannavino, Esq.
Tyler, Cooper & Alcorn, LLP
One Landmark Square
Stamford, CT 06901

_____        Peter E. Gillespie