UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KIMBERLY BACHIOCCHI | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:02CV908(CFD) |
| v. | : | |
| | : | |
| SOUTHERN NEW ENGLAND | : | |
| TELEPHONE COMPANY | : | |
| | : | |
| Defendant. | : | APRIL 28, 2004 |

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL A
COPY OF THE VIDEOTAPE

I.    PRELIMINARY STATEMENT

Pursuant to Rule 37(a) of the Federal Rule of Civil Procedure and Local Rule 37, the

defendant, the Southern New England Telephone Company ("defendant"), respectfully requests that

the Court issue an Order compelling the plaintiff Kimberly Bachiocchi ("plaintiff") to provide a copy

of the videotape(s) taken of SNET, and any other visual depiction, responsive to Document Request

Nos. 4 and 5 of Defendant's Second Request for the Production of Documents dated February 12,

2004.

Despite defendant's requests, plaintiff still has not produced a copy of this videotape to

defendant which is capable of being viewed or copied. Plaintiff did not interpose any objection to

providing the videotape, other than that it was duplicative. Furthermore, to the extent that there are additional videos or pictures, plaintiff should be required to provide a complete response to Request Nos. 4 and 5.

II.    FACTS

This action arises out of allegedly inappropriate conduct, commencing in 1999, that plaintiff alleges occurred in the workplace while she was employed as an Analyst Technical Sales Support for SNET. Complaint, ¶¶ 11-33. As an alleged result of this conduct, plaintiff went out on a medical leave of absence from May 2000 through May 15, 2001. Complaint, ¶¶ 26,31.

In her complaint, plaintiff alleges claims for sexual harassment in violation of the Connecticut Fair Employment Practices Act and Title VII of the Civil Rights Act, retaliation and violation of the Equal Pay Act. Plaintiff seeks damages for emotional distress, back pay, and loss of benefits. Plaintiff has remained continuously employed by SNET.

Plaintiff noted in her calendar, which was previously produced, that she was conducting videotaping activities during her leave of absence. Therefore, on February 12, 2004, defendant served a Second Request for the Production of Documents on plaintiff. Exhibit A. [1] Request No. 4 sought copies of all videotapes referenced in her calendar. Exhibit A. In addition, in Request No. 5, defendant requested copies of all videotapes, pictures or other visual depiction concerning the allegations made in the complaint. Exhibit A.

---

[1]    True and complete copies of all Exhibits referenced herein are attached to the Affidavit of Deborah DeHart Cannavino dated April 28, 2004 ("Cannavino Aff. ").

2

Plaintiff served an Objection to the Second Request for the Production of Documents on March 12, 2004. Exhibit B. In that Objection, plaintiff objected to each and every Request, and provided only three pages of documents in response. Exhibit B. In the Objection, plaintiff stated, among other things, that a vhs cassette of all videotapes was provided to defendant in July 2003. Exhibit B, at 6. Plaintiff also stated that there were other photographs that existed that had not been produced and that they would be provided separately. Exhibit B, at 6. In addition, plaintiff objected on the basis that it was duplicative, as the videotape and some photographs had already been provided. Exhibit B, at 6.

On March 29, 2004, defense counsel sent plaintiff's attorney a letter addressing each Request and seeking a complete response. Exhibit C. In that letter, defense counsel stated that she did not have a copy of any videotape(s) and that she needed one immediately. Exhibit C. Defense counsel explained that plaintiff's supplemental disclosure identified all documents produced in July 2003 and it did not identify any cassette or videotapes. Exhibits C. Similarly, the cover letter to the supplemental production does not indicate any cassettes or videotape. Exhibit C. Defense counsel requested that the videotape and other photographs mentioned in plaintiff's response needed to produced immediately, along with a response verifying that all responsive documents were provided. Exhibit C. Otherwise, defendant would move to compel them from the court. Exhibit C.

On April 9, 2004, plaintiff's counsel responded by letter, stating, and among other things, that he had enclosed the still photographs and that he would make defendant another copy of the

3

videotape if we requested (which, of course, as with the still photographs, defendant had already done). Exhibit D. However, no videotape was provided. Cannavino Aff ¶7.

In a further effort to obtain the videotape, on April 22, 2004, defense counsel wrote a letter to plaintiff's attorney stating that she had located a company, Creative Video Corporation, who would come to his office pick up the tape, copy it and return it. Exhibit E. Given the discovery deadline, defense counsel stated that the company was available to pick up the tape the next afternoon from his offices. Exhibit E. Unbeknownst to the undersigned defense counsel, plaintiff's attorney was apparently on vacation that week, since plaintiff's attorney left defense counsel a message after receipt of the letter stating that she was harassing him, that he was on vacation, that his office was closed and no one would be available until the next week. Cannavino Aff. ¶10.

Therefore, on Monday morning, April 26, 2004, defense counsel arranged to have the videotape picked up and copied. Cannavino Aff. ¶10. However, much to defendant's surprise Creative Video Corporation informed defense counsel that the tape cannot be viewed, or copied on any professional or consumer systems. Cannavino Aff. ¶10; Exhibit F. Creative Video stated that it was recorded at an extremely high rate of speed on a specialized deck, and can only be viewed and copied on the same type of deck on which it was recorded, which Creative Video said was used solely for security purposes and was not available to rent at any of its suppliers. Cannavino Aff. ¶10; Exhibit F.

4

Defendant has made good faith attempts to resolve this discovery dispute, but to date, despite defense counsel's efforts, the videotape still has not been provided by plaintiff in a form capable of being viewed or copied.    Cannavino Aff. ¶11.    Furthermore, at no time did plaintiff's attorney inform defense counsel that the videotape(s) in his possession were incapable of being viewed or copied.    Cannavino Aff. ¶12.    To the contrary, he informed defense counsel that he had sent her a copy in July 2003. Exhibits B and D.    Based upon the information defense counsel received from Creative Video, it is difficult to see how such a copy was made.

By this Motion, the defendant moves for an order requiring the plaintiff to provide (a) a copy of the videotape that is capable of being viewed, and (b) a complete response to request Nos. 4 and 5, to the extent any additional responsive videos or pictures exist.

II.    STANDARD OF LAW

Rule 26(b) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...." F.R.C.P. 26(b)(1). Furthermore, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. 26(b)(1). Relevancy under Rule 26 is construed broadly to encompass "any matter that bears on ... any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978). The Second Circuit Court of Appeals emphasized the wide breadth afforded discovery by stating that "[d]iscovery rules 'are to be

5

accorded a broad and liberal treatment to effectuate their purpose that civil trials in the federal courts

no longer need be carried out in the dark." Ratliff v. Davis, Polk & Wardwell, 354, F.3d. 165 (2d Cir.

2003).

III.    ARGUMENT

<u>Defendant's Motion to Compel Should be Granted</u>

Request No. 4.    Any and all videotape(s) or pictures taken of SNET, its current or former employees, as referenced in plaintiff's calendar previously produced.

Plaintiff's Objection: A vhs cassette including a duplicate copy of all such videotapes was produced by plaintiff and forwarded to defendant in or about July 2003. It is duplicative and burdensome to demand production of these materials a second time.

Request No. 5.    Any and all videotape(s), pictures or other visual depiction concerning the allegations in the complaint.

Plaintiff's Objection: This request is vague and overbroad. Further, the request is duplicative to the extent that it (1) seeks copies of photographs already produced including, by way of example, certain photographs of a fishing trip(s) and/or (2) seeks the same information as was sought in item 4, above.

Defendant's Requests are relevant and discoverable and complete responses should be

compelled. Request No. 4 is narrowly tailored to seek only that information that was disclosed by

plaintiff in her calendar, and Request No. 5 seeks only visual depictions concerning the allegations

made by plaintiff in her complaint. They are not overbroad, or vague.

6

Morever, it does not appear that plaintiff was objecting to producing responsive documents, she only objected to the fact that some of the material had been provided previously. Exhibits B, D. However, defendant informed plaintiff that the videotape(s) had not been previously produced and requested that it be sent again, however, plaintiff still did not send it. Exhibit C. Interestingly, plaintiff's counsel did send copies of the photographs requested at the same time. Exhibit D. Given the imminent closure of discovery, defendant then hired a professional video organization to pick up the video and make a copy of it, only to discover that the vhs cassette in plaintiff's possession was incapable of being viewed or copied by any commercial system. Exhibits E and F.

Defendant needs a copy of the videotape, or at a minimum, the ability to view it, in order to compete the plaintiff's deposition and to prepare its defense in this matter. Defendant has been prejudiced by plaintiff's failure to provide a copy of the videotape.

Furthermore, defendant has expended time, effort and money, both to its counsel and by hiring a company to copy the videotape in plaintiff's counsel's office, only to discover after all of that effort that the videotape cannot be viewed or copied on any deck, other than the exact type of deck on which it was recorded (which the company hired does not have and is unable to rent). At no time did plaintiff inform the defendant that the tape was made using such specialized equipment, or that it was incapable of being viewed or copied on any available commercial equipment.

7

V.    CONCLUSION

WHEREFORE, based upon the foregoing, defendant respectfully requests that its Motion
to Compel be granted and that plaintiff be ordered to reimburse the defendant the costs, including
reasonable attorneys fees, incurred in obtaining this discovery.


                              THE DEFENDANT,
                              SOUTHERN NEW ENGLAND
                              TELEPHONE COMPANY


                         By: _Debbi Conna_____
                              Deborah DeHart Cannavino  (CT 08144)
                              TYLER COOPER & ALCORN, LLP
                              One Landmark Square
                              Stamford, CT  06901-2501
                              Telephone: (203)348-5555
                              Fax: (203) 348-3875
                              Cannavino@TylerCooper.com

8

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed first class mail, postage prepaid, to all counsel and pro-se parties of record this 28th day of April, 2004:

Peter E. Gillespie, Esq.
46 Riverside Avenue
P.O. Box 3416
Westport, CT 06880

Deborah DeHart Cannavino