UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KIMBERLY BACHIOCCHI | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:02CV908(CFD) |
| v. | : | |
| | : | |
| SOUTHERN NEW ENGLAND | : | |
| TELEPHONE COMPANY | : | |
| | : | |
| Defendant. | : | APRIL 28, 2004 |

## AFFIDAVIT OF DEBORAH DEHART CANNAVINO IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL A COPY OF THE VIDEOTAPE

I, Deborah DeHart Cannavino, being duly sworn, hereby depose and say:

1.  I am over 18 years of age and believe in the obligation of an oath.

2.  I have personal knowledge of the facts set forth in this affidavit, and the facts are true and accurate to the best of my knowledge and belief.

3.  I am an attorney at Tyler Cooper & Alcorn and I represent the defendant Southern New England Telephone company in this matter.

4.  On February 12, 2004 defendant served a Second Request for the Production of Documents on the plaintiff. A true and complete copy of the Production Request is attached hereto as Exhibit A.

5.      On March 12, 2004, plaintiff served an Objection to Second Request for the Production of

Documents. A true and complete copy of the Objections are attached hereto as Exhibit B.[1]

6.      On March 29, 2004, I sent plaintiff's attorney a letter addressing each Request and seeking

a complete response. A true and complete copy of the my letter is attached hereto as Exhibit

C.

7.      On April 9, 2004, plaintiff's counsel responded by letter, stating, and among other things,

that he would make defendant a copy of the videotape if we requested (which we had already

done). A true and complete copy of the plaintiff's counsel's letter is attached hereto as

Exhibit D.

8.      Because no videotape was provided, on April 22, 2004, I wrote a letter to plaintiff's attorney

stating that I did not have a copy of the videotape and that I had located a company, Creative

Video Corporation, who would come to his office, pick up the videotape, copy it and return

it. A true and complete copy of my letter is attached hereto as Exhibit E.

9.      Unbeknownst to me, plaintiff's attorney was apparently on vacation, as he left me a message

stating that I was harassing him, that he was on vacation, that his office was not open and that

he would not return until the following Monday.

10.     Therefore, on Monday morning, I arranged to have the videotape picked up and copied.

---

[1] Please note, however, that because some of plaintiff's responses to other Requests
disclose medical information, those pages have been redacted. They have no bearing on the issue
before the court at this time.

However, much to defendant's surprise, Creative Video Corporation informed defense counsel that the tape cannot be viewed, or copied on any professional or consumer systems and that it can only be viewed or copied on the same deck used to videotape it. A true and complete copy of Creative Video Corporation's letter is attached hereto as Exhibit F.

11.    I have made good faith attempts to resolve this discovery dispute, but to date, despite my efforts, the videotape has still not been provided by plaintiff in a form that I can view or copy.

12.    Furthermore, at no time did plaintiff's counsel inform me that the videotape(s) in his possession was incapable of being viewed or copied.

_Debbi Cannavino_
Deborah DeHart Cannavino (CT 08144)

STATE OF CONNECTICUT  )
COUNTY OF FAIRFIELD    }        ss: Stamford, Connecticut

Personally appeared, Deborah DeHart Cannavino, who swore to and subscribed the above affidavit before me, this 28th day of April, 2004

_Michelle A Villegas_
Notary Public/~~Commissioner of the Superior Court~~

MICHELLE A. VILLEGAS
*NOTARY PUBLIC*
MY COMMISSION EXPIRES JUNE 30, 2008

3

## <u>CERTIFICATION</u>

I hereby certify that a copy of the foregoing was mailed first class mail, postage prepaid,  to all counsel and pro-se parties of record this 28th day of April, 2004:

Peter E. Gillespie, Esq.
46 Riverside Avenue
P.O. Box 3416
Westport, CT 06880

Deborah DeHart Cannavino

4

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KIMBERLY BACHIOCCHI | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:02CV908(CFD) |
| v. | : | |
| | : | |
| SOUTHERN NEW ENGLAND | : | |
| TELEPHONE COMPANY | : | |
| | : | |
| Defendant. | : | FEBRUARY 12, 2004 |

## DEFENDANT'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant, The Southern New England Telephone Company, ("Defendant"), requests that plaintiff Kimberly Bachiocchi. ("Plaintiff"), provide legible copies of all of the documents requested herein to be delivered to the offices of Tyler Cooper & Alcorn. LLP. 1 Landmark Square. Stamford, Connecticut 06901–2501, within thirty (30) days from the date of certification of service of the Defendant's Second Request for the Production of Documents to Plaintiff.

## I. INSTRUCTIONS

In response to these requests, you shall furnish all information available to you, including information in the possession of your attorneys, agents and investigators and all persons acting on your behalf, and not merely such information known of your own personal knowledge. If you cannot respond to these requests in full after exercising due diligence to secure the information requested, you shall so state and answer to the extent possible, specifying the nature of your inability to fully comply.

Questions regarding the interpretation of the requests should be resolved in favor of the broadest possible construction.

The requests which follow are to be considered as continuing, and you are requested to provide, by way of supplementary responses thereto, such additional information as you or any persons acting on your behalf may hereafter obtain which will augment, clarify, or otherwise modify the responses now given. Such supplementary responses are to be filed and served upon counsel within thirty (30) days after receipt of such information or documents.

If any document or file demanded herein or any document formerly contained in a file is no longer in your possession, custody or control, identify the file or document and the reason for loss of possession, custody or control.

-2-

## II. DEFINITIONS

Pursuant to Local Rule 39 and Fed. R. Civ. P. 34(a), these terms have the meanings indicated:

1.   *Communication*. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2.   *Document*. The term "document" includes writings, drawings, graphs, charts, photographs, phonorecords, tape and other electronic recordings, computer files and other data compilations from which information can be obtained and translated, if necessary, by the respondent through detection devices into reasonably useful form. Each original, draft and nonidentical copy (including any with handwritten or other notations) is a separate "document" within the meaning of this term.

3.   *Identify (with respect to persons)*. When referring to a person, "identify" means to provide, to the extent known, (1) the person's full name, (2) present or last known address, and (3) when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

-3-

4.    *Identify (with respect to documents)*. When referring to documents, "identify" means to provide to the extent known information about the (1) type of document; (2) its general subject matter; (3) the date of the document; and (4) author(s), addressee(s) and recipient(s).

5.    *Parties*. The term "plaintiff" and "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

6.    *Person*. The term "person" means any natural person or any business, legal or governmental entity or association.

7.    *Concerning*. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

8.    *All/Each*. The terms "all" and "each" shall both be construed as all and each.

9.    *And/Or*. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

10.    *Number*. The use of a singular form of any word includes the plural and vice versa.

11.    *You*. The term "you" refers to plaintiff, Kimberly Bachiocchi.

-4-

## III. DOCUMENT REQUESTS

Request No. 1.    Copies of all pharmacy records showing all prescriptions from 1990 through the present.

Response:

Request No. 2.    Any and all family photographs sent, if any, for Christmas 1999 to the present.

Response:

Request No. 3.    A copy of the family photograph taken during November 2000.

Response:

Request No. 4.    Any and all videotape(s) or pictures taken of SNET, its current or former employees, as referenced in plaintiff's calendar previously produced.

Response:

Request No. 5.    Any and all videotape(s), pictures or other visual depiction concerning the allegations in the complaint.

Response:

Request No. 6.    Any and all picture taken during all family vacations taken during 2000 and 2001.

Response:

Request No. 7.    Any and all documents concerning correspondence to or from any current or former employee of SNET, including but not limited to, Nick Faiella.

-6-

<u>Response</u>:

 

 

 

 

     <u>Request No. 8.</u>    Copies of all of your, and your family's, brokerage. stock   or other investment accounts from 1999-2001.

<u>Response</u>:

 

 

 

 

     <u>Request No. 9.</u>    Copies of all bank account records from 1999-2001 including but not limited to. all monthly statements, deposit slips, withdrawal slips. cancelled checks  and account transfers.

<u>Response</u>:

Request No. 10.     Copies of all telephone bills, including cell phones, for all phones you used from 1999-2001.

Response:

Request No. 11.    Copies of all emails and letters sent to or received from any person while you were on a leave of absence from SNET.

Response:

Request No. 12.    Any and all documents submitted to or received from any disability insurance company, or other entity, concerning your claim for and receipt of benefits. In addition, please execute the attached authorization.

Response:

-8-

Request No. 13.     Copies of all documents concerning you pension. 401(k) or similar plans. including but not limited to, statements of account, withdrawals. and deposits. In addition. please execute the attached authorization for such records.

Response:

Request No. 14.     Copies of all credit card statements for all accounts held by you or jointly with others during the period 1999-2001.

Response:

THE DEFENDANT.
SOUTHERN NEW ENGLAND
TELEPHONE COMPANY

By: _Debbie Canno_

Deborah DeHart Cannavino  (CT 08144)
TYLER COOPER & ALCORN. LLP
One Landmark Square
Stamford, CT  06901-2501
Telephone: (203)348-5555
Fax: (203) 348-3875
Cannavino@TylerCooper.com

-9-

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed first class mail, postage prepaid, to all counsel and pro-se parties of record this 12th day of February, 2004:

Peter E. Gillespie, Esq.
46 Riverside Avenue
P.O. Box 3416
Westport, CT 06880

Deborah DeHart Cannavino

-10-

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KIMBERLY BACHIOCCHI

    Plaintiff,

v.

SOUTHERN NEW ENGLAND
TELEPHONE COMPANY

    Defendant.

:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO.
3:02CV908(CFD)

MARCH 12, 2004

~~FEBRUARY 12, 2004~~

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS

    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant, The Southern New England Telephone Company, ("Defendant"), requests that plaintiff Kimberly Bachiocchi, ("Plaintiff"), provide legible copies of all of the documents requested herein to be delivered to the offices of Tyler Cooper & Alcorn, LLP, 1 Landmark Square, Stamford, Connecticut 06901–2501, within thirty (30) days from the date of certification of service of the Defendant's Second Request for the Production of Documents to Plaintiff.

## I. INSTRUCTIONS

In response to these requests, you shall furnish all information available to you, including information in the possession of your attorneys, agents and investigators and all persons acting on your behalf, and not merely such information known of your own personal knowledge. If you cannot respond to these requests in full after exercising due diligence to secure the information requested. you shall so state and answer to the extent possible, specifying the nature of your inability to fully comply.

Questions regarding the interpretation of the requests should be resolved in favor of the broadest possible construction.

The requests which follow are to be considered as continuing, and you are requested to provide, by way of supplementary responses thereto, such additional information as you or any persons acting on your behalf may hereafter obtain which will augment, clarify, or otherwise modify the responses now given. Such supplementary responses are to be filed and served upon counsel within thirty (30) days after receipt of such information or documents.

If any document or file demanded herein or any document formerly contained in a file is no longer in your possession, custody or control, identify the file or document and the reason for loss of possession, custody or control.

-2-

## II. DEFINITIONS

Pursuant to Local Rule 39 and Fed. R. Civ. P. 34(a), these terms have the meanings indicated:

1.    *Communication.*  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2.    *Document.*  The term "document" includes writings, drawings, graphs, charts, photographs, phonorecords, tape and other electronic recordings, computer files and other data compilations from which information can be obtained and translated, if necessary, by the respondent through detection devices into reasonably useful form.  Each original, draft and nonidentical copy (including any with handwritten or other notations) is a separate "document" within the meaning of this term.

3.    *Identify (with respect to persons).*  When referring to a person, "identify" means to provide, to the extent known, (1) the person's full name, (2) present or last known address, and (3) when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4.    *Identify (with respect to documents).* When referring to documents, "identify" means to provide to the extent known information about the (1) type of document; (2) its general subject matter; (3) the date of the document; and (4) author(s), addressee(s) and recipient(s).

5.    *Parties.* The term "plaintiff" and "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

6.    *Person.* The term "person" means any natural person or any business, legal or governmental entity or association.

7.    *Concerning.* The term "concerning" means relating to, referring to, describing, evidencing or constituting.

8.    *All/Each.* The terms "all" and "each" shall both be construed as all and each.

9.    *And/Or.* The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

10.    *Number.* The use of a singular form of any word includes the plural and vice versa.

11.    *You.* The term "you" refers to plaintiff, Kimberly Bachiocchi.

-4-

## III. DOCUMENT REQUESTS

Request No. 1.    Copies of all pharmacy records showing all prescriptions from 1990 through the present.

Response:

Objection:  The request is overbroad and burdensome as to the time period sought.  Further, the information sought is not relevant, nor is it likely to lead to relevant evidence.  Notwithstanding the objection all Pharmacy records within Plaintiff's possession, are produced herewith.

Request No. 2.    Any and all family photographs sent, if any, for Christmas 1999 to the present.

Response:

Objection:  This request is unduly intrusive and burdensome to Plaintiff and to others who are not parties to this litigation.

Request No. 3.    A copy of the family photograph taken during November 2000.

Response:

Objection: This request is unduly intrusive and burdensome to Plaintiff and to others who are not parties to this litigation.

Request No. 4.    Any and all videotape(s) or pictures taken of SNET, its current or former employees, as referenced in plaintiff's calendar previously produced.

Response:

Objection: A vhs cassette including a duplicate copy of all such videotapes was produced by Plaintiff and forwarded to Defendant in or about July, 2003. It is duplicative and burdensome to demand production of these materials a second time.

There are some still photographs which are extant. Plaintiff agrees to have copies of the photographs produced and they will be forwarded under separate cover.

Request No. 5.    Any and all videotape(s), pictures or other visual depiction concerning the allegations in the complaint.

Response:

Objection: This request is vague and overbroad. Further, the request is duplicative to the extent that it (1) seeks copies of photographs already produced including, by way of example, certain photographs of a fishing trip(s) and/or (2) seeks the same information as was sought in item 4, above.

Request No. 6.    Any and all picture taken during all family vacations taken during 2000 and 2001.

Response:

Objection: This request is unduly intrusive and burdensome to Plaintiff and to others who are not parties to this litigation.

Request No. 7.    Any and all documents concerning correspondence to or from any current or former employee of SNET, including but not limited to, Nick Faiella.

-6-

Response:

Objection:   This request is vague, overbroad and unduly burdensome.  The information sought is not relevant, nor is it likely to lead to relevant evidence.  Finally, to the extent that correspondence has already been produced, this request is duplicative.

Request No. 8.     Copies of all of your, and your family's, brokerage, stock  or other investment accounts from 1999-2001.

Response:

Objection: This request is unduly intrusive and burdensome to Plaintiff and to others who are not parties to this litigation.

Request No. 9.     Copies of all bank account records from 1999-2001 including but not limited to, all monthly statements, deposit slips, withdrawal slips, cancelled checks  and account transfers.

Response:

Objection:  This request is unduly intrusive and burdensome to Plaintiff and to others who are not parties to this litigation.


Request No. 10.    Copies of all telephone bills, including cell phones, for all phones you used from 1999-2001.

Response:

Objection: This request is vague, overbroad and unduly intrusive and burdensome to Plaintiff and to others who are not parties to this litigation. It is not likely to produce relevant evidence or to lead to the production of relevant evidence.

Request No. 11.    Copies of all emails and letters sent to or received from any person while you were on a leave of absence from SNET.

Response:

Objection: This request is vague, overbroad and unduly intrusive and burdensome to Plaintiff and to others who are not parties to this litigation. It is not likely to produce relevant evidence or to lead to the production of relevant evidence. Further, to the extent that correspondence has already been produced, this request is duplicative.

Request No. 12.    Any and all documents submitted to or received from any disability insurance company, or other entity, concerning your claim for and receipt of benefits. In addition, please execute the attached authorization.

Response:



Request No. 13.    Copies of all documents concerning you pension, 401(k) or similar plans, including but not limited to, statements of account, withdrawals, and deposits. In addition, please execute the attached authorization for such records.

Response:

Objection:    No authorization was attached or produced. Therefore, it can neither be evaluated or signed. Further, this request seeks material which is not relevant and not likely to lead to the discovery of relevant material.

Request No. 14.    Copies of all credit card statements for all accounts held by you or jointly with others during the period 1999-2001.

Response:

Objection: This request is vague, overbroad and unduly intrusive and burdensome to Plaintiff and to others who are not parties to this litigation. It is not likely to produce relevant evidence or to lead to the production of relevant evidence.

THE DEFENDANT,
SOUTHERN NEW ENGLAND
TELEPHONE COMPANY

By: _Debbie Canna_____

Deborah DeHart Cannavino (CT 08144)
TYLER COOPER & ALCORN, LLP
One Landmark Square
Stamford, CT 06901-2501
Telephone: (203)348-5555
Fax: (203) 348-3875
Cannavino@TylerCooper.com

-9-

I have reviewed the foregoing Objections and Answers to Defendant's Second Request for the Production of Documents and I swear that it is true and complete to the best of my knowledge and belief, so help me God.

Kimberly Bachiocchi

Subscribed and sworn to before me
this 12th day of March, 2004.

Peter E. Gillespie
Commissioner of the Superior Court

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the forgoing was transmitted by first class post this 12th day of March, 2004 to the following:

Lori B. Alexander, Esq.
Tyler, Cooper & Alcorn, LLP
205 Church Street
New Haven, CT 06510

Deborah DeH. Cannavino, Esq.
Tyler, Cooper & Alcorn, LLP
One Landmark Square
Stamford, CT 06901

_____
Peter E. Gillespie

I have reviewed the foregoing Objections and Answers to Defendant's Second Request for the Production of Documents and I swear that it is true and complete to the best of my knowledge and belief, so help me God.

_Kimberly Bacchiocchi_
Kimberly Bacchiocchi

Subscribed and sworn to before me this 12th day of March, 2004.

_Peter E. Gillespie_
Peter E. Gillespie
Commissioner of the Superior Court

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the forgoing was transmitted by first class post this 12th day of March, 2004 to the following:

Lori B. Alexander, Esq.
Tyler, Cooper & Alcorn, LLP
205 Church Street
New Haven, CT 06510

Deborah DeH. Cannavino, Esq.
Tyler, Cooper & Alcorn, LLP
One Landmark Square
Stamford, CT 06901

Peter E. Gillespie

# EXHIBIT "C"

# Tyler Cooper
# & Alcorn, LLP

*Counsellors at Law*

March 29, 2004

<u>Via Facsimile and U.S. Mail</u>
Peter E. Gillespie, Esq.
46 Riverside Avenue
P.O. Box 3416
Westport, CT 06880

Re:     **Kimberly Bachiocchi v. SNET**

Dear Peter:

We have received and reviewed Plaintiff's Responses and Objections to the Defendant's Second Request for the Production of Documents dated March 12, 2004. Plaintiff objected to each and every request and produced only three pages of documents in response. As set forth in more detail below, plaintiff's objections are frivolous and must be withdrawn. Defendant is entitled to complete responses to each of these Requests. Plaintiff needs to provide a Supplemental Response withdrawing her objections, and producing all requested documents.

**Request No. 1,** seeking copies of all pharmacy records showing all prescriptions from 1990 to the present, is clearly relevant to the plaintiff's claim of emotional distress damages. The nature and extent of the plaintiff's past history of depression, including whether she was previously prescribed medication, and the exact types of medications she was prescribed for her major depression, is obviously discoverable. The time period is not overly broad. Plaintiff agreed to provide the names of all doctors she has seen since July, 1982. Therefore, a request for the medications prescribed in a more limited time frame cannot possibly be overly broad. Accordingly, plaintiff's objections need to be withdrawn and a supplemental response provided.

**Request No. 2** seeks all family photographs sent, if any, by the plaintiff for Christmas 1999 to the present. The plaintiff's activities and functioning from a few months before her diagnosis with severe depression to the present is relevant to her claim of emotional distress damages in this matter. Plaintiff's objections that it is unduly intrusive and burdensome to plaintiff are without merit. It is merely a picture that was presumably sent to many other people. It is not intrusive. In fact, plaintiff has offered photographs to support her claims against SNET. Moreover, the only effort required by plaintiff is to locate and provide, to date, 6 photographs. Such a request is not unduly burdensome.

Peter Gillespie, Esq.
Page 2
3/29/04

Plaintiff's further objection to providing the picture, that the request is directed at others not parties to this litigation, is similarly meritless.   The picture is of the *plaintiff*, and her family.  The fact that the picture includes other people who are not parties is not a basis for withholding discoverable information under the Federal Rules of Civil Procedure.

**Request No. 3** seeks a copy of the family photograph taken during November 2000. Plaintiff's objections that it is unduly intrusive and burdensome are without merit.  It is not intrusive. It is merely one picture.  The only effort required by plaintiff to respond to this request is to locate and provide one picture.  Such a request is not overly burdensome.  Furthermore, a picture taken of the plaintiff during her leave of absence from SNET for severe depression is clearly relevant to her claim of damages in this matter.

**Request No. 4** seeks a copy of all videotapes or pictures taken of SNET, its current or former employees, referenced in plaintiff's calendar previously produced.  Plaintiff's response states that it is an objection.  However, no basis for an objection is stated.  Instead, plaintiff states that a cassette copy of all of the videotapes was provided to defendant in July 2003.  However, our files do not contain any such cassette or videotapes.  Plaintiff's supplemental discovery pleading identifies all documents provided in July 2003 and it does not identify any videotapes.  Similarly, plaintiff's cover letter to the supplemental response does not indicate that any videotapes are included.  This information must be provided immediately.

Plaintiff indicates there are other photographs that have not yet been produced.  They must be produced immediately.  In addition, plaintiff needs to submit a supplemental response verifying that all responsive documents have been produced.

**Request No. 5** seeks copies of all videotape(s), pictures or other visual depiction concerning the allegations in the complaint.  Plaintiff's objection that it is vague lacks merit.  Plaintiff is well aware of the allegations made against SNET in her complaint.  Therefore, it is not vague.  Similarly, plaintiff's objection that the request is overly broad is without merit.  Any visual depictions in the plaintiff's possession that concern any allegation in her complaint are obviously relevant and discoverable in this matter, and must be provided immediately.

**Request No. 6** seeks any and all pictures taken during all family vacations during 2000 and 2001. Pictures taken on family vacations during the two years which encompass plaintiff's lengthy leave of absence from SNET for severe depression are highly relevant to her claim. Not surprisingly, plaintiff does not claim that they are irrelevant. Plaintiff's sole objections  are that the request is unduly intrusive and burdensome to plaintiff and to others who are not parties  to the litigation. These objections are meritless. Again, this request seeks only pictures. It is not intrusive. The only effort required by plaintiff is to locate and provide pictures during a  very limited time.  Such a request is not overly burdensome. The fact that the pictures may include others who are not parties to this litigation does not preclude the disclosure of relevant information.

Peter Gillespie, Esq.
Page 3
3/29/04

**Request No. 7** seeks all correspondence to or from any current or former employee of SNET, including but not limited to Nick Faiella. Plaintiff objected on the basis that the request was overly broad and unduly burdensome. In order to resolve plaintiff's objections, we will agree to limit the request to (1) those made during the time period 1999-2001 and (2) those communications that concern any issue in dispute in this matter.

**Request No. 8** seeks copies of the plaintiff, and her family's, brokerage, stock or other investment accounts from 1999-2001, and **Request No. 9** seeks copies of all plaintiff's bank account records from 1999-2001. Contrary to plaintiff's objections, such information is highly relevant to plaintiff's claim of emotional distress, and the cause of that distress. Financial difficulties are a well recognized cause of depression and anxiety. The plaintiff's personal and family financial situation is relevant. Defendant has a right to conduct discovery into such matters. Morever, defendant's request is limited to a very narrow 3 year period. Defendant will also agrees to maintain the confidentiality of these records in accordance with the Confidentiality Order in this case.

**Request No. 10** seeks copies of all telephone bills, including cell phone bills, for all phones you used from 1999-2001. This request is clearly relevant to the plaintiff's claims of emotional distress damages, as these telephone records are limited to that period of time when she was on leave of absence from SNET as a result of a severe depression. Plaintiff's activities, and level of functioning during that period are clearly relevant and discoverable. Furthermore, it si not intrusive. Defendant is seeking only the telephone bills reflecting the numbers called, not the substance of each conversation.

**Request No. 11** seeks copies of all emails and letter sent to or received from any person while plaintiff was on a leave of absence from SNET. This Request is clearly relevant as it relates solely to the period of time that she was on a leave of absence from SNET for severe depression. Plaintiffs' activities and levels of functioning, including her social interactions and communications with others, are relevant to determining her mental state during this critical period. This information is also relevant to her claims of emotional distress, as well as her diagnosis for severe depression.

**Request No. 12** seeks all documents submitted to or received from any disability insurance company, or other entity, concerning plaintiff's claim(s) for and receipt of disability benefits. In addition, this Request requests plaintiff to execute an authorization for this information. Although plaintiff did not object to providing this information for her past condition(s), no responsive documentation was provided. Such information needs to be produced immediately.

Plaintiff's objection to providing any information concerning her recent claim for disability due to thyroid cancer on the basis that it is irrelevant is frivolous. It is clearly relevant to plaintiff's claim for emotional distress damages. A serious medical condition can be a cause of depression and anxiety, and the treatments may also have side effects which are relevant to plaintiff's emotional

Peter Gillespie, Esq.
Page 4
3/29/04

state. Plaintiff's expert witnesses testified that he diagnosed plaintiff in May, 2000 with severe major depression, which is currently only in partial remission. Dr. Zachariah further testified that he does not anticipate that plaintiff's depression will be resolved until this case is over. Therefore, information as to plaintiff's thyroid cancer, such as when it was diagnosed, the nature of the symptoms, when they began, and its effect on her mental state are highly relevant to evaluating plaintiff's mental state, and are obviously discoverable.

We were surprised that your copy of the Requests did not contain the authorization, as our file contains one. In any event, we have included a duplicate copy for plaintiff to execute.

**Request No. 13** seeks copies of all documents concerning your pension, 401(k) or similar plans, including but not limited to, statements of accounts, withdrawals, and deposits. In addition, this Request asks the plaintiff to execute the attached authorization to obtain these records. Contrary to plaintiff's claim, this information is relevant, and it likely to lead to the discovery of admissible evidence. Financial difficulties are a well recognized cause of depression and anxiety. The plaintiff's personal and family financial situation is relevant to her claims of emotional distress. Defendant has a right to conduct discovery into such matters. Defendant will maintain the confidentiality of these records in accordance with the Confidentiality Order in this case.

Again, we were surprised to learn that your copy of the Requests did not contain the authorization for the pension records. In any event, for your convenience, we have included a duplicate copy for plaintiff to execute.

**Request No. 14** seeks copies of all credit card statement for all accounts held by plaintiff or jointly by others during the period 1999-2001. Financial difficulties are a well recognized cause of depression and anxiety. The plaintiff's personal and family financial situation is relevant to her claims of emotional distress. Defendant has a right to conduct discovery into such matters. In addition, this Request seeks information for a limited period which encompasses plaintiff's lengthy leave of absence from SNET. Plaintiff's activities and level of functioning during this period is highly relevant and discoverable. Defendant will maintain the confidentiality of these records in accordance with the Confidentiality Order in this case.

In summary, we are particularly concerned by plaintiff's wholesale failure to provide responses to this discovery request, especially given that discovery is scheduled to close by Court Order on May 4, 2004. Therefore, if we do not receive confirmation from you that plaintiff will

Peter Gillespie, Esq.
Page 5
3/29/04

provide a complete supplemental response to these requests by March 31, 2004, and confirmation that the supplemental response and all responsive documents will be provided to defendant by April, 6, 2004, we will be forced to file a motion to compel this information from the court seeking all available remedies.

Very truly yours,

Deborah DeHart Cannavino

Peter Gillespie, Esq.
Page 6
3/29/04


bcc:    Lori B. Alexander, Esq.
        David Vegliante, Esq.

## CONSENT AND AUTHORIZATION FOR FINANCIAL RECORDS

TO WHOM IT MAY CONCERN:

I, Kimberly Bachiocchi, formerly know as Kimberly Strobino, or Kimberly Kurtz, authorize you to release to Tyler Cooper & Alcorn, 205 Church Street, P.O. Box 1936, New Haven, Connecticut 06509, or to anyone else they designate in writing, any and all files and/or documents relating to my account(s), whether held individually, jointly with others, or for which I am the custodian, executor, or trustee, including but not limited to, statements of accounts, summaries, withdrawals, transfers and deposits in your possession.

Photostatic copies of this authorization shall be valid as the original.

Signed at _____, this ___ day of _____,

2004.

_____
Signature

_____
Address

# Tyler Cooper
# & Alcorn, LLP

*Counsellors at Law*

AUTHORIZATION FORM FOR DISCLOSURE/RELEASE OF PROTECTED HEALTH INFORMATION (PHI)
GENERAL HEALTH INFORMATION/DRUG/ALCOHOL/PSYCHIATRIC/HIV RELATED INFORMATION

Medical Provider:_____

Address:_____     Date: _____

Patient:   Kimberly Bachiocchi, (formerly known as, Kimberly Strobino or Kimberly Kurtz)

Date of Birth:                        Medical Record #:_____

Address:                              Telephone #:_____

1.  I hereby authorize the medical provider stated above to:  __XXX__Release _____Receive information from the health record of the above named patient to: **Attorney Deborah DeHart Cannavino, Tyler Cooper & Alcorn, LLP, Two Landmark Square, Suite 214, Stamford, CT, or to their authorized representative**

2.  The purpose for such information is: Pending Litigation

3.  Type of Service:    _x_Inpatient          ___x__Outpatient          ___x__Emergency Room    ___x__Ambulance

4.  Requested Data:                                          Specific Report(s) - check all that apply:

    __X___All Records                                   ☐ Consultation
    _____Medical/Surgical abstract (summary)           ☐ Discharge Summary and Diagnosis
    _____Alcohol/Drug Related                          ☐ Emergency Room Report
    _____Psychiatric/Psychosocial                      ☐ EKG/EEG
    _____Immunization                                  ☐ History & Physical
    _____Physical Therapy                              ☐ Laboratory Report
    _____Other (specify):_____                 ☐ Operative Report
    _____Other (specify):_____                 ☐ Progress Notes
                                                        ☐ Pathology Report
                                                        ☐ Radiology: _____Report _____ Films
                                                        x Other: all records

5.  Approximate Date(s): All

6.      This form serves the dual purpose of a general authorization for the release of protected health information and a specific authorization for the release of information protected by state and federal confidentiality laws and regulations. The information to be released may contain information pertaining to psychiatric, drug and/or HIV or AIDS testing, diagnoses or treatment.

7.      I understand there may be a 65-cent/per-page copy fee charged with certain requests for the health information.  It is understood that there may be a 30 day period to process this request, unless otherwise specified.  It is understood that the records may be located throughout the healthcare system and more than one authorization may be required to obtain all records.

8.      I understand my right as stated in the above-stated Healthcare System's Notice of Privacy to revoke this authorization at any time.  I understand that if I revoke this authorization, I must do so in writing and submit this to the department that maintains my requested information.  I understand the revocation will not apply to information that has already been released in response to this authorization.

9.      I understand authorizing the disclosure of this health information is voluntary.  I need not sign this authorization to ensure treatment, payment or healthcare operations. I understand I may inspect or copy the information to be used or disclosed according to state and federal law, and as stated in the Privacy Notice of this facility. I understand information once released from this facility may not be protected by federal confidentiality rules and carries with it the potential for an unauthorized redisclosure.

### A PHOTOSTATIC COPY OF THIS AUTHORIZATION SHALL BE AS VALID AS THE ORIGINAL

_____          _____
Signature of Patient or Legal Representative          If Legal Representative, specify relationship

☐ The patient is a minor,_____years of age
☐ The patient is unable to authorize because:_____

_____          _____
Signature of Witness                              Date

# EXHIBIT "D"

PETER E. GILLESPIE

COUNSELLOR AND ATTORNEY AT LAW

46 RIVERSIDE AVENUE

POST OFFICE BOX 3416

WESTPORT, CONNECTICUT 06880

TELEPHONE (203) 227-7000

TELECOPIER (203) 454-5508

April 9, 2004

Deborah DeH. Cannavino, Esq.
Tyler, Cooper & Alcorn
One Landmark Square
Stamford, CT 06904

Re: Bachiocchi v. SNET

Dear Ms. Cannavino:

This is in response to your letter of March 29, 2004.

As to Request 1, we renew our objection. Notwithstanding that objection, we note that with the possible exception of her current treatments for thyroid cancer which are not relevant here, Plaintiff previously has disclosed all pharmacy records within her control or possession.

As to request 2, we renew our objection. You now seem to narrow your request to pictorial holiday greeting cards that "were presumably sent to many other people." To then have concluded that because of this fact your request is not intrusive or burdensome is confounding. Assuming, *arguendo*, that such cards were produced and distributed, they would have been sent to those with whom Plaintiff and her family have a personal relationship. To the extent that you state that Plaintiff has offered photographs to support her claim, I again am puzzled by your argument. If you are referring to the "fishing trip" photographs, you are aware that those photographs were displayed in public areas of SNET's Elizabeth street facility, having been posted by others. Finally, now that you partially clarify your request, it has become apparent that it is completely irrelevant in any event.

As to request 3, we renew our objection. Further, upon additional discussion with Plaintiff, it has become apparent that you have a particular photograph in mind. Neither Plaintiff nor I are sure as to what particular photograph is being referenced.

Deborah DeH. Cannavino, Esq.                                    April 9, 2004
Page 2

As to requests 4 and 5, the video tape was previously provided to you. I sent it. I do have in my office one remaining copy. If you would like to review it here, you are welcome to do so. If you would like me to have another copy made at your expense, I would be happy to undertake that effort for you. Copies of all still photographs are enclosed herewith. We are unaware of any additional photographs or videotapes. If you have any further particular question, please contact me.

As to request 6, we reiterate our objection. Further, now that you explain the theory of your request, it becomes clear that the request itself is vague and ambiguous as to the meaning of the phrase "family vacation" and, in any event, is irrelevant. Notwithstanding the objection, I am authorized to inform you that as best we can determine from the common usage of the term, Plaintiff did not attend any vacations with her family in either 2000 or 2001.

As to request 7 we renew our objection. Notwithstanding the objection, and without waiving it, Plaintiff understands this request to be seeking social correspondence and or correspondence relating to her work at the Elizabeth Street facility. If that understanding is correct, she has no materials which she believes would be responsive to this request.

As to requests 8, 9, 13 and 14 Plaintiff renews and relies upon her earlier objections. We note that Plaintiff has already voluntarily exceeded her normal obligations with respect to discovery of her financial records. She did so in good faith in the spirit of full and fair disclosure and an effort to avoid disputes over this type of unseemly and intrusive enquiry. Further, we note that neither item 13 nor the broadly worded release provided therewith are limited in time as are the other two items. Moreover, as to the proposed release, it is not limited in any meaningful way as to the type of documents which would, or could, be sought. Finally, notwithstanding our objections, I am authorized to disclose that with respect to item 14 Plaintiff does not retain her credit card records following payment of her periodic bills.

As to requests 10 and 11 plaintiff renews and relies upon her earlier objections. Further, other than materials previously produced, Plaintiff has does not have any emails from the period specified in request 11 and upon a preliminary search does not appear to have any personal letters from that period.

As to request 12, plaintiff renews and relies upon her earlier objection. To the extent that Defendant seeks execution of a release for medical records which release does not

Deborah DeH. Cannavino, Esq.
Page 2

April 9, 2004

include a time limitation, that issue is already the subject of a motion to compel to which Plaintiff will object. Without waiving her rights or the objection, Plaintiff notes that to the extent that Defendant seeks information relating to Plaintiff's recent treatment for thyroid cancer, Defendant is in possession of a currently effective release for that purpose. Further, Plaintiff believes that the recent submissions to disability carriers were initiated by her Doctors and she does not have that documentation.

Very truly yours,

Peter E. Gillespie

CC:  K. Bachiocchi

# EXHIBIT "E"



**Tyler Cooper & Alcorn, LLP**

*Counsellors at Law*

Deborah D. Cannavino
Counsel
203.425.2475
Fax: 203.348.3875
cannavino@tylercooper.com
www.tylercooper.com

Two Landmark Square
Suite 214
Stamford, CT
06901-2501
203.348.5555

New Haven
Hartford
Stamford
Madison

April 22, 2004

<u>Via Facsimile</u>
Peter E. Gillespie, Esq.
46 Riverside Avenue
Westport, Connecticut 06880

Re:    <u>Kimberly Bachiocchi v. Southern New England Telephone Company</u>

Dear Peter,

You stated in your April 9, 2004 letter that a videotape was provided to us, in response to document requests 4 and 5. As stated, we did not receive a copy. We contacted Creative Video Corporation of Norwalk and have made arrangements with them to copy the videotape and return the original to you. They are available to come to your office to pick up the video tomorrow, Friday April 23rd, at 1:00 p.m. Please let me know if that date and time is convenient for you.

Very truly yours,

Deborah DeHart Cannavino

DDC:jhl

cc:    Lori B. Alexander, Esq.

# EXHIBIT "F"



**Creative
Video
Corporation**

11 Mill Pond Court
Cos Cob, CT 06807
U S A

203/625 9757
203/625 9746 Fax
creatvideo@aol.com

April 27, 2004

Tyler Cooper & Alcorn
2 Landmark Square
Suite 214
Stamford, CT 06902

To Whom It May Concern:

The video tape that you requested for us to picked up from Peter E Gillespie
at 46 Riverside Avenue, Westport, CT was recorded on a specialized deck at
an extremely high speed.   Unfortunately, while it is convenient that the deck
allows for a significant amount of footage to be recorded on one tape, it also
makes the tape impossible to play on any professional or consumer decks.
In addition, the specific deck is only used for security purposes and is not
available at any of our rental supplier's.

I regret to say that unless we can have access to the deck that it was recorded
on, a copy of the tape can not be made.

If you have any questions, or if we can be of further assistance, please do not
hesitate to contact us.

Best Regards,

Helen L. Stadel
Accounts Executive
(203) 866.8700