THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
* * * * * * * * * * * * * * * * * * * *   *
                                          *
KIMBERLY BACHIOCCHI,                      *
                                          *
                                          *
    Plaintiff,                            *
                                          *
v.                                        *   CIV. ACTION NO. 02-CV-908 (CFD)
                                          *
                                          *
THE SOUTHERN NEW                          *
ENGLAND TELEPHONE                         *
COMPANY,                                  *
                                          *
    Defendant.                            *   MAY 3, 2004
* * * * * * * * * * * * * * * * * * * *   *
```

## DEFENDANT'S MOTION FOR EXTENSION OF TIME
## FOR SNET TO COMPLETE FACT WITNESS DEPOSITIONS

The defendant, the Southern New England Telephone Company ("SNET"), hereby respectfully requests a 30-day extension of the deadline for SNET to complete the final day of plaintiff's deposition and depositions of any remaining fact witnesses, and 21 days thereafter to file a dispositive motion in this case. The current deadline for discovery is May 4, 2004, and June 3, 2004 for dispositive motions.

The reason for the above request is that, despite SNET's best efforts over many months to obtain full and complete medical records (including appropriate medical authorizations) and complete responses to written discovery from the plaintiff, the plaintiff has resisted and repeatedly delayed disclosing relevant information. As a result, SNET has been forced to file four separate motions to

*ORAL ARGUMENT IS NOT REQUESTED*

compel with the Court concerning issues relating to written discovery,[1] the first of which was granted on April 27, 2004, and three of which remain pending with the Court. Plaintiff has delayed discovery concerning several relevant issues, particularly as the close of discovery approached. Although SNET has pressed these issues directly with plaintiff's counsel through numerous letters and telephone conversations in an attempt to resolve the issues without Court intervention, it ultimately has had to file motions to compel on several items of outstanding discovery notwithstanding its best efforts to resolve the issues between counsel.

Despite the fact that it has still not received complete discovery responses from plaintiff, SNET proceeded to take two partial days of plaintiff's deposition. SNET has not been able to complete the plaintiff's deposition because of the delayed or missing items of discovery, several of which are described more fully below. SNET also has not completed a limited number of fact witness depositions, including the depositions of plaintiff's husband and an independent contractor who worked with plaintiff, because it wishes to obtain plaintiff's full testimony on matters related to these individuals before doing so. Because it has been unable to complete plaintiff's deposition, it has been unable to complete these few remaining fact witness depositions as well. In short, plaintiff's behavior with respect to withholding relevant records has unnecessarily delayed the completion of SNET's depositions. SNET believes these issues will be resolved in the next few weeks, and that it can complete the remaining depositions within 30 days.

By way of example, below is a description of several of the items of discovery plaintiff has delayed which in turn have delayed SNET's ability to complete the deposition of the plaintiff:

---

[1] Plaintiff's claims in this case are gender discrimination, retaliation for allegedly making a complaint of discrimination, and violation of the Equal Pay Act. Plaintiff seeks damages for emotional distress, back pay, and loss of benefits.

1. Plaintiff has taken the position in this case that she suffered and continues to suffer from emotional distress as a result of SNET's alleged conduct toward her. Her psychologist has testified that she is depressed even today. Notwithstanding that testimony and plaintiff's claim for ongoing emotional distress, she refused to provide SNET with medical authorizations to obtain medical records through the present time. Plaintiff provided only a signed authorization for records for the limited period of 1999 through the time of the authorization, May, 2003.

In addition, notwithstanding that SNET had asked plaintiff to identify all her health care providers back in February, 2003, and notwithstanding that SNET had asked for medical authorizations to obtain records from each of them at that time, plaintiff persistently attempted to block SNET's ability to obtain a complete set of her medical records. See Defendant's Motion to Compel a Current Medical Authorization from Plaintiff and Updated Medical Information dated April 1, 2004. ("Motion re Authorization") First, plaintiff responded under oath to the February 2003 request for the identities of all her medical providers that she had seen only **2 physicians**. See Motion re Authorization at Exhibit C, p. 13; Exhibit D. Thereafter, at the first day of her deposition, plaintiff testified that she had actually seen at least **10 additional doctors** not previously identified. Motion re Authorization at 3. After the first day of deposition, SNET wrote to plaintiff's counsel requesting that plaintiff supplement her discovery responses to include all medical providers. Id. At 3. On June 26, 2003, well after the first day of plaintiff's deposition, plaintiff's counsel supplemented her discovery responses to identify **26 new doctors** and **3 hospitals** for the first time. Id. at 4. He did not provide authorizations to obtain records from these physicians. SNET had to write to plaintiff's counsel requesting medical authorizations for these newly disclosed physicians. Eventually they were provided, but again limited to the period 1999 and thereafter.

3

In February, 2004, SNET learned that plaintiff was receiving medical treatment for a new serious illness which had affected her to the extent that she had to take a disability leave of absence from SNET. She had not supplemented her prior discovery responses with this new medical information or the identities of her health care providers. When asked about the situation, plaintiff's counsel refused to update plaintiff's discovery responses by having plaintiff execute a new authorization to obtain records from these new physicians. See Motion re Authorization at 4.

On March 12, 2004, in response to SNET's third set of discovery requests, plaintiff identified **3 additional doctors** never previously disclosed to SNET. Id. at 5. Plaintiff's counsel continued to refuse to provide medical authorizations for these physicians.

As a result of the above inability to obtain complete medical information concerning the plaintiff, SNET filed its Motion re Authorization dated April 1, 2004, seeking (1) a new executed medical authorization to obtain medical records from plaintiff's health care providers from 1982 to the present, (2) a supplemental response to SNET's Interrogatory seeking the identity of all doctors who have treated plaintiff from 1982 to the present, and (3) a supplemental response to SNET's Interrogatory seeking the identity of all institutions, including hospitals, where plaintiff received medical or counseling services from 1982 to the present. SNET's Motion re Authorization was granted by the Court (The Honorable Thomas P. Smith) on April 27, 2004, after the Court concluded that "[p]laintiff's objections are not substantial, nor are they persuasive" and that "[t]he defendant is entitled to discovery of this relevant information." See Ruling on Pending Motion dated April 27, 2004. That ruling is very recent, and plaintiff has not yet provided the documents and information which she was ordered to provide in the ruling.

2. In her Complaint, plaintiff claims that she was discriminated against by her employer, SNET, and that after she complained of discrimination, the company conducted an investigation through Bob Ellis of SNET's Security Department. Complaint ¶ 32. At her first meeting with Mr. Ellis, plaintiff alleges that Mr. Ellis asked her to prepare a written statement. Complaint ¶ 33. SNET requested a copy of plaintiff's statement and any drafts thereof in discovery. Although plaintiff did not object to SNET's request for production seeking the statement, plaintiff failed and refused to provide SNET with a copy of the draft statement she prepared for Mr. Ellis claiming through her counsel that it was privileged. Following an unsuccessful good faith conference to try to resolve the issue without Court intervention, SNET was forced to file a Motion to Compel a Copy of Plaintiff's Statement and supporting memorandum of law dated May 3, 2004 ("Motion to Compel re Statement"). That Motion to Compel re Statement is currently pending with the Court. SNET wishes to question plaintiff about her draft statement and thus does not want to complete her deposition until it is provided.

3. Plaintiff also delayed producing a copy of her log/diary of SNET-related events until only the last few weeks. It was not until April 12, 2004, many months after they should have been produced, that plaintiff's counsel finally agreed to produce plaintiff's log/diary of SNET-related events. See SNET's Memorandum of Law in Support of Defendant's Motion to Compel a Copy of Plaintiff's Statement dated May 3, 2004 ("Memorandum re Statement"). These documents should have been produced as part of plaintiff's initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. As referenced in SNET's Memorandum re Statement, plaintiff's counsel initially claimed that these documents were privileged until SNET's counsel pointed out repeatedly that plaintiff herself had testified that these documents were not prepared at the request of counsel.

5

They were finally disclosed to SNET just 2 ½ weeks ago, on April 12, 2004.

4. Plaintiff noted in a personal calendar produced to SNET in this case that she was videotaping activities during her leave of absence from SNET, a time period highly relevant to this case and relevant to her claim of emotional distress damages. On February 12, 2004, SNET served a Second Request for the Production of Document expressly seeking copies of all videotapes referred to in the calendar, as well as copies of all videotapes, pictures or other visual depictions concerning the allegations made in the Complaint. See Memorandum of Law in Support of Defendant's Motion to Compel a Copy of the Videotape dated April 28, 2004 ("Motion to Compel re Videotape"). In response to the request, plaintiff's counsel (1) first claimed that he had previously provided SNET's counsel a copy of the tape, which he had not, then (2) allowed defense counsel to "pick up the tape" at his office, but when SNET did so and then played the tape, it was blank. As a result of plaintiff's conduct, SNET still has not seen the videotape at issue, notwithstanding its request for a copy many months ago and its diligent and time-consuming efforts to obtain it thereafter. SNET's Motion to Compel re Videotape is currently pending with the Court. Again, since SNET may want to question both plaintiff and her husband about the videotape, it does not want to complete their depositions before obtaining it.

The above are just a few examples of the plaintiff's attempts to block SNET from obtaining legitimate discovery in this case. Instead of cooperating in exchanging discoverable information as the Federal Rules contemplate, plaintiff has created roadblock after roadblock that require SNET to engage in unnecessarily burdensome follow-up, including ultimately requesting Court intervention.

Based on its pending motions to compel, SNET hopes and expects that it will obtain the

remaining outstanding discovery items within the next two weeks. Thereafter, it would promptly complete the plaintiff's deposition and the depositions of remaining fact witnesses.

For all of the above reasons, SNET respectfully requests a 30-day extension of the deadline for SNET to complete depositions of fact witnesses in this case through June 2, 2004, and 21 days thereafter through June 23, 2004 to file a dispositive motion in this case. It makes this request in the interests of justice based on plaintiff's delays and SNET's good faith attempt to complete discovery. SNET notes that in the last ruling on an extension of time, the Court indicated that that would be the final extension.

Pursuant to Local Rule 9(b) of the Rules for the United States District Court for the District of Connecticut, SNET has inquired of plaintiff's counsel, Peter Gillespie, concerning his position on this motion but has been unable to ascertain his position as of the time of filing this motion. This is the eighth request for an extension of pre-trial deadlines filed by the parties in this matter.

Dated at New Haven, Connecticut this 3RD day of May, 2004.

                THE DEFENDANT,
                SOUTHERN NEW ENGLAND TELEPHONE COMPANY


                By_____
                  Lori B. Alexander
                  Federal Bar No. CT08970
                  Tyler Cooper & Alcorn, LLP
                  205 Church Street
                  New Haven, Connecticut 06509
                  Tel. (203) 784-8200
                  Fax No. (203) 789-2133
                  E-Mail: alexander@tylercooper.com

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was sent via first-class mail, postage prepaid to all counsel and *pro se* parties of record on this 3rd day of May, 2004 as follows: Peter E. Gillespie, Esquire, 46 Riverside Avenue, Post Office Box 3416, Westport, Connecticut 06880.

_____
Lori B. Alexander
Federal Bar No.: CT08970