UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KIMBERLY BACHIOCCHI | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:02CV908(CFD) |
| v. | : | |
| | : | |
| SOUTHERN NEW ENGLAND TELEPHONE COMPANY | : | |
| | : | |
| Defendant. | : | MAY 3, 2004 |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL A COPY OF PLAINTIFF'S STATEMENT

I.   PRELIMINARY STATEMENT

Pursuant to Rule 37(a) of the Federal Rule of Civil Procedure and Local Rule 37, the defendant, the Southern New England Telephone Company ("defendant"), respectfully requests that the Court issue an Order compelling the plaintiff Kimberly Bachiocchi ("plaintiff") to provide a copy of the draft written statement she prepared for the defendant's investigator, in an internal complaint proceeding.

II.   FACTS

In her complaint, plaintiff alleges claims for sexual harassment in violation of the Connecticut Fair Employment Practices Act and Title VII of the Civil Rights Act, retaliation and violation of the Equal Pay Act. Plaintiff seeks damages for emotional distress, back pay, and loss of benefits. Plaintiff has remained continuously employed by SNET.

In support of her claims, plaintiff alleges inappropriate conduct, commencing in 1999, occurring in the workplace while she was employed as an Analyst Technical Sales Support for SNET. Complaint, ¶¶ 11-33. As an alleged result of this conduct, plaintiff went out on a medical leave of absence from May 2000 through May 15, 2001. Complaint, ¶¶ 26, 31. Upon her return, plaintiff alleges that she made a complaint to human resources. Complaint, ¶ 32.

In response to her complaint, plaintiff alleges that SNET commenced an investigation using an individual named Bob Ellis to conduct the investigation. Complaint, ¶ 32. Plaintiff met with Mr. Ellis two times. Complaint, ¶ 33. At the first meeting, plaintiff alleges, Mr. Ellis asked her to prepare a written statement. Complaint, ¶ 33. Plaintiff alleges that she prepared a written statement and gave it to Mr. Ellis at their second meeting. Complaint, ¶ 33.

On February 6, 2004, defendant served its First Request for the Production of Documents on plaintiff. Exhibit A.[1] In Request No. 25, defendant sought all documents concerning plaintiff's

---

[1]   Copies of the Exhibits cited herein are attached to the Affidavit of Deborah DeHart Cannavino dated May 3, 2004.

allegations in paragraph 33 of her complaint alleging that she met with Mr. Ellis on two occasions and, among other things, that she provided him with a written statement. Exhibit A, at 13.

On April 2, 2004, plaintiff served her objections and responses. Exhibit B. In response to Request No. 25, plaintiff did not object and in fact failed to include a written response to that Request. Exhibit B, at 13-14.

Plaintiff attached a Privilege Log to the objections stating that certain information was being withheld on the basis of attorney client privilege. Exhibit C. One of the items plaintiff listed on her log was "a preliminary draft of the final statement which was prepared by the plaintiff and supplied to SNET Investigator Ellis." Exhibit C.

On April 6, 2004, defendant wrote plaintiff's attorney a letter seeking the production of two items on her Privilege Log, (1) plaintiff's log/diary, and (2) the draft statement submitted to Mr. Ellis. Exhibit D. Defense counsel stated that these documents were not communications between plaintiff and her lawyer and, therefore, were not protected from disclosure by the attorney client privilege. Exhibit D. In addition, defense counsel stated that these documents were highly relevant to plaintiff's claims and needed to be provided immediately. Exhibit D. Defense counsel further explained that if the documents were not forthcoming, she would be forced to file a motion to compel them with the court. Exhibit D.

On April 12, 2004, plaintiff's attorney responded. Exhibit E. He produced the plaintiff's log/diary based upon her representations at her deposition that she had created the log *before* she

sought counsel. Exhibit E. However, plaintiff stated that he would not produce the draft statement as it was prepared at his direction and for his "exclusive review." Exhibit E. Plaintiff's attorney further stated that "I had a discussion with the plaintiff about the draft, and the final statement for Mr. Ellis was then prepared and delivered." Exhibit E.

By this Motion, defendant seeks to compel plaintiff's draft statement for Mr. Ellis.

III.   ARGUMENT

### Defendant's Motion to Compel Should be Granted

Plaintiff should be compelled to provide a copy of her draft written statement provided to Mr. Ellis in response to Request No. 25 of Defendant's First Request for the Production of Documents. Contrary to plaintiff's assertion, the draft is not protected by the attorney client privilege. It is not a communication made for the purposes of obtaining legal advice. It is a factual statement made, as plaintiff alleges in her complaint, at the request of the investigator, not her counsel.

This case is before the Court based upon its federal question jurisdiction by virtue of Plaintiff's Title VII claim. The Second Circuit has held that, in such cases, the elements of the attorney-client privilege are governed by federal law. See von Bulow v. von Bulow, 811 F.2d 136,141 (2d Cir.1987), cert. denied, 481 U.S. 1015, 107 S.Ct. 1891, 95 L.Ed.2d 498 (1987).

Under federal law, to invoke the attorney-client privilege, a party must demonstrate that there was: (1) a communication between client and counsel, which (2) was intended to be and was in fact

4

kept confidential, and (3) made for the purpose of obtaining or providing legal advice." United States v. Construction Prods. Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996).

The attorney-client privilege applies to confidential communications, not to facts underlying those communications. Upjohn Co. v. United States, 449 U.S. 383, 395-96 (1981). Further, the party claiming the benefit of the attorney-client privilege has the burden of establishing all the essential elements. von Bulow v. von Bulow, 811 F.2d at 144. "Since the privilege stands in derogation of the public's right to every man's evidence, ... it ought to be strictly confined within the narrowest possible limits consistent with the logic of its principle." In re grand Jury Proceedings v. Doe, 219 F.3d 175, 182 (2d. Cir. 2000). "Blanket assertions" of privilege have been held insufficient to satisfy this burden. See Burns v. Imagine film Entertainment, Inc., 164 F.R.D. 589, 593 (W.D.N.Y. 1996).

Here, plaintiff's draft statement was not a communication for the purposes of obtaining legal advice. As alleged in her complaint, plaintiff prepared the written statement in response to a request from defendant's investigator. Complaint, ¶ 33. That the draft statement may have been reviewed by plaintiff's attorney does not change the fact that it was prepared at the request of the investigator (not her attorney) for purposes of setting forth her complaint to her employer (not for purposes of seeking legal advice).

IV. <u>CONCLUSION</u>

WHEREFORE, based upon the foregoing, defendant respectfully requests that its Motion to Compel be granted.

>THE DEFENDANT,
>SOUTHERN NEW ENGLAND
>TELEPHONE COMPANY
>
>By: _____
>Deborah DeHart Cannavino  (CT 08144)
>TYLER COOPER & ALCORN, LLP
>One Landmark Square
>Stamford, CT  06901-2501
>Telephone: (203)348-5555
>Fax: (203) 348-3875
>Cannavino@TylerCooper.com

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed first class mail, postage prepaid, to all counsel and pro-se parties of record this 3rd day of May, 2004:

Peter E. Gillespie, Esq.
46 Riverside Avenue
P.O. Box 3416
Westport, CT 06880

_Deborah DeHart Cannavino_
Deborah DeHart Cannavino