THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
********************   *
KIMBERLY BACHIOCCHI,   *
                       *
                       *
                       *
     Plaintiff,        *
                       *
v.                     *   CIV. ACTION NO. 02-CV-908 (CFD)
                       *
                       *
THE SOUTHERN NEW       *
ENGLAND TELEPHONE      *
COMPANY,               *
                       *
     Defendant.        *   MAY 12, 2004
                       *
********************   *
```

### DEFENDANT'S OPPOSITION TO THE PLAINTIFF'S MOTION TO COMPEL

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, the defendant, Southern New England Telephone Company, submits this Opposition to the Plaintiff's Motion to Compel dated April 17, 2004.

Plaintiff's Motion should be denied. All relevant information has been provided. The information sought by this Motion is irrelevant, duplicative, overly broad, and unduly burdensome. Furthermore, some of the information sought relates to other employees of the defendant who have privacy considerations. Moreover, one of the documents plaintiff seeks to compel, was provided to her on August 3, 2001

I.    **FACTS**

On February 25, 2003, defendant received Plaintiff's Request for Production (First Set).[1] On July 23, 2003, defendant served its objections and responses to the plaintiff's first request. Exhibit A.[2] On May 30, 2002, counsel for the parties discussed the plaintiff's discovery requests and defendant's objections. Cannavino Aff. ¶ 6. On July 23, 2003, defendant served its supplemental responses to plaintiff's discovery. Exhibit B. Defendant attached a cover letter to the supplemental response stating that it did not include copies of the plaintiff's personnel file, or the report of Mr. Ellis as counsel understood from their conversation that plaintiff already had copies of those documents and did not need another copy. Exhibit C.

Plaintiff's counsel thereafter requested a copy of the personnel file, and defendant provided it. Cannavino Aff. ¶ 9. Defendant did not receive any further inquiries from the plaintiff concerning its responses until 9 months later, when plaintiff sent a letter seeking an immediate supplemental response. Cannavino Aff. ¶10; Exhibit D. Less than a week after defense counsel received the letter requesting additional information (and before counsel had an opportunity to respond to it), plaintiff filed the instant Motion to Compel the information, and seeking her fees as a sanction. Cannavino Aff. ¶ 10.

By her Motion, plaintiff seeks to compel: (1) Mr. Ellis' report investigating plaintiff's claim of workplace violence, (2) documents concerning a complaint brought against another co-worker,

---

[1]    Although plaintiff's requests bore a date of January 24, 2003, they were received by defendant via regular maul on February 25, 2003.

[2]    Copies of the Exhibits cited herein are attached to the Affidavit of Deborah DeHart Cannavino dated Mary 12, 2004.

Nick Faiella, (3) employee sign out sheets from January 1999 through December 2001, and (4) wage, benefit and performance information on five co-workers. As set forth in more detail below, plaintiff's motion should be denied.

II.    ARGUMENT

  A.    The Report of Mr. Ellis was Provided to Plaintiff in August 2001

Plaintiff's request to compel a copy of the report of Mr. Ellis should be denied. On August, 1, 2001, the defendant submitted Mr. Ellis' report to the Connecticut Commission on Human Rights and Opportunities as part of its response to the plaintiff's CCHRO charge. Exhibit E.[3] SNET's counsel certified that she served a copy of the entire response, including Mr. Ellis' report, to Attorney Gillespie, plaintiff's counsel in this matter on that date. Exhibit E.

Therefore, on July 23, 2003, when the defendant served its supplemental responses, it stated that it would provide a copy of Mr. Ellis' report, but noted in the cover letter with the document production that the plaintiff's counsel had informed her that she did not need to include a copy of the report because he already had a copy of it. Exhibit C. On May 12, 2004, defendant served another copy of Mr. Ellis' report on plaintiff.

Since plaintiff has already received a copy of the report from the defendant, her motion to compel should be denied.

  B.    Documents Concerning Complaints Brought Against Nick Faiella Are Not Responsive and Irrelevant

Plaintiff's claim that the file containing notes on complaints made by other employees about

---

[3]   One of the exhibits to the CCHRO response contained letters from the plaintiff's psychologist. As they were irrelevant, they were redacted from the copy submitted to the court.

Nick Faiella should be compelled in response to Request No. 1 lacks merit. Plaintiff's Memo, at 10.

First, Request No. 1 does not request information on complaints brought against Mr. Faiella; it seeks only complaints made by the *plaintiff*. Specifically, request No. 1 provides:

> 1. Please produce all materials within Defendant's possession and/or control which relate to, memorialize or summarize any investigation of Plaintiff's claims of discriminatory, sexually harassing or retaliatory conduct including but not limited to audio recordings, written statements, notes, memoranda, summaries or other like materials compiled by Defendant, including those materials, if any, compiled by Defendant's Human Resources staff and/or Robert L. Ellis, Defendant's Area Manager - Asset Protection.

Exhibit A. In its supplemental response, defendant stated:

> **Objection:** Plaintiff's request is vague, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, defendant objects to providing documents or information protected from disclosure by the attorney client privilege and work product protection or which plaintiff had already received as part of prior proceedings before the CHRO.
>
> **Response:** Without waiving the foregoing objection and subject to it, SNET will provide a copy of Mr. Ellis' investigative report of his investigation.

Exhibit C.

Even if the request had sought information on claims made against Mr. Faiella - which it did not- such information is irrelevant to the plaintiff's claims of discrimination. While complaints brought against Mr. Faiella might possibly be relevant if he were suing the company, they are not relevant to *plaintiff*'s claims against the company. Accordingly, plaintiff's motion to compel should be denied.[4]

---

[4] Plaintiff's contention that "it is inconceivable that it [Faiella's file] does not mention, or in some way, implicate the plaintiff" is pure conjecture and baseless speculation.

C.  **Wage, benefit and Performance information on other employees is Irrelevant**

Plaintiff's claim that the complete wage, benefit and performance information of 5 co-workers should be compelled in order for her to prove her equal pay act claim is unavailing. Plaintiff already has the relevant information on her equal pay act claim: the salaries and bonuses of the five male employees that she alleges were paid more than her during the years 1999, 2000 and 2001.

In Request No. 6, plaintiff seeks:

> Please produce all records as will show the job functions, performance reviews, performance ratings, wages, other forms of compensation and benefits received by Richard Greene, Ronald Durza, Chris Manouse, Keith Casey and Frank Andrews during the period January, 1999 through December 31, 2001.

Exhibit A. In response, defendant stated the following objection:

**Objection:** Plaintiff's request is vague, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, defendant objects to providing "individually identifiable" information concerning its employees which is prohibited from disclosure by Connecticut General Statutes §31-128a, et seq.

Exhibits B and C. Notwithstanding its objection, however, defendant provided a summary at Ms. Moffett's deposition of the salary and bonuses received by the plaintiff and all of these 5 employees from 1999-2001 (when plaintiff left their department). A copy is attached to Plaintiff's Affidavit, s Exhibit C.[5] Therefore, plaintiff has everything that she needs in order to try to demonstrate her

---

Plaintiff's Memo, at 10.

[5] Plaintiff claims that there is a protective order in place to protect the privacy of these individuals. Pl. Memo. at 11. However, plaintiff attached this summary, which contains the names and salary of all of these employees, an obviously confidential document, without seeking any sort of a sealing order. This stands in sharp contrast to how defendant has cared for the plaintiff's personal information in this case. And, it does not bode well for plaintiff's contention that she will maintain the confidentiality of any further response.

equal pay act claim, and therefore, her motion to compel should be denied.

D.   Plaintiff's Motion to Compel the Sign-out Logs Should be Denied

The daily sign-out logs for 3 years, for the Elizabeth street facility are wholly irrelevant to the plaintiff's claims of sexual harassment, gender discrimination, retaliation and violation of the equal pay act. Therefore, her request to compel this information should be denied.

In Request No. 8, plaintiff sought:

> For the period January 1, 1999 through and including December 31, 2001, please produce any and all records, including but not limited to sign-in sheets and attendance sheets, showing on a daily basis which of Defendant's employees were present at the facility, to which Plaintiff had been assigned to work located on Elizabeth Street, Derby, Connecticut.

Exhibit A. Defendant responded:

> **Objection:**   Plaintiff's request is vague, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, defendant objects to providing "individually identifiable" information concerning its employees which is prohibited from disclosure by Connecticut General Statutes §31-128a, et seq.
>
> **Response:**   Without waiving the foregoing objection and subject to it, by way of a supplemental response, responsive document attached hereto as Exhibit 4.

Exhibit C.

In its supplemental response, defendant provided the one sign-out log that could possible be relevant to the plaintiff's claim, the log for April 18, 2001. April 18th is the day she alleges she returned to work for one day during her leave of absence and found that there were no employees in the office. Where these employees were and what job sites they were at on that day is the only relevant piece of information.

There has been no claim made by plaintiff as to who was out of the office on any other day,

6

or whether certain employees were working on any other day. Moreover, plaintiff's request seeks copies of the log for that facility after she had been assigned to another department of SNET, and it is obviously overly broad.

Plaintiff's request for the logs is overly broad. the only possibly relevant piece of information was provided. Accordingly, plaintiff's motion should be denied.

Furthermore, defendant informed plaintiff's counsel last summer, that the sign-out logs from 1999-2001 did not exist, and Kevin West so testified at his deposition.. Plaintiff's contentions that she saw the binder of the sign out sheets in June 2001, and that all of the logs were kept back to 1998 is completely new information that has never been disclosed to the defendant before. Plaintiff never asked for all of the logs at the CHRO. Even in this case, she did not disclose until 3 years later that she believed that the logs were kept, the manner in which they were kept, or that she located these logs in the SNET office in 2001. This new affidavit submitted in support of plaintiff's motion is a subject for further questioning by SNET in its deposition of the plaintiff.

## III. CONCLUSION

WHEREFORE, based upon the foregoing, the defendant respectfully requests that the plaintiff's Motion to Compel be denied.

THE DEFENDANT,
SOUTHERN NEW ENGLAND TELEPHONE COMPANY

By [signature]

Deborah DeHart Cannavino (CT 08144)
Tyler Cooper & Alcorn, LLP
One Landmark Square
Stamford, CT 06901-2501
Tel. (203) 348-5555
Fax: (203) 348-3875
cannavino@tylercooper.com

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was sent via first-class mail, postage prepaid to all counsel and *pro se* parties of record on this 12th day of May, 2004, as follows:

Peter E. Gillespie, Esquire
46 Riverside Avenue
Post Office Box 3416
Westport, Connecticut 06880

_____
Deborah DeHart Cannavino