UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
*****************************************
KIMBERLY BACHIOCCHI,*
                         *
           Plaintiff,    *     CIVIL ACTION No. 3:02CV908(CFD)
                         *
        v.               *
                         *
SOUTHERN NEW ENGLAND     *     May 25, 2004
TELEPHONE COMPANY,       *
                         *
           Defendant.    *
*****************************************
```

# MEMORANDUM  IN SUPPORT OF PLAINTIFF'S
# MOTION TO COMPEL

BRIEF BACKGROUND OF THIS CASE

Plaintiff, Kimberly Bachiocchi, is an employee of the Southern New England Telephone Company ("SNET").  She commenced her employment in 1984 and has continued to work for SNET to the present day.  In or about June, 1998 Plaintiff transferred into a new position working for a group headed by an individual named Kevin West (the "West group").  After a relatively short time SNET experienced a strike and Ms. Bachiocchi was reassigned to strike duty.

As events developed in 1999, and especially during the first half of 2000, Ms. Bachiocchi came to experience unpleasantness in her workplace.  As a result of these events Plaintiff went on a medical leave, received extensive counseling from a psychologist, suffered emotionally and incurred damages.  In this suit she alleges that she was a victim of sexual harassment and retaliation.

Discovery is near its conclusion.  Plaintiff has some remaining discovery issues which do not appear to be subject to resolution through mutual discussion, notwithstanding that Plaintiff's counsel has made good faith efforts to so so.

In her motion to compel, filed on even date herewith, Plaintiff seeks to compel disclosure of 3 personnel files.

FACTS RELEVANT TO THE INSTANT MOTION

Plaintiff was first assigned to work in the group headed by Kevin West (the "West group") at SNET's Elizabeth Street facility in or about June, 1998.  Not too long after she started that assignment SNET's bargaining unit personnel engaged in a job action.  She was then put on temporary assignment for a period of approximately 8 weeks.  After that I returned to my work at the West group and continued to work there, subject to a medical leave, until on or about June 22, 2001.

In her Complaint Plaintiff alleges a course of harassing and retaliatory

conduct.  The allegations include reference to her supervisor, Richard Light,

Supervisor Robert Vallerio, and their boss, Kevin West, Head of the Group.

In brief highlight, Plaintiff alleges the Light printed out directions to her home

and left them on the office printer.  Complaint ¶16.  Plaintiff later confronted Light

about his conduct, and the way she was treated.  When there was no constructive

response, Plaintiff asked Light what the EEOC would think of that office.  Complaint

¶19.  Shortly after that Plaintiff's alleges that her treatment deteriorated further.

Complaint alleges that Supervisor Vallerio accused her of having an affair with

a co-worker and said that he would go out with her himself if he was younger.

Complaint ¶16.

Plaintiff alleges that she was singled out and an employee began to oversee

and review her jobs.  Among other activities, he spoke to her customers behind her

back and criticised her in front of others, including customers.  Complaint ¶¶22-23.

When Plaintiff confronted this individual he said that he had been instructed to find

and document everything that was wrong with her work.  He told her that he had

gotten these instructions from the higher-ups in the office.  As noted, Plaintiff's

supervisor was Richard Light.  This individual referring to instructions from "higher

ups" reported to Vallerio; Vallerio reported to West.  Complaint ¶25.

Plaintiff also raises a series of allegations concerning the conduct of Kevin

West personally.  Complaint ¶¶28-31.

ARGUMENT

Where a party fails to respond to a request for production and good faith efforts to resolve the dispute have failed, Fed. R. Civ. P. 37(a)(2)(B) provides a remedy. Generally the party seeking production has the burden of establishing that the materials being sought are pertinent within the broad standard of discovery.  See generally, 7 Moore's Federal Practice 37.01 et seq. (Matthew Bender 3rd Ed.).

Assuming that there is a showing that the material is relevant for purposes of discovery, production can be resisted by the party from whom discovery is sought if it can make a showing that the requirements of proportionality of relevancy have not been met.  *Fisher v. Nat'l R.R. Passenger Corp*., 152 F.R.D. 145, 148-149 (S.D. Ind. 1993).

In the instant case Plaintiff has sought the personnel files of the three office supervisors who participated in misconduct directed against her.  Defendant objected on the timeworn ground that the request was vague, broad, burdensome and irrelevant.   However, when Courts have considered allegations similar to those raised by Plaintiff in this case, they have concluded that personnel files are relevant for discovery purposes.

In  *Cason v. Builders FirstSource-Southeast Group, Inc.*, 159 F.Supp.2d 242, 247 (W.D. N.C. 2001) Plaintiff alleged, *inter alia*, discrimination based upon race. During discovery Plaintiff sought the personnel files of his foreman and the general manager of the plant.  Just as here, Plaintiff in that case alleged that the supervisory individuals whose personnel files were sought had taken an active role in harassing him and had failed to take any appropriate remedial action when he complained of the treatment.    The Court ordered production of the personnel files of the supervisors. 159 F. Supp. At 247-8.

Similarly, in   *Lyoch  v. Anheuser-Busch Companies,* 164 F.R.D. 62, 68 (E. D. Missouri 1995) the Court ordered production of the personnel file for Plaintiff's supervisor.  Plaintiff had filed claims of age and sex discrimination and argued that her supervisor had signed her performance reviews and his file might include evidence regarding how he treated others, complaints about his conduct and any actions taken in response to such complaints.  The Court found that the personnel file was relevant and ordered it to be produced.   See, also  *Gatewood v. Stone Container Corporation*, 170 F.R.D. 455  (S.D. Iowa 1996) (Personnel files of promoted co-workers relevant); *Griffith v. Wal-Mart Stores, Inc*. 163 F.R.D. 4 (E.D. Ky. 1995) (Discovery ordered of personnel files of managerial employees allegedly involved in relevant events).

In its objections Defendant also relied on *Conn. Gen. Stat*. §31-128a et seq.

stating that personnel files are confidential and cannot be disclosed.    Plaintiff believes

that any such reliance is misplaced.  Plaintiff's request clearly falls within the exception

set forth in sub-section 2 of that provision.  In any event, should the Court conclude

that production should be made, the Court's order will clearly bring Defendant within

an exception to *Conn. Gen. Stat*. §31-128a.

CONCLUSION

      For all the reasons set forth above, Plaintiff respectfully requests that

Defendant be compelled to produce the personnel files of Kevin West, Robert Vallerio

and Richard Light and that  she be awarded her fees and costs on this motion as

sanctions pursuant to Fed. R. Civ. P. 37(A)(4)(B).

                    THE PLAINTIFF
                    KIMBERLY BACHIOCCHI

                By: _____
                    Peter E. Gillespie (ct06554)

46 Riverside Drive
P. O. Box 3416
Westport, CT 06880
Tel: (203) 227-7000
Fax:(203) 454-5508
Email:petelaw@attglobal.net

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true copy of the forgoing was

transmitted by first class post this 25th day of May, 2004 to the following:

Lori B. Alexander, Esq.
Tyler, Cooper & Alcorn, LLP
205 Church Street
New Haven, CT 06510

Deborah DeH. Cannavino, Esq.
Tyler, Cooper & Alcorn, LLP
One Landmark Square
Stamford, CT 06901

_____
Peter E. Gillespie