UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
**************************************
KIMBERLY BACHIOCCHI,         *
                             *
         Plaintiff,          *       CIVIL ACTION No. 3:02CV908(CFD)
                             *
   v.                        *
                             *
SOUTHERN NEW ENGLAND         *       MAY 25, 2004
TELEPHONE COMPANY,           *
                             *
         Defendant.          *
**************************************
```

# **PLAINTIFF'S MOTION TO LIMIT CONTINUED DEPOSITION ON JUNE 1**

Plaintiff, KIMBERLY BACHIOCCHI, has commenced suit against Defendant, SOUTHERN NEW ENGLAND TELEPHONE COMPANY.  Pursuant to Fed. R. Civ. P. 30(d) Plaintiff now seeks some limit on the duration of her continued deposition.  She has previously testified for 7 hours and 40 minutes.  She has agreed to a third session and has suggested an additional 2 _ hours.  However, Defendant has refused to accept any durational limit on Plaintiff's deposition.  For the reasons set forth more fully below, Plaintiff believes that a reasonable durational limitation is appropriate.

1.  The Duration of Plaintiff's Prior Deposition Appearances.  Fed. R. Civ. P.

(d)(2) provides that a deposition is limited to one day of seven hours.  Plaintiff was first deposed on May 12, 2003 commencing at 2:12 pm.  The session adjourned at 4:52 pm, 2 hours, 40 minutes later.  A second session ultimately was scheduled for July 24, 2003 starting at 10:00 am.  At Ms. Alexander's request the start of the second session was delayed until Noon.  The second session ran for 5 hours, 7 minutes, having commenced at 12:05pm. and ended at 5:12 pm.  Plaintiff has already submitted to more than seven hours of examination, consistent with the limit of the rule.

    2. Defendant's Current Effort to Depose Plaintiff.  Defendant sought an extension of time to depose fact witnesses, including Plaintiff.  That motion was granted by the Court on May 13, 2004.  Plaintiff spoke with Defendant's counsel by telephone on May 13, again on May 17, and by letter of May 19.  In the letter of May 19, Plaintiff noted that the question as to the duration of her deposition still had not been resolved.  Gillespie Affidavit ¶¶1 and 2.

    The first effort by Defendant to schedule depositions following the granting of its extension was by letter dated and received Friday, May 21, 2004.   The undersigned spoke to Plaintiff over the weekend and on Monday May 25 forwarded a letter and confirmed her appearance for June 1, as requested.  Plaintiff again raised a question as to the duration of her appearance on that date.

    Later that same day, May 25 the undersigned had occasion to speak with Attorney Alexander by telephone.  Ms. Alexander made clear that in granting the motion

for an extension to depose fact witnesses, the Court had also granted Defendant access to Ms. Bachiocchi. As best Plaintiff could determine, Ms. Alexander seemed to believe that she had unlimited time with Plaintiff. Plaintiff does not glean that conclusion from the Court's ruling.

This position of the Defendant is especially puzzling to Plaintiff in light of the fact that the parties earlier had an agreement that Defendant would specifically seek authority from the Court as to the duration of its continued deposition, if any. Gillespie Affidavit at ¶5.

Defendant now seeks to depose Plaintiff for a third session. Plaintiff has agreed to participate and has suggested a time limitation of 2 _ hours. Plaintiff's believes that this amount of time is adequate and is consistent with the original agreement of the parties.

<u>Defendant has refused to accept **any** durational limit on Plaintiff's deposition.</u> Plaintiff believes that this position is unfair and burdensome.

For these reasons Plaintiff respectfully requests that the Court limit Plaintiff's third deposition session to a reasonable time and she suggests 2 _ hours as such a limit.

                                                THE PLAINTIFF
                                                KIMBERLY BACHIOCCHI

                                                By:_____

Peter E. Gillespie   (Ct06554)<br>
Her Attorney<br>
46 Riverside Avenue<br>
Westport, CT 06880<br>
Tel: (203) 227-7000<br>
Fax:(203) 454-5508<br>
E-Mail: petelaw@mac.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the forgoing was transmitted by first class post this 25th day of May, 2004 to the following:

Lori B. Alexander, Esq.
Tyler, Cooper & Alcorn, LLP
205 Church Street
New Haven, CT 06510

Deborah DeH. Cannavino, Esq.
Tyler, Cooper & Alcorn, LLP
One Landmark Square
Stamford, CT 06901

_____
Peter E. Gillespie