THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

* * * * * * * * * * * * * * * * * * *
*
KIMBERLY BACHIOCCHI,            *
*
*
Plaintiff,              *
*
v.                              *   CIV. ACTION NO. 3:02-CV-908 (CFD)
*
*
THE SOUTHERN NEW                *
ENGLAND TELEPHONE               *
COMPANY,                        *
*
Defendant.              *   MAY 28, 2004
* * * * * * * * * * * * * * * * * * *

### DEFENDANT'S OBJECTION TO "MOTION TO LIMIT CONTINUED DEPOSITION ON JUNE 1" AND REQUEST FOR AWARD OF ATTORNEY'S FEES

The defendant, the Southern New England Telephone Company ("SNET"), hereby objects to plaintiff's "Motion to Limit Continued Deposition on June 1" dated May 25, 2004 ("Motion"), received by SNET yesterday, two business days before the deposition.

First, SNET objects because, in connection with its prior request for an extension of time to complete plaintiff's deposition through June 2, 2004, SNET also "[sought] permission of the Court to exceed the seven-hour time delineated in Rule 30(d)(2) of the Federal Rules of Civil Procedure." See Defendant's Reply to Plaintiff's Objection to Defendant's Request for Extension of Time dated May 12, 2004 ("Reply") at 2. In that Reply, SNET devoted eight pages to explaining to the Court the many problems it had had obtaining discovery from the plaintiff in this

matter and why more than 7 hours were needed for a fair examination of the plaintiff pursuant to Rule 30(d)(2). See Reply at 2-9. The Reply was filed in response to Plaintiff's Objection to Defendant's Most Recent Motion to Extend Discovery dated May 6, 2004 ("Objection") in which plaintiff argued, just as she does again in the present objection, that SNET had no legitimate reason to question the plaintiff for more than 7 hours.

Notwithstanding plaintiff's attempt to limit SNET's questioning of her at her deposition in its Objection, the Court granted SNET's request to complete the plaintiff's deposition on or before June 2, 2004, overruling plaintiff's objection. See Endorsement Order dated May 13, 2004 re Defendant's Motion for Extension of Time for SNET to Complete Fact Witness Depositions.

SNET does not wish to burden the Court by repeating the long history of plaintiff's refusals to disclose relevant information and piecemeal disclosure of other information in this case. It therefore respectfully incorporates by reference its prior arguments on the same issue set forth in its May 12, 2004 Reply.

In addition to the above reasons, after the Court granted SNET's Motion to Compel a Medical Authorization on April 27, 2004, SNET has recently received more than 200 pages of <u>additional medical records</u> concerning Ms. Bachiocchi relevant to her claim of emotional distress in this case, as well as a 27-page handwritten log which plaintiff apparently prepared during the period of time alleged in the Complaint but her counsel refused to produce until this month. SNET has extensive documentation and medical information concerning the plaintiff about which it has not yet had an opportunity to question her.

Finally, Rule 30(d)(2) states that, "Unless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours." Fed. R. Civ. P. 30(d)(2). In its April 27th ruling granting SNET's request for permission to complete plaintiff's deposition by

June 2, 2004, and rejecting plaintiff's argument that SNET should be limited in its questioning, the Court has already authorized SNET to exceed the 7-hour duration. The rule does not require -- nor would it be appropriate in this case for -- the Court to set a durational limit given the circumstances of this case and the discovery deadline for SNET of June 2nd.

For all of the aforementioned reasons, SNET respectfully requests that plaintiff's Motion to Limit Continued Deposition on June 1 be denied, and that SNET be awarded its attorneys' fees in preparing this Opposition.

> THE DEFENDANT
> THE SOUTHERN NEW ENGLAND
> TELEPHONE COMPANY
>
> By _/s/ Lori B. Alexander_
> Lori B. Alexander CT08970
> Tyler Cooper & Alcorn, LLP
> 205 Church Street
> P.O. Box 1936
> New Haven, CT 06509-1910
> Telephone: 203-784-8200
> Fax: (203) 865-7865
> Email: alexander@tylercooper.com

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was sent by telecopier and first-class mail, postage prepaid to all counsel and *pro se* parties of record on this 28th day of May, 2004 as follows: Peter E. Gillespie, Esquire, 46 Riverside Avenue, Post Office Box 3416, Westport, Connecticut 06880.

_____
Lori B. Alexander
Federal Bar No.: CT08970