**Tyler Cooper**

**& Alcorn,** LLP

Counsellors at Law

**Deborah D. Cannavino**

**Counsel**

203.425.2475

Fax: 203.348.3875

cannavino@tylercooper.com

www.tylercooper.com

**Two Landmark Square**

Suite 214

Stamford, CT

06901-2501

203.348.5555

**New Haven**

**Hartford**

**Stamford**

**Madison**

April 26, 2004

<u>Via Facsimile</u>
Peter E. Gillespie, Esq.
46 Riverside Avenue
Westport, Connecticut 0880

    Re:    Kirnberly Bachiocchi v. Southern New England Telephone Company

Dear Peter,

    We have received invoices from James Sarfeh, M.D. and Gary Zachariah Psy.D for preparation time and time, spent at their depositions. Rule 26(b)(4) provides for a reasonable fee to be paid to a designated expert. However, plaintiff has not properly designated these individuals as experts, as is specifically required by Rule 26(b)(2)(B) and as such they do not appear to be entitled to compensation.

    Specifically, plaintiffs expert designation of Dr. Sarfeh is insufficient. There is no report signed by Dr. Sarfeh. His office note from plaintiffs visit on June 4, 2001 (attached to the expert designation) does not contain the data or other information considered by him in forming his opinions. Further, the expert designation does not include a list of all publications authored by Dr. Sarfeh within the preceding ten years, the compensation to be paid for the study and testimony, or-a listing of any other cases in which he has testified as an expert at trial or by deposition within the preceding four years, as is specifically required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

    Plaintiffs designation of Gary Zachariah, Psy.D. is similarly flawed. Its does not include a list of all publications authored by Mr. Zachariah within the preceding ten years, the compensation to be paid for the study and testimony, or a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years, as is specifically required by the Federal Rules.

    If you are aware of any Connecticut authority to support an obligation by us to pay an expert witness fee to an individual not properly designated as experts under Rule 26,

Peter Gillespie, Esq.
April 26, 2004
Page 2

In the meantime, please supplement the expert designation specifically required by Rule 26(b)(2)(B). If you do not do so by Thursday, April 29`h, we will file an appropriate motion with the Court.

With regard to Mr. Zachariah, four hours of preparation time is unreasonable. We will agree to provide payment for one and a half. We did not ask him to conduct any preparation.

In addition., plaintiff has not provided any documents in response to Document Request Nos. 35; 36, and 37 of Defendant's First Request for the Production of Documents which date back to February 2003. These requests seek copies of all reports for all experts contacted or retained by plaintiff, all drafts of reports from such experts, and all documents sent to, received from, reviewed by or relied upon by any such expert.

In April, 2003, plaintiff responded to each request as follows: "Other than such documents produced herewith or previously as may be responsive in some manner, plaintiff believes that she does not have any additional documents specifically responsive to this request." However, there were no documents identified as responsive to these specific requests. For example, there were no documents produced in response to any request that reflect any correspondence between plaintiff (or you as her counsel) and either Dr. Sarfeh or Mr. Zachariah. Such information must be provided immediately.

We will need a complete response to these requests. If we do not receive complete response by April 29, 2004, we will move for a court order compelling the information, as well as sanctions.

Very truly yours,

*~.~ Can ~*
Deborah DeHart Cannavino

DDC:jh1

April 30, 2004

Deborah DeH. Cannavino, Esq.
Tyler, Cooper & Alcorn
One Landmark Square
Stamford, CT 06904

       Re: Bachiocchi v. SNET

Dear Ms. Cannavino:

    I am in receipt of your letter dated April 26, 2004 in which you make the claim that Drs. Sarfeh and Zachariah were improperly designated as Plaintiff's expert witnesses. You appear to rely on Fed. R. Civ. P. 26(a)(2)(B) to support your claim. I disagree with your analysis.

> By making reference to the language of the Rule itself, you will note that it applies to
> > a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony . . . .

Neither of the experts disclosed by Plaintiff fall within this category. Each of them is a treating physician. Although I think that our enquiry could end here, I will share some of the relevant commentary and case law with you as well.

    Turning first to the advisory committee notes, there is a discussion of this very issue. The notes state that :

> > A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report.
>
> > 146 F.R.D at 635 (1993).

    I have reviewed the Local Rules and I see no reference to this issue. If you are aware of any relevant Local Rule, please let me know.

    Two of the leading commentators also seem to clearly state that a treating physician need not comply with the requirements of Fed. R. Civ. P. 26(a)(2)(B). See, Vol. No. 6, *Moore's Federal*  Deborah DeH. Cannavino, Esq.                               April 30, 2004
Page 2


*Practice* §26.23(2)(b)(iii) (Matthew Bender 3d ed.); Wright, Miller & Marcus, *Federal Practice and Procedure Civil 2d* §2031.1 and cases cited therein, especially at n.6.

    Finally, the precedents seem quite consistent. For example, in *Riddick v. Washington Hospital Center, et al.*, 183 F.R.D 327 (D. D.C. 1998) the Court addressed this issue citing a number of earlier decisions and the Court states, in part:

> As a treating physician, Dr. Mines may describe what she has seen, describe and explain her diagnosis and the treatment she prescribed, and offer her opinions and expert inferences therefrom . . . .

\*   \*   \*

> As one court has said:
>
>> Treating physicians commonly consider the cause of any medical condition presented in a patient, the diagnosis, the prognosis and the extent of the disability, if any, caused by the condition or injury. Opinions as to these matters are encompassed in the ordinary care of a patient and do not subject the treating physician to the report requirements of Rule 26(a)(2)(B).

\*   \*   \*

> So long as a treating physician acquired the opinions that are the subject of the testimony directly through treatment of the Plaintiff, the treating physician cannot be forced to file a written report required by Rule 26(a)(2)(B).
>
> *Riddick*, 183 F.R.D. at 330 (Citations omitted).

*See, also, Salas v. U.S.*, 165 F.R.D 31 (W.D. N.Y. 1995).

Deborah DeH. Cannavino, Esq.                                                April 30, 2004
Page 3

    I hope that I have been responsive to your enquiry. I would urge you to reconsider your determination to "file an appropriate motion with the Court" as I believe that your contention is without merit. If, however, you believe that my analysis is incorrect and you wish to engage in further consideration of this issue, I will look forward to a prompt reply.

    In light of the proper designation of these two doctors, I would urge you to make prompt, full payment of their bills and desist from your unseemly conduct in withholding payment.

                                               Very truly yours,

                                               Peter E. Gillespie

CC:    K. Bachiocchi
        J. Sarfeh, M.D.
        G. Zachariah, D. Psy.
        (Each w/ Cannavino letter of 4/26)