**Tyler Cooper & Alcorn,** LLP

Counsellors at Law

| | | |
|---|---|---|
| **Deborah D. Cannavino** | | |
| **Counsel** | **Two Landmark Square** | |
| 203.425.2475 | Suite 214 | **New Haven** |
| Fax: 203.348.3875 | Stamford, CT | **Hartford** |
| cannavino@tylercooper.com | 06901-2501 | **Stamford** |
| www.tylercooper.com | 203.348.5555 | **Madison** |

May 28, 2004

<u>Via Facsimile</u>
Peter E. Gillespie, Esq.
46 Riverside Avenue
Westport, Connecticut
06880

      Re:   Kimberly Bachiocchi v. Southern New England Telephone Company

Dear Peter:

      I write to follow up on Plaintiff's Response to the Defendant's First Request for the Production of Documents, and plaintiff's Supplemental Response.

      Byway of background, defendant served these requests on February 6, 2003, and plaintiff served her responses on April 17, 2003. In her response, plaintiff attached documents responsive to Request Nos. 2, 4, 10, 12, 18, 20, 25, 29, 34, 46, and 51. Thereafter, you and I had a series of detailed discovery conferences concerning plaintiff's response. On July 5, 2003, plaintiff made a Supplemental Production. However, that production did not identify which documents produced were in response to which Requests. We will need such an itemization.

      With regard to the specific Requests, I write the following.

      **Request No. 1** seeks all documents "reviewed or relied" upon by plaintiff in answering defendant's Interrogatories. Plaintiff objected on the basis that it was overly broad and irrelevant. In addition plaintiff objected to the extent the information sought was covered by the "lawyer client privilege." However, plaintiff did not provide a privilege log as required by Local Rule 37 with this production. Furthermore, plaintiff waived her right to file objections because she failed to provide a timely response.

      During our subsequent telephone conversation, you had a problem with the word "reviewed"; however, upon further discussion, you represented that plaintiff had produced all documents that were material to her case, relied upon by her in her case, related

Peter E. Gillespie,
Esq.
Page 2

Request No. 2 seeks all documents relied upon in paragraph 10 of the complaint relating to the plaintiff s job performance history. Plaintiff did not object and stated "See personnel file and related documents provided herewith." Several pages of her personnel file were provided.

During our subsequent conversation, however, you stated that the only responsive documents were contained in her personnel file, and that plaintiff had just received a copy of her personnel file from SNET (which had not been provided in the production). You stated that if we wanted a copy of the personnel file, you would provide it. By this letter, I am requesting a copy of the complete personnel file in plaintiff s possession, and upon which she relies.

**Request No. 3** seeks all documents concerning plaintiff s allegation in paragraph 11 of her complaint. Plaintiff responded "Other than documents produced herewith or previously as may be responsive in some manner, plaintiff does not believe that she has additional documents specifically responsive to this Request."

During our subsequent conversation, you stated that the only documents that were "previously" provided were sent to the CCHRO, and that plaintiff provided copies of all of those documents to the defendant. You said that there was nothing that was sent to the CCHRO, and not provided to us. You then mentioned that you wrote a letter to Carol Wilder at SNET about the alleged wrist grabbing incident. You said that you would send it to us. We have not received it. Please provide it. Other than this letter, you stated that there were no other documents responsive to this Request.

Request No. 4 seeks all documents concerning your allegation in paragraph 12 relating to her relationship with Nick Faiella. Plaintiff did not object. She stated "Please see statement of Nick Faiella provided herewith.',' Plaintiff provided a statement by Mr. Faiella dated August 11, 2000. In our discussion, you mentioned that the only responsive document had been produced. You did state, however, that you would speak to the plaintiff to see if there were any other documents which were used to create the project list attached to Mr. Faiella's statement. Please let me know if there were any additional documents.

**Request No. 5** seeks all documents concerning your allegation in paragraph 13 relating to Faiella's sick leave the assignment of jobs with the plaintiff. Plaintiff did not object. Plaintiff responded "Other than documents produced herewith or previously as may be responsive in some manner, plaintiff does not believe that she has additional documents specifically responsive to this Request." You did not produce any documents specifically in response to this Request. During our subsequent conversation, you stated that there were no other responsive documents, other than the documents that you provided in the general production response.

Request No. 6 seeks all documents concerning your allegation in paragraph 14 relating to plaintiffs alleged calls to payroll. Plaintiff did not object, and instead set forth her

Peter E. Gillespie,
Esq.
Page 3

been produced.

Request Nay. 7 seeks all documents concerning your allegation in paragraph 15 relating to plaintiff's alleged calls to HR. Plaintiff did not object, and instead set forth her now standard response "Other than documents produced herewith or previously as may be responsive in some manner, plaintiff does not believe that she has additional documents specifically responsive to this Request." You did not produce any documents specifically in response to this Request.

During our subsequent conversation, you stated that there were no notes of these conversations, other than on her calendar. You said that plaintiff had no tape recording of this or any other interchange at SNET. You noted that the only time she tried to tape record the conversations, SNET told her she could not. Therefore, she did not take any tape recording. You stated that there were no other responsive documents.

Request No. 8 seeks all documents concerning your allegation in paragraph 16 that throughout the spring of 2000 plaintiff was allegedly subjected to a hostile sexual environment. Plaintiff did not object, and stated "Please see documents produced herewith, including-those produced in response to Requests 4 and 10." During our subsequent conversation, you stated that there were pictures to show that she was excluded from activities and Nick Faiella's statement. You said there were no other responsive documents.

I inquired as to whether there were any emails that plaintiff had to support her claim of hostile environment. You stated that you would double check, and you said that the response "seemed alittle light on documents." Some emails were provided in plaintiffs Supplemental Production. however, there is no indication to which Request they are responsive. Please let me know if any of those documents are responsive` to Request No. 8. We must have a clear and complete response to this important Request.

Request No. 9 seeks all documents concerning your allegation in paragraph 17 that she thought Vallerio was offering to make the office environment easier for her if she would spend some time with him. Plaintiff did not object, and instead set forth her now standard response "Other than documents produced herewith or previously as may be responsive in some manner, plaintiff does not believe that she has additional documents specifically responsive to this Request." You did not produce any documents specifically in response to this Request. During our subsequent conversation, you stated that there were no responsive documents.

**Request No. 10** seeks all documents concerning your allegation in paragraph 18 that plaintiff also saw that her supervisors treated her differently than the manner in which they interacted with her male co-workers. Plaintiff did not object, and states "Please see documents produced herewith." Plaintiff provided some pictures of a fishing trip. During our subsequent conversation, you stated that there were no other responsive documents.

Peter E. Gillespie, Esq.
Page 4

of this office?" Plaintiff dad not object, and instead set forth her now standard response "Other than documents produced herewith or previously as may be responsive in some manner, plaintiff does not believe that she has additional documents specifically responsive to this Request." You did not produce any documents specifically in response to this Request. During our subsequent conversation, you stated that plaintiff had no responsive documents.

Request No. 12 seeks all documents concerning your allegation in paragraph 20 that SNET management continued to maintain the allegedly hostile environment and continued to engage in references to her affair with Nick Faiella, and also began to retaliate against her. Plaintiff did not object, and stated " Please see documents produced herewith, including those produced in response to Requests 4, 10, and 29. " Plaintiff provided a flyer from a seminar in May 2000, Nick's statement, pictures of the fishing trip, and her calendars. During our subsequent conversation, you stated that plaintiff had no additional, responsive documents.

Request No. 13 all documents concerning your allegation in paragraph 21 that in April 2000, plaintiff was repeatedly confronted with incorrect and baseless criticisms. Plaintiff did not object, and instead set forth her now standard response "Other than documents produced herewith or previously as may be responsive in some manner, plaintiff does not believe that she has additional documents specifically responsive to 1,his Request." You did not produce any documents specifically in response to this Request. During our subsequent conversation, you stated that plaintiff had no responsive documents.

Request No. 14 seeks all documents concerning your allegation in paragraph 22 that in or about April, 2000, SNET management from the Elizabeth Street facility started making visits to plaintiff's jobs and subjected her to criticism. Plaintiff did not object, and instead set forth her now standard response "Other than documents produced herewith or previously as may be responsive in some manner, plaintiff does not believe that she has additional documents specifically responsive to this Request." You did not produce any documents specifically in response to this Request. During our subsequent conversation, you stated that plaintiff had no responsive documents.

**Request No. 15** seeks all documents concerning your allegation in paragraph 23 that Lorentzen was extremely critical of her work. Plaintiff did not object, and instead set forth her now standard response, and did'not produce any documents specifically in response to this Request. During our subsequent conversation, you stated that plaintiff had no responsive documents.

**Request Nci.16** seeks all documents concerning your allegation in paragraph 24 that on May 15, Lortenzen and she: had an unpleasant exchange. Plaintiff did not object, and set forth her now standard response. You did not produce any documents specifically in response to this Request. During our subsequent conversation, you stated that plaintiff had no responsive documents.

Peter E. Gillespie,
Esq.
Page 5

not produce any documents specifically in response to this Request. During our subsequent conversation, you stated that plaintiff had no responsive documents.

Request No. 18 seeks all documents concerning your allegation in paragraph 26 that plaintiff went out on a medical leave and was treated for depression and stress which resulted from the conduct described above. Plaintiff did not object, and stated "See documents provided herewith." She produced copies of some of Dr. Zachariah's letters to SNET, and a few documents from his file. During our subsequent conversation, you stated that plaintiff had no other responsive documents.

Request No. 19 seeks all documents concerning your allegation in paragraph 27 that plaintiff's doctor suggested that she return for one day to become re-acclimated and then report on a regular, full time basis beginning the next week. Plaintiff did not object, and stated "Please see documents produced herewith, including those produced in response to Requests 18 and 29." During our subsequent conversati,)n, you stated that plaintiff had no responsive documents.

Request No. 20 seeks all documents concerning your allegation in paragraph 28 that when plaintiff returned to the office on January 18, 2001, she was the only one in the office, and was told that was a common occurrence. Plaintiff did not object, and responded "Please see documents produced herewith." Plaintiff provided the one page sign in log. During our subsequent conversation, you stated that plaintiff had no other responsive documents.

Request No. 21 seeks all documents concerning your allegation in paragraph 29 that on January 18, 2001, there were no other regular full time employees present in the office for the plaintiff to speak with, and that,she was given no work that day and that for most of the day, she simply read her mail and then a book. Plaintiff did not object, and instead set forth her now standard response "Other than documents produced herewith or previously as may be responsive in some manner, plaintiff does not believe that she has additional documents specifically responsive to this Request." During our subsequent conversation, you stated that plaintiff did not have any documents responsive to this Request, except for possibly the emails that you were checking on. To date, we have not identified any additional emails.

**Request No. 22** seeks all documents concerning your allegation in paragraph 30 that on as a direct result of an allegedly intimidating atmosphere, plaintiff regressed in her condition. Plaintiff did not object, and stated "Please see documents produced herewith, including those produced in response to Requests 18 arid 29." During our subsequent conversation, you stated that plaintiff would be providing additional records from Dr. Zachariah. You stated that there were no other responsive documents, with the possible exception of Dr. Trado.

Plaintiff failed to respond at all to **Request Nos. 23, 24, and 25.** During our subsequent discussion, you stated that you would "clean up" these responses. In plaintiff's supplemental response, she attached a page stating that all responsive documents had been

Peter E. Gillespie,
Esq.

standard response "Other than documents produced herewith or previously as may be responsive in some
manner, plaintiff does not believe that she has additional documents specifically responsive to this
Request." During our sub,s>equent conversation, you stated that plaintiff is not aware of any discipline
and she does not have any responsive documents.                                                    -

      **Request NI). 27** seeks all documents concerning your allegations in paragraphs 40, 44, 48, and 52 that defendant was aware of the conduct of its supervisor and managers, but did not make a good faith attempt to comply with the laws. Plaintiff did not object, and instead set forth her now standard response "Other tan documents produced herewith or previously as may be responsive in some manner, plaintiff does not, believe that she has additional documents specifically responsive to this Request." During our subsequent conversation, you stated that plaintiff has no documents that support these allegations. j i

      **Request No. 28** seeks all documents concerning your allegation in paragraph 53 that during her employment at the Elizabeth Street facility, plaintiff was given less pay, compensation and benefits than her male colleagues. Plaintiff did not object, and instead set forth her now standard response "Other than documents produced herewith or previously as may be responsive in some manner, plaintiff does not believe that she has additional documents specifically responsive to this Request." During our subsequent conversation, you stated that plaintiff does not have any documents to support this allegation.

      **Request No. 29** seeks all documents prepared, maintained or obtained by you concerning your employment with the defendant and/or the subject matter of this litigation. Plaintiff objected that "some such documents fail within the lawyer-client privilege. Non-privileged documents produced herewith." During our subsequent conversation, you stated that the only privileged document was the log (which has recently been produced), and that all other responsive documents were provided.

      **Request Tao. 30** seeks all diaries, calendars, appointment books, and any other scheduling and memorializing materials used from 1998 to the present. Plaintiff incorporated his objection and response to ;Request No. 29. During our subsequent conversation, you stated that the plaintiff had written most all of her notes on the calendars, which were provided. You stated that you would provide, and did provide, the period of May 200 through May 2001, which had been missing. It appears from reviewing the calendars provided, that the plaintiff used more than one calendaring system. As stated previously, we need to see the original calendars, and plaintiff needs to withdraw her objection and provide a complete response to this Request.

      **Request NO. 31** seeks all documents concerning your job performance. Plaintiff responded "Please see documents produced herewith or previously, including those in response to Request No. 2." During o~r subsequent conversation, you stated that the only responsive information was in her personnel file.

Peter E. Gillespie,
Esq.
Page 7

Other than the privileged c;locument (which you recently provided), you said that there were no other responsive documents.

**Request** Mrb. 33 seeks all documents which relate to any conversation between or among you and any current or former employee of defendant concerning any matter at issue in this litigation. Plaintiff did not object, and, instead set forth her now standard response "Other than documents produced herewith or previously as may be responsive in some manner, plaintiff does not believe that she has additional documents spec jfically responsive to this Request." During our subsequent conversation, you stated that unless there were any emails, which you were checking, there were only a few employees who had made statements to the CCHRO. You said there was a statement/notes from Durza. I do not believe we have it. A complete response must be made to this Request.

Request No. 34 seeks all written statement rendered by anyone you may call as a witness at trial. Plaintiff did not object, and responded "See documents produced herewith." There were no documents provided in response to this Request. During our subsequent conversation, you stated that you did not know who the ;ilaintiff would call other than Nick, and his statement was provided. At this stage, plaintiff should know with certainty who her witnesses may be. If there are any additional witnesses, we need copies of their statements. Otherwise, we will move to preclude them at trial.

Request No. 35 seeks all reports from experts contacted or retained. Plaintiff did not object, and instead set forte her now standard response "Other than documents produced herewith or previously as may be responsive in some manner, plaintiff does not believe that she has additional documents specifically responsive to this Request." Plaintiff did not provide any documents in response to this Request. During our subsequent conversation, you stated that plaintiff had no documents, other than the reports that were attached to plaintiff's expert designation.

**Request Nos. 36 and 37** seek all draft reports and documents sent to or received from any experts. Plaintiff did, not object, and instead set forth her now standard response "Other than documents produced herewith or previously as may be responsive in some manner, plaintiff does not believe that she has additional documents specifically responsive to this Request." During our subsequent conversation, you stated that you had written Dr. Zachariah a letter asking him for a report. We have not received that letter. You stated that you would double check to see if there was anything else, but that you had not sent the experts anything to review. We need a complete response to this Request.

**Request No. 38** seeks all and all documents that you may introduce as exhibits or parts of exhibits at trial. Plaintiff objected on the grounds that plaintiff was unable to respond until discovery was complete. Given that plaintiff's discovery is completed, your objection has been resolved. Plaintiff's objection must ~,e withdrawn and a complete response provided. Defendant will move to preclude at trial any documents not provided.

Peter E. Gillespie, Esq.
Page 8

i, have not been produced. 1 urthermore, since your objection has been resolved, you need to withdraw it and provide a complete response.

**Request No. 40** seeks all documents concerning your claim for punitive damages. Plaintiff did not obj ect; and instead set forth her now standard response "Other than documents produced herewith or previously as may be responsive in some manner, plaintiff does not believe that she has additional documents specifically responsive to this Request." During our subsequent conversation, you stated that plaintiff had no, responsive documents, other than the documents produced in her general production.

**Request N'0. 41** seeks all documents concerning your claim for damages. Plaintiff did not object, and instead set forth her now standard response "Other than documents produced herewith or previously, including plaintiff's reports of treating physicians and her damages analysis, as may be responsive in some manner, plaintiff does not believe that she has additional documents specifically responsive to this Request." During our subsequent conversation, you stated that plaintiff had provided all responsive documents inn her general production, and did not have any more responsive documents.

**Request No. 42** seeks all documents submitted to or received from the CCHRO and the EEOC and to sign the authorization attached. Plaintiff objected on the basis that the request was duplicative of the authorization. During our discussion, you stated that your main objection was to photocopying the documents. In order to prepare for trial, we need a complete copy of this information.

**Request No. 43** seeks all documents concerning your claim that you have suffered emotional pain, suffering,'
,inconvenience and loss of enjoyment of life. Plaintiff did not object, and instead set forth her now stq'ndard response "Other than documents produced herewith or previously as may be responsive in some manner, plaintiff does not believe that she. has additional documents specifically responsive to this Request." Plaintiff did not provide any documents specifically in response to this Request. During our subsequent conversation, you stated that plaintiff had additional medical records to provide. In her Supplemental Response, there are medical records from a number of providers. However, they are not identified, nor are they complete. We need a complete response to this Request, or we will move to preclude them at trial.

**Request No. 44** seeks all documents provided to Bob Ellis, the investigator who investigated plaintiff's' complaint. Plaintiff did not object, and responded "Please see documents produced herewith, includi6g those produced in response to Request No. 25. During our subsequent conversation, you stated th,~t plaintiff had only phone bills where she was trying to call Mr. Ellis. You stated that these bills were !in response to his claim in the report that she never called him.

**Request Nib,. 45** seeks all documents concerning, evidencing, or memorializing the investigation conducted by"~'M~r. Ellis, including but not limited to hand written notes. Plaintiff did not object, and instead set fort4 her new standard response "Other than

Peter E. Gillespie,
Esq.
Page 9

the phone calls referenced ,,above. You said that you would double check that she did not take any notes. Please let me know whether she did take any notes, and if so, provide them.

**Request No. 46** seeks all documents which relate to any claims for government assistance, including without limitation, Unemployment Compensation, Workers Compensation or disability insurance, since the beginning of your employment with SNET. Plaintiff objected on the basis that the Request was overl, broad in terms of time and scope and was irrelevant. Your objection lacks merit. This information is relevant and discoverable, and furthermore, plaintiff's objections were untimely. Notwithstanding the objection, plaintiff produced a few medical records from Dr. Fass and Sedgwick. During our subsequent conversation, you stated that plaintiff only` had two workers compensation claims and you agreed to provide information on those claims. To date, it is not clear whether we have all of this information. Please identify which of the supplemental production responds to this Request, and if not provided, please provide it, and withdraw your objection.

**Request** No. 47 seeks all documents concerning any communications, whether written or oral, with any representative of defendant, including without limitation, Mr. Ellis, Mr. Lortenzen, Mr. Faiella or Mr. Vallerio, concerning the terms and conditions of your employment or any of the allegations in the complaint. Plaintiff did not object, and responded "Please see documents produced herewith, including those produced in response to Request No. 25." Plaintiff provided a phone bill and a typed unsigned statement. During our conversation, you said that you had a couple of witness statements and that you were going to speak with the plaintiff about providing them. We need a complete response to this Request.

**Request** No. 48 seeks all documents concerning your claims of retaliation. Plaintiff did not object, and instead set forth her now standard response "Other than documents produced herewith or previously as may be responsive in some manner, plaintiff does not believe that she has additional documents specifically responsive to this Request." Plaintiff did not provide any specific documents in response to this Request. During our subsequent conversation, you stated that plaintiff had provided all responsive documents in her general production that would possibly be responsive to this Request..

**Request** No. 49 seeks all documents constituting or referring to any communication that plaintiff has had with any other person, other than her lawyer, concerning this lawsuit, or any matter encompassed by the comp?~aint. Plaintiff objected on the basis that the Request was overly broad in terms of time and scope axzd was irrelevant. Notwithstanding the objection, plaintiff referenced the production. During our, subsequent conversation, you stated that there were no other documents, but you stated you would check,pla;i'ntiff s emails and see whether there was anything provided to Dr. Zachariah.

Plaintiff's objection lacks merit and it untimely. Plaintiffs communications with third parties, other than her counsel, concerning the lawsuit is relevant and discoverable. We will need plaintiff to withdraw her objection and provide a complete response.

Peter E. Gillespie,
Esq.
Page 10

believe that she has additional documents specifically responsive to this Request." No responsive documents were provided to this specific Request. During our subsequent conversation, you stated that there are no responsive documents.

**Request No. 51** seeks copies of all tax returns from 1982 to the present, and requests that the plaintiff sign the IRS ai:ithorization attached. Plaintiff objected on the grounds that the Request was overly broad in scope and time and was irrelevant. As preciously stated, plaintiff waived her right to object. Notwithstanding tire objection, plaintiff provided some tax returns form 1996-2002. We will agree to limit the time period covered by this Request to 10 years. Please provide a complete response, and provide an executed IRS authorization.

**Request Nn. 52** seeks all documents relating in any way to plaintiffs treatment by a health care provider from ;i 982 to the present. Despite plaintiff's objection, the court ordered plaintiff to provide complete medial information from 1982 to the present. We need all medical information in her possession immediately.

In summary, please provide all of the information requested in this letter. Furthermore, if anything that I have written is incorrect, please let me know immediately. If plaintiff fails to provide documents, we will move to preclude it at trial. Given the closure of discovery, please provide a compete response to this letter by June 2, 2004.

truly yours,

`~ Deborah DeHart Cannavino

cc:    Lori B. Alexander,!Esq.

f

r