UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
2004 JUN -7 A 9: 32
U.S. DISTRICT COURT
HARTFORD, CT.

**KIMBERLY BACHIOCCHI,**
   - **Plaintiff**

v.           NO. 3:02CV908(CFD)(TPS)

**SOUTHERN NEW ENGLAND
TELEPHONE COMPANY,**
   - **Defendant**

### RULING ON PLAINTIFF'S MOTION TO COMPEL

Pursuant to Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure, the plaintiff, Kimberly Bachiocchi, requests that the defendant, Southern New England Telephone Company ("SNET") be compelled to produce certain documents and materials. **(Dkt. #41)**. These documents and materials fall under three categories: "(1) investigations and related materials, (2) limited wage, benefit and performance information, as requested and (3) sign out logs for its Elizabeth Street facility." (Id.). Plaintiff's motion is **GRANTED**. The defendant is hereby **ORDERED** to produce the requested materials.

Rule 26(b)(1) of the Federal Rules of Civil Procedure states that

> [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For

good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1) (2004).

### The Report of Mr. Ellis

The plaintiff contends that the defendant "represented that it would release this report, but has never done so despite repeated requests." (Pl.'s Mem. Supp. Mot., 4/17/04, at 10). The defendant contends that it has already served a copy of the report to Attorney Gillespie on August 1, 2001. (D.'s Mem. Opp. Mot., 5/12/04, at 3). Requiring the defendant to serve another copy of the report to the plaintiff is not "unreasonably cumulative or duplicative." See Fed. R. Civ. P. 26(b)(2)(i). Accordingly, the defendant is hereby to ordered to do so.

### Documents Concerning Complaints Brought Against Nick Faiella

The plaintiff also seeks a copy of the Faiella file. (Pl.'s Mem. Supp. Mot., 4/17/04, at 9). The defendant, however, refuses to produce it on the basis that it "is irrelevant to the plaintiff's claims of discrimination." (D.'s Mem. Opp. Mot., 5/12/04, at 4). As the plaintiff points out, the complaint contains several allegations concerning Mr. Faiella. (Pl.'s Mem. Supp. Mot., 4/17/04, at 9). Paragraph 16 outlines the factors which serve as the basis for the plaintiff's hostile sexual work environment. (Compl. ¶ 16). These factors involve conduct

relating to her alleged affair with Mr. Faiella.[1]  Therefore, the Faiella file is relevant.  It is, at the very least, reasonably calculated to lead to the discovery of admissible evidence.  As

---

[1] Paragraph 16 alleges:

Throughout the Spring, 2000 Plaintiff was subjected to a hostile sexual environment.  Factors contributing to this environment included, but were not limited to, the following:
   A. Plaintiff was the subject of repeated rumors circulated by, among others, supervisors and managers of Defendant that she was personally involved with Faiella;
   B. Plaintiff was the subject of repeated rumors circulated by supervisors and managers of Defendant, among others, that she was having an affair with Faiella;
   C. Plaintiff was repeatedly questioned by supervisors and managers of Defendant, among other, as to the nature of her relationship with Faiella;
   D. Notwithstanding Plaintiff's repeated denials as to the existence of any affair, Bob Vallerio, the Operations Manager made several offensive statements to Plaintiff, including:
      i) Asking Plaintiff "what was up" between Nick [Faiella] and herself;
      ii) Asking Plaintiff if she knew Nick's wife and then stating the [sic] he had met Nick's wife and she puts up with a lot;
      iii) Asking Plaintiff just what it was that she saw in Nick;
      iv) Stating that it [Plaintiff's alleged affair] puzzled him because Nick was a lot older than Plaintiff and he was sick; and
      v) Stating to Plaintiff that "You're not so bad.  I'd go out with you myself if I were younger.

(Compl. ¶ 16).  Ms. Bachiocchi's alleged affair with Mr. Faiella is also the subject of paragraphs 20 and 25 of the complaint.  (See id. ¶¶ 20, 25).

3

such, the defendant is ordered to produce it.

### Wage, Benefit, and Performance Information Regarding Other Employees

Count 5 of the complaint alleges a violation of Equal Pay Act, 29 U.S.C. § 206(d) (2000). (Compl. ¶¶ 53-55). Specifically, the complaint avers that "[d]uring her employment at the Elizabeth Street facility Plaintiff was given less pay, compensation and benefits than Defendant SNET afforded to men employed to do work which was comparable to, the same as or substantially the same as work being performed by Plaintiff." (Id. ¶ 53). Accordingly, in Request No. 6, the plaintiff seeks "all records as will show the job functions, performance reviews, performance ratings, wages, other forms of compensation and benefits received by Richard Greene, Ronald Durza, Chris Manouse, Keith Casey and Frank Andrews during the period January 1999 through December 31, 2001." (D.'s Mem. Opp. Mot., 5/12/04, at 5, Ex. 4).

In response, the defendant provided a summary spreadsheet of the requested salaries and bonuses. (See id. at 5). SNET claims that, with the spreadsheet, the "plaintiff has everything that she needs in order to try to demonstrate her equal act claim. . . ." (Id. at 5-6). Unfortunately for SNET, however, that is not the standard by which one decides whether to produce responsive materials. Clearly, the materials which the plaintiff seeks in Request No. 6 are relevant to her Equal Pay Act claim. Therefore, the defendant is ordered to produce all materials which are

4

responsive, not just those which it believes are enough.

The Sign-Out Logs

In Request No. 8, the plaintiff seeks the Elizabeth Street sign-out logs for a three-year period. (D.'s Mem. Opp. Mot., 5/12/04, at 6). She asserts that "the relevance of these logs stems from Plaintiff's attempt to return to the West group for one day of reaclimation [sic] on January 18, 2001." (Pl.'s Mem. Supp. Mot., 4/17/04, at 12). On that day, all of the other regular workers were gone. (Id.). Ms. Bachiocchi claims that "SNET's stated reason for their absence was to say, in essence, it's a new tougher working environment and the office will often be empty." (Id.). She believes this reason to be a red herring. (Id.). In response, SNET produced the log for January[2] 18th only. (D.'s Mem. Opp. Mot., 5/12/04, at 6), the only one which SNET believed "could possible [sic] be relevant to the plaintiff's claim. . . ." (Id.).

First of all, the court understands that the sign-out log is not particularly voluminous such that it would be unduly burdensome for the defendant to produce.[3] Second, the court agrees with the plaintiff that "[t]he sign-out log would give both parties a documentary trail through which they could determine if the stated

---

[2] The plaintiff's brief states that the relevant date is January 18, 2001 while the defendant's brief states that it is April 18, 2001.

[3] The court understands that an issue exists regarding how much of the sign-out log remains in existence. It leaves this issue up to the parties to handle in the appropriate manner.

reason put forth by [the SNET managers] is accurate." (Pl.'s Mem. Supp. Mot., 4/17/04, at 12). The defendant's stated reason for the absence of its regular workers invites comparison: the "newer" and "tougher" work environment is only newer and tougher in comparison to the older, less tough environment. Clearly, then, the rest of the requested sign-out log is relevant. As such, the defendant is hereby ordered to produce it-or that portion of it which is still in existence.

At the conclusion of all proceedings, on application, the court will consider the amount of attorney's fees, if any, that should be awarded in connection with this motion. Fed. R. Civ. P. 37(a).

**IT IS SO ORDERED** at Hartford, Connecticut this 7th day of June, 2004.

/s/ Thomas P. Smith
Thomas P. Smith
United States Magistrate Judge