THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
*******************   *
                      *
KIMBERLY BACHIOCCHI,  *
                      *
                      *
     Plaintiff,       *
                      *
v.                    *  CIV. ACTION NO. 02-CV-908 (CFD)
                      *
                      *
THE SOUTHERN NEW      *
ENGLAND TELEPHONE     *
COMPANY,              *
                      *
     Defendant.       *  JUNE 15, 2004
*******************   *
```

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S SECOND MOTION TO COMPEL

This is defendant Southern New England Telephone Company's ("SNET's") Opposition to Plaintiff's Second Motion to Compel dated May 25, 2004.

**I.    LEGAL STANDARD**

The plaintiff is correct is stating that "the party seeking production has the burden of establishing that the materials being sought are pertinent within the broad standard of discovery. See generally, 7 Moore's Federal Practice 37.01 et seq. (Matthew Bender 3rd Ed.)."

Plaintiff has not satisfied and cannot satisfy her burden of establishing that the entire personnel files of the three management employees at issue, as adamantly demanded by her, are pertinent to her claims in this case.

## II. ARGUMENT

### A. Plaintiff's Motion to Compel Was Untimely and Should be Sticken or Denied on That Basis Alone.

The deadline for plaintiff to complete discovery in this case was May 4, 2004. See SNET's Motion for Extension of Time to Disclose Its Expert Witness and to Complete Discovery dated February 24, 2004, and Endorsement Order dated March 1, 2004 granting same. Plaintiff has never sought or obtained an extension of her deadline for completing discovery.[1] Her Motion to Compel, filed at least 21 days after the deadline on or about May 25, 2004, was beyond the discovery deadline and untimely. The Motion to Compel should be stricken or denied because it was untimely filed.

### B. Plaintiff's Motion to Compel Should Be Denied on the Merits.

#### 1. Plaintiff's Requests are Overly Broad and Burdensome, and Seek Private Personnel Information That is Outside the Scope of Permissible Discovery.

Plaintiff is a current employee of SNET. She has held a number of positions through her 20 years of employment with the company and knows many people at SNET. Her husband is a retiree of SNET. In the discovery requests at issue, plaintiff insists on obtaining copies of the entire personnel files of three management employees, Kevin West, Richard Light, and Robert Vallario. Kevin West is the director of the department where plaintiff worked from 1998 - 2001. Richard Light was plaintiff's supervisor. Robert Vallerio was never plaintiff's supervisor or even in her chain of command. See Exh. 1, chart of reporting responsibilities identified at Kevin West's deposition and corresponding deposition transcript excerpt.

---

[1] On May 3, 2004, SNET filed a Motion for Extension of Time for SNET to Complete Fact Witness Depositions, which was granted by the Court. It did not pertain to, or extend, the deadline for plaintiff to complete discovery.

2

Plaintiff's insistence on obtaining copies of their complete personnel files is misplaced and without justification. First, the three Requests for Production at issue are overly broad and burdensome as to time frame. Plaintiff's Complaint is based solely on the three-year period she worked in Kevin West's group, which was from June 7, 1998 through June 17, 2001. Kevin West is currently the head of the Cabling Systems and Services group and has been employed by the company for more than 32 years. His personnel file would contain information for the 32-year period. Richard Light was employed by SNET for 30 years, from September 8, 1970 through November 15, 2000; his personnel file would contain documents spanning his 30 years of service. Robert Vallario, who was never plaintiff's supervisor and was not even in her chain of command, also worked for SNET for 30 years, from February 2, 1970 through November 15, 2000.

There is absolutely no justification for the plaintiff to have copies of these three individuals' personnel information for the entire duration of their employment at SNET.

In addition to being overly broad and burdensome with respect to time frame, the requests are also overly broad and burdensome inasmuch as they by seek copies of every document in the files. Personnel files at SNET contain information such as Social Security Numbers; benefit information; information concerning dependents; wage history; attendance and sickness information; multiple documents containing home addresses, spouse's names, dates of birth and other personal identifiers; emergency contact information; driving incident reports; employment transfer requests; payroll information; military duty and other leave of absence information; and other information. In fact, a very small percentage of the contents of personnel files contain performance evaluations, complaints,

or disciplinary records.[2]

Plaintiff has failed to articulate even minimally what documents or information she claims might be in the personnel files at issue that are reasonably likely to lead to the discovery of admissible evidence in this case. Rather than making such a showing, or satisfying her burden of establishing that the information she seeks is pertinent to her claims, plaintiff simply asserts in a conclusory fashion that she has made claims in her Complaint that involve these three individuals. It is clearly not appropriate for a plaintiff to have access to every personnel record that exists concerning a co-worker just because she mentions the co-worker in her Complaint. Plaintiff here offers the following as the basis for her Motion to Compel:

> "In brief highlight, Plaintiff alleges the [sic] Light printed out directions to her home and left them on the office printer. Complaint ¶ 16. Plaintiff later confronted Light about his conduct, and the way she was treated. When there was no constructive response, Plaintiff asked Light what the EEOC would think of that office. Complaint ¶ 19. Shortly after that Plaintiff alleges that her treatment deteriorated further.
>
> Complaint [sic] alleges that Supervisor Vallerio accused her of having an affair with a co-worker and said that he would go out with her himself if he was younger. Complaint ¶ 16.
>
> Plaintiff alleges that she was singled out and an employee began to oversee and review her jobs. Among other activities, he spoke to her customers behind her back and criticised [sic] her in front of others, including customers. Complaint ¶¶ 22-23. When Plaintiff confronted this individual he said that he had been instructed to find and document everything that was wrong with her work. He told her that he had gotten these instructions from the higher-ups in the office. As noted, Plaintiff's supervisor was Richard Light. This individual referring to instructions from "higher ups" reported to Vallerio; Vallerio reported to West. Complaint ¶ 25.
>
> Plaintiff also raises a series of allegations concerning the conduct of Kevin West personally. Complaint ¶¶ 28-31."

---

[2] Management employees at SNET are not subject to progressive discipline as are bargaining unit employees of the company.

4

Pl. Motion to Compel at 3-4. This is the sum total of plaintiff's justification for her extremely broad discovery requests. This is not an adequate showing to "establish[ ] that the materials being sought are pertinent [to her claims] within the broad standard of discovery."

For example, the allegation that Mr. Vallario "accused" plaintiff of having an affair and that Richard Light printed out directions to her home on one occasion does not entitle plaintiff, a current employee of the company, to free-ranging discovery of every personnel document related to these individuals over their 30-year histories with SNET. Nor do the allegations concerning Kevin West give plaintiff the right to see information concerning this current SNET manager that does not pertain to her or to her claims in this case.

Plaintiff's counsel never spoke with the undersigned about these requests nor has he ever offered to narrow them in any respect. Instead, he apparently simply dashed off the letter appended to plaintiff's counsel's affidavit that requests that SNET "reconsider [its] position." During the many times that counsel have been together in various depositions in this case, plaintiff's counsel did not initiate with the undersigned a good faith discussion about SNET's objections or indicated a willingness to narrow the requests.

SNET has no objection to, and would propose that the Requests be narrowed as follows:

> 1. Provide copies of any and all performance reviews or evaluations or disciplinary documents of any sort from Kevin West's personnel file which reflect or refer to acts of discrimination by Kevin West, or which refer in any respect to the plaintiff, including the alleged events described in Paragraph 28-31 of the Complaint.

> 2. Provide copies of any and all performance reviews or evaluations or disciplinary documents of any sort from Richard Light's personnel file which reflect or refer to acts of discrimination by Mr. Light, or which refer in any respect to the plaintiff, including the alleged event involving printing out directions to her home available on MapQuest.

>    3. Provide copies of any and all performance reviews or evaluations or disciplinary documents of any sort from Kevin West's personnel file which reflect or refer to acts of discrimination by Kevin West, or which refer in any respect to the plaintiff.

This is the sole information from these files that would arguably be reasonably likely to lead to the discovery of admissible evidence in this case. SNET would promptly provide that information to the plaintiff, if the Court should decline to deny the Motion to Compel as untimely.

### 2. The Cases Cited by the Plaintiff are Inapposite.

The two District Court cases cited by the plaintiff are inapposite and do not support plaintiff's argument for the disclosure of years of personnel records concerning the above individuals in the face of an objection based on overbreadth and relevancy. In Cason v. Guilders First source-Southeast, 159 F. Supp.2d 242, 248 (W.D.N.C. 2001), the defendant did not object to producing the personnel file based on overbreadth and burdensomeness. Rather, the defendant in Cason only raised an objection "on grounds that personnel files are 'personal and confidential' and that Mrs. Carpenter and Keller have not consented to their release." Id. at 247. Moreover, there was no evidence or discussion at all about the length of service of the employee whose personnel file was sought or what types of information were contained in the company's personnel files. The Cason case is clearly inapposite.

In the second case, Lyoch v. Anheuser-Busch Companies, Inc., 164 F.R.D. 62, 68 (E.D.Mo. 1995), the defendant did not object at all to producing the first personnel file. As to the second personnel file, the Court reasoned that that file might contain precisely the types of documents that SNET has offered to produce above. See id. at 68. This case actually supports the narrower requests proposed by SNET above. See also Balderston v. Fairbanks Morse Engine Div. of Coltec

6

Inds., 832 F.3d 309 (7th Cir. 2003) ("District Court judges 'have substantial discretion to curtail the expense and intrusiveness of discovery' by limiting an adverse party's request for broad discovery of personnel files."); Brewer v. Wisconsin Div. of Vocational Rehab. Servs., 21 Fed. App. 457 (7th Cir. 2001) (lower court's refusal to order turning over of personnel files was proper, when counsel represented that files in question did not contain documents relevant to claims); Wittingham v. Amherst College, 164 F.R.D. 124 (D. Mass. 19950 (denying motion to compel and noting that "personnel files contain perhaps the most private information about an employee within the possession of an employer"); Atkinson v. Denton Pub. Co., 84 F.3d 144 (4th Cir. 1996) (District Court acted within its discretion in denying, after in camera inspection, discharged employee's motion to compel production of personnel files); Leighr v. Beverly Enterprises-Kansas, Inc., 1996 WL 63501 (D. Kan. 1996) (plaintiff did not meet burden of proving relevancy of documents in personnel files).

      THE DEFENDANT,
      SOUTHERN NEW ENGLAND TELEPHONE COMPANY

      By /s/ Lori B. Alexander
      Lori B. Alexander
      Federal Bar No. CT08970
      Tyler Cooper & Alcorn, LLP
      205 Church Street
      New Haven, Connecticut 06509
      Tel. (203) 784-8200
      Fax No. (203) 789-2133
      E-Mail: alexander@tylercooper.com

**EXHIBIT 1**

P's KW 1-B

## The SNET PTS Group

### As of May, 2000

```
                Kevin West ─────── Carol Stanevich
              Group Manager         Admin. Asst
              /          \
             /            \
    Richard Light       Robert Vallario
  Engineering Manager  Operations Manager
```

Frank Andrews

Kim Bachiocchi                  Nick Faiella

Keith Casey                     Wayne Handfield

Ron Dursza                      Carl Lorentzen*

Richard Green                   Ken Violette

Chris Manouse                   Bill Volkert

* Temporary

George Bushnell (?)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - -x

KIMBERLY BACHIOCCHI                    :

                                       :
                                       :
                                       :
                                       :

VS                                     : 02 CV

                                       : 908(CFD)

                                       :

THE SOUTHERN NEW ENGLAND TELEPHONE     :

COMPANY                                :

- - - - - - - - - - - - - - - - - - -x


Deposition of KEVIN WEST taken pursuant to the Federal Rules of Civil Procedure, before Jacinda A. Grigaitis, Licensed Shorthand Reporter #00381 and Notary Public within and for the State of Connecticut, held at the Offices of Pullman & Comley, 850 Main Street, 8th Floor, Bridgeport, Connecticut, on September 18, 2003, at 10:02 a.m.


DEL VECCHIO REPORTING SERVICES, LLC
PROFESSIONAL SHORTHAND REPORTERS
117 RANDI DRIVE                    100 PEARL STREET
MADISON, CT 06443                  HARTFORD, CT 06106
203 245-9583                       800 839-6867

A P P E A R A N C E S:

<u>ON BEHALF OF THE PLAINTIFF:</u>

PETER E. GILLESPIE, ESQ.
46 Riverside Avenue
Westport, CT 06880

<u>ON BEHALF OF THE DEFENDANT:</u>

LORI B. ALEXANDER, ESQ.
Tyler, Cooper & Alcorn
205 Church Street
New Haven, CT 06509

1          (Plaintiff's Exhibit KW-1b was marked for
2                    identification.)
3  BY MR. GILLESPIE:
4     Q.  Back on the record.  Mr. West, in my effort to
5  get an organizational chart which will show us the
6  administrative structure as of May 2000 and to the
7  extent we can determine the workers then assigned to
8  the PTS group, I have revised Plaintiff's Exhibits
9  KW-1 and 1a, and I now present you with KW-1b.  I ask
10 you have we yet succeeded in creating an
11 organizational chart which is correct?
12          MS. ALEXANDER:  Object to the form.
13    A.  There's one additional worker that I thought
14 of.  When the young lady was asking me the spelling of
15 the names, it dawned on me.  He was also in this job
16 bank program.  He may or may not have been there
17 during that time frame, so I could not tell you that
18 he was there in May of 2000.  But I do recall his
19 name.
20 BY MR. GILLESPIE:
21    Q.  All right.  Just for sake of completeness of
22 the record, who is that?
23    A.  George Bushnell and he was on the operation's
24 side.
25    Q.  Okay.  Now, as you look at Plaintiff's KW-1b, I

1  understand there may be additional personnel who were
2  working in the PTS group as of May 2000, but are we
3  sure all of the individuals listed on the exhibit at
4  least were there and working in that time frame?
5         MS. ALEXANDER:  Object to a small part of
6    the question, which is the part about there and
7    working because Ms. Bachiocchi was not working
8    during all of May 2000, with that narrow
9    objection.
10         MR. GILLESPIE:  I'll accept that caveat.
11    A.  I believe this is a complete list.
12  BY MR. GILLESPIE:
13    Q.  Now, I take it that in the groups -- either of
14  the groups, the one reporting to the engineering
15  manager or the operations manager, it's your testimony
16  there may have been people in addition to that list?
17    A.  Yes.
18    Q.  Let me ask you with respect to the engineering
19  and operations managers, were those the only two
20  managers in the PTS group reporting to you?
21    A.  Yes.
22    Q.  So this exhibit lists, including yourself, all
23  the managers in the PTS group at the Elizabeth Street,
24  Derby facility?
25    A.  I believe so.

C E R T I F I C A T E

I, Jacinda A. Grigaitis, LSR, hereby certify that I am a Notary Public, in and for the State of Connecticut, duly commissioned and qualified to administer oaths.

I further certify that the deponent named in the foregoing deposition was by me duly sworn, and thereupon testified as appears in the foregoing deposition; that said deposition was taken by me stenographically in the presence of counsel and reduced to typewriting under my direction, and the foregoing pages are a true and accurate copy of the original transcript of the testimony.

I further certify that I am neither of counsel nor attorney to either of the parties to said suit, nor am I an employee of either party to said suit, nor of either counsel in said suit, nor am I interested in the outcome of said cause.

Witness my hand and seal as Notary Public this 28th of September, 2003.

Jacinda A. Grigaitis, LSR
Licensed Shorthand Reporter #00381

DEL VECCHIO REPORTING SERVICES, LLC

```
 1            I have read the foregoing 147 pages and
 2      hereby acknowledge the same to be a true and
 3      correct record of the testimony.
 4
 5
 6                              _____
 7                                    Kevin West
 8
 9
10
11
12
13
14   Subscribed and Sworn to
15   Before me this 5th day of December, 2003.
16
17
18   _____
19         Notary Public
20
21   My Commission Expires: Nov 30, 2007
22
23
24
25
```

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was sent via first-class mail, postage prepaid to all counsel and *pro se* parties of record on this 14th day of June, 2004 as follows: Peter E. Gillespie, Esquire, 46 Riverside Avenue, Post Office Box 3416, Westport, Connecticut 06880.

_____
Lori B. Alexander
Federal Bar No.: CT08970