THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*  \*
KIMBERLY BACHIOCCHI,  \*
                     \*
   Plaintiff,         \*
                     \*
v.                    \*  CIV. ACTION NO. 02-CV-908 (CFD)
                     \*
THE SOUTHERN NEW      \*
ENGLAND TELEPHONE     \*
COMPANY,              \*
   Defendant.         \* JUNE 18, 2004
                     \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*  \*

## DEFENDANT'S SUPPLEMENTAL REPLY IN SUPPORT OF ITS MOTION TO COMPEL RESPONSES TO DEFENDANT'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS

Defendant respectfully submits this Supplemental Reply in further support of Defendant's Motion to Compel Responses to Defendant's Second Request for the Production of Documents dated April 30, 2004.

Defendant's request for copies of all plaintiff's telephone bills, including cell phone bills, for all phones she used from 1999-2001 is within the scope of permissible discovery and should be compelled. See Request No. 11, Defendant's Second Request for the Production of Documents dated February 12, 2004. The records of plaintiff's telephone calls during her leave of absence for alleged severe depression are relevant to the plaintiff's claims. Plaintiff's activities, and level of functioning during her leave of absence are relevant to her claim of severe depression, which she

claims was caused by SNET, and which is the subject of this action.

Contrary to plaintiff's objection, this request is not overly broad or unduly burdensome. For her home phone, she has one telephone bill per month, which is approximately thirty six (36) pieces of paper for the period covered by the request. That is not overly burdensome. Further, defendant is seeking only the telephone bills reflecting the numbers called, not the substance of each conversation, and therefore, it is not intrusive. In addition, plaintiff has provided certain specified telephone records in support of her claims. She should not be allowed to "pick and choose" between telephone records. Defendant should be allowed to inspect all of the telephone records for the limited time period requested.

Finally, in her Objection, plaintiff claims that she discards the bills when she makes the payment. Objection, at 11. This is quite troublesome. Plaintiff has been on notice since at least February 2004, when defendant served these requests, that defendant sought telephone records.

WHEREFORE, based upon the foregoing, and as set forth in the memoranda of law and affidavits submitted previously, the defendant respectfully requests that its Motion to Compel dated April 30, 2004 be granted.

THE DEFENDANT,
SOUTHERN NEW ENGLAND TELEPHONE COMPANY

By _/s/ Deborah Cannavino_
Deborah DeHart Cannavino (CT 08144)
Tyler Cooper & Alcorn, LLP
One Landmark Square
Stamford, CT 06901-2501
Tel. (203) 348-5555
Fax: (203) 348-3875
cannavino@tylercooper.com

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was sent via facsimile and first-class mail, postage prepaid to all counsel and *pro se* parties of record on this 18th day of June, 2004, as follows:

Peter E. Gillespie
46 Riverside Avenue
Post Office Box 3416
Westport, Connecticut 06880

_____
Deborah DeHart Cannavino