UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

KIMBERLY BACHIOCCHI          :
                             :
    Plaintiff,               :    CIVIL ACTION NO.
                             :    3:02CV908(CFD)
v.                           :
                             :
SOUTHERN NEW ENGLAND         :
TELEPHONE COMPANY            :
                             :
    Defendant.               :    AUGUST 5, 2004

---

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

I.   PRELIMINARY STATEMENT

Pursuant to Rule 37(a) of the Federal Rule of Civil Procedure and Local Rule 37, the defendant, Southern New England Telephone Company ("defendant"), submits this Memorandum of Law in Support of its Motion to Compel Responses to the Defendant's First Request for the Production of Documents.

By this motion, defendant respectfully requests that the Court issue an Order compelling the plaintiff Kimberly Bachiocchi ("plaintiff") to provide complete responses to (1) Request Nos. 30, 38, 39, 45, 46 and 51 of the Defendant's First Request for the Production of Documents dated February 6, 2003, (2) a supplemental pleading identifying which documents in her supplemental production of July 5, 2003 were in response to which specific Requests, and (3)

withdraw her objections to Request Nos. 29, 32 and 49. To date, despite defense counsel's requests, this information has not been provided.

II.  FACTS

    A.  Plaintiff's Claim

This action arises out of allegedly inappropriate conduct, commencing in 1999, that plaintiff claims occurred in the workplace while she was employed as an Analyst Technical Sales Support for SNET. Complaint, Parr.11-33. As an alleged result of this conduct, plaintiff went out on a medical leave of absence from May 2000 through May 15, 2001. Complaint, Parr. 26, 31.

In her complaint, plaintiff alleges claims for sexual harassment in violation of the Connecticut Fair Employment Practices Act and Title VII of the Civil Rights Act, retaliation and violation of the Equal Pay Act. Plaintiff seeks damages for emotional distress, back pay, and loss of benefits. Plaintiff has remained continuously employed by SNET.

    B.  Defendant's Discovery and Efforts to Resolve the Discovery Disputes

On February 6, 2003, defendant served its First Request for the Production of Documents on plaintiff. Exhibit A. Nearly two months later, on or about April 4, 2003, plaintiff served her objections and responses to defendant's discovery requests. Exhibit B. On May 30 and June 3, 2003, defense counsel had detailed discussions with plaintiff's attorney addressing each of plaintiff's responses and objections, and seeking a supplemental response. Cannavino Aff. Parr. 6.

During those conversations, plaintiff agreed to provide certain information in supplemental response. Cannavino Aff. Parr. 7.

On July 5, 2003, plaintiff made a Supplemental Production. Exhibit C. The supplemental production consisted of documents and an itemization of the documents produced. Exhibit C. At that time, plaintiff's attorney stated that his billing records would be provided later that week. Exhibit D. Plaintiff did not identify which documents were produced in response to which requests. Further, not all documents promised were provided.

Because plaintiff had not provided information promised over a year earlier and since discovery was coming to a close, defendant sent plaintiff's attorney a letter on May 28, 2004 summarizing their earlier conversations and identifying the information that still had not been provided. Exhibit E.

Plaintiff did not provide the information sought in defendant's May 28th letter. Instead, plaintiff filed a Motion for a Protective Order, seeking protection from, among other things, responding to defendant's May 28th letter. Cannavino Aff. Parr. 10. That motion is still pending before the court.

On June 4, 2004, defendant's counsel again requested the plaintiff's attorney's billing records previously promised. Exhibit F. However, no billing records were provided. Instead, plaintiff sent summaries of the number of hours worked. Exhibit G. Defendant's counsel told him that was not sufficient. Cannavino Aff. Parr. 13.

On July 29, 2004, defense counsel had further discussions with plaintiff's attorney concerning her May 28th letter. Cannavino Aff. Parr. 14. Defense counsel explained that defendant wanted all of the outstanding discovery before completing the plaintiff's deposition. Therefore, she needed a response by Friday, July 30th. Cannavino Aff. Parr. 14. She stated that she was planning to file a motion with the court if the information was not provided by Friday. Cannavino Aff. Parr. 14. At plaintiff's attorney's request, defense counsel sent him a copy of her draft Motion to Compel before it was filed. Cannavino Aff. Parr. 14.

On August 2, 2004, plaintiff's attorney sent defense counsel a letter addressing the requests. Exhibit E. In that letter, he still refused to provide responses to Request Nos. 38, 45, 46, and 51. Exhibit E. He still did not provide the billing records. He also did not provide the supplemental pleading requested and did not withdraw any of his objections as requested by defendant. Accordingly, defendant has made good faith attempts to resolve these discovery disputes, but to date, a full response has not been made.

By this Motion, the defendant moves for entry of an Order requiring the plaintiff to provide complete responses to discovery, and requiring the plaintiff to pay the costs, including reasonable attorney's fees, incurred by defendant in obtaining this discovery.

III    LEGAL STANDARD

Rule 26(b) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

4

party...." F.R.C.P. 26(b)(1). Furthermore, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. 26(b)(1). Relevancy under Rule 26 is construed broadly to encompass "any matter that bears on ... any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978). The Second Circuit Court of Appeals emphasized the wide breadth afforded discovery by stating that "[d]iscovery rules 'are to be accorded a broad and liberal treatment to effectuate their purpose that civil trials in the federal courts no longer need be carried out in the dark." Ratliff v. Davis, Polk & Wardwell, 354. F.3d. 165 (2d Cir. 2003).

IV.  ARGUMENT

    A.  Plaintiff Should be Required to Provide a Formal Supplemental Response

Rule 34 provides that the party responding to discovery "shall produce them as they are kept in the ordinary course of business or shall organize and label them to correspond with the categories in the request." F.R.C.P. 34(b). Where a party fails to identify which documents were provided in response to which requests, courts have compelled them to do so. See Taube Corp. v. Marine Midland Mortgage. Corp., 136 F.R.D. 449 (D.C.N.C 1991) (requiring the producing party to indicate which documents produced are responsive to which document requests); Still v. Arnold 167 F.R.D. 68 (D.C. Ind. 1996) (granting motion for sanctions where voluminous documents in response to discovery requests were not organized and labeled).

Here, the plaintiff provided a listing of the documents provided in her Supplemental Production, but did not make any representation as to which documents were in response to which request, or even which requests had been supplemented. See Exhibit C. Without this information, defendant cannot determine whether all documents have been provided. Despite defendant's requests, plaintiff has not provided the formal supplemental pleading identifying which requests were supplemented. Therefore, defendant requests that the plaintiff be compelled to provide a formal Supplement Response pleading.

    B.    <u>Plaintiff Should Be Compelled to Provide All Documents Regarding Her Claims for Disability Insurance</u>

> Request No. 46. Any and all documents which relate to any claims you have made for government assistance, including, but not limited to, Unemployment Compensation, Workers' Compensation or disability insurance, since the beginning of your employment with SNET.
>
> Objection: This request is over broad in both scope and time and will not produce or lead to the production of admissible evidence. Notwithstanding the Objection, please see documents produced herewith.

Plaintiff's objection is untimely as it was not made within thirty (30) days of service of the requests as is specifically required by Rule 34(b) of the Federal Rules of Civil Procedure, and therefore, it is waived. The law is well settled that a failure to assert objections to discovery requests in a timely fashion operates as a waiver of the right to object. <u>Eldaghar v. City of New York Dep't</u>

6

Citywide Admin. Services, 2003 WL 22455224 * 1 (S.D.N.Y. 2003) (holding that party waived its objections). Courts in the Second Circuit have explained that "[a]ny other result would completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences." Id, citing Krewson v. Vcity of Quincy, 120 F.R.D. 6, 7 (D. Mass. 1988).

Moreover, plaintiff's objection lacks merit. The information sought is discoverable and is likely to lead to the discovery of admissible evidence. Plaintiff has been out on two disability leaves of absence from SNET. One from May 2000 through May 15, 2001, allegedly as a result of the alleged harassment and discrimination which forms the basis for the instant matter. The other leave of absence was in 2004 for thyroid cancer. During both periods, plaintiff sought and received disability benefits.

The court has already ruled that information concerning plaintiff's current medical condition and her prior medical condition are relevant to her claims of emotional distress in this matter. See Order granting Defendant's Motion to Compel a Current Medical Authorization dated April 27, 2004.

Accordingly, defendant respectfully requests that the plaintiff be compelled to withdraw her objection and provide a complete response to this Request, including submission of all documents that relate to her claims for disability benefits.

C.  Plaintiff Should be Compelled to Provide her Attorney's Billing Records

Request No. 39. Any and all documents reflecting the number of hours worked, a description of the work, and the rate charged by each attorney and paralegal of plaintiff's counsel for which plaintiff will seek attorney's fees as alleged in the complaint.

Objection: This request is premature and would impose an undue burden on plaintiff at this time.

As stated previously, plaintiff's objection has been waived. Moreover, now that discovery has closed, the Request cannot be premature. Plaintiff's objection is, therefore, moot.

Further, responsive information was promised a year ago. During conversations in 2003, plaintiff's attorney stated he would provide the requested information. On July 5, 2003, plaintiff's counsel stated that he would provide the billing records later that week. Exhibit D. Since no information was provided, defendant requested it again in her May 28th letter. Exhibit E. On June 4, 2004, defendant again requested the billing records. Exhibit F. Thereafter, plaintiff submitted a letter enclosing not the actual billing records as promised, but a summary of the number of hours worked. Exhibit G. Counsel for the parties have had oral discussions about this Request and defense counsel again asked for the complete records. Cannavino Aff. Parr. 13. Still, despite all of this effort, and the plaintiff's promises, to date, no additional responsive information has been produced by the plaintiff.

Therefore, defendant requests that the court issue an order requiring the plaintiff to provide a complete response to this Request.

8

D.  Plaintiff's Income Tax Records are Discoverable

Request No. 51. Copies of your tax returns including, without limitation, your federal and state income tax returns and W-2 Forms, for the years 1982 through the time of trial. In addition, please execute the IRS authorization attached as Exhibit B.

Objection: This request is overly broad in both scope and time and will not produce or lead to the production of admissible evidence. Notwithstanding the Objection, please see documents produced herewith.

As previously stated, plaintiff waived her right to object. Even so, plaintiff's objection lacks merit. Information as to her finances are relevant to her claim for emotional distress. As set forth in defendant's expert's report, financial difficulties are a well recognized cause of depression and anxiety. Based upon the extensive documentation reviewed by defendant's expert witness, Dr. Stuart Kleinman, a forensic psychiatrist, he concluded that plaintiff's financial well-being should be carefully examined. Further, plaintiff has made a claim for lost wages.

Notwithstanding the objection, plaintiff provided some tax returns for the years 1996-2002 and she has refused to provide any additional documents. First, the information provided does not appear to be complete. For instance, plaintiff has not provided any W-2s or 1009 forms for 1996 or 1998. Secondly, in response to the plaintiff's objection, defendant offered to limit the time period covered by this Request to 10 years (1994- 2004). This would mean that plaintiff has only to locate four additional years of tax information. Plaintiff, however, refused to accept that limitation, provide additional documents or to provide an executed IRS authorization. Exhibit H.

9

In addition, on June 21, 2004, the court granted the Defendant's Motion to Compel Responses to Defendant's Second Request for Production, which included a Request concerning plaintiff's financial records.

Accordingly, for the same reasons, defendant requests that the court issue an order overruling plaintiff's objection and compelling her to provide a complete response to this Request for the last 10 years.

### E. Plaintiff Should Be Compelled to Provide a Response to Request No. 30

Request No. 30. Any and all diaries, calendars, appointment books and any other scheduling and memorializing materials you used from 1998 to the present.

Objection: Some such documents fall within the lawyer-client privilege. See non-privileged documents produced herewith.

Plaintiff's objection was untimely and, therefore, waived. Even so, the only documents listed on the plaintiff's privilege log were (1) her descriptive log of events, (2) her preliminary draft statement to the investigator who investigated her internal complaint, and (3) correspondence to her counsel, such as cover letters and transmittal letters. Exhibit B. Plaintiff voluntarily provided her descriptive log to defendant in May 2004 after considerable discussion. The court ordered her to provide the draft statement to the court for an in camera review in response to Defendant's Motion to Compel that statement. Her diaries, appointment books and scheduling materials clearly do not constitute communications between lawyer and his client. There are no other documents identified on the privilege log for which the privilege has been preserved, and

10

therefore, the defendant requests that the plaintiff's objection be overruled.

Notwithstanding her objection, plaintiff provided calendars from 1999 through 2001. Defendant requested the calendars from 1998, 2002, 2003 and 2004. Despite repeated requests, plaintiff has not provided any other calendars. Her counsel stated just recently that all documents in her possession have been provided. Exhibit H. This is troubling. The calendars were requested in February 2003 and the plaintiff has had notice that the defendant sought this information; yet it appears not to have been preserved. Further, the Request seeks calendaring materials through the present date, and therefore, unless plaintiff has changed her pattern of keeping detailed calendars, which include notes as well as dates and times of events, it is difficult to believe that <u>no</u> current calendars exist.

Accordingly, defendant requests that the plaintiff's objection be overruled, and that the plaintiff be ordered to provide a complete response to this Request.

F.  <u>Plaintiff Should Be Compelled To Produce All Exhibits</u>

<u>Request No. 38</u>. Any and all documents you may introduce as exhibits or part of exhibits at the trial of this matter.

Objection: The parties have previously agreed to a scheduling order which provides for the filing of a trial brief. Further, plaintiff will be unable to comply with this request in any event until discovery is complete.

As stated previously, plaintiff's objection was waived as it was untimely. Moreover, given that plaintiff's discovery was completed on May 4, 2004, plaintiff's objection has been resolved. Furthermore, the fact that the court previously issued a scheduling order for the filing of trial briefs does not preclude defendant from obtaining a complete response to discovery.

Despite defendant's requests, plaintiff has failed and refused to provide responsive information and to withdraw her objection. See Exhibits E and H. Therefore, defendant requests that the court issue an order overruling plaintiff's objection and requiring a complete response.

G.     Plaintiff Should be Compelled to Provide a Complete Response to Request No. 45

Request No. 45. Any and all documents concerning, evidencing, or memorializing the investigation conducted by Mr. Ellis, including but not limited to hand written notes.

Response: Other than such documents produced herewith or previously as may be responsive in some manner, plaintiff believes that she does not have additional documents specifically responsive to this Request.

Plaintiff did not object to this Request. Just this week, for the first time, however, plaintiff's counsel has represented that other than the plaintiff's draft statement (which is the subject of a prior motion to compel) there are no responsive documents. However, plaintiff failed to object

12

to this Request, and therefore, a complete response should be made.

    H.    <u>Plaintiff Should be Compelled to Withdraw her Objections to Request Nos. 29, 32 and 49</u>

<u>Request No. 49.</u>  Any and all documents that constitute, refer to, or relate to any communication(s) that you have had with any person other than your attorney concerning this lawsuit or any matter encompassed by the Complaint.

<u>Objection</u>: This request is overly broad in both scope and time and will not produce or lead to the production of admissible evidence. Notwithstanding the Objection, please see documents produced herewith.

As stated previously, plaintiff's objections are waived. Even so, this Request is not objectionable. It seeks obviously relevant information as it is limited to those communications concerning this lawsuit or plaintiff's allegations in the Complaint.

During counsel's conversations in 2003, plaintiff's attorney stated that there were no other documents responsive to this Request, but he agreed to check plaintiff's emails and to see whether anything was provided to Dr. Zachariah. Exhibit E. Since plaintiff's attorney did not provide the information, defense counsel requested it again in her May 28th letter. Exhibit E. Just this week, plaintiff has finally responded that she has no additional responsive documents that have not already been produced. Exhibit H  However, she should be required to withdraw her objection.

Similarly, for the same reasons, defendant requests that the plaintiff withdraw her objections to Request Nos. 29 and 32 on the basis of her representations that she has no additional responsive documents. <u>See</u> Exhibits E and H.

## V. CONCLUSION

WHEREFORE, based upon the foregoing, defendant respectfully requests that its Motion to Compel be granted, and that the plaintiff be ordered, pursuant to Rule 37 of the Federal Rules of Civil Procedure, to reimburse defendant's costs, including attorneys fees, of obtaining this information.

THE DEFENDANT,
SOUTHERN NEW ENGLAND
TELEPHONE COMPANY

By: *(signature)*
Deborah DeHart Cannavino (CT08144)
Tyler Cooper & Alcorn, LLP
Two Landmark Square
Stamford, CT 06901
Tel. 203-348-5555
Fax 203-348-5555
cannavino@tylercooper.com

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed first class mail, postage prepaid, to all counsel and pro-se parties of record this 5th day of August, 2004:

Peter E. Gillespie, Esq.
46 Riverside Avenue
P.O. Box 3416
Westport, CT 06880

_____
Deborah DeHart Cannavino