# EXHIBIT   C

THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KIMBERLY BACHIOCCHI,                     *
                                         *
              Plaintiff,                 *    CIVIL ACTION No. 02-CV-908(CFD)
                                         *
       v.                                *
                                         *
THE SOUTHERN NEW ENGLAND                 *    JUNE 10, 2003
              TELEPHONE COMPANY          *

              Defendant.

## PLAINTIFF'S SUPPLEMENTAL  RESPONSES
## TO REQUESTS FOR PRODUCTION

Based upon the discussions and agreements of counsel, Plaintiff hereby

furnishes the following additional materials in response to Defendant's Requests for the

Production of Documents:

1. Complete copies of Plaintiff's "Daytimer calendars" for the years 2000
and 2001.

2. Miscellaneous materials including notes of meetings made by Plaintiff
starting with a meeting of  November 21, 2000; Employee master records;
and materials relating to benefits.

3. An affidavit of Plaintiff dated March 21, 2001.

4. Various materials received from Mr. Faiella.

5. Such E-mails as she has retained which were sent to her while

stationed at the Elizabeth Street facility and extending shortly thereafter, including some specific messages and standard distributions such as E-mail and/or telephone distribution lists starting with one such from John Dunn dated December 4, 2000 and concluding with one dated June 19, 2001.

6. E-mails between Plaintiff and Janice Vereb.

7. Workers' Compensation materials concerning Plaintiff's first injury occurring on or about January 17, 1984 and also a second claim concerning an injury incurred on or about August 15, 2001.

8. Medical claim records generated by Magellan Behavioral Health.

9. Medical records Plaintiff's internists.

10. Medical records from Anna Tirado, M. D.

11. Plaintiff's recent prescription history.

12. Dr. Zachariah's medical records relating to Plaintiff.


I have reviewed the foregoing supplemental production and I swear that it is true and complete to the best of my knowledge and belief.


_Kimberly Bachiocchi_
Kimberly Bachiocchi


Subscribed and sworn to before me this 10th day of June, 2003.


Peter E. Gillespie

2

# CERTIFICATION OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was served this 5th day of July, 2003, by express mail, upon the following:

Deborah DeHart Cannavino, Esq.
Tyler, Cooper & Alcorn, LLP
One Landmark Square
Stamford, CT 06901

(BY AGREEMENT OF COUNSEL, THIS DOCUMENT WAS SERVED UPON MS. CANNAVINO ONLY.)

_____
Peter E. Gillespie

3

# EXHIBIT  D

PETER E. GILLESPIE
COUNSELLOR AND ATTORNEY AT LAW
46 RIVERSIDE AVENUE
POST OFFICE BOX 3416
WESTPORT, CONNECTICUT 06880

TELEPHONE (203) 227-7000                                                                 TELECOPIER (203) 454-5508

July 5, 2003

Deborah DeHart Cannavino, Esq.
Tyler, Cooper & Alcorn, LLP
One Landmark Square
Stamford, CT 06901

        Re: Bachiocchi v. SNET

Dear Ms. Cannavino:

        Please find enclosed Plaintiff's supplementary discovery responses. Also
enclosed is a corrected page for the original production relating to items 23, 24 and 25,
as we had discussed.

        I have not included my billing records in light of the fact that they are on a
separate system and have to be printed out for you and, where necessary, redacted.
Shortness of time has overtaken me. As we had agreed I will deliver the billing records
to you, but I will do so later this month upon my return.

        Other than that one item I think that Plaintiff has delivered up responses and
materials as we had agreed. She does so on this date in light of the fact that Ms.
Alexander and I had agreed upon the terms of a Stipulated Confidentiality Order,
reaching that agreement on July 3. In light of that agreement, and moving forward on
the assumption that the Court will enter the Order as requested, I would like to
designate certain materials produced as confidential for purposes of discovery,
specifically the personal information in her calendars produced in response to Item 1;
Medical records produced in response to Item 7; and Medical records and related
prescription and claim information produced in response to Items 8-12, inclusive.

                                                        Very truly yours,

                                                        Peter E. Gillespie

# EXHIBIT   E



**Tyler Cooper & Alcorn, LLP**

*Counsellors at Law*

Deborah D. Cannavino
Counsel
203.425.2475
Fax: 203.348.3875
cannavino@tylercooper.com
www.tylercooper.com

Two Landmark Square
Suite 214
Stamford, CT
06901-2501
203.348.5555

New Haven
Hartford
Stamford
Madison

May 28, 2004

<u>Via Facsimile</u>
Peter E. Gillespie, Esq.
46 Riverside Avenue
Westport, Connecticut 06880

Re:     <u>Kimberly Bachiocchi v. Southern New England Telephone Company</u>

Dear Peter:

I write to follow up on Plaintiff's Response to the Defendant's First Request for the Production of Documents, and plaintiff's Supplemental Response.

By way of background, defendant served these requests on February 6, 2003, and plaintiff served her responses on April 17, 2003. In her response, plaintiff attached documents responsive to Request Nos. 2, 4, 10, 12, 18, 20, 25, 29, 34, 46, and 51. Thereafter, you and I had a series of detailed discovery conferences concerning plaintiff's response. On July 5, 2003, plaintiff made a Supplemental Production. However, that production did not identify which documents produced were in response to which Requests. We will need such an itemization.

With regard to the specific Requests, I write the following.

**Request No. 1** seeks all documents "reviewed or relied" upon by plaintiff in answering defendant's Interrogatories. Plaintiff objected on the basis that it was overly broad and irrelevant. In addition plaintiff objected to the extent the information sought was covered by the "lawyer client privilege." However, plaintiff did not provide a privilege log as required by Local Rule 37 with this production. Furthermore, plaintiff waived her right to file objections because she failed to provide a timely response.

During our subsequent telephone conversation, you had a problem with the word "reviewed"; however, upon further discussion, you represented that plaintiff had produced all documents that were material to her case, relied upon by her in her case, related to the complaint, or concerning the complaint. Furthermore, based upon our discussion, I understood that plaintiff was *not* withholding any documents on the basis of the attorney client privilege, however, if my understanding is incorrect, an appropriate privilege log must be provided immediately.

Peter E. Gillespie, Esq.
Page 2

**Request No. 2** seeks all documents relied upon in paragraph 10 of the complaint relating to the plaintiff's job performance history. Plaintiff did not object and stated "See personnel file and related documents provided herewith." Several pages of her personnel file were provided.

During our subsequent conversation, however, you stated that the only responsive documents were contained in her personnel file, and that plaintiff had just received a copy of her personnel file from SNET (which had not been provided in the production). You stated that if we wanted a copy of the personnel file, you would provide it. By this letter, I am requesting a copy of the complete personnel file in plaintiff's possession, and upon which she relies.

**Request No. 3** seeks all documents concerning plaintiff's allegation in paragraph 11 of her complaint. Plaintiff responded "Other than documents produced herewith or previously as may be responsive in some manner, plaintiff does not believe that she has additional documents specifically responsive to this Request."

During our subsequent conversation, you stated that the only documents that were "previously" provided were sent to the CCHRO, and that plaintiff provided copies of all of those documents to the defendant. You said that there was nothing that was sent to the CCHRO, and not provided to us. You then mentioned that you wrote a letter to Carol Wilder at SNET about the alleged wrist grabbing incident. You said that you would send it to us. We have not received it. Please provide it. Other than this letter, you stated that there were no other documents responsive to this Request.

**Request No. 4** seeks all documents concerning your allegation in paragraph 12 relating to her relationship with Nick Faiella. Plaintiff did not object. She stated "Please see statement of Nick Faiella provided herewith." Plaintiff provided a statement by Mr. Faiella dated August 11, 2000. In our discussion, you mentioned that the only responsive document had been produced. You did state, however, that you would speak to the plaintiff to see if there were any other documents which were used to create the project list attached to Mr. Faiella's statement. Please let me know if there were any additional documents.

**Request No. 5** seeks all documents concerning your allegation in paragraph 13 relating to Faiella's sick leave the assignment of jobs with the plaintiff. Plaintiff did not object. Plaintiff responded "Other than documents produced herewith or previously as may be responsive in some manner, plaintiff does not believe that she has additional documents specifically responsive to this Request." You did not produce any documents specifically in response to this Request. During our subsequent conversation, you stated that there were no other responsive documents, other than the documents that you provided in the general production response.

**Request No. 6** seeks all documents concerning your allegation in paragraph 14 relating to plaintiff's alleged calls to payroll. Plaintiff did not object, and instead set forth her now standard response "Other than documents produced herewith or previously as may be responsive in some manner, plaintiff does not believe that she has additional documents specifically responsive to this Request." You did not produce any documents specifically in response to this Request. During our subsequent conversation, you represented that the only responsive documents were her calendar notes, which had

Peter E. Gillespie, Esq.
Page 3

been produced.

Request No. 7 seeks all documents concerning your allegation in paragraph 15 relating to plaintiff's alleged calls to HR. Plaintiff did not object, and instead set forth her now standard response "Other than documents produced herewith or previously as may be responsive in some manner, plaintiff does not believe that she has additional documents specifically responsive to this Request." You did not produce any documents specifically in response to this Request.

During our subsequent conversation, you stated that there were no notes of these conversations, other than on her calendar. You said that plaintiff had no tape recording of this or any other interchange at SNET. You noted that the only time she tried to tape record the conversations, SNET told her she could not. Therefore, she did not take any tape recording. You stated that there were no other responsive documents.

Request No. 8 seeks all documents concerning your allegation in paragraph 16 that throughout the spring of 2000 plaintiff was allegedly subjected to a hostile sexual environment. Plaintiff did not object, and stated "Please see documents produced herewith, including those produced in response to Requests 4 and 10." During our subsequent conversation, you stated that there were pictures to show that she was excluded from activities and Nick Faiella's statement. You said there were no other responsive documents.

I inquired as to whether there were any emails that plaintiff had to support her claim of hostile environment. You stated that you would double check, and you said that the response "seemed a little light on documents." Some emails were provided in plaintiff's Supplemental Production. however, there is no indication to which Request they are responsive. Please let me know if any of those documents are responsive to Request No. 8. We must have a clear and complete response to this important Request.

Request No. 9 seeks all documents concerning your allegation in paragraph 17 that she thought Vallerio was offering to make the office environment easier for her if she would spend some time with him. Plaintiff did not object, and instead set forth her now standard response "Other than documents produced herewith or previously as may be responsive in some manner, plaintiff does not believe that she has additional documents specifically responsive to this Request." You did not produce any documents specifically in response to this Request. During our subsequent conversation, you stated that there were no responsive documents.

Request No. 10 seeks all documents concerning your allegation in paragraph 18 that plaintiff also saw that her supervisors treated her differently than the manner in which they interacted with her male co-workers. Plaintiff did not object, and states "Please see documents produced herewith." Plaintiff provided some pictures of a fishing trip. During our subsequent conversation, you stated that there were no other responsive documents.

Request No. 11 seeks all documents concerning your allegation in paragraph 19 that in March 2000, Light alleged responded to plaintiff's concerns "what do you think the EEOC would think

Peter E. Gillespie, Esq.
Page 4

of this office?" Plaintiff did not object, and instead set forth her now standard response "Other than documents produced herewith or previously as may be responsive in some manner, plaintiff does not believe that she has additional documents specifically responsive to this Request." You did not produce any documents specifically in response to this Request. During our subsequent conversation, you stated that plaintiff had no responsive documents.

Request No. 12 seeks all documents concerning your allegation in paragraph 20 that SNET management continued to maintain the allegedly hostile environment and continued to engage in references to her affair with Nick Faiella, and also began to retaliate against her. Plaintiff did not object, and stated " Please see documents produced herewith, including those produced in response to Requests 4, 10, and 29. " Plaintiff provided a flyer from a seminar in May 2000, Nick's statement, pictures of the fishing trip and her calendars. During our subsequent conversation, you stated that plaintiff had no additional responsive documents.

Request No. 13 all documents concerning your allegation in paragraph 21 that in April 2000, plaintiff was repeatedly confronted with incorrect and baseless criticisms. Plaintiff did not object, and instead set forth her now standard response "Other than documents produced herewith or previously as may be responsive in some manner, plaintiff does not believe that she has additional documents specifically responsive to this Request." You did not produce any documents specifically in response to this Request. During our subsequent conversation, you stated that plaintiff had no responsive documents.

Request No. 14 seeks all documents concerning your allegation in paragraph 22 that in or about April, 2000, SNET management from the Elizabeth Street facility started making visits to plaintiff's jobs and subjected her to criticism. Plaintiff did not object, and instead set forth her now standard response "Other than documents produced herewith or previously as may be responsive in some manner, plaintiff does not believe that she has additional documents specifically responsive to this Request." You did not produce any documents specifically in response to this Request. During our subsequent conversation, you stated that plaintiff had no responsive documents.

Request No. 15 seeks all documents concerning your allegation in paragraph 23 that Lorentzen was extremely critical of her work. Plaintiff did not object, and instead set forth her now standard response, and did not produce any documents specifically in response to this Request. During our subsequent conversation, you stated that plaintiff had no responsive documents.

Request No. 16 seeks all documents concerning your allegation in paragraph 24 that on May 15, Lortenzen and she had an unpleasant exchange. Plaintiff did not object, and set forth her now standard response. You did not produce any documents specifically in response to this Request. During our subsequent conversation, you stated that plaintiff had no responsive documents.

Request No. 17 seeks all documents concerning your allegation in paragraph 25 that plaintiff followed Lortenzen to a restaurant and confronted him and he allegedly stated that he was instructed to find and document everything wrong with her jobs and he was assigned to "break up the Nick and Kim thing." Plaintiff did not object, and instead set forth her now standard response. You did

Peter E. Gillespie, Esq.
Page 5

not produce any documents specifically in response to this Request. During our subsequent conversation, you stated that plaintiff had no responsive documents.

**Request No. 18** seeks all documents concerning your allegation in paragraph 26 that plaintiff went out on a medical leave and was treated for depression and stress which resulted from the conduct described above. Plaintiff did not object, and stated "See documents provided herewith." She produced copies of some of Dr. Zachariah's letters to SNET, and a few documents from his file. During our subsequent conversation, you stated that plaintiff had no other responsive documents.

**Request No. 19** seeks all documents concerning your allegation in paragraph 27 that plaintiff's doctor suggested that she return for one day to become re-acclimated and then report on a regular, full time basis beginning the next week. Plaintiff did not object, and stated "Please see documents produced herewith, including those produced in response to Requests 18 and 29." During our subsequent conversation, you stated that plaintiff had no responsive documents.

**Request No. 20** seeks all documents concerning your allegation in paragraph 28 that when plaintiff returned to the office on January 18, 2001, she was the only one in the office, and was told that was a common occurrence. Plaintiff did not object, and responded "Please see documents produced herewith." Plaintiff provided the one page sign in log. During our subsequent conversation, you stated that plaintiff had no other responsive documents.

**Request No. 21** seeks all documents concerning your allegation in paragraph 29 that on January 18, 2001, there were no other regular full time employees present in the office for the plaintiff to speak with, and that she was given no work that day and that for most of the day, she simply read her mail and then a book. Plaintiff did not object, and instead set forth her now standard response "Other than documents produced herewith or previously as may be responsive in some manner, plaintiff does not believe that she has additional documents specifically responsive to this Request." During our subsequent conversation, you stated that plaintiff did not have any documents responsive to this Request, except for possibly the emails that you were checking on. To date, we have not identified any additional emails.

**Request No. 22** seeks all documents concerning your allegation in paragraph 30 that on as a direct result of an allegedly intimidating atmosphere, plaintiff regressed in her condition. Plaintiff did not object, and stated "Please see documents produced herewith, including those produced in response to Requests 18 and 29." During our subsequent conversation, you stated that plaintiff would be providing additional records from Dr. Zachariah. You stated that there were no other responsive documents, with the possible exception of Dr. Trado.

Plaintiff failed to respond at all to **Request Nos. 23, 24, and 25**. During our subsequent discussion, you stated that you would "clean up" these responses. In plaintiff's supplemental response, she attached a page stating that all responsive documents had been provided.

**Request No. 26** seeks all documents concerning your allegation in paragraph 34 that no disciplinary action was taken against Mr. West. Plaintiff did not object, and instead set forth her now

Peter E. Gillespie, Esq.
Page 6

standard response "Other than documents produced herewith or previously as may be responsive in some manner, plaintiff does not believe that she has additional documents specifically responsive to this Request." During our subsequent conversation, you stated that plaintiff is not aware of any discipline and she does not have any responsive documents.

   **Request No. 27** seeks all documents concerning your allegations in paragraphs 40, 44, 48, and 52 that defendant was aware of the conduct of its supervisor and managers, but did not make a good faith attempt to comply with the laws.  Plaintiff did not object, and instead set forth her now standard response "Other than documents produced herewith or previously as may be responsive in some manner, plaintiff does not believe that she has additional documents specifically responsive to this Request." During our subsequent conversation, you stated that plaintiff has no documents that support these allegations.

   **Request No. 28** seeks all documents concerning your allegation in paragraph 53 that during her employment at the Elizabeth Street facility, plaintiff was given less pay, compensation and benefits than her male colleagues.  Plaintiff did not object, and instead set forth her now standard response "Other than documents produced herewith or previously as may be responsive in some manner, plaintiff does not believe that she has additional documents specifically responsive to this Request." During our subsequent conversation, you stated that plaintiff does not have any documents to support this allegation.

   **Request No. 29** seeks all documents prepared, maintained or obtained by you concerning your employment with the defendant and/or the subject matter of this litigation.  Plaintiff objected that "some such documents fall within the lawyer-client privilege.  Non-privileged documents produced herewith." During our subsequent conversation, you stated that the only privileged document was the log (which has recently been produced), and that all other responsive documents were provided.

   **Request No. 30** seeks all diaries, calendars, appointment books, and any other scheduling and memorializing materials used from 1998 to the present.  Plaintiff incorporated his objection and response to Request No. 29.  During our subsequent conversation, you stated that the plaintiff had written most all of her notes on the calendars, which were provided.  You stated that you would provide, and did provide, the period of May 200 through May 2001, which had been missing.  It appears from reviewing the calendars provided, that the plaintiff used more than one calendaring system. As stated previously, we need to see the original calendars, and plaintiff needs to withdraw her objection and provide a complete response to this Request.

   **Request No. 31** seeks all documents concerning your job performance.  Plaintiff responded "Please see documents produced herewith or previously, including those in response to Request No. 2." During our subsequent conversation, you stated that the only responsive information was in her personnel file.

   **Request No. 32** seeks any and all logs, diaries, notes or other writings taken by you or others related to your feelings that you were being discriminated against.  In response, you reference your objection and response to Request 29.  The sole basis for your objection was attorney client privilege.

Peter E. Gillespie, Esq.
Page 7

Other than the privileged document (which you recently provided), you said that there were no other responsive documents.

**Request No. 33** seeks all documents which relate to any conversation between or among you and any current or former employee of defendant concerning any matter at issue in this litigation. Plaintiff did not object, and instead set forth her now standard response "Other than documents produced herewith or previously as may be responsive in some manner, plaintiff does not believe that she has additional documents specifically responsive to this Request." During our subsequent conversation, you stated that unless there were any emails, which you were checking, there were only a few employees who had made statements to the CCHRO. You said there was a statement/notes from Durza. I do not believe we have it. A complete response must be made to this Request.

**Request No. 34** seeks all written statement rendered by anyone you may call as a witness at trial. Plaintiff did not object, and responded "See documents produced herewith." There were no documents provided in response to this Request. During our subsequent conversation, you stated that you did not know who the plaintiff would call other than Nick, and his statement was provided. At this stage, plaintiff should know with certainty who her witnesses may be. If there are any additional witnesses, we need copies of their statements. Otherwise, we will move to preclude them at trial.

**Request No. 35** seeks all reports from experts contacted or retained. Plaintiff did not object, and instead set forth her now standard response "Other than documents produced herewith or previously as may be responsive in some manner, plaintiff does not believe that she has additional documents specifically responsive to this Request." Plaintiff did not provide any documents in response to this Request. During our subsequent conversation, you stated that plaintiff had no documents, other than the reports that were attached to plaintiff's expert designation.

**Request Nos. 36 and 37** seek all draft reports and documents sent to or received from any experts. Plaintiff did not object, and instead set forth her now standard response "Other than documents produced herewith or previously as may be responsive in some manner, plaintiff does not believe that she has additional documents specifically responsive to this Request." During our subsequent conversation, you stated that you had written Dr. Zachariah a letter asking him for a report. We have not received that letter. You stated that you would double check to see if there was anything else, but that you had not sent the experts anything to review. We need a complete response to this Request.

**Request No. 38** seeks all and all documents that you may introduce as exhibits or parts of exhibits at trial. Plaintiff objected on the grounds that plaintiff was unable to respond until discovery was complete. Given that plaintiff's discovery is completed, your objection has been resolved. Plaintiff's objection must be withdrawn and a complete response provided. Defendant will move to preclude at trial any documents not provided.

**Request No. 39** seeks all documents concerning your claim for attorney's fees. Plaintiff objected on the basis that the Request was premature and would impose an undue burden on the plaintiff at this time. During our subsequent conversation, you stated that you would provide the records, but they

Peter E. Gillespie, Esq.
Page 8

have not been produced. Furthermore, since your objection has been resolved, you need to withdraw it and provide a complete response.

**Request No. 40** seeks all documents concerning your claim for punitive damages. Plaintiff did not object, and instead set forth her now standard response "Other than documents produced herewith or previously as may be responsive in some manner, plaintiff does not believe that she has additional documents specifically responsive to this Request." During our subsequent conversation, you stated that plaintiff had no responsive documents, other than the documents produced in her general production.

**Request No. 41** seeks all documents concerning your claim for damages. Plaintiff did not object, and instead set forth her now standard response "Other than documents produced herewith or previously, including plaintiff's reports of treating physicians and her damages analysis, as may be responsive in some manner, plaintiff does not believe that she has additional documents specifically responsive to this Request." During our subsequent conversation, you stated that plaintiff had provided all responsive documents in her general production, and did not have any more responsive documents.

**Request No. 42** seeks all documents submitted to or received from the CCHRO and the EEOC and to sign the authorization attached. Plaintiff objected on the basis that the request was duplicative of the authorization. During our discussion, you stated that your main objection was to photocopying the documents. In order to prepare for trial, we need a complete copy of this information.

**Request No. 43** seeks all documents concerning your claim that you have suffered emotional pain, suffering, inconvenience and loss of enjoyment of life. Plaintiff did not object, and instead set forth her now standard response "Other than documents produced herewith or previously as may be responsive in some manner, plaintiff does not believe that she has additional documents specifically responsive to this Request." Plaintiff did not provide any documents specifically in response to this Request. During our subsequent conversation, you stated that plaintiff had additional medical records to provide. In her Supplemental Response, there are medical records from a number of providers. However, they are not identified, nor are they complete. We need a complete response to this Request, or we will move to preclude them at trial.

**Request No. 44** seeks all documents provided to Bob Ellis, the investigator who investigated plaintiff's complaint. Plaintiff did not object, and responded "Please see documents produced herewith, including those produced in response to Request No. 25. During our subsequent conversation, you stated that plaintiff had only phone bills where she was trying to call Mr. Ellis. You stated that these bills were in response to his claim in the report that she never called him.

**Request No. 45** seeks all documents concerning, evidencing, or memorializing the investigation conducted by Mr. Ellis, including but not limited to hand written notes. Plaintiff did not object, and instead set forth her now standard response "Other than documents produced herewith or previously as may be responsive in some manner, plaintiff does not believe that she has additional documents specifically responsive to this Request." Plaintiff provided a typed sheet and phone bill. During our subsequent conversation, you stated that the only responsive documents were the records of

Peter E. Gillespie, Esq.
Page 9

the phone calls referenced above. You said that you would double check that she did not take any notes. Please let me know whether she did take any notes, and if so, provide them.

**Request No. 46** seeks all documents which relate to any claims for government assistance, including without limitation, Unemployment Compensation, Workers Compensation or disability insurance, since the beginning of your employment with SNET. Plaintiff objected on the basis that the Request was overly broad in terms of time and scope and was irrelevant. Your objection lacks merit. This information is relevant and discoverable, and furthermore, plaintiff's objections were untimely. Notwithstanding the objection, plaintiff produced a few medical records from Dr. Fass and Sedgwick. During our subsequent conversation, you stated that plaintiff only had two workers compensation claims and you agreed to provide information on those claims. To date, it is not clear whether we have all of this information. Please identify which of the supplemental production responds to this Request, and if not provided, please provide it, and withdraw your objection.

**Request No. 47** seeks all documents concerning any communications, whether written or oral, with any representative of defendant, including without limitation, Mr. Ellis, Mr. Lortenzen, Mr. Faiella or Mr. Vallerio, concerning the terms and conditions of your employment or any of the allegations in the complaint. Plaintiff did not object, and responded "Please see documents produced herewith, including those produced in response to Request No. 25." Plaintiff provided a phone bill and a typed unsigned statement. During our conversation, you said that you had a couple of witness statements and that you were going to speak with the plaintiff about providing them. We need a complete response to this Request.

**Request No. 48** seeks all documents concerning your claims of retaliation. Plaintiff did not object, and instead set forth her now standard response "Other than documents produced herewith or previously as may be responsive in some manner, plaintiff does not believe that she has additional documents specifically responsive to this Request." Plaintiff did not provide any specific documents in response to this Request. During our subsequent conversation, you stated that plaintiff had provided all responsive documents in her general production that would possibly be responsive to this Request..

**Request No. 49** seeks all documents constituting or referring to any communication that plaintiff has had with any other person, other than her lawyer, concerning this lawsuit, or any matter encompassed by the complaint. Plaintiff objected on the basis that the Request was overly broad in terms of time and scope and was irrelevant. Notwithstanding the objection, plaintiff referenced the production. During our subsequent conversation, you stated that there were no other documents, but you stated you would check plaintiff's emails and see whether there was anything provided to Dr. Zachariah.

Plaintiff's objection lacks merit and it untimely. Plaintiff's communications with third parties, other than her counsel, concerning the lawsuit is relevant and discoverable. We will need plaintiff to withdraw her objection and provide a complete response.

**Request No. 50** seeks all documents concerning your claim that defendant violated the Equal Pay Act. Plaintiff did not object, and instead set forth her now standard response "Other than documents produced herewith or previously as may be responsive in some manner, plaintiff does not

Peter E. Gillespie, Esq.
Page 10

believe that she has additional documents specifically responsive to this Request." No responsive documents were provided to this specific Request. During our subsequent conversation, you stated that there are no responsive documents.

      **Request No. 51** seeks copies of all tax returns from 1982 to the present, and requests that the plaintiff sign the IRS authorization attached. Plaintiff objected on the grounds that the Request was overly broad in scope and time and was irrelevant. As preciously stated, plaintiff waived her right to object. Notwithstanding the objection, plaintiff provided some tax returns form 1996-2002. We will agree to limit the time period covered by this Request to 10 years. Please provide a complete response, and provide an executed IRS authorization.

      **Request No. 52** seeks all documents relating in any way to plaintiff's treatment by a health care provider from 1982 to the present. Despite plaintiff's objection, the court ordered plaintiff to provide complete medical information from 1982 to the present. We need all medical information in her possession immediately.

      In summary, please provide all of the information requested in this letter. Furthermore, if anything that I have written is incorrect, please let me know immediately. If plaintiff fails to provide documents, we will move to preclude it at trial. Given the closure of discovery, please provide a compete response to this letter by June 2, 2004.

                        Very truly yours,

                        Deborah DeHart Cannavino

cc:    Lori B. Alexander, Esq.

# EXHIBIT    F



**Tyler Cooper & Alcorn**, LLP

*Counsellors at Law*

Deborah D. Cannavino
Counsel
203.425.2475
Fax: 203.348.3875
cannavino@tylercooper.com
www.tylercooper.com

Two Landmark Square
Suite 214
Stamford, CT
06901-2501
203.348.5555

New Haven
Hartford
Stamford
Madison

ᵢᴸᴱ COPY

June 4, 2004

<u>Via Facsimile</u>
Peter E. Gillespie, Esq.
46 Riverside Avenue
Westport, Connecticut 06880

Re:    <u>Kimberly Bachiocchi v. Southern New England Telephone Company</u>

Dear Peter:

As set forth in my May 24, 2004 letter, we need to follow up on certain outstanding discovery issues.

First, we would like to come and inspect plaintiff's mandatory initial disclosures as well as the original calendar(s) in plaintiff's possession. I asked you to bring the calendars to Mr. Bachiocchi's deposition, but you stated that you would rather review them with me. You stated that you were not available until Tuesday, June 8, 2004. I am available in the morning on that date to come to your offices to review this information.

In addition, as I stated, it appears that plaintiff kept two calendaring systems during 2000: a Day Timer and a Day Runner. We need copies of all of plaintiff's diaries, appointment books or calendaring systems, as specifically requested in Request No. 30.

Further, we still have not received your billing records. As you will recall, in July 2003, you stated they would be provided shortly.

Finally, you stated at plaintiff's deposition that you would respond to my May 28th letter early next week. I look forward to your response.

Very truly yours,

Deborah DeHart Cannavino

cc:    Lori B. Alexander, Esq.

# EXHIBIT  G



PETER E. GILLESPIE
COUNSELLOR AND ATTORNEY AT LAW
46 RIVERSIDE AVENUE
POST OFFICE BOX 3416
WESTPORT, CONNECTICUT 06880

TELEPHONE (203) 227-7000                                      TELECOPIER (203) 454-5508

June 14, 2004

Deborah DeH. Cannavino, Esq.
Tyler, Cooper & Alcorn
One Landmark Square
Stamford, CT 06904

Re: Bachiocchi v. SNET

Dear Ms. Cannavino:

Please find enclosed a summary of my hours spent in the service of Bachiocchi v. SNET.  I understand from our conversation that you wish to have this information at this time so that you may consider SNET's potential liability should Plaintiff prevail.

As we discussed, I am hopeful that this summary will satisfy your needs.  Disclosure of specific entries, at this stage, will tend to invade privilege, including work product and lawyer-client privilege.

I did not understand you to desire a print out of my disbursements, but if you wish to have those I would be happy to provide them.  Primarily they relate to transcript costs, filing fees, court fees and the like.

Very truly yours,

Peter E. Gillespie

## BACHIOCCHI V. SNET

Monthly Summary of Hours

2002

| | |
|---|---|
| January | |
| February | |
| March | |
| April | |
| May | 10.75 |
| June | 4.75 |
| July | 4.75 |
| August | 1.75 |
| September | - - |
| October | 8.00 |
| November | 2.25 |
| December | 4.50 |
| | |
| Total | 36.75 |

**BACHIOCCHI V. SNET**

Monthly Summary of Hours

2003

| | |
|---|---|
| January | - - |
| February | 7.75 |
| March | 10.25 |
| April | 1.75 |
| May | 12.25 |
| June | 20.75 |
| July | 23.50 |
| August | 4.50 |
| September | 18.75 |
| October | 21.25 |
| November | .25 |
| December | 3.75 |
| | |
| Total | 124.75 |

### BACHIOCCHI V. SNET

Monthly Summary of Hours

2004

| | |
|---|---|
| January | 5.25 |
| February | 17.50 |
| March | .25 |
| April | 31.25 |
| May | |
| June | |
| July | |
| August | |
| September | |
| October | |
| November | |
| December | |

# EXHIBIT   H

PETER E. GILLESPIE
COUNSELLOR AND ATTORNEY AT LAW
46 RIVERSIDE AVENUE
POST OFFICE BOX 3416
WESTPORT, CONNECTICUT 06880

TELEPHONE (203) 227-7000

TELECOPIER (203) 454-5508

August 2, 2004

Deborah DeH. Cannavino, Esq.
Tyler, Cooper & Alcorn
One Landmark Square
Stamford, CT 06904

Re: Bachiocchi v. SNET

Dear Ms. Cannavino:

I have reviewed your proposed motion concerning Defendant's First Request for Production. Before I respond, I should note that Plaintiff has made an initial response and a supplemental response to that pleading, as well as having supplied additional materials resulting from the Court's Order in response to your earlier motion. In addition, Plaintiff served various documents upon Defendant during the CCHRO proceedings, has responded to your second set of Demands for Production and has made initial disclosures with respect to several items in her possession including, but not limited to SNET's Code of Business Conduct, its EEO Policies, Workplace Violence materials, performance reviews, pay stubs and the like, and you have reviewed those items. Finally, both parties have identified various documents during the depositions in this case. With those background observations, I offer the following responses concerning your most recent demands concerning Defendant's First Request for Production:

Request No. 3 It is correct that other than the letter to Carole Wilder concerning the incident of June 4, 2001 we are unaware of any further documents. To date I have not been able to locate my copy of the Wilder letter, however, I assume that a copy was retained by Ms. Wilder in her own files. The letter was written and transmitted in June, 2001 shortly after the incident between Ms. Bachiocchi and Mr. West took place. Plaintiff has no further document responsive to this request.

Request No. 4 I have spoken with Plaintiff. She did not assist Mr. Faiella or participate with him in creating the project list to which you refer, nor did she give him any materials or documents or provide him access to any materials or documents for this purpose.

Request No. 8 The emails provided in the Supplemental request represent the

Deborah DeH. Cannavino, Esq.                                    August 2, 2004
Page No. 2

balance of all emails in Plaintiff's possession which relate to her employment at the
Elizabeth Street facility. On their face they speak for themselves. Except, perhaps for the
John Dunn email circulating the office list after the Plaintiff had left Elizabeth Street they
do not seem specifically responsive to Request No. 8. They were provided because you
had expressed an interest in seeing all such emails as Plaintiff had retained and we were
trying to accommodate your request.

    Request No. 21  I believe that during our conversation I stated that Plaintiff did not
have any additional documents responsive to this request. She previously furnished the
copy of the sign-out log for the week which included the date in question as well as such
notes that she may have made in her log or calendar. She has no further documents
responsive to this request. As to emails, please see the response to No. 8, above.

    Request No. 22  We are not sure what you are seeking in your reference to this
item. Plaintiff believes that the responsive documents are the treatment records of Drs.
Sarfeh, Tirado and Zachariah. To the extent that she had such records, they have been
supplied; Plaintiff has executed releases at Defendant's request and additional records
have been supplied by the three doctors. All three doctors have been deposed. Plaintiff
is somewhat at a loss to understand what it is that you believe she may have. If you have
any additional guidance on this subject, we would be happy to discuss it. Plaintiff believes
that she has produced all documents which she has which are responsive to this demand.

    Request No. 30  Plaintiff has provided you with the originals of her calendars to the
extent that she had retained them. In fact, those originals currently are in your possession,
having been provided to you at your office on or about June 16, 2004 and left with you for
your examination.

    Request No. 33  Affidavits signed by A. Volpe and C. O'Conner were provided by
the plaintiff. As noted above, a statement from Mr. Faiella was provided, as was Plaintiff's
affidavit in the Faiella CCHRO investigation. Plaintiff, of course, submitted various
affidavits during her own CCHRO investigations which were served on Defendant.
Although not necessarily responsive to this request, written statements from R. Vallerio,
W. Volkert, R. Dursza, and Y. Boulet have been produced and Plaintiff was questioned
about them at her deposition. At his deposition, Mr. West produced notes of his
conversations with various contractors. As to emails, please refer again to the response
made to Item 8, above. Plaintiff knows of no other statements responsive to this request.

    Request No. 34  Plaintiff does not have any written statements from anyone with
knowledge of the events in this case, potential witness or otherwise, other than those
previously discussed and provided.

Deborah DeH. Cannavino, Esq.                                      August 2, 2004
Page No. 3

Request No. 36 and 37 There are no draft reports nor were any documents sent to or received from the treating physicians, except for treatment and billing records, all of which have been provided. I did write to Dr. Zachariah by letter of November 14, 2002. I believe that this letter is my work product. Notwithstanding the objection, a copy of that letter is provided.

Request No. 38 Plaintiff stands on her earlier objection and refers you to the scheduling order entered into by both parties and approved by the Court.

Request No. 43 We are not sure what you are seeking in your reference to this item. Plaintiff believes that the responsive documents are the treatment records of Drs. Sarfeh, Tirado and Zachariah. To the extent that she had such records, they have been supplied; Plaintiff has executed releases at Defendant's request and additional records have been supplied by the three doctors. All three doctors have been deposed. At your insistence, Plaintiff has also supplied all caregivers with whom she has treated over a period of more than 20 years. Plaintiff is somewhat at a loss to understand what more you believe she may have. If you have any additional guidance on this subject, we would be happy to discuss it. Plaintiff believes that she has produced all documents which she has which are responsive to this demand.

Request No. 45 Other than such log or calendar entries as have been previously provided, Plaintiff has no documents responsive to this request, subject to the ruling of the Court on Plaintiff's claim of privilege with respect to her draft of the Ellis statement.

Request No. 46 Plaintiff has had two workers compensation claims so far as she is aware. Such documents have been provided. The first claim related to a back injury due to an accident which occurred climbing a telephone pole. Plaintiff received treatment from Jeffrey Summer, M.D. of New Haven Orthopedic Surgeons, P.C. This injury was in or about 1994 and documentation has been provided in the Supplemental Response of 2003. In sequence, it was included just prior to the materials from Magellan.

The second compensable injury was to Plaintiff's elbow. This injury was incurred in 2001. All such documents which she has have been released to you, including releases for medical information and disability records. In addition, last week Plaintiff received a copy of a disability rating from Dr. Naiman, a copy of which is provided herewith.

Request No. 47 There may be notes in Plaintiff's log or calendar concerning communications between Plaintiff and employees of Defendant; Some emails, earlier provided, memorialize conversations between Plaintiff and Mr. West and/or Mr. Manouse, and affidavits signed by A. Volpe and C. O'Conner were provided by the plaintiff. As noted

Deborah DeH. Cannavino, Esq.                              August 2, 2004
Page No. 4

above, a statement from Mr. Faiella was provided, as was Plaintiff's affidavit in the Faiella CCHRO investigation. Plaintiff, of course, submitted various affidavits during her won CCHRO investigations which were provided. Although not necessarily responsive to this request, written statements from R. Vallerio, W. Volkert, R. Dursza, and Y. Boulet have been produced. At his deposition, Mr. West produced notes of his conversations with various contractors. Plaintiff knows of no other statements responsive to this request.

Request No. 49 As to Plaintiff's emails, please see the response to Item 8, above. Plaintiff does not recall ever having provided any written materials to Dr. Zachariah. She has no additional materials responsive to this request.

Request No. 51 Plaintiff declines to disclose additional joint tax returns. A limited privilege attaches to such materials and Plaintiff claims that privilege with respect to tax returns not previously disclosed. Plaintiff previously executed a release for financial information. Further, for the entire period sought, Plaintiff was employed by SNET. She is willing to authorize disclosure of all of her earnings and benefit information if you do not already have access to such records.

Request No. 52 Plaintiff has provided all medical information in her possession, as well as having disclosed all caregivers, all treating institutions and has provided all authorizations requested. She has nothing more.

With respect to identifying which documents in the Supplemental Production related to specific requests, we remain troubled. Often, materials supplied are responsive to multiple requests. Further, please bear in mind that those materials were produced after we had discussed them. If you would like to meet and review the documents, I would be happy to make myself available to do so.

Please let me know if the substance of these responses is sufficient.

Very truly yours,

Peter E. Gillespie