UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
****************************************
KIMBERLY BACHIOCCHI,         *
                             *
           Plaintiff,        *    CIVIL ACTION No. 3:02CV908(CFD)
                             *
       v.                    *
                             *
SOUTHERN NEW ENGLAND         *    August 27, 2004
TELEPHONE COMPANY,           *
                             *
           Defendant.        *
****************************************
```

# PLAINTIFF'S OPPOSITION TO
# DEFENDANT'S MOTION TO COMPEL (Doc #122)

Plaintiff opposes Defendant's most recent motion to compel dated August 5, 2004.  Defendant's motion related to demands fro production which were served and responded to in the Spring, 2003, more that one year ago.  Now, more than a year after the parties had discussed matters concerning production and resolved them, Defendant seeks to revive and revisit these issues again.

Other than the specific and well defined issues addressed in Defendant's earlier motions to compel which arose from interrogatories and Defendant's second set fo production demands, Plaintiff thought that the parties had reached an otherwise full resolution as to the issues raised by Defendant's first set of requests for production.  As Plaintiff's counsel stated in his letter of July 5, 2003: "Other than that

one item [billing records] I think that Plaintiff has delivered up responses and materials as we had agreed." Defendant did not raise additional issues or concerns relating to these topics for almost 11 months. Then, by letter dated May 28, 2004 Defendant served a 10 page letter raising questions as to each of the 52 earlier document requests. See Cannavino Affidavit at ¶¶6-9.

This letter, on its face, demanded a response by June 2, 2004 the date on which discovery was then scheduled to conclude. Plaintiff believed that Defendant's extensive, repetitious letter was part of a course of conduct designed to burden and oppress her. Plaintiff sought the protection of the Court from all of these activities (Document No. 87).

The subjects of Defendant's current motion were next addressed during a telephone call on or about July 14, 2004[1]. Defendant had scheduled Plaintiff's deposition and called counsel to confirm that Plaintiff would attend. Plaintiff confirmed that she would do so. Shortly after receiving this response, Defendant telephoned counsel a second time and said that Defendant had decided to mark off the deposition.

Attorney Alexander explained that there were too many documents still outstanding and she could not go forward under those circumstances. Plaintiff

---

[1] There was some earlier discussion concerning the billing records of Plaintiff's counsel. These discussions will be dealt with separately.

thought that the only outstanding document was a draft of a statement which had been given to SNET Investigator Bob Ellis which was the subject of a pending motion to compel (Doc. # 62).  Ms. Alexander said that there were many more matters as referred to in the letter of May 28, 2004 and she would follow up with a letter fully explaining her position.  I told her that I would review the letter of May 28 in light of her new letter as soon as it was received.  However, no letter was sent.

This matter was next discussed on or about July 29, 2004.  Ms. Cannavino placed a telephone call to me on an unrelated matter.  At the conclusion of the subject which she had called about, Plaintiff's counsel raised the subject of discovery in this matter noting that Ms. Alexander had not sent any letter clarifying Defendant's position.  Ms. Cannavino expressed surprise, noting that she was preparing to file a motion to compel.  This information which, in turn, was a surprise to Plaintiff.  Plaintiff asked if Defendant would define exactly what was still being sought.  Ms. Cannavino agreed to send me a draft copy of the motion to compel.

Plaintiff received the draft motion late on July 29, 2004 and attempted to address and resolve the issues raised by Defendant.   By letter of July 30, 2004 Plaintiff made prompt, preliminary response to Ms. Cannavino noting, in part: "This is the first clarification which I have had from you.  I appreciate the fact that you have significantly narrowed your focus."  Plaintiff promised a complete response on Monday, August 2, and promptly provided that response as well.  See Cannavino

-3-

Affidavit, Exhibit H. In the effort to clarify the issues and resolve them, Plaintiff's letter ended by asking whether the substance of the responses was sufficient. Filing of the instant motion was how Defendant elected to make its reply.

SPECIFIC ITEMS SOUGHT BY DEFENDANT

Request No. 30: The request sought diaries, calendars and the like used by Plaintiff "from 1998 to the present" (the demands having been dated April 2, 2003). To the extent that Plaintiff had retained such materials, she has provided Defendant with all materials in her possession responsive to this demand. In fact, at Defendant's request the original materials were provided to Defendant on June 16, 2004 for examination and review. Defendant has not yet returned those originals.

Plaintiff's supplemental response dated June 10, 2003 made specific reference to the calendars provided at Cannavino affidavit, Exhibit C at Item No. 1.

Request No. 38: This request seeks any and all documents which may be introduced as exhibits at trial. Plaintiff objected to this request as it is covered by the subject matter of the Court's scheduling order which specifies the manner of filing of exhibit lists.

Plaintiff also noted the practical problem that she cannot yet accurately predict which exhibits may become relevant until all discovery is complete. This, of course, includes discovery which Defendant has been ordered to provide as the result of

-4-

Plaintiff's motion to compel (Document No. 41), but which remain outstanding, such as requested wage and benefit information which Defendant was ordered to produce. Even then, documents and exhibits not originally anticipated may become relevant for purposes of cross-examination.

<u>Request No. 39:</u>  This item seeks the billing records of Plaintiff's counsel.  It was the subject of discussion in May and June, 2003.  Counsel understood that Defendant wanted such records so as to evaluate its exposure while Plaintiff was concerned with issues of lawyer-client privilege and work product.  It was agreed that counsel would review his records in an effort to make some form of production.  This was referred to in a letter of July 5, 2003 addressed to Attorney Cannavino.  See Cannavino Affidavit at Exhibit D.

Immediately following transmission of that letter, counsel left for vacation and this matter slipped his mind.  It appears that the Defendant overlooked it as well.  Neither party raised the issue of billing records again until Ms. Cannavino wrote to counsel 11 months later by letter of June 4, 2004.

A few days later Plaintiff's counsel spoke with Ms. Cannavino on this subject.  She confirmed that the information being sought was for the purpose of allowing Defendant to consider its potential liability.  In an effort to balance Plaintiff's concerns and Defendant's desire for information, counsel prepared a summary of hours spent, broken out by month, and delivered it by hand to Ms. Cannavino on June 16, 2004.

Cannavino Affidavit at Exhibit G.  Again there was discussion of this matter and I asked Ms. Cannavino if this was sufficient for Defendant's needs.  She said she would consider it.

As Ms. Cannavino notes in her affidavit, she ultimately did respond that the summary was not sufficient.  Plaintiff's counsel went on to reiterate his concerns with the raw data in the billing records.  This took place on or about July 29, 2004, .  The conversation went on to a broader discussion, with the result that  Ms. Cannavino agreed to forward a copy of Defendant's draft motion to compel so that Plaintiff could have an opportunity to address whatever concerns Defendant had.

Plaintiff did make a comprehensive response to the draft motion on August 2, 2004, but the subject of billing records had not been raised or included in the draft motion forwarded by Ms. Cannavino.  It therefore was not addressed in Plaintiff's response.  Defendant made no comment on Plaintiff's letter of August 2.  Instead Defendant filed its motion to compel and, in that motion, resurrected the reference to billing materials.

Request No. 45:  This item seeks documents concerning the investigation conducted by Bob Ellis.  Counsel's letter of August 2, 2004 makes clear that Plaintiff has already provided all responsive materials, with the exception of the draft statements which she claims are privileged and which are now being considered by the Court in response to Defendant's motion to compel (Doc. No. 62).  A similar

-6-

representation was made under oath by Plaintiff in her initial production, See Cannavino Affidavit, Exhibit B at Item 45.

<u>Request No. 46</u> Plaintiff has had two workers compensation claims so far as she is aware. Such documents have been provided previously. See supplemental responses dated June 10, 2003 at item 7, Cannavino Affidavit, Exhibit C.

The first claim related to a back injury due to an accident which occurred climbing a telephone pole. Plaintiff received treatment from Jeffrey Summer, M.D. of New Haven Orthopedic Surgeons, P.C. This injury was in or about 1994 and documentation was provided in the Supplemental Response of 2003. The supplemental response included a typographical error in the date, incorrectly referring to the injury as having been sustained in 1984 instead of the correct year, 1994. Any confusion would have been resolved by reference to the documents provided in 2003.

The second compensable injury was to Plaintiff's elbow. This injury was incurred in 2001. All such documents which she has have been provided. Plaintiff has also provided releases for medical information and disability records. In addition, at the end of July, 2004 Plaintiff received a copy of a disability rating from Dr. Naiman, a copy of which was provided with Plaintiff's letter of August 2, 2004.

<u>Request No. 51:</u> This item seeks the production of Plaintiff's income tax returns. Tax returns are accorded a "qualified privilege." <u>Gattegno v. Pricewaterhouscoopers, LLP</u>, 205 F. R. D. 70, 72 (D. Conn 2001). They are available

only if it clearly appears that they are relevant and there is a compelling need because the information is not otherwise readily obtainable.  Gattegno, 205 F.R.D. at 73.  <u>See also</u>, <u>Bolick v. ALEA Group</u>, Civil No. 3:03CV165 (PCD) Slip Opinion Doc. No. 45.

In response to initial discovery demands Plaintiff objected, but over the objection voluntarily produced her joint tax returns for 1996, 1997, 1998 1999, 2000 and 2001, a period of six years.  This included all of the materials which she had in her possession for those years.   On July 29, 2004 when Defendant indicated that it would seek to compel additional disclosure of tax records, Plaintiff declined to make additional disclosure of her joint tax returns.

Plaintiff noted that she previously executed a release for financial information and further noted that during the entire period for which information is sought she had been employed by SNET.  She offered to voluntarily disclosure of all of her earnings and benefit information if Defendant did not already have access to such records.

This, in conjunction with the previously executed authorization for release of financial records would have given Defendant access to any information it might have needed without further invading the privilege concerning tax records.  Defendant's only response to this offer was to file its motion to compel.

Defendant has not established the elements necessary to require disclosure of tax records.

-8-

WITHDRAWAL OF OBJECTIONS

In the draft motion provided on July 29 in an effort to define open discovery issues, there was merely an open ended request to "withdrawing its objection . . . ." The motion filed with the Court significantly narrows this earlier demand, now seeking withdrawal of objections filed in response to items 29, 32 and 49.

Items 29 and 32 sought notes, logs and like materials in Plaintiff's possession. Plaintiff has produced all such materials in her possession, but asserted lawyer client privilege with respect to a few isolated passages. These two or three passages contained notations memorializing comments made to Plaintiff by her counsel and in those instances, the redacted areas were noted and explained. There is also this issue of the draft of the statement given to Mr. Ellis now pending before the Court. Plaintiff now stands by her limited objections in these instances, subject to the findings of the Court.

Item 49 broadly seeks all documents which constitute, refer to, or relate to any communications concerning this lawsuit or any matter encompassed by the Complaint. It is so broad that it is virtually impossible be certain of full compliance. However, Plaintiff has produced everything she can identify including all emails which she had concerning the Elizabeth Street facility and its personnel, all emails and correspondence with SNET employees, all correspondence and the like. As was earlier noted in conversation with counsel, if Defendant would narrow or limit this

-9-

request with a time frame or otherwise, we would withdraw the objection. As it is, Plaintiff has done her best to produce all that she has.

ADDITIONAL SPECIFICATION OF SUP-
PLEMENTAL PRODUCTION OF JULY 5, 2003.

Plaintiff made supplemental production on July 5, 2003[2]. A copy of the response, without the attached documents, is set forth in Attorney Cannavino's affidavit as Exhibit C. This supplemental production, dated June 10, 2003 notes with fair specificity what was provided. Further, the supplemental production was the direct result of extensive conversations between the parties.

Defendant now seeks to have Plaintiff identify which documents were responsive to specific demands for production. Given the conversations which the parties had, and also in light of the identification of what was included for production on June 10, 2003, this is unnecessary. Further, none of the unusual circumstances which were present in the two cases cited by Defendant are present here. There is another issue as well.

The requests served by Defendant were often duplicative and overlapping. Doubtless this was done in an effort to be certain that all relevant materials were

---

[2] The production was dated and signed on June 10 but not served until July 5. The delay was caused by the negotiation of a confidentiality agreement. Plaintiff sent a proposed agreement to Defendant on May 20, 2003, and first received a response on or about July 2, 2003.

reached and discovered. However, it makes specification of response extremely difficult. For example, the calendars containing the notes which Plaintiff made about the events of her employment could be responsive in one way or another to virtually all of the first 28 requests which ask for documents concerning the complaint allegations. In addition, Requests 29, 30, 32, 33, 45 and 47 all seek calendars, notes, and statements relating to the events in this case. Again, Plaintiff's calendars are probably responsive, in some measure to all of these requests.

For a second example, treatment records from Plaintiff's psychologist were included in the supplemental production. These records are responsive to many production requests including, by way of example but without limitation, numbers 18 (Documents showing that Plaintiff was treated for depression); 19 (Documents showing that Plaintiff's doctor suggested her return to work); 23 (Documents concerning Plaintiff's return to full-time employment); and 34 (written statements from potential witnesses).

Defendant's request for specification should not be honored under these circumstances.

CONCLUSION

For all of the foregoing reasons Plaintiff respectfully prays that Defendant's motion to compel be denied in its entirety.

                                                  THE PLAINTIFF
                                                  KIMBERLY BACHIOCCHI

By: _____
      Peter E. Gillespie (ct06554)
      46 Riverside Drive
      P. O. Box 3416
      Westport, CT 06880
      Tel: (203) 227-7000
      Fax:(203) 454-5508
      Email:petelaw@attglobal.net

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the forgoing was transmitted by first class post this 27th day of August, 2004 to the following:

Lori B. Alexander, Esq.
Tyler, Cooper & Alcorn, LLP
205 Church Street
New Haven, CT 06510

Deborah DeH. Cannavino, Esq.
Tyler, Cooper & Alcorn, LLP
One Landmark Square
Stamford, CT 06901

_____
Peter E. Gillespie