UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| KIMBERLY BACHIOCCHI, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION No. 3:02CV908(CFD) |
| | * | |
| v. | * | |
| | * | |
| SOUTHERN NEW ENGLAND TELEPHONE COMPANY, | * | August 27, 2004 |
| | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AFFIDAVIT OF PETER E. GILLESPIE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL (Doc # 122)

I, Peter E. Gillespie, being duly sworn, depose and state as follows:

1. I am over 18 years of age and I believe in the obligations of an oath.

2. I represent the Plaintiff in the above-captioned matter and I have been her counsel of record since the inception of this litigation.

3. This affidavit is submitted in opposition to Defendant's Motion to Compel dated August 5, 2004.

4. Defendant's first set of demands for production were served and responded to in the Spring, 2003. Thereafter, in May and June, 2003 the parties conducted several lengthy discussions in an effort to resolve outstanding issue. Cannavino Affidavit, ¶¶4-6. Plaintiff then supplemented her production. Although her supplemental response had

been prepared and signed on June 10, 2003, it was not served upon Defendant until July 5, 2003. The delay was encountered while Plaintiff waited for Defendant to respond to a proposed confidentiality agreement. Plaintiff forwarded a proposed agreement on May 20, 2003. Defendant responded on July 2, 2003.

5. Having provided her supplemental responses Plaintiff thought that she had fully complied, subject only to a question of billing records. Other than that item, however, as Attorney Cannavino notes in her affidavit, Defendant did not raise additional issues or concern between July 5, 2003 and May 28, 2004.

6. Notwithstanding that the motion for a protective order remains pending, Defendant noticed Plaintiff's deposition for July 15, 2004. Defendant inquired as to whether Plaintiff would attend and counsel confirmed that she would do so. Shortly after receiving this confirmation, Defendant telephoned counsel a second time and said that Defendant had decided to mark of the deposition. I then spoke with Attorney Alexander and inquired why Defendant was not going forward with the Deposition which it had noticed.

7. In our telephone conversation Ms. Alexander told me that there were too many documents still at outstanding and she could not go forward under those circumstances. I expressed some surprise, noting that I thought we had narrowed the field to single outstanding motion to compel concerning a draft of a statement which had been given to SNET Investigator Bob Ellis (Doc. #62). Ms. Alexander said that there were many

-2-

more matters as referred to in the letter of May 28, 2004 and she would send me a letter fully explaining her position. I told her that I would review the letter of May 28 in light of her newly promised letter as soon as it was received. Neither Ms. Alexander nor Ms. Cannavino ever sent such a letter.

  8. This matter was next discussed on or about July 29, 2004. Ms. Cannavino placed a telephone call to me on an unrelated matter. At the conclusion of the subject which she had called about, I raised with her the subject of discovery in this matter. I noted that I had not received any letter from Ms. Alexander and I was uncertain as to what issues were outstanding. Ms. Cannavino then expressed surprise, noting that she was preparing to file a motion to compel, information which, in turn, was a surprise for me. I asked if Defendant would define what was still being sought. Ms. Cannavino agreed to send me a draft copy of the motion to compel for this purpose. She did send it promptly and I received it by email on July 29, 2004. A copy of the draft motion which was sent to me is attached a Exhibit A.

  9. By letter of July 30, 2004 Plaintiff made prompt, preliminary response to Ms. Cannavino noting, in part: "This is the first clarification which I have had from you. I appreciate the fact that you have significantly narrowed your focus." Plaintiff promised a complete response on Monday, August 2. A copy of this letter is attached as Exhibit B. As promised, Plaintiff did respond more fully by letter of August 2, 2004. See Cannavino Affidavit, Exhibit H. That final letter ended with a request for Defendant to "let

-3-

me know if the substance of these responses is sufficient."

    10. Defendant's only response to the letter of August 2 was to file its motion to compel. A comparison of the draft motion to the final filed version shows that as a result of the dialog between the parties, the number of items at issue has declined from a total of 18 to a net of 6, one of which (Request No. 39) had not been included in the draft sent to counsel on July 29, 2004.

I have read the foregoing affidavit and I swear that it is true to the best of my knowledge and belief.

                                                                                                _____
                                                                                                Peter E. Gillespie

Subscribed and sworn to before
me this      day of August, 2004.


_____

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the forgoing was transmitted by first class post this 27th day of August, 2004 to the following:

Lori B. Alexander, Esq.
Tyler, Cooper & Alcorn, LLP
205 Church Street
New Haven, CT 06510

Deborah DeH. Cannavino, Esq.
Tyler, Cooper & Alcorn, LLP
One Landmark Square
Stamford, CT 06901

_____
Peter E. Gillespie