UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

KIMBERLY BACHIOCCHI

    Plaintiff,

v.

SOUTHERN NEW ENGLAND
TELEPHONE COMPANY

    Defendant.

: CIVIL ACTION NO.
: 3:02CV908(CFD)
:
:
:
:
:
: SEPTEMBER 10, 2004

---

### DEFENDANT'S REPLY TO
### OPPOSITION TO MOTION TO COMPEL

The defendant, the Southern New England Telephone Company ("SNET"), submits this reply brief in response to Plaintiff's Opposition to Defendant's Motion to Compel Responses to Defendant's First Request for the Production of Documents dated August 27, 2004 ("Plaintiff's Opposition").

**A.    Plaintiff's Obfuscating Tactics Should not be Credited.**

In her Opposition, plaintiff argues that SNET's lack of a purported "clarifying" letter somehow negates its obligation to respond to discovery. Indeed, it has been plaintiff's pattern throughout discovery in this case to provide partial and piecemeal answers to discovery and then claim that SNET is at fault for her non-disclosures because it did not repeatedly remind her about her insufficient responses. Plaintiff's position lacks merit.

The following has occurred with respect to the discovery items at issue in the Motion to Compel: SNET served discovery requests; plaintiff failed to respond in a timely fashion thereby waiving her objections; when plaintiff did respond, her responses were incomplete; counsel for the parties discussed at great length plaintiff's responses; plaintiff agreed to supplement her responses, yet she did not provide all information promised or requested; SNET wrote a detailed letter outlining the deficiencies;[1] plaintiff's counsel still did not respond (and instead moved for a protective order); plaintiff's counsel finally provided a written response which was still incomplete; and, last, SNET moved to compel the remaining information (as a courtesy, sending a copy of the draft motion to plaintiff's counsel before filing it).

Simply put, defense counsel have more than met their obligations to discuss the outstanding discovery with plaintiff prior to filing a motion to compel. There is no obligation for defendant to write plaintiff yet another letter "clarifying" what information they are really seeking.[2] The requests speak for themselves. They are relevant and discoverable and should have been answered by plaintiff a year ago. Plaintiff is improperly trying to shift her burden of

---

[1] Clearly, SNET had no obligation to write such a letter after the parties' good-faith conference and after plaintiff nonetheless failed to comply. Yet SNET did so in the form of a multi-page letter as a final attempt to obtain full and complete discovery responses without Court intervention.

[2] Nor did defense counsel, contrary to plaintiff's assertion, ever indicate that it would send yet an additional letter "clarifying" the very clear May 28, 2004 letter.

2

responding to discovery onto the defendant.[3] Discovery "must not be allowed to degenerate into a game of cat and mouse." See Thibeault v. Squared Co., 960 F.2d 239, 244 (3d Cir. 1992).

**B.  Plaintiff Should be Required to Provide Formal Supplemental Responses Rather than Relying on Letters from Counsel and Oral Representations.**

In her Opposition, plaintiff claims, among other things, that she should not be required to comply with the requirements of the Federal Rules by identifying which documents are responsive to which requests, and which requests were supplemented. The sole reason she offers for her position is that some of the documents produced are responsive to more than one request. Opposition at 10-11. This is not a proper reason for failing to produce documents in accordance with the Federal Rules. Plaintiff needs to identify which documents are responsive to which requests and which requests have been supplemented by her supplemental production, even if she has to list "Exhibit 1" (for example) in response to several requests. See Middle Market Financial Corp., v. D'Orazio, 1997 WL 394958 (S.D.N.Y. 1997) (copy attached) (requiring defendant to specifically identify and produce responsive documents or state that no responsive documents exist, finding "any other result would transmogrify discovery into a game of cat and mouse.").

---

[3] Another example of this conduct is Plaintiff's further argument that defendant's Motion to Compel should be denied because defense counsel allegedly waited too long to tell plaintiff that her responses were incomplete. As discovery was coming to a close, defense counsel reviewed the plaintiff's submissions and found that, despite her counsel's representations that he had provided everything, they were still incomplete. Plaintiff's argument seeks to obfuscate the real issue, which is that the plaintiff still has not made a full response to the defendant's first set of discovery, notwithstanding multiple communications among counsel.

Second, plaintiff appears to claim that her representations in her Opposition brief or orally through her counsel to defense counsel that there are no further responsive documents to certain requests should suffice, and that SNET is not entitled to written answers stating that there are no responsive documents on the Requests. SNET disagrees. SNET should not have to cull through the dozens of letters between counsel in this case to determine whether any of them contained a representation by counsel that plaintiff had no responsive document to any particular discovery request. Nor would plaintiff's counsel's oral representations along the same lines be sufficient, as they would not be admissible at trial to show that plaintiff had no responsive documents to any request. SNET is entitled under the Federal Rules to a clear response placed underneath each Request, as served, even if the response is simply "No responsive documents." This is not at all burdensome for plaintiff or her counsel, and her continued refusal to provide this kind of clear response is indicative of a strategy of obstructionism.

### C. Plaintiff Should be Compelled to Provide Billing Records Responsive to Request No. 39.

Plaintiff's Opposition does not offer any basis for her refusal to provide attorney billing records sought in Request No. 39, in a case where she claims attorney's fees as damages <u>and</u> where her counsel does not dispute that he previously promised to provide such information. Instead, plaintiff once again attempts to obfuscate the issues by blaming defense counsel for her failure to comply with her discovery obligations. Plaintiff first claims that this request was not included in the draft Motion to Compel counsel forwarded to him prior to filing as a courtesy at

4

his request. Opposition at 6. However, SNET's request for this information was contained in three (3) writings and was discussed orally by counsel on a number of occasions. See Exhibits B, E and F to Affidavit of Deborah DeHart Cannavino in Support of Def.'s Motion to Compel Pl.'s Response to Def.'s First Request for the Prod. of Docs. dated August 5, 2004 ("Affidavit"). Furthermore, plaintiff's counsel agreed, in writing, to provide this information in July 2003, over a year ago. Exhibit D to Affidavit. Yet, it still has not been produced.

### D.   Plaintiff's Income Tax Records are Discoverable.

In her Opposition, plaintiff claims that she has already executed a "release for financial records." Opposition at 8. She is correct. At the direction of the Court, plaintiff did finally sign a release for certain financial records.[4] However, contrary to plaintiff's implication, this release did not include tax records and cannot be used to obtain such records from the Internal Revenue Service. A form to obtain tax records was forwarded to the plaintiff in February 2003, and plaintiff has refused to execute it. If she had executed it, defendant would obviously not have moved to compel this information.

With respect to the issue of tax records, the case cited by the plaintiff in her Opposition, Gattegno v. Pricewaterhousecoopers, LLP, 205 F.R.D. 70 (D. Conn. 2001), is inapposite. In sharp contrast to Gattegno, here, plaintiff has not provided all of her W-2 forms for herself and her husband for the years at issue, nor has she provided all other discovery requested with the sole

---

[4] This related to certain investment and retirement fund records which were discussed at a prior deposition of the plaintiff.

exception of the tax returns. Here, the records are relevant not only to her claim for lost wages, but also, unlike Gattegno, to her emotional state and her claim for emotional distress damages. See, e.g., Order June 22, 2004 granting Motion to Compel (#55). Moreover, the Court in Gattegno conducted its own in camera review of the income tax records to confirm that they matched exactly the W-2's already provided, and that they included no other discoverable information.

Even so, based upon the Gattegno test, the plaintiff's tax returns are discoverable in the present case. First, they are clearly relevant to both the plaintiff's claims for lost wages and her claims for emotional distress. Secondly, there is a compelling need for the information contained in the tax returns because it is not readily available and has not been provided by the plaintiff.

### E. Plaintiff Should be Compelled to Provide a Complete Response to Request No. 45.

Request No. 45 seeks all documents concerning, evidencing or memorializing the investigation conducted by Mr. Ellis of SNET into plaintiff's internal complaint. *Plaintiff did not object to this request.* Therefore, she should be required to provide a complete response to this obviously relevant and discoverable Request.

### F. Plaintiff Should be Compelled to Provide all of her Calendars.

Request No. 30 seeks all calendars, appointment books and any other scheduling and memorializing materials used by the plaintiff from 1998 to the present.

In her Opposition, plaintiff once again tries to place the blame on defense counsel for her

failure to comply with discovery by arguing that originals of the 1999 and 2001 calendars were provided to defense counsel and have not yet been returned.[5] However, this does not change the fact that plaintiff has failed to provide calendars for 1998, 2002, 2003 and 2004.

Based upon the foregoing and the facts and legal authority set forth in Defendants' Memorandum of Law in Support of its Motion to Compel and supporting documents, SNET respectfully requests that its Motion to Compel be granted, and that the plaintiff be ordered, pursuant to Rule 37of the Federal Rules of Civil Procedure, to reimburse defendant's costs, including attorneys' fees, of obtaining this information.

THE DEFENDANT,
SOUTHERN NEW ENGLAND
TELEPHONE COMPANY

By: /s/ Lori B. Alexander
Lori B. Alexander (CT08970)
Deborah DeHart Cannavino (CT08144)
Tyler Cooper & Alcorn, LLP
205 Church Street
New Haven, Connecticut 06509
Tel. (203) 784-8200
Fax No. (203) 789-2133
E-Mail: alexander@tylercooper.com

---

[5] Plaintiff's Opposition was the first request plaintiff made for their immediate return. SNET would have preferred to question Ms. Bachiocchi with the original documents at the final day of her deposition. However, the originals have now been returned to plaintiff's counsel on this date.

7

Westlaw.

1997 WL 394958                                                                                    Page 1
1997 WL 394958 (S.D.N.Y.)
(Cite as: 1997 WL 394958 (S.D.N.Y.))

H
Only the Westlaw citation is currently available.

United States District Court, S.D. New York.

MIDDLE MARKET FINANCIAL
CORPORATION, successor to SYMBAX, INC. and
Steven M.
BRIER, Plaintiffs,
v.
Marino D'ORAZIO, SPIEGEL, PERGAMENT,
BROWN & BASSO. n/k/a SPIEGEL, BROWN &
FISCHERA, and MAINETTI, MAINETTI &
D'ORAZIO, f/k/a MAINETTI & MAINETTI,
Defendants.

No. 96 CIV. 8138 SWK HBP.

July 11, 1997.

Donald F. Schneider, Feltman, Karesh, Major & Farbman, New York, New York, Timothy J. Lenane, Schiavetti, Geisler, Corgan et al., White Plains, New York.

MEMORANDUM OPINION AND ORDER

PITMAN, United States Magistrate Judge.

*1 By letter dated June 16, 1997, plaintiffs in this legal malpractice action seek an Order compelling certain discovery and awarding sanctions. After considering defendants' responsive letter dated June 24, 1997, plaintiff's motion is granted in part and denied in part as follows.

I. *Insurance Policies*

First, plaintiffs seek an Order compelling production of certain insurance policies. Defendants respond by stating the documents are available for inspection and cite alleged deficiencies in plaintiffs' own document response.

The express terms of Rule 34 entitle a party to copies of his adversary's documents; Rule 34 does not merely provide a right to inspect. If defendants have an issue with plaintiffs' discovery response, their remedy is to make their own request for an Order pursuant to Rule 37; it is not appropriate for a party simply to disregard the requirements of the discovery provisions in retaliation.

Accordingly, within ten (10) business days of the date of this Order, defendants shall produce copies of all insurance policies requested to plaintiffs. The reasonable costs of such copies shall be borne by plaintiffs.

II. Responses to Requests 1 And 4 of Plaintiff's *Second Document Request*

Plaintiffs object to defendants' responses to plaintiffs' Requests 1 and 4 of plaintiff's Second Document Request on the ground that the responses state that responsive documents, "if any," will be made available for inspection. The responses do not specify whether responsive documents actually exist. Defendants counter by claiming that they have merely responded to plaintiffs' requests in the same manner that plaintiffs responded to their requests.

The two document requests in issue seek copies of counterclaims and an affidavit of service concerning another action. Since the two requests are narrowly drawn, there is no reason why defendants should not be required to either specifically identify and produce the responsive documents or state that no responsive documents exist. Any other result would transmogrify discovery into a game of cat and mouse.

Accordingly, within ten (10) business days of the date of this Order, defendants shall either specifically identify the documents responsive to Requests 1 and 4 of Plaintiffs' Second Document Request or, in the alternative, provide an affidavit that no responsive document exist.

III. *Sanctions*

Plaintiffs request for the imposition of sanctions under Rule 37(a) is denied. Where, as here, the dispute arises out of the adequacy of discovery responses and does not result from a wholesale failure to respond, violation of an Order compelling discovery is a condition precedent to the imposition of sanctions. *Salahuddin v. Harris,* 782 F.2d 1127, 1131 (2d Cir.1986); *Israeli Aircraft Industries, Ltd. v. Standard Precision,* 559 F.2d 203, 208 (2d Cir.1977). Since there has been no prior Order compelling discovery, plaintiffs' request for sanctions must be

1997 WL 394958  
1997 WL 394958 (S.D.N.Y.)  
**(Cite as: 1997 WL 394958 (S.D.N.Y.))**

Page 2

denied.

IV. Responses to Requests 2 And 3 of Plaintiffs' *Second Document Request*

**2** Finally, plaintiffs seek documents concerning the payment of referral fees by Marc Miller to defendants, and vice versa, for the period from January 1989 through December 1994. Again, defendants object on the ground that this request is purportedly inconsistent with objections plaintiffs have asserted in their own discovery responses and further claim that the document sought will be inadmissable pursuant to Rule 407.

Defendants' inconsistency objection is without merit. If defendants believe plaintiffs' positions are without merit, defendants should make their own motion to compel discovery. In addition, even if I assume that the documents in issue are inadmissible, that factor is not controlling in discovery. Rule 26(b)(1), Fed.R.Civ.P.

Plaintiffs have shown that the documents sought are sufficiently relevant to permit discovery. I express no opinion concerning the admissibility of the documents sought at trial.

Accordingly, within ten (10) business days of the date of this opinion, defendants shall either specifically produce and identify documents responsive to Requests 2 and 3 of Plaintiffs' Second Document Request or, in the alternative, provide an affidavit that no responsive documents exist.

SO ORDERED.

1997 WL 394958 (S.D.N.Y.)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed first class mail, postage prepaid, to all counsel and pro-se parties of record this 10th day of September, 2004:

Peter E. Gillespie, Esq.
46 Riverside Avenue
P.O. Box 3416
Westport, CT 06880

_____
Lori B. Alexander

8