UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2004 SEP 26  A 9:00

U.S. DISTRICT COURT
HARTFORD, CT.

KIMBERLY BACHIOCCHI,
       -Plaintiff

-v-                              3-02-CV-908 (CFD)

SOUTHERN NEW ENGLAND
TELEPHONE COMPANY,
       -Defendant

### RULING ON MOTION TO COMPEL (Dkt. 122)

This is the latest in a series of discovery motions that the plaintiff's unjustified recalcitrance has necessitated. Prior warnings have been unavailing. Plaintiff continues to skirt the rules, imposing unnecessary costs on the defendant.

**The pending motion is granted in its entirety.** The defendant should never have had to file this motion, the fifteen page memorandum that accompanies it, or the eighty pages of exhibits the court has had to wallow through in an attempt to fathom why plaintiff has acted as she has.

The following are findings, which, if 28 U.S.C. § 636(b)(1)(A) is to have any sway at all, are reviewable pursuant to the "clearly erroneous" statutory standard of review:

(1) The discovery that is sought by this motion is the subject of a discovery request to which the plaintiff failed to interpose

a timely objection. The law is clear that an objection which is not timely made is waived. The court finds that the plaintiff has waived her objection to each and every discovery request that she has resisted;

(2) The court has nevertheless considered each of the untimely objections that plaintiff has interposed and overrules them because they are unmeritorious. The information that defendant seeks is relevant, non-privileged, and not unduly burdensome to produce;

(3) Plaintiff's invocation of the attorney-client privilege is simply unmeritorious. The plaintiff does not seem to understand that the burden of establishing privilege belongs to the party asserting the privilege. It is not the defendant's burden to prove that the privilege does *not* apply with respect to documents as to which the claim of privilege has been improperly perfected. Where privilege is asserted, Local Rules require the preparation of a privilege log, non-privileged portions of documents are to be produced in redacted form, and the one asserting the privilege is expected to provide the court with adequate analysis and case authority to support its position. The plaintiff has failed to do this. The court questions the *bona fides* of plaintiff's attempt to withhold documents on grounds of privilege. In connection with yet another motion to compel that defendant was forced to file, the court has reviewed other documents which it ordered submitted for

in camera review. On examination, the court found that the documents were not only unprivileged, but that even a modicum of effort on plaintiff's part would have made this clear. Having so reviewed the documents in question, the court believes that plaintiff's counsel was improperly attempting to conceal discoverable documents.

Perhaps defense counsel should have filed her motion to compel sooner, but she reasonably believed that plaintiff's lawyer would make good on his representations to supply the requested documents. She has been burned once again. But the plaintiff was in no way prejudiced by defendant's patiently waiting for her to do what she was legally obligated to do.

Plaintiff's lawyer now attempts to resuscitate his long-lapsed right to object by belatedly offering his interpretation of various conversations that he purportedly had with defendant's counsel, inviting the court to deconstruct his attempts to bargain his way out of providing discovery that the plaintiff is legally bound to provide. The court declines to do this. The defendant is entitled to the discovery it has requested. Plaintiff's attempt to portray herself as the victim of unfair or oppressive conduct on defendant's part is simply not true.

**IT IS ORDERED** that within 15 days of this date the plaintiff will provide complete responses to Requests Nos. 30, 38, 39, 45, 46

and 51 of Defendant's February 6, 2003 Request for the Production of Documents;

**IT IS ORDERED** that within 15 days of this date the plaintiff will provide a sworn, signed supplemental discovery response identifying which documents in her supplemental production of July 5, 2003 were in response to which specific requests;

**IT IS ORDERED** that the plaintiff's objections to Requests Nos. 29, 32 and 49 are overruled, and that the the plaintiff will respond to the aforesaid discovery requests fully and completely within 15 days hereof.

At the conclusion of all proceedings in this case, on application, the court will consider the amount of attorney's fees to be awarded in connection with this motion.

This is not a "recommended ruling."  This is a discovery ruling and order.  It is subject to review by the trial judge, if timely sought, pursuant to the "clearly erroneous" or "contrary to law" standard that is prescribed by 28 U.S.C. §636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure.

**Dated at Hartford, Connecticut, this 26th day of September, 2004.**

Thomas P. Smith
United States Magistrate Judge