THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

* * * * * * * * * * * * * * * * * * *
KIMBERLY BACHIOCCHI,

    Plaintiff,

v.                                                                CIV. ACTION NO. 02-CV-908 (CFD)

THE SOUTHERN NEW
ENGLAND TELEPHONE
COMPANY,

    Defendant.                                                  OCTOBER 8, 2004
* * * * * * * * * * * * * * * * * * *

## DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR ORDER AND SANCTIONS

This is the objection of defendant Southern New England Telephone Company ("SNET") to Plaintiff's Motion for Order and Sanctions dated September 17, 2004 ("Motion for Order"). Plaintiff's Motion relates to an Order of the Court requiring SNET to respond to several items of discovery requested by the plaintiff in this action. Those items fell into three categories: (1) investigations and related materials, (2) limited wage, benefit and performance information concerning other employees, and (3) sign out logs for SNET's Elizabeth Street facility. SNET complied promptly with the Order concerning investigations and related materials and sign out logs for the Elizabeth Street facility.

It is true that SNET had not served the wage, benefit, and performance information concerning co-workers at the time of plaintiff's motion, but SNET was gathering the

*ORAL ARGUMENT IS NOT REQUESTED*

information responsive to the broad request. Many sources had to be consulted to ensure that all responsive documents were located. Defense counsel had in fact written to plaintiff's counsel asking for clarification concerning the requested wage-related information, and plaintiff's counsel was clearly aware SNET was gathering information to prepare its response.[1] While admittedly not a requirement of the Federal Rules, SNET has repeatedly extended plaintiff's counsel the courtesy of (multiple) telephone calls concerning outstanding discovery prior to filing any motion related to discovery. By contrast, plaintiff's counsel, knowing SNET was gathering and preparing responsive documents, filed his Motion for Order without contacting defense counsel.

Prior to filing this Objection, SNET has now responded to the remaining request concerning wage, benefit, and performance information regarding other employees. The materials have been sent to plaintiff's counsel.

---

[1] Prior to plaintiff's Motion to Compel being filed, in response to the original discovery request, SNET had provided wage and commission information for the co-workers identified in the request for the period in question. In response to the Motion to Compel, the Court ordered defendant to provide "all materials which are responsive," not just the compensation charts previously provided.

2

For the above reasons, SNET respectfully requests that the Motion for Order be denied, inasmuch as the documents in question have been provided.[2]

THE DEFENDANT,
THE SOUTHERN NEW ENGLAND TELEPHONE
COMPANY

By *(signature)*
Lori B. Alexander
Federal Bar No. CT08970
Tyler Cooper & Alcorn, LLP
205 Church Street
New Haven, Connecticut  06509
Tel. (203) 784-8200
Fax No. (203) 789-2133
E-Mail: alexander@tylercooper.com

---

[2] Pursuant to its continuing duty to disclose, if additional responsive documents are located, they will be produced to the plaintiff.

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was sent via first-class mail, postage prepaid to all counsel and *pro se* parties of record on this 8th day of October, 2004 as follows: Peter E. Gillespie, Esquire, 46 Riverside Avenue, Post Office Box 3416, Westport, Connecticut 06880.

_____
Lori B. Alexander
Federal Bar No.: CT08970