UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

*****************************************

KIMBERLY BACHIOCCHI,          *
                              *
            Plaintiff,        *        CIVIL ACTION No. 3:02CV908(CFD)
                              *
      v.                      *
                              *
SOUTHERN NEW ENGLAND          *        October 16, 2004
TELEPHONE COMPANY,            *
                              *
            Defendant.        *
*****************************************


## PLAINTIFF'S REPLY TO OBJECTION TO MOTION FOR ORDER

Plaintiff filed a motion for Order and Sanctions (Document No. 129). Defendant has

filed an Objection to that motion (Document No. 137). Plaintiff believes that Objection is

not well founded and submits this Reply.

The Court has ordered Defendant to produce "all records as will show job

functions, performance reviews, performance ratings, wages, other forms of compensation

 .   .   .  ." (Emphasis in original.) In its Objection Defendant's main point seems to be

that it now has made production.

Defendant's Production

Defendant did serve some materials which were received by Plaintiff on or about

October 7[1]. The only document provided concerning wages or benefits was a heavily

_____

[1]

The job pay histories produced are believed to be computer generated and
show, on their face, that they were created on October 5, 2004, three days

coded job pay history for each employee during the relevant period.  No key for the code or explanation of it was provided.  An excerpt of Plaintiff's pay history for the relevant period is included as Exhibit A.  That document is exemplative of the materials produced by the Defendant and will, where necessary, provide a basis for discussion.

Defendant also produced comment cards submitted by Linx customers and a few letters of comment which were redacted without explanation through a privilege log or otherwise.  Defendant also produced five separate pages of incomplete or partial evaluation, appraisal and feedback forms.

A. The Job Pay Histories.  Although it is difficult for Plaintiff to decipher these forms without a key to the codes used or an explanation of the document, it may be that they do provided a base wage history for each employee.  They are most notable, however, for what they do not include.  For example, the pay histories do not show the bonus treatment afforded to each of the five employees, nor how they were rated for their participation in the bonus incentive plan, known as the compensation plan.  The compensation plan has been a significant issue in dispute.  The Complaint alleges that as one of the many adverse actions taken against Plaintiff was the arbitrary reduction of her compensation rating.  Complaint ¶31(H)(iv).

Similarly, the wage histories do not show how the individual employees were rated

preceeding Defendant's Objection.  This hardly seems to support Defendant's claim an extensive effort to gather relevant in formation from "many sources."

for their participation in the compensation plan.

Defendant is correct that it had written to Plaintiff concerning wage information. Plaintiff responded by letter of August 17, 2004, 30 days before she filed her motion for order[2]. A copy of that letter is attached hereto as Exhibit B. Defendant was provided with a copy of the exemplative document which it claimed it was unable to find for itself. That document is an orderly, and largely self-explanatory summary of Plaintiff's individual treatment under the compensation plan. It shows, starting at the far left, an individual's rating for participation in the compensation program, and the three components of payments made each month: the first for individual performance, labeled "Individ. Perf.," the second and third components for team or group performance respectively labeled "PTS Contri. $ Earned" and "CBG OP. Prof. $ Earned." The chart is clear, simple and easy to decipher.

However, having sought and received this information Defendant did not produce a single chart for any of the employees at issue. Nor do the job histories provide any of the compensation plan information. For example, Compare Exhibits A and B. Defendant has tried to ignore this component of compensation altogether.

Another item completely absent from the pay histories is any indication of overtime

---

2

> In light of the fact that Plaintiff had responded to Defendant in writing on August 17, the current claim that Plaintiff was acting discourteously in filing her motion without a telephone call to Defendant seems insubstantial. Plaintiff allowed 30 days from the date of her letter for Defendant to make production, but heard nothing. It was, by then, over 100 days since the Court had issued its order compelling Defendant to produce all records.

assignments or the availability of compensatory time for the five relevant employees. These items are addressed in the Complaint at ¶31(H)(ii) and (iii).

Even with respect to the small amount of relevant information that they do provide, the pay histories were not supported by any back-up documentation, such as Payroll Change Report forms, a standard SNET form identified by SNET Human Resources manager Laurie Moffett at her deposition and referred to in Plaintiff's letter of August 17, Exhibit B.

###### B.  Performance Reviews and Ratings

Like many large corporations SNET has a policy of providing annual written reviews and evaluations to its employees.  In the normal course one would have expected to see 15 complete evaluations covering a three year period for five employees.  However, in Defendant's production there appears to be only one partial copy of a review for a single employee included.

###### C.  Job Functions

Defendant has been ordered to supply all records showing the job functions of the individual employees at issue.  There does not appear to be a single SNET submission responsive to this request.  There are no job descriptions, training manuals, job checklists, nothing.

-5-

CONCLUSION

Defendant appears to have engaged in an effort to make minimal production attempting to hide more than it revealed. This technique has left Plaintiff to try to identify the records of Defendant which are necessary and relevant.

Plaintiff respectfully submits that this is a prejudicial reversal of proper function. It is Defendant's task to identify and produce "all records" within the scope of the Court's Order. These are Defendant's records. It is Defendant which is best prepared and equipped to know what records it has and to produce, in good faith, those which are relevant.

For the reasons set forth above, Plaintiff does not believe that Defendant's meager, last minute production is adequate to the task. Respectfully, she renews her request for an Order and sanctions.

THE PLAINTIFF
KIMBERLY BACHIOCCHI


By:_____
Peter E. Gillespie   (Ct06554)
Her Attorney
46 Riverside Avenue
Westport, CT 06880
Tel: (203) 227-7000
Fax:(203) 454-5508
E-Mail: petelaw@mac.com

-6-

CERTIFICATE OF SERVICE


The undersigned hereby certifies that a true copy of the forgoing was transmitted

by first class post this 16th day of October, 2004 to the following:


Lori B. Alexander, Esq.
Tyler, Cooper & Alcorn, LLP
205 Church Street
New Haven, CT 06510

Deborah DeH. Cannavino, Esq.
Tyler, Cooper & Alcorn, LLP
One Landmark Square
Stamford, CT 06901


_____
Peter E. Gillespie