THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
* * * * * * * * * * * * * * * * * * *  *
                                       *
KIMBERLY BACHIOCCHI,                   *
                                       *
                                       *
    Plaintiff,                         *
                                       *
v.                                     *  CIV. ACTION NO. 02-CV-908 (CFD)
                                       *
                                       *
THE SOUTHERN NEW                       *
ENGLAND TELEPHONE                      *
COMPANY,                               *
                                       *
    Defendant.                         *  NOVEMBER 9, 2004
                                       *
* * * * * * * * * * * * * * * * * * *  *
```

### DEFENDANT'S SUR-REPLY TO REPLY TO OBJECTION TO MOTION FOR ORDER

The defendant, The Southern New England Telephone Company ("SNET"), hereby files its brief Sur-Reply to Plaintiff's Reply to Objection to Motion for Order dated October 16, 2004.

The sole production at issue in plaintiff's Reply is Request for Production No. 6, of Plaintiff's First Request for Production. Request No. 6 states as follows:

> Please produce all records as will show the job functions, performance reviews, performance ratings, wages, other forms of compensation and benefits received by Richard Green, Ronald Durza, Chris Manouse, Keith Casey and Frank Andrews during the period January 1999 through December 31, 2001.

In addition to SNET's initial objection, it has provided 5 supplemental disclosures relating to Plaintiff's

First Set of Requests for Production, as follows:

September 30, 2003: Supplemental responses to requests for production (Bachiocchi personnel documents)

July 3, 2004 (following the Court's order on plaintiff's Motion to Compel): Supplemental responses to requests for production (Asset Security Investigative Report, human resources file concerning Nick Faiella, sign-in/sign out logs, CHRO Complaint by Nick Faiella, written complaints about Faiella and Bachiocchi by co-workers). Some of these documents had previously been produced to the plaintiff outside of the discovery process.

October 6, 2004: Supplemental responses to requests for production (complete Job Pay Histories for 5 co-workers requested, wage adjustment document from Frank Andrews personnel file, documents from personnel files of 5 co-workers reflecting customer input concerning performance, all performance appraisals for the requested period for the 5 co-workers located in personnel files). In a telephone call, the undersigned informed plaintiff's counsel that it was investigating further to determine whether additional evaluations existed outside of the personnel file for these 5 individuals.

Upon further investigation, additional performance evaluations for some of the 5 co-workers were located outside of the personnel files. Upon locating such documents, the following were produced:

October 19, 2004: Supplemental responses to requests for production (additional performance evaluations for Richard Greene, Keith Casey, Ronald Dursza, Frank Andrews, and Chris Manouse, as well as a wage adjustment document for Frank Andrews and letters from customers concerning the work performance of Frank Andrews and Keith Casey; and job descriptions for each position held by the 5 co-workers during the period requested).

In response to the plaintiff's Reply, SNET has now provided, in addition to the above, separate electronically stored "Compensation" (i.e., individual and team bonus) information for the 5 co-workers for the time requested (in addition to the full Wage Payment Histories previously provided) and, based on plaintiff's additional complaints in her Reply, separate statements of overtime hours worked and overtime pay for the same individuals.

The problem with plaintiff's initial request for "all records as will show the job functions, performance reviews, performance ratings, wages, other forms of compensation and benefits" is that SNET has over 8,500 employees and dozens of groups where records reflecting the same information that could fit into this language might be kept. Such groups include various offices at SNET in Connecticut and offices of SBC in San Antonio, and include payroll, human resources, business communications, benefits, etc. That was the basis for SNET's objection based on overbreadth and requests to plaintiff's counsel to specify what information she was really looking for. SNET has responded in good faith to each clarification plaintiff has provided and will continue to do so if and when additional responsive documents are located by the company.

For all of the above reasons, SNET respectfully requests that Plaintiff's Motion for Order and Sanctions (No. 129) be denied. SNET has attempted in good faith to comply with plaintiff's extremely broad request for production.

                              THE DEFENDANT,
                              SOUTHERN NEW ENGLAND TELEPHONE COMPANY

                              By_____
                              Lori B. Alexander
                              Federal Bar No. CT08970
                              Tyler Cooper & Alcorn, LLP
                              205 Church Street
                              New Haven, Connecticut 06509
                              Tel. (203) 784-8200
                              Fax No. (203) 789-2133
                              E-Mail: alexander@tylercooper.com

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was sent via telecopy and first-class mail, postage prepaid to all counsel and *pro se* parties of record on this 9th day of November, 2004, as follows: Peter E. Gillespie, Esquire, 46 Riverside Avenue, Post Office Box 3416, Westport, Connecticut 06880.

_____
Lori B. Alexander