## THE UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * | * |
| KIMBERLY BACHIOCCHI, | * |
| | * |
| | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * CIVIL ACTION NO. 02-CV-908 (CFD) |
| | * |
| | * |
| THE SOUTHERN NEW | * |
| ENGLAND TELEPHONE | * |
| COMPANY, | * |
| | * |
| Defendant. | * APRIL 6, 2005 |
| * * * * * * * * * * * * * * * * * * * | * |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the defendant, The Southern New England Telephone Company ("SNET"), hereby moves that summary judgment enter in its favor on all counts of plaintiff's Complaint dated May 28, 2002.

As set forth in SNET's Memorandum of Law in Support of Motion for Summary Judgment being filed on this same date, there are no genuine issues of material fact concerning plaintiff's claims. First, plaintiff's sexual harassment claims in Counts One and Two fail as a matter of law. Plaintiff has made it clear that she has no claim for quid pro quo harassment. As for a potential hostile work environment claim, the record is clear that the acts of which

*ORAL ARGUMENT IS NOT REQUESTED*

she complains cannot support a hostile work environment claim. Without exception, they are either (1) entirely unrelated to gender, or (2) not "severe and pervasive." Many of her allegations fail in both categories. Although plaintiff does not allege gender discrimination apart from her sexual harassment claims, to the extent that she may try to cast her claims as claims of gender discrimination not involving sexual conduct, they fail because plaintiff cannot establish a prima facie case of disparate treatment. There is no evidence in the record to suggest that the purported actions referenced in her complaint occurred under circumstances that give rise to an inference of discrimination. In fact, plaintiff's deposition testimony shows that she has no articulable reason to believe that these actions had any relation to her gender.

Plaintiff's Equal Pay Act claim in Count Five similarly fails because she has not and cannot come close to establishing a prima facie case under the Act. Throughout discovery, plaintiff has not identified, and cannot identify, any similarly situated male who received greater compensation than she did for the same work. In fact, plaintiff conceded at her deposition that she is not aware of any such comparators.

Finally, plaintiff's retaliation claims in Counts Three and Four fail first because plaintiff cannot make out a prima facie case of retaliation. The acts about which plaintiff complains are too trivial to support a retaliation claim under Second Circuit caselaw. In addition, there is no evidence of a causal connection between the alleged action and plaintiff's discrimination complaints.

A Local Rule 56(a) Statement and an Appendix of Exhibits with attached affidavits have been filed herewith. For the reasons set forth in the accompanying Memorandum of Law, summary judgment should be granted and judgment entered in favor of the defendant.

Dated at New Haven, Connecticut this 6th day of April, 2005.

THE DEFENDANT,
SOUTHERN    NEW    ENGLAND    TELEPHONE
COMPANY

By: _____

    Lori B. Alexander
    Federal Bar No. CT08970
    Michael G. Caldwell
    Federal Bar No. CT26561
    Tyler Cooper & Alcorn, LLP
    205 Church Street
    New Haven, Connecticut  06509
    Tel. (203) 784-8200
    Fax No. (203) 789-2133
    E-Mail: alexander@tylercooper.com

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was sent via first-class mail, postage prepaid to all counsel and pro se parties of record on this 6th day of April, 2005 as follows:

Peter E. Gillespie, Esq.
46 Riverside Avenue, Post Office Box 3416
Westport, Connecticut 06880

_Lori B. Alfel_
Lori B. Alexander