UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| KIMBERLY BACHIOCCHI, | \* | |
| | \* | |
| Plaintiff, | \* | CIVIL ACTION NO. 02-CV-908 (CFD) |
| | \* | |
| v. | \* | |
| | \* | |
| THE SOUTHERN NEW ENGLAND | \* | |
| TELEPHONE COMPANY, | \* | APRIL 26, 2006 |
| | \* | |
| Defendant. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR RECONSIDERATION

By motion dated <u>April 6, 2005</u> Defendant, SOUTHERN NEW ENGLAND TELEPHONE COMPANY ("SNET") moved for summary judgment as to all counts in the Complaint. On March 23, 2006 the Court issued its Order denying the summary judgment motion. Thereafter, by motion dated and filed on <u>April 6, 2006</u> SNET requested that the Court reconsider its earlier ruling and reverse the earlier Order as to each and every count of the Complaint.

Motions for reconsideration are permissible pursuant to Local Rule 7(c), formerly numbered as Local Rule 9(c). The rule provides that the moving party concisely set forth the matters or controlling decisions which the Court overlooked.

I. THE STANDARD GOVERNING RECONSIDERATION

In this District motions for reconsideration are held to a strict standard. For example, in <u>SPGGC, Inc. v. Blumenthal</u>, Civil Action No. 3:04cv919 (SRU) (D. Conn. Jan. 5, 2006) Judge Underhill described that standard, stating:

> In general there are three grounds that may justify reconsideration: (1) an intervening change of controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error or prevent a manifest injustice. *Virgin Atlantic Airways, Ltd. V. National Mediation Bd.*, 956 F.3d 255, 257 (2d Cir. 1995). A "motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." *Lopez v. Smiley*, 375 F. Supp. 2d 19, 21-22 (D. Conn. 2005). It is also not appropriate to use a motion for reconsideration to re-litigate an issue already decided. *Id*. A motion to reconsider should be denied, "unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id*.

Two months later Judge Arterton embraced a similarly rigorous test. Considering a motion for reconsideration filed in <u>Success Village Apartments, Inc. v. Amalgamated Local 376</u>, (Civil Action No. 3:03cv1784 (JBA) (D. Conn. Mar. 8, 2006) Judge Arterton observed:

2

> The standard for reconsideration is strict and reconsideration is only appropriate where the moving party can point to controlling law or evidence that "might reasonably be expected to alter the conclusion reached by the court." *See Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration gives the Court an opportunity to "correct manifest errors of law or fact or to consider newly discovered evidence." *LoSacco v. City of Middletown*, 822 F. Supp. 870, 876-77 (D. Conn. 1993) (internal quotation and citation omitted), aff'd 33 F. 3d 50 (2d Cir. 1994).

In light of this strict standard Defendant's motion must be denied.

II. APPLICATION OF THE STANDARD TO THE INSTANT MOTION

 1. <u>No Alleged Intervening Change In Controlling Law</u>. First, Defendant does not urge, or even identify, any intervening change of controlling law. Each and every case cited by Defendant in its effort to gain reconsideration had been issued prior to July 12, 2005, the date on which Defendant submitted its reply brief (Docket No. 175) addressing Plaintiff's opposition to the summary judgment motion. As a result, all of the precedents cited in the current motion were extant prior to Defendant's submissions and could have been included.[1]

 2. <u>No Claim of New Evidence</u>. There is no claim put forth by Defendant that its motion rests on newly discovered, previously unavailable

---

1. Defendant cites *Coudert v. Janney Montgommery Scott, LLC*, No. 3:03cv324 (MRK), 2005 WL 1563325 (D. Conn. July 1, 2005) in its motion at pp. 9-11 and notes that this decision was issued "Following the submission of SNET's motion for summary judgment." Defendant's motion at p. 9. Defendant fails to mention, however, its later filing of a Reply Brief as noted above. Moreover, in its discussion of *Coudert* Defendant refers to it as "instructive," but does not allege that it represents an intervening change of controlling law.

evidence. In fact, Defendant's motion is chock full of supporting references to its earlier submissions. Rather than offering support for the current motion to reconsider, however, those frequent references make clear that nothing new is being raised in the instant motion. Defendant is simply trying to re-argue the same facts and legal theories that have already been rejected.

      3.  <u>So Where is the Manifest Injustice ?</u>  The only remaining ground available to support Defendant's motion is a showing of clear error leading to manifest injustice. It seems that this must be the theory upon which Defendant seeks relief : Unless the Court's earlier ruling denying summary judgment is vacated and reversed a manifest injustice will occur. Whatever injustice Defendant may be concerned with, however, does not appear to have been made manifest in its motion papers.

      Other than Defendant's strong view of the facts, its denial of any possible alternative interpretation of those facts and its apparent dissatisfaction with the Court's earlier ruling, there does not seem to be any clear articulation of a "manifest injustice." Dissatisfaction and denial standing alone are not adequate grounds for reconsideration.

III.  RESPONSE TO DEFENDANT'S CLAIMS.

      As is often true in cases of this type, the parties in this matter have dramatically different views of the facts and their significance. The parties

seems to have particularly strong views on these matter in this case.[2] However, the existence of a genuine dispute as to issues of material fact is not precluded merely because one party has a strong view of the facts. It is the very collision of those strong opposing views which gives rise to a genuine dispute.

Having considered the application of the legal standard to Defendant's motion for reconsideration, Plaintiff now addresses the substance of some of Defendant's arguments. This analysis again leads to the conclusion that this motion must be denied.

1. <u>The Same Actor Inference</u>. Defendant first attempts to resurrect its theory that the "same actor inference" is a significant factor in this case. It is not.

At the time of her hiring into the West Group Plaintiff was interviewed by two supervisors, West and Light. However, it was Supervisor Vallario who acted most prominently and consistently in the harassment of Plaintiff. Vallario did not participate in her hiring. Further, when Light participated in Plaintiff's initial interview, he bragged about earlier having fired a black woman, thus established his hostility from the outset. All of these facts were set forth in earlier submissions.

---

2. Plaintiff notes Defendants derisive references to Plaintiff's claims, including references to "every event . . . that made her unhappy," motion at p.1, "plaintiff's speculative claims," motion at p. 2, "long renditions of alleged 'facts'", motion at P. 8. Plaintiff elects not to engage in an exchange of "purple prose." However, she does not wish her silence in this regard to be viewed as agreement.

Further, it does not appear that the single-actor inference is drawn in a vacuum. Defendant earlier cited *Grady v. Affiliated Central, Inc.*, 130 F.3d 553, (2d Cir. 1997) *cert. den'd*., 252 U.S. 936 (1998). There, before invoking the second actor inference, the Court noted that the record was "bereft of evidence from which a fact finder could infer that Affiliated discriminated against Grady on the basis of her age." 130 F.3d at 561. In light of this holding, the reference to the single-actor inference seems designed to buttress and validate an objective conclusion.

Similar reasoning was employed in *Burbank v. Office of the Attorney General*, 240 F.Supp.2d 167 (D. Conn. 2003). The Court reviewed the entire record and found that the plaintiff in that reverse discrimination case "had not proffered **any** evidence of discriminatory intent." (Emphasis added). 240 F.Supp.2d at 171. It was in that context that the Court addressed the single actor inference noting, in dicta, that Plaintiff's claim was "**further** belied . . . ." (Emphasis added.). In *Burbank*, just as in *Grady*, the inference was used to buttress and validate an objective view of the record.

Under these circumstances Plaintiff believes that the facts alleged to have given rise to the same actor inference are, at least, the subject of a genuine dispute.

2. <u>The Time Bar Argument</u>. Defendant also revisits its limitations claim, motion for reconsideration at pp. 9-11. However, except for a single reference to Supervisor Light having printed out directions to Plaintiff's home and left them out for public view, Defendant does not specify exactly what incidents it believes are time barred. Instead Defendant concludes this argument stating, without identification or

elaboration, "the untimely events cannot be made timely . . . ." motion at p.11. Even if we turn to the single incident identified by Defendant in its papers, the argument advanced does not seem to make any sense.

Currently Defendant cites <u>Coudert v. Montetgommery Janney Scott</u>, a recent decision by Judge Kravitz.  With approval Defendant notes that Judge Kravitz employed a limitations analysis based upon a 300 day time bar.  Plaintiff agrees.  Now, let's apply that analysis to the incident concerning Light having printed directions to Plaintiff's personal residence, the only specific incident identified by Defendant and claimed to be time barred.

In its earlier analysis, Defendant noted that the incident with Light and the directions occurred on December 16, 1999.  Defendant's Memorandum in Support (Docket No. 155) at page 23.  Noting that Plaintiff's first administrative charge of discrimination was docketed on June 24, 2000, Defendant argued that the Light incident was untimely because it preceded the filing of the charge by more than 180 days.

Clearly however, the <u>Coudert</u> decision, now embraced by Defendant, clarifies that the actual time bar is a 300 day time line.  <u>The Light incident was within 300 days of Plaintiff's administrative charge.</u>  So, by Defendant's own reasoning and admission that incident is timely, not barred at all.  So, exactly what is the "manifest injustice" sought to be established by Defendant ?

3.  <u>The Equal Pay Claim</u>.  Defendant also reargues its position on the Equal Pay Act claim.  Defendant cites a transcript exchange, previously available but not

previously cited. The exchange shows that although the witness testified that after her leave her compensation rating was reduced, the interrogator specifically ignored that information in hopes of making an incomplete record useful to Defendant. As noted in her original opposing memorandum, the issue of the compensation plan decrease was also ignored in Defendant's earlier submissions. See Plaintiff's earlier Memorandum at pp. 31-33.

It seems to Plaintiff that Defendant's current contention as to the Equal Pay Act claim is just another attempt to re-argue its position, once again on the basis of selective facts.

4. <u>The Discrimination and Retaliation Claims</u>. Defendant's effort to obtain reconsideration of the discrimination and retaliation claims again is based upon a restatement of the same arguments which it presented earlier. In its argument concerning the discrimination claim, for example, Defendant cites four cases each and everyone of which were cited in its earlier papers and, in its seven paragraphs of argument, includes supporting references to eight passages set forth in its earlier submissions.

Defendant's arguments illustrate the starkly contrasting view of the facts in this case taken by the two parties. However, genuine disputes of material fact are not eliminated merely because Defendant has a firm view.

IV.  CONCLUSION

      Defendant has failed to identify a single instance of error or oversight by the Court which would give rise to a manifest injustice.  Defendant has failed to properly support its motion for reconsideration.  Plaintiff respectfully requests that Defendant's motion be denied in its entirety and that the Court grant such further relief, if any, as is just and proper.

                                      Respectfully submitted,

                                      THE PLAINTIFF
                                      KIMBERLY BACHIOCCHI

                                      By:_____
                                           Peter E. Gillespie  (ct06554)
                                           46 Riverside Avenue
                                           P. O. Box 3416
                                           Westport, CT 06880
                                           Tel: (203) 227-7000
                                           Fax: (203) 454-5508
                                           Email: petelaw@mac.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing has been served by first class mail this 26th day of April, 2006 upon the following:

Lori B. Alexander, Esq.
Tyler, Cooper & Alcorn
205 Church Street
New Haven, CT 06509-1910

_____
Peter E. Gillespie