UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
*************************************************
KIMBERLY BACHIOCCHI,              *
                                  *
            Plaintiff,            *   CIVIL ACTION NO. 02-CV-908 (CFD)
                                  *
      v.                          *
                                  *
THE SOUTHERN NEW ENGLAND          *
TELEPHONE COMPANY,                *   MAY 5, 2006
                                  *
            Defendant.            *
                                  *
*************************************************
```

PLAINTIFF'S OBJECTION TO DEFENDANT'S
MOTION FOR ENLARGEMENT OF TIME

By motion dated dated and filed May 4, 2006 Defendant, SOUTHERN NEW ENGLAND TELEPHONE COMPANY ("SNET") moved for an enlargement of time to file a reply brief to Plaintiff's opposition (Docket No. 186) to its motion for reconsideration (Docket No. 183). For the reasons set forth below Plaintiff objects to the requested extension and asks that the motion for enlargement be denied.

1. Defendant Has Failed to Establish Good Cause Supporting its Motion. Local Rule 7(b)(2) requires a party seeking an extension of time to show good cause supporting

the requested extension. Defendant addresses this requirement in numbered paragraph 3 of its motion, stating: "Plaintiff's Opposition raises issues that require research and consideration." Plaintiff is uncertain as to what issues are being referenced by Defendant.

In her Opposition Plaintiff cited a total of only 5 cases. Two of those cases *SPGGC, Inc. v. Blumenthal*, Civil Action No. 3:04cv919 (SRU) (D. Conn. Jan. 5, 2006) and *Success Village Apartments, Inc. v. Amalgamated Local 376*, (Civil Action No. 3:03cv1784 (JBA) (D. Conn. Mar. 8, 2006) described the standard which must be met in a motion for reconsideration. Those two cases do not appear to raise any novel or profound issues.

Each of the remaining three cases cited by Plaintiff in her opposition had been cited by Defendant itself in its earlier submissions. *Grady v. Affiliated Central, Inc.*, 130 F.3d 553, (2d Cir. 1997) *cert. den'd*., 252 U.S. 936 (1998) and *Burbank v. Office of the Attorney General*, 240 F.Supp.2d 167 (D. Conn. 2003) were each raised by Defendant in its Reply brief. *Coudert* was cited by Defendant in its motion for reconsideration. It is hard to understand why Defendant now needs such a long extension to research and consider its own cases.

Further, Plaintiff respectfully submits that this case now should move toward trial. Any additional delay poses the risk that she may be hampered in her ability to prosecute this matter. Plaintiff asks that the necessity of further delay be judged in light of her concern.

II.  <u>Defendant's Motion for Enlargement is Procedurally Defective</u>.  Local Rule 7(b)(3) specifies that a party moving for an extension must inquire as to opposing counsel's position as to the extension or attempt to do so.  The instant motion fails to include a representation that this obligation was met.  Further, although counsel is unable to rule out the possibility that the required inquiry was made but failed for some technological reason, the undersigned represents to the Court that he received no inquiry concerning the proposed extension from Defendant :  No actual conversation; No telephonic voicemail; No e-mail; No telecopy.

III.  <u>Conclusion</u>

Plaintiff respectfully requests that Defendant's motion for an enlargement be denied in its entirety and that the Court grant such further relief, if any, as is just and proper.

                                             Respectfully submitted,

                                             THE PLAINTIFF
                                             KIMBERLY BACHIOCCHI

By: *[signature]*
       Peter E. Gillespie  (ct06554)
       46 Riverside Avenue
       P. O. Box 3416
       Westport, CT 06880
       Tel: (203) 227-7000
       Fax: (203) 454-5508
       Email: petelaw@mac.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 5, 2006 a copy of Plaintiff's Objection to Defendant's Motion for an Enlargement was filed electronically and served by mail on those set forth below as well as upon anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System:

Lori B. Alexander, Esq.
Tyler, Cooper & Alcorn
205 Church Street
New Haven, CT 06509-1910

Peter E. Gillespie (ct06554)