UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KIMBERLY BACHIOCCHI | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:02CV908 (CFD) |
| v. | : | |
| | : | |
| SOUTHERN NEW ENGLAND | : | |
| TELEPHONE COMPANY | : | |
| | : | |
| Defendant. | : | MAY 16, 2006 |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION FOR RECONSIDERATION**

The defendant, Southern New England Telephone Company ("SNET"), hereby submits

its reply to plaintiff's Opposition to Defendant's Motion for Reconsideration dated April 26, 2006

("Plaintiff's Opposition").

**I.    Standard Governing Grant of Reconsideration**

Contrary to plaintiff's assertion in her Opposition, SNET's motion is fully supported by

the standard governing the grant of reconsideration in this District. The standard is established in

Rule 7(c) of the Rules of the United States District Court for the District of Connecticut:

"Motions for reconsideration … shall be accompanied by a memorandum setting forth concisely

the matters or controlling decisions which counsel believes the Court overlooked in the original

decision or order." Thus, the governing Local Rule calls on the Court to consider "matters or

controlling    decisions"    that    were    "overlooked"    in    the    original    decision.

1

Both the Second Circuit and the District Courts of Connecticut have held that reconsideration is proper when controlling decisions or factual matters have not been addressed by the Court. The Second Circuit, interpreting nearly identical language from the Local Rules for the Southern District of New York, held that "[t]o be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." Eisemann v. Greene, 204 F.3d 393, 395 n. 2 (2d Cir. 2000) (internal quotation marks omitted).

Similarly, the Honorable Janet C. Hall, applying Connecticut's Local Rule, very recently noted that "[the fact] that the Court overlooked controlling law or material facts may also entitle a party to succeed on a motion to reconsider." Johnson v. State, No. 3:03CV1129, 2006 WL 1153780 at *1 (D.Conn. Apr. 26, 2006). In SNET's Motion for Reconsideration, SNET properly requested that the Court consider controlling decisions and factual matters that were put before it on the underlying motion.

The Second Circuit has also made it clear that one of the grounds that justify granting a motion for reconsideration is "the need to correct clear error or prevent manifest injustice." Virgin Atl. Airways. Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992). In the present case, because plaintiff has failed to present *any* evidence that creates a material issue of fact on her claims, the failure to grant summary judgment would indeed create a manifest injustice. If summary judgment were not granted, SNET, which has already been forced to defend this action at great time and expense,[1] would be required to expend substantial further

---

[1] Plaintiff's conduct during discovery in this matter resulted in two grants of sanctions against plaintiff and her counsel, see Ruling on Motion to Compel (Dkt. #62) dated September 22, 2004, and Order dated September 23, 2004 re Motion for Attorney's Fees. Plaintiff's and her counsel's conduct also led to another ruling in which the Court admonished plaintiff that "if the conduct such as the filing of this motion persists, at the conclusion of all

2

amounts of time and money defending an action that cannot succeed at trial.  The result would be a waste of judicial resources as well as a waste of the resources of the parties. "Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, *but also for the rights of persons opposing such claims* and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (emphasis added).  "Granting summary judgment in a proper case helps conserve judicial and litigant resources because, if there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law, a verdict in favor of the nonmovant could not be sustained." Tilghman v. Waterbury Bd of Educ., 312 F. Supp. 2d 185, 188 (D.Conn. 2004).

## II.    Substantive Issues Raised in Plaintiff's Opposition

### A.    Summary Judgment is Appropriate on Plaintiff's Equal Pay Act Claim Because Plaintiff Has Offered Absolutely No Evidence of a "Pay Differential" with Male Employees

Plaintiff's Opposition misleadingly characterizes the basis for SNET's motion for summary judgment on plaintiff's claim under the Equal Pay Act.  The basis for SNET's motion is very simple: plaintiff has offered absolutely *no evidence* to establish, or even suggest, that she was paid any less than any similarly situated male employee who did the same work that she did.  In fact, her opposition papers do not identify *any* male employee by name or even attempt to

---

proceedings in this case, the Court will entertain an application for an imposition of attorneys' fees against plaintiff's counsel personally. . ." Ruling on Pl.'s Motion to Limit Continued Dep. on June 1, dated May 26, 2004; a ruling on a second motion to compel in which the Court noted that it "agrees with SNET that no party 'should be required to undergo' what SNET has had to endure at the hands of plaintiff's counsel in order to obtain legitimate discovery," Order Granting Motion to Compel dated June 17, 2004; and to a ruling granting another Motion to Compel in which the Court stated that it would "consider the issue of attorney's fees at the conclusion of the case," Order Granting Motion to Compel dated June 21, 2004.

argue that she was paid less than similarly situated male peers. Summary judgment is appropriate on the Equal Pay Act claim, because plaintiff has offered absolutely no evidence on an essential element of her claim. See, e.g., Belfi v. Prendergast, 191 F.3d 129, 135-39 (2d Cir. 1999). This is clear and beyond dispute.

It is well-established that in order to make out a prima facie case under the Equal Pay Act, plaintiff must offer admissible *evidence* that SNET paid her less than some similarly situated male employee. See Mem. at 41-43 and cases cited therein; Belfi at 135. Plaintiff has never presented a shred of such evidence. Instead, Plaintiff's Opposition argues that SNET, in its Motion for Reconsideration, cited plaintiff's deposition selectively.[2] Of course, if plaintiff believed that her deposition testimony provided the requisite evidence of difference in pay, she was free to cite any portions she believed to be relevant. She did not. Her specious argument should not divert the Court from the real issue, which is whether the plaintiff, who bears the burden of proof on her Equal Pay Act claim, has offered any probative evidence that SNET paid any similarly situated male employee more than it paid her.

Plaintiff's Opposition simply does not offer any such evidence. Instead, the Opposition notes plaintiff's assertion that, on one occasion, a form of bonus or incentive pay (her "compensation rating") was reduced, an issue discussed in SNET's original summary judgment briefs. See Memorandum of Law in Support of Defendant's Motion for Summary Judgment ("Mem.") at 10-11; Reply to Plaintiff's Memorandum in Opposition to Motion for Summary Judgment ("Reply Mem.") at 37-38. But plaintiff's assertion that her own compensation rating was reduced after her leave of absence, even if taken as true, does not constitute the evidence

---

[2] SNET notes that the assertion in Plaintiff's Opposition that "Defendant cites a transcript exchange, previously available but not previously cited" is incorrect. That transcript exchange was cited in full in Defendant's Reply to Plaintiff's Memorandum in Opposition to Motion for Summary Judgment, at 38.

4

required for a <u>prima facie</u> case under the Equal Pay Act. The Equal Pay Act does not bar employers from reducing employees' salaries or bonuses; it bars only *gender discrimination* in compensation. Plaintiff's assertion that her compensation rating was reduced provides no evidence about the level of plaintiff's compensation in comparison with that of any similarly situated male employee. Nor has she provided any evidence that any male employee who worked with her was in fact similarly situated with respect to the work she performed and its level of skill, effort and responsibility, also a necessary prerequisite to an Equal Pay Act claim. <u>Belfi</u> at 135.

## B. The Same-Actor Inference Supports SNET's Argument That Plaintiff Has Presented No Evidence Linking SNET's Actions to Her Gender

The same-actor inference is relevant to this case because of the role it plays in SNET's core argument that plaintiff cannot prevail on her gender discrimination claims: plaintiff has provided *no evidence* or even non-conclusory allegations linking the conduct of any SNET manager to her gender.

In her Opposition, plaintiff argues that the same-actor inference should play no role in this case. However, this argument falls short in several respects. First, plaintiff asserts that her Complaint is primarily directed at the conduct of Robert Vallario, whereas she was hired by Richard Light and Kevin West. This is directly contrary to the allegations in the text of plaintiff's Complaint. The Complaint focuses heavily on the actions of Mr. Light and Mr. West, who were plaintiff's supervisors. <u>See</u> Complaint ¶¶ 11, 14-16, 19, 25, 28-31. Mr. Vallario was not plaintiff's supervisor or above her in the chain of command, did not make any decisions concerning her, and played a smaller role in plaintiff's allegations. <u>See</u> Complaint ¶ 16(D).

Plaintiff's second point in her Opposition is that Mr. Light bragged about having fired a black woman, establishing his hostility at the outset. Even if Mr. Light made the alleged statement,[3] it is not an assertion of hostility to female employees generally, and it would not change the fact that Mr. Light and Mr. West knew that plaintiff was a woman when they hired her. See also Reply Mem. at 15-16 (plaintiff stated that she believes that Mr. Light's remark was a race-based comment rather than a gender-based comment).

Third, plaintiff asserts that the same-actor inference is not drawn "in a vacuum." However, SNET did not cite that inference in a vacuum. SNET's central point is very simple: plaintiff has presented *no evidence* of any link between the conduct she complains of *and her gender*. This fact, coupled with the same-actor inference that there was no gender discrimination, makes summary judgment completely warranted in this case. The statutes under which plaintiff makes her claims, Title VII of the Civil Rights Act of 1964 and the Connecticut Fair Employment Practices Act ("CFEPA"), do not create a general civility code for the workplace. See, e.g., Petrosino v. Bell Atl., 385 F.3d 210, 223 (2d Cir. 2004) (Title VII). Instead, they forbid discrimination based on certain protected grounds, such as gender.

## C.    The Directions-to-Plaintiff's-House Allegation is Time-Barred Under the CFEPA

Plaintiff makes claims under the CFEPA, among others. See Complaint, Counts Two, Four. Those claims are subject to the CFEPA's time limitations, and, as noted in SNET's Memorandum in Support of its Motion for Summary Judgment, the claim regarding Light's alleged printing of directions to Plaintiff's house is time-barred under the CFEPA. Mem. at 23. Plaintiff's Opposition observes that her federal claims are governed by the 300-day time

---

[3] SNET denies that this statement was made, but takes plaintiff's assertion as true for the purposes of summary judgment.

6

limitation required by Title VII. This observation does not contradict any argument that SNET

has made. SNET argues rather that this claim is time-barred *under the CFEPA* because it

occurred more than 180 days before Plaintiff brought her charges with the Connecticut

Commission on Human Rights & Opportunities (CHRO), which is undisputed. Conn. Gen. Stat.

§ 46a-82. Federal courts enforce Connecticut's time bar when they are enforcing the CFEPA.

See, e.g., Cavuoto v. Oxford Health Plans, No. 3:99CV00446, 2000 WL 888263 at *4 (D.Conn.

June 22, 2000). Thus, although the incident involving Richard Light and the directions to

Plaintiff's house is not time-barred under Title VII, it *is* time-barred as a CFEPA claim, as SNET

argued.

## III.   Conclusion

Based on the foregoing, SNET respectfully requests that the Court reconsider its ruling

on SNET's Motion for Summary Judgment, and grant summary judgment in its favor on all

counts in plaintiff's Complaint.

THE DEFENDANT,

SOUTHERN NEW ENGLAND TELEPHONE
COMPANY

By _Michael G. Caldwell_

Lori B. Alexander
Federal Bar No. CT08970
Michael G. Caldwell
Federal Bar No. CT26561
Tyler Cooper & Alcorn, LLP
205 Church Street
New Haven, Connecticut 06509
Tel. (203) 784-8200
Fax No. (203) 777-1181
E-Mail: lalexander@tylercooper.com
mcaldwell@tylercooper.com

7

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2006, a copy of the foregoing Reply was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Peter E. Gillespie, Esq.
46 Riverside Avenue
Post Office Box 3416
Westport, Connecticut 06880

Michael G. Caldwell
Federal Bar No.: CT26561

8