**EXHIBIT E**

THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| KIMBERLY BACHIOCCHI, | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. 02-CV-908 (CFD) |
| THE SOUTHERN NEW ENGLAND TELEPHONE COMPANY, | * |
| Defendant. | * DECEMBER 1, 2006 |

**PROPOSED JURY VERDICT FORM**

I. COUNT ONE: SEXUAL HARASSMENT — TITLE VII

  \_\_\_\_\_ A. On this cause of action, the jury finds the issues in favor of the plaintiff

  \_\_\_\_\_ B. On this cause of action, the jury finds the issues in favor of the defendant

1

II. **COUNT TWO: SEXUAL HARASSMENT — CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT**

\_\_\_\_\_ A. On this cause of action, the jury finds the issues in favor of the plaintiff

\_\_\_\_\_ B. On this cause of action, the jury finds the issues in favor of the defendant

III. **COUNT THREE: RETALIATION — TITLE VII**

\_\_\_\_\_ A. On this cause of action, the jury finds the issues in favor of the plaintiff

\_\_\_\_\_ B. On this cause of action, the jury finds the issues in favor of the defendant

IV. **COUNT FOUR: RETALIATION — CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT**

\_\_\_\_\_ A. On this cause of action, the jury finds the issues in favor of the plaintiff

\_\_\_\_\_ B. On this cause of action, the jury finds the issues in favor of the defendant

V. **COUNT FIVE: EQUAL PAY ACT**

\_\_\_\_\_ A. On this cause of action, the jury finds the issues in favor of the plaintiff

\_\_\_\_\_ B. On this cause of action, the jury finds the issues in favor of the defendant

## VI. DAMAGES

\_\_\_\_\_ The jury has found in favor of the defendant on all counts of the Complaint by checking box "B" for each count of the Complaint.

\_\_\_\_\_ The jury has found in favor of the plaintiff on at least one count of the Complaint by checking box "A" and awards damages to the plaintiff as follows:

    Back wages:    _____

    Compensatory damages:  _____

If you have concluded to award damages to plaintiff, Kimberly Bachiocchi for mental anguish and emotional harm, please state the amount of such damages which were awarded by you pursuant to the state law claims, Counts 2 and/or 4 of the Complaint:

_____

*[Defendant objects to including the above phrase from "If you have included ..." and to the inclusion of a separate line for such damages.]*

    Punitive damages, if any: _____

*[Defendant believes there should be no line for punitive damages and objects to the inclusion of any such language.]*

3

Dated at New Haven, Connecticut this 1st day of December, 2006.

        THE PLAINTIFF,
        KIMBERLY BACHIOCCHI

        By: /s/ Peter E. Gillespie
        Peter E. Gillespie
        Federal Bar No. ct06554
        46 Riverside Ave
        P.O. Box 3416
        Westport CT 06880
        Tel. (203) 227-7000
        Fax. (203) 454-5508
        Email: petelaw@mac.com


        THE DEFENDANT,
        SOUTHERN NEW ENGLAND TELEPHONE
        COMPANY

        By: /s/ Lori B. Alexander
          Lori B. Alexander
          Federal Bar No. ct08970
          Michael G. Caldwell
          Federal Bar No. ct26561
          Tyler Cooper & Alcorn, LLP
          205 Church Street
          New Haven, Connecticut 06509
          Tel. (203) 784-8200
          Fax No. (203) 789-2133
          E-Mail: lalexander@tylercooper.com
          E-Mail: mcaldwell@tylercooper.com

**EXHIBIT F**

THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*  \*

KIMBERLY BACHIOCCHI,            \*
                                \*
                                \*
                                \*
     Plaintiff,                 \*
                                \*
v.                              \* CIVIL ACTION NO. 02-CV-908 (CFD)
                                \*
                                \*
THE SOUTHERN NEW                \*
ENGLAND TELEPHONE               \*
COMPANY,                        \*
                                \*
     Defendant.                 \* DECEMBER 1, 2006
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*  \*

## PROPOSED JURY INTERROGATORIES

I.   **SEXUAL HARASSMENT CLAIMS**

Elements of Claims of Sexual Harassment

1.   Has the plaintiff proven by a preponderance of the evidence that, during the period of her employment at the BCS Group, she was subjected to unwelcome harassment?

____ Yes                                        ____ No

   **If the Answer to Question 1 is no, you must return a verdict for the defendant on the sexual harassment claims and proceed to Question 8. (Do not answer any questions prior to Question 8.) Otherwise continue to Question 2.**

1

2.      Has the plaintiff proven by a preponderance of the evidence that any alleged harassment to which she was subjected was motivated by the fact that she is a woman?

____ Yes                                        ____ No

**If the Answer to Question 2 is no, you must return a verdict for the defendant on the sexual harassment claims and proceed to Question 8. (Do not answer any questions prior to Question 8.) Otherwise continue to Question 3.**

3.      Has the plaintiff proven by a preponderance of the evidence that her workplace was permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe and pervasive to alter the conditions of her employment and create an abusive work environment?

____ Yes                                        ____ No

**If the Answer to Question 3 is no, you must return a verdict for the defendant on the sexual harassment claims and proceed to Question 8. (Do not answer any questions prior to Question 8.)**

**If you find that the plaintiff was harassed by co-workers, and not by her supervisors, continue to Question 4.**

**If you find that the plaintiff was harassed by her supervisors, proceed to Question 5.**

4.      Has the plaintiff proven by a preponderance of the evidence that SNET's management-level employees knew, or should have known, of harassment of the plaintiff by her co-workers, but failed to take appropriate remedial action?

____ Yes                                        ____ No

**If the answer to Question 4 is no, you must return a verdict for the defendant on the sexual harassment claims and proceed to Question 8. (Do not answer any questions prior to Question 8.)**

**If the answer to Question 4 is yes, proceed to Question 5.**

## Affirmative Defenses to Claims of Sexual Harassment

5.  Has the defendant proven by a preponderance of the evidence that it exercised reasonable care to prevent harassment in the workplace on the basis of sex and to promptly correct any harassment on the basis of sex that did occur?

    _____ Yes                              _____ No

   **If the answer to Question 5 is yes, continue to Question 6.**

   **If the answer to Question 5 is no, you must enter a verdict for the plaintiff on the sexual harassment claims and proceed to Question 7.**

6.  Has the defendant proven by a preponderance of the evidence that the plaintiff unreasonably failed to take advantage of the internal complaint procedure offered by SNET?

    _____ Yes                              _____ No

   **If the answer to Question 6 is yes, you must return a verdict for the defendant on the sexual harassment claims and proceed to Question 8. (Do not answer any questions prior to Question 8.)**

   **If the answer to Question 6 is no, you must return a verdict for the plaintiff on the sexual harassment claims and continue to Question 7.**

## Damages for Sexual Harassment

7.  Has the plaintiff proven by a preponderance of the evidence that she suffered actual injury as a result of sexual harassment by SNET, <u>not</u> including any injury regarding wages, bonuses, or benefits?

\_\_\_\_ Yes                                                \_\_\_\_ No

**If the answer to Question 7 is no, you may award the plaintiff between $0 (zero dollars) and $1.00 (one dollar) as compensatory damages. After entering an award of damages, continue to Question 8.**

*Plaintiff objects to the final phrase of Question 7, starting with the words "not including ... ."*

## Retaliation Claims

8.  Has the plaintiff proven by a preponderance of the evidence that she engaged in protected activity under Title VII of the Civil Rights Act of 1964 or the Connecticut anti-discrimination laws, and at the time was acting under a good faith, reasonable belief that she had suffered discrimination based on sex?

\_\_\_\_ Yes                                                \_\_\_\_ No

**If the answer to Question 8 is no, you must return a verdict for the defendant on the retaliation claims and proceed to Question 16. (Do not answer any questions prior to Question 16.) Otherwise, continue to Question 9.**

9.  Has the plaintiff proven by a preponderance of the evidence that SNET subjected her to an adverse employment action after July 24, 2000, the date she filed a complaint of discrimination, and that the action was a materially adverse change in the terms and conditions of her employment, after she engaged in protected activities?

   _____ Yes                                              _____ No

   If the answer is yes, state the adverse employment action here: _____
   
   _____

   **If the answer to Question 9 is no, you must return a verdict for the defendant on the retaliation claims and proceed to Question 16. (Do not answer any questions prior to Question 16.) Otherwise, continue to Question 10.**

   *In light of recently developing caselaw, Plaintiff objects to the strong language of Question 9, and will propose either a revised interrogatory, or a definitional jury instruction, at the pretrial conference.*

10. Did the plaintiff exhaust her administrative remedies with respect to the adverse employment action identified in response to Question 9?

   _____ Yes                                              _____ No

   **If the answer to Question 10 is no, you must return a verdict for the defendant on the retaliation claims and proceed to Question 17. (Do not answer any questions prior to Question 17.) Otherwise, continue to Question 11.**

   *Plaintiff objects. Question 10 is confusing, ambiguous and seeks a legal conclusion in light of the undisputed fact that Plaintiff filed two charges of discrimination with the administrative agencies below.*

11. Has the plaintiff proven by a preponderance of the evidence that the manager(s) at SNET who allegedly took adverse employment action against plaintiff were aware that she had engaged in protected activity under Title VII or Connecticut law?

   _____ Yes                                              _____ No

   **If the answer to Question 11 is no, you must return a verdict for the defendant on the retaliation claims and proceed to Question 17. (Do not answer any questions prior to Question 17.) Otherwise, continue to Question 12.**

12. Has the plaintiff proven by a preponderance of the evidence that SNET subjected her to an alleged adverse employment action <u>because</u> she engaged in protected activity?

   \_\_\_\_ Yes                \_\_\_\_ No

   **If the answer to Question 12 is no, you must return a verdict for the defendant on the retaliation claims and proceed to Question 17. (Do not answer any questions prior to Question 17.) Otherwise, continue to Question 13.**

13. Has the plaintiff proven by a preponderance of the evidence that the alleged adverse employment action would not have occurred if she had not engaged in protected activity?

   \_\_\_\_ Yes                \_\_\_\_ No

   **If the answer to Question 13 is no, you must return a verdict for the defendant on the retaliation claims and proceed to Question 17. (Do not answer any questions prior to Question 17.) Otherwise, continue to Question 14.**

*Plaintiff objects to the inclusion of Question 13, viewing it as being either duplicative of Question 12, in which case it is unnecessary, or an alternative to Question 12, in which case it should be combined with the preceding item.*

14. Has SNET articulated legitimate business reasons for the adverse employment action you identified in response to Question 9?

   \_\_\_\_ Yes                \_\_\_\_ No

   **If the answer to Question 14 is no, you must return a verdict for the plaintiff on the retaliation claims and proceed to Question 16. (Do not answer any questions prior to Question 16.) Otherwise, continue to Question 15.**

15.   Has the plaintiff proven by a preponderance of the evidence that the reasons that SNET offers for the alleged adverse employment action are not legitimate reasons, but rather are merely a pretext for retaliating against her?

\_\_\_\_ Yes                                          \_\_\_\_ No

**If the answer to Question 15 is no, you must return a verdict for the defendant on the retaliation claims and proceed to Question 17. (Do not answer any questions prior to Question 17.)   If the answer to Question 15 is yes, you must return a verdict for the plaintiff on the retaliation claims and continue to Question 16.**

### Damages for Retaliation

16.   Has the plaintiff proven by a preponderance of the evidence that she suffered actual injury as a result of retaliation by SNET, not including any injury regarding wages, bonuses, or benefits?

\_\_\_\_ Yes                                          \_\_\_\_ No

**If the answer to Question 16 is no, you may award the plaintiff between $0 (zero dollars) and $1.00 (one dollar) as compensatory damages. After entering an award of damages, continue to Question 17.**

*Plaintiff restates the objection earlier set forth as to Question 7.*

### Equal Pay Act Claim

17.   Has the plaintiff proven by a preponderance of the evidence that SNET paid her a lower wage than the average of male employees who did equal work on jobs, the performance of which required equal skill, effort and responsibility?

\_\_\_\_ Yes                                          \_\_\_\_ No

**If the answer to Question 17 is no, you must return a verdict for the defendant on the Equal Pay Act claim and stop. Otherwise, continue to Question 18.**

18.    Has the plaintiff proven by a preponderance of the evidence that any alleged difference in her compensation was because she is a woman and not based on any other factor?

    \_\_\_\_ Yes                        \_\_\_\_ No

**If the answer to Question 18 is no, you must return a verdict for the defendant on the Equal Pay Act claim and stop. Otherwise, continue to Question 19.**


19.    Has the plaintiff proven by a preponderance of the evidence that any alleged difference in her compensation was not the result of a bona fide merit system?

    \_\_\_\_ Yes                        \_\_\_\_ No

**If the answer to Question 19 is no, you must return a verdict for the defendant on the Equal Pay Act claim and stop. Otherwise, continue to Question 20.**

*Plaintiff objects, viewing Question 19 as an affirmative defense for which SNET should have the burden of proof.*


20.    Has the plaintiff proven by a preponderance of the evidence that the difference in her compensation was not the result of a bona fide seniority system?

    \_\_\_\_ Yes                        \_\_\_\_ No

**If the answer to Question 20 is no, you must return a verdict for the defendant on the Equal Pay Act claim. If the answer to Question 20 is yes, you must return a verdict for the plaintiff on the Equal Pay Act claim.**

*Plaintiff objects, viewing Question 20 as an affirmative defense for which SNET should have the burden of proof.*

Dated at New Haven, Connecticut this 1st day of December, 2006.

> THE PLAINTIFF,
> KIMBERLY BACHIOCCHI
>
> By: /s/ Peter E. Gillespie
> Peter E. Gillespie
> Federal Bar No. ct06554
> 46 Riverside Ave
> P.O. Box 3416
> Westport CT 06880
> Tel. (203) 227-7000
> Fax. (203) 454-5508
> Email: petelaw@mac.com
>
>
> THE DEFENDANT,
> SOUTHERN NEW ENGLAND TELEPHONE
> COMPANY
>
> By /s/ Lori B. Alexander
>    Lori B. Alexander
>    Federal Bar No. ct08970
>    Michael G. Caldwell
>    Federal Bar No. ct26561
>    Tyler Cooper & Alcorn, LLP
>    205 Church Street
>    New Haven, Connecticut 06509
>    Tel. (203) 784-8200
>    Fax No. (203) 789-2133
>    E-Mail: lalexander@tylercooper.com
>    E-Mail: mcaldwell@tylercooper.com

**EXHIBIT G**

THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*  \*
KIMBERLY BACHIOCCHI,           \*
                               \*
                               \*
                               \*
    Plaintiff,                 \*
                               \*
v.                             \* CIVIL ACTION NO. 02-CV-908 (CFD)
                               \*
                               \*
THE SOUTHERN NEW               \*
ENGLAND TELEPHONE              \*
COMPANY,                       \*
                               \*
    Defendant.                 \* DECEMBER 1, 2006
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*  \*


## PROPOSED STATEMENT TO JURY PANEL

I will now give you a brief description of the case that you will hear if you are selected to serve on this jury. Please take note if you hear anything in this description that might make it difficult for you to decide the facts of this case in a completely impartial way. You will later be asked whether you will be able to decide the facts impartially.

The plaintiff in this case is Kimberly Bachiocchi. She is suing her employer, Southern New England Telephone Company, also known as SNET. SNET, as you probably know, provides telephone and telecommunications services.

Ms. Bachiocchi brings three claims against SNET. All three claims are based on events that occurred between June 1998 and June 2001. At that time, she was working for SNET in a

1

group called the Business Communications Sales Group or BCS Group. Ms. Bachiocchi still works for SNET, but in a different department.

First, she claims that SNET subjected her to sexual harassment in violation of federal and state law. Second, she claims that SNET retaliated against her because she engaged in protected activities, in violation of federal and state law. Third, she claims that SNET paid her less than it paid male employees who did the same work with equal skill, effort, and responsibility, in violation of federal law.

SNET denies that it engaged in any wrongdoing with respect to Ms. Bachiocchi or that she was treated unlawfully.

    THE PLAINTIFF,
    KIMBERLY BACHIOCCHI


    By: /s/ Peter E. Gillespie
    Peter E. Gillespie
    Federal Bar No. ct06554
    46 Riverside Ave
    P.O. Box 3416
    Westport CT 06880
    Tel. (203) 227-7000
    Fax. (203) 454-5508
    Email: petelaw@mac.com

THE DEFENDANT,
SOUTHERN NEW ENGLAND TELEPHONE
COMPANY


By /s/ Lori B. Alexander

    Lori B. Alexander
    Federal Bar No. ct08970
    Michael G. Caldwell
    Federal Bar No. ct26561
    Tyler Cooper & Alcorn, LLP
    205 Church Street
    New Haven, Connecticut 06509
    Tel. (203) 784-8200
    Fax No. (203) 789-2133
    E-Mail: lalexander@tylercooper.com
    E-Mail: mcaldwell@tylercooper.com