THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*  \*

KIMBERLY BACHIOCCHI,                      \*

                                 \*

                                 \*               **REDACTED**

                                 \*

    Plaintiff,                                \*

                                 \*

v.                                                \*  CIVIL ACTION NO. 02-CV-908 (CFD)

                                 \*

THE SOUTHERN NEW                          \*
ENGLAND TELEPHONE                         \*
COMPANY,                                  \*

                                 \*

    Defendant.                                \* MAY 5, 2008

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*  \*

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO PRECLUDE CERTAIN TESTIMONY FROM PLAINTIFF'S EXPERT WITNESS, GARY ZACHARIAH, AND REQUEST FOR DAUBERT HEARING

This is the memorandum of law of the defendant, the Southern New England Telephone

Company ("SNET"), in support of its Motion in Limine filed on this same date to preclude

plaintiff from offering certain anticipated testimony from her expert, Gary Zachariah, Psy.D.

First, SNET moves to preclude Dr. Zachariah's testimony in total because he has spoliated

evidence relevant to this case.  Second, in the alternative, SNET moves to preclude plaintiff from

offering particular anticipated testimony from Dr. Zachariah regarding (1) his opinion as to the

causation of plaintiff's alleged emotional distress, (2) his perception of plaintiff's mental state

prior to working in the Business Customer Service ("BCS") group, (3) the actions of defendant

1

or its employees, (4) legal terms of art such as "harassment," "sexual harassment," or "discrimination" or employing such terms in his testimony, and (5) his own emotions (including anger) towards SNET and SNET's employees. For the reasons set forth below, the Court should preclude Dr. Zachariah's testimony in its entirety or, in the alternative, place limits on it to protect the integrity of the fact-finding process.

In addition to spoliating evidence, as stated by defense expert, forensic psychiatrist Stuart Kleinman, "Dr. Zachariah did not use adequate methodology to determine causation — within the legal context he did so — to a reasonable degree of psychiatric/psychological certainty of Ms. Bachiocchi's mental state."[1] Exh. 1 at 3. As such, Dr. Zachariah's testimony does not meet the standard for admissibility of expert testimony under the Federal Rules of Evidence. In addition, it is improper for plaintiff's expert to use legal terms of art in expressing his medical opinions, express his own emotions or "feelings" about plaintiff and/or SNET, or describe events in plaintiff's workplace about which he has no personal knowledge.

## I.   RELEVANT FACTS

---

[1] Dr. Kleinman is available to testify in accordance with his attached report as to the inadequacy of Dr. Zachariah's methodology with respect to determining causation of plaintiff's alleged emotional distress in this case.

THE DEFENDANT,
SOUTHERN NEW ENGLAND TELEPHONE
COMPANY


By _Lori B. Alexander_____

    Lori B. Alexander
    Federal Bar No. CT08970
    Littler Mendelson, P.C.
    110 Washington Avenue
    North Haven, Connecticut  06473
    Tel. (203) 234-6344
    Fax (203) 234-6345
    E-Mail: lalexander@littler.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2008, a copy of the foregoing was filed electronically on all parties to this action. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's CM/ECF System.

**Plaintiff's Counsel:**

Peter E. Gillespie, Esq.
46 Riverside Avenue
Post Office Box 3416
Westport, Connecticut 06880

Lori B. Alexander
Federal Bar No.: CT08970