## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **KIMBERLY BACHIOCCHI,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No.:  02-CV-908 (CFD) |
| v. | : | |
| | : | |
| **THE SOUTHERN NEW ENGLAND** | : | May 5, 2008 |
| **TELEPHONE COMPANY,** | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO PRECLUDE TESTIMONY CONCERNING EVENTS THAT OCCURRED OUTSIDE THE APPLICABLE STATUTE OF LIMITATIONS PERIOD

The defendant, The Southern New England Telephone Company ("SNET"), hereby files its memorandum of law in support of its Motion in Limine to preclude plaintiff Kimberly Bachiocchi from offering any testimony relating to alleged discriminatory or retaliatory incidents that occurred outside the applicable statute of limitations period.   As explained herein, such evidence is not relevant to the claims asserted by plaintiff, and is therefore inadmissible under Rule 402 of the Federal Rules of Evidence.   Furthermore, even if this evidence had probative value, the prejudicial effect on SNET and the likelihood of confusing or misleading the jury would warrant its exclusion under Rule 403.

## I.     Relevant Facts

Plaintiff claims that she was sexually harassed during the time that she worked in SNET's Business Communications Sales ("BCS") Group from June 1998 to June 2001.  Complaint ¶¶ 9-52.   In her Complaint and deposition testimony, she has offered several isolated incidents that she claims constituted unlawful sexual harassment during this period.  Because some of the

events are outside the applicable statute of limitations, any testimony or evidence concerning them should be barred.

## II.    Discussion

### A.    Legal Standard

The Federal Rules of Evidence govern the admissibility of evidence related to time-barred acts of alleged discrimination and retaliation.  See Jute v. Hamilton Sundstrand Corp., 420 F.3d 166, 177 n.7 (2d Cir. 2005) (admissibility of time-barred acts determined by the Federal Rules of Evidence); Rathbun v. Autozone, Inc., 361 F.3d 62, 76 (1st Cir. 2004) (while time-barred acts may constitute relevant background evidence, "[w]hether such evidence is relevant depends, as in every case, on its probative force (or lack thereof)"); Lyons v. England, 307 F.3d 1092, 1110 n.13 (9th Cir. 2002) ("[A]fter [Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002)], the admissibility of evidence of discrete, time-barred acts of discrimination is controlled primarily by the Federal Rules of Evidence."); see also Malarkey v. Texaco, Inc., 983 F.2d 1204, 1211 (2d Cir. 1993) (trial court has discretion to decide whether evidence of time-barred acts is admissible under the ordinary evidentiary standards of probity and prejudice).  Pursuant to the Federal Rules, evidence must be relevant to be admissible.  See Fed. R. Evid. 402.  Furthermore, even relevant evidence must be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.  Questions relating to the admissibility of evidence are left to the sound discretion of the trial court.  See Fed. R. Evid. 104; Jute v. Hamilton Sundstrand Corp., 420 F.3d at 177 n.7; Malarkey v. Texaco, Inc., 983 F.2d at 1211.

2.

**B.     The Court Should Not Admit Evidence Relating To Acts That Are Time-Barred Under The Applicable Statute of Limitations Period.**

SNET anticipates that plaintiff will offer evidence at trial relating to allegedly discriminatory incidents and events that are not at issue in this case, and are clearly time-barred under Title VII and the CFEPA. As explained below, this evidence should be excluded because it is irrelevant and highly prejudicial to the defendant, and has little or no probative value with regard to plaintiff's sexual harassment, retaliation, and unequal pay claims. In addition, admission of this evidence would inevitably waste time by precipitating "mini-trials" of incidents that have little or no connection to the claims at issue in this matter. Furthermore, this evidence is likely to confuse and mislead the jury into awarding damages for time-barred acts, in contravention to settled law which prohibits such recovery. Accordingly, all of this evidence should be excluded at trial.

In Connecticut, an administrative charge must be filed within three hundred days of the date of the alleged discriminatory or retaliatory act or employment practice. See 42 U.S.C. § 2000e-5(e) (providing for three hundred day limitations period); Ericson v. City of Meriden, 113 F. Supp. 2d 276 (D. Conn. 2000).[1] Failure to file a timely administrative charge will preclude a plaintiff from seeking recovery for that particular discriminatory or retaliatory practice or action. See Ledbetter v. Goodyear Tire & Rubber Co., 127 S. Ct. 2162, 2166-67 (2007) ("[A] charge must be filed within a specified period (either 180 or 300 days, depending on the State) after the alleged unlawful employment practice occurred . . . and if the employee does not submit a timely EEOC charge, the employee may not challenge that practice in court, § 2000e-5(f)(1)." (internal

---

[1] The Equal Pay Act ("EPA") does not require a plaintiff to exhaust her administrative remedies before filing suit. See 29 U.S.C. § 206(d); Ledbetter v. Goodyear Tire &Rubber Co., 127 S. Ct. 2162, 2176 (2007). However, a plaintiff must commence suit within two years of the alleged violation, or within three years where the violation was willful. See 29 U.S.C. §255(a); Pollis v. New School For Social Research, 132 F.3d 115, 118 (2d Cir. 1997).

citation and quotation marks omitted)); Pleau v. Centrix, Inc., 501 F. Supp. 2d 321, 327-28 (D. Conn. 2007). In essence then, "[t]his requirement functions as a statute of limitations . . . in that discriminatory incidents not timely charged before the EEOC [or CHRO] will be time-barred upon the plaintiff's suit in district court . . . ." Quinn v. Green Tree Credit Corp., 159 F.3d 759, 765 (2d Cir. 1998).

Here, plaintiff filed a first set of administrative charges against SNET on July 24, 2000, and a second set of administrative charges on June 21, 2001. See Exh. 1, cover sheets for administrative charges. Accordingly, any discrete discriminatory or retaliatory acts that occurred more than three hundred days prior to the first set of complaints, i.e. before August 28, 1999, are time-barred and cannot constitute independent bases for recovering under Title VII or CFEPA.

In her Complaint, plaintiff alleges, among other things, that in June, 1999, she called the payroll department at SNET and thereafter was told she should not make calls concerning her payroll issues but should go see her manager directly. Complaint ¶ 14. This appears to be part of her claim of sexual harassment. Although not in her Complaint, plaintiff has mentioned in the course of this litigation that she also complained of sexual harassment when she worked in a different work group and reported to a different supervisor in 1988, twelve years before the events about which she complains in this lawsuit. Neither the 1988 complaint, the facts underlying it, nor the June 1999 payroll incident is timely and therefore plaintiff should be precluded from offering any evidence related to these alleged events.

Given that these prior acts are time-barred and are not closely related to the claims that have been timely asserted in this action, evidence relating to these acts should be excluded for lack of relevance and because of their prejudicial nature. Indeed, several courts have _categorically_ excluded evidence relating time-barred acts on the grounds of irrelevance and/or

4.

undue prejudice. Moreover, as to the prior sexual harassment complaint, permitting such evidence would create the need for mini-trials concerning events not at all related to plaintiff's environment in the BCS group in 2000-2001. See Adams v. Yale-New Haven Hosp., No. 3:06CV1166, 2008 U.S. Dist. LEXIS 9429, at *2-5 (D. Conn. Feb. 8, 2008) (granting motion in limine to preclude testimony regarding an alleged discriminatory act that was time-barred under Title VII and CFEPA, and was not included in the CHRO complaint); Wingfield v. United Techs. Corp., 678 F. Supp. 973, 983 (D. Conn. 1988) (granting motion in limine to exclude evidence of time-barred discriminatory events because it did not make the existence of later discrimination more probable, and "would be likely to confuse the jury, unfairly prejudice the defendant, and unduly delay the trial"); Dillard v. Chicago Transit Auth., 105 Fed. Appx. 107, 112 (7th Cir. 2004) (upholding exclusion of plaintiff's evidence of prior denials of promotions because they had little or no relevance to his timely failure-to-promote and retaliation claims, and were not probative of any element of the prima facie case); see also Kline v. City of Kansas City, 175 F.3d 660, 666 (6th Cir. 1999) (upholding exclusion of plaintiff's evidence of isolated events occurring several years before the statutory limitations period, as it "had little or no probative value but did present a substantial risk of confusion of the issues and unfair prejudice"); Malarkey v. Texaco, Inc., 983 F.2d 1204, 1211 (2d Cir. 1993) (upholding trial court's decision to exclude evidence of alleged discriminatory acts that occurred outside of the applicable limitations period).

Besides lacking probative value, this evidence poses all sorts of dangers with regard to its potential misuse by juries. Foremost is the very real possibility that a jury will fail to distinguish between timely and untimely acts, and will ultimately award damages for both. Such an outcome would squarely conflict with the proscription against permitting recovery for time-

barred claims, and the very purpose of having a deadline for filing administrative charges under Title VII and the CFEPA.  See Ledbetter v. Goodyear Tire & Rubber Co., 127 S. Ct. 2162, 2170-71 (2007) ("The EEOC filing deadling protect[s] employers from the burden of defending claims arising from employment decisions that are long past. . . .  [B]y choosing what are obviously quite short deadlines, Congress clearly intended to encourage the prompt processing of all charges of employment discrimination.").

Equally important is the risk that a jury may focus on the prior acts instead of the claims that are actually at issue in this action.  This danger was alluded to Dillard v. Chicago Transit Auth., 105 Fed. Appx. 107, 112 (7th Cir. 2004), wherein the Seventh Circuit affirmed a trial court's decision to categorically exclude any evidence of prior, allegedly discriminatory acts.  Id. at 112.  The Seventh Circuit observed:

> [E]vidence that the [defendant] has previously denied [the plaintiff] promotions has little or no relevance to [the plaintiff's] timely failure-to-promote and retaliation claims.  These prior employment decisions are not probative of any element of the prima facie case.  Even if [the plaintiff] could show that the [defendant] failed to promote him a thousand times, this still would not establish that he was qualified for the promotions he unsuccessfully sought in this case, and his failure-to-promote claims would still fail.

Id.  That observation is equally applicable to the situation at bar.  For these reasons, SNET respectfully requests that plaintiff be precluded from offering testimony or other evidence related to either the payroll issue in 1999 or to any complaints of harassment or discrimination or the underlying reasons for the complaints from 1988 or any time prior to joining the BCS group.

Dated at North Haven, Connecticut this 5th day of May, 2008.

THE DEFENDANT,

SOUTHERN NEW ENGLAND TELEPHONE
COMPANY

By _____

    Lori B. Alexander
    Federal Bar No. CT08970
    Littler Mendelson, P.C.
    110 Washington Avenue
    North Haven, Connecticut  06473
    Tel. (203) 234-6344
    Fax (203) 234-6345
    E-Mail: lalexander@littler.com

# EXHIBIT 1

# STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES
## AFFIDAVIT OF ILLEGAL DISCRIMINATORY PRACTICE

DATE: June 20, 2000 _____            CASE NO.: 0130048 ____
                                                16aa 03394

My name is Kimberly Bachiocchi _____ and I reside at 21 Silano Drive, _____
Oxford, CT 06478 _____
The respondent is Southern New England Telephone Company _____ whose business
address is 90 Elizabeth Street, Derby, CT 06418 _____
I was
( ) terminated                ( ) not hired
( ) suspended                 ( ) not promoted
( ) demoted                   (✓) harassed (✓) sexually harassed
( ) warned                    (✓) retaliated against
( ) placed on probation       (✓) earing a different rate of pay
( ) given a poor evaluation   ( ) constructively discharged
( ) denied a raise            ( ) delegated difficult assignments
( ) less trained              ( ) other _____
( ) discriminated against in terms and conditions of employment
on _____ and believe that my

( ) race -                    ( ) national origin -
( ) color -                   ( ) ancestry -
(✓) sex [ ] male [✓] female   ( ) religious creed -
( ) age DOB:                  ( ) marital status -
( ) previously opposed, filed ( ) physical disability -
  or assisted                 ( ) mental disorder -
( ) sexual orientation        ( ) mental retardation -
                              ( ) learning disability -

RECEIVED
JUL 24 2000
COMM. ON HUMAN RTS. & OPP.
SOUTHWEST REGIONAL OFFICE

was in part a factor in this action. I believe that the respondent
violated the following Connecticut General Statutes and other acts
listed below; ( ) enforced through C.G.S. § 46a-58(a) (if applicable):

(✓) 46a-60(a)(1)            (✓)  Title VII of the Civil Rights Act of 1964,
(✓) 46a-60(a)(4)                 as amended, 42 U.S.C. 2000e and the Civil
( ) 46a-60(a)( )                 Rights Act of 1991 {cite for 15+ employees}
( ) 46a-60(a)(7) ( )( )( )( ) ( ) Age Discrimination in Employment Act of
(✓) 46a-60(a)(8)(4)(6)(c)        1967, 29 U.S.C. 621-634 {cite for 20+
( ) 46a-                         Employees}
( ) 46a-                   ( )   Americans with Disabilities Act, 42 U.S.C.
( ) 46a-80( )                    12101 et seq {cite for 15+ employees}
( ) 46a-81( )( )( )        (✓)   Equal Pay Act of 1964
( ) 46a-81( )( )( )        ( )   Section 504 of the Rehabilitation Act of
                                 1973, as amended

other_____

STATE OF CONNECTICUT
COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES
AFFIDAVIT OF ILLEGAL DISCRIMINATORY PRACTICE

STATE OF CONNECTICUT
JUN 1 2 2001
Comm. on Human Rights & Opportunit...
...L REGION

DATE: June 8, 2001                        CASE NO.: 0130588
                                                   16aa 1352

My name is Kimberly BAchiocchi        and I reside at 21 Silano Drive
Oxford, CT 06478
The respondent is SNET and Kevin West                    whose business
address is 90 Elizabeth Street, Derby, CT 06418

I was
( ) terminated                    ( ) not hired
( ) suspended                     ( ) not promoted
( ) demoted                       (X) harassed ( ) sexually harassed
(X) warned                        (X) retaliated against
( ) placed on probation           ( ) earing a different rate of pay
(X) given a poor evaluation       ( ) constructively discharged
( ) denied a raise                ( ) delegated difficult assignments
(X) less trained                  ( ) other _____
( ) discriminated against in terms and conditions of employment
on _____ and believe that my

( ) race -                        ( ) national origin -
( ) color -                       ( ) ancestry -
(X) sex [ ] male [X] female       ( ) religious creed -
( ) age DOB:                      ( ) marital status -
(X) previously opposed, filed     ( ) physical disability -
AND [X] assisted                  ( ) mental disorder -
( ) sexual orientation            ( ) mental retardation -
                                  ( ) learning disability -

was in part a factor in this action.  I believe that the respondent
violated the following Connecticut General Statutes and other acts
listed below; ( ) enforced through C.G.S. § 46a-58(a)(if applicable):

(X) 46a-60(a)(1)            (X)    Title VII of the Civil Rights Act of 1964,
(X) 46a-60(a)(4)                   as amended, 42 U.S.C. 2000e and the Civil
(X) 46a-60(a)(5)                   Rights Act of 1991{cite for 15+ employees}
( ) 46a-60(a)(7) ( ) ( ) ( ) ( )   Age Discrimination in Employment Act of
( ) 46a-60(a)(8) ( ) ( ) ( )       1967, 29 U.S.C. 621-634 {cite for 20+
( ) 46a-                           Employees}
( ) 46a-                    ( )    Americans with Disabilities Act, 42 U.S.C.
( ) 46a-80( )                      12101 et seq {cite for 15+ employees}
( ) 46a-81( ) ( ) ( )       ( )    Equal Pay Act of 1964
( ) 46a-81( ) ( ) ( )       ( )    Section 504 of the Rehabilitation Act o
                                   1973, as amended

other _____

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2008, a copy of the foregoing was filed electronically on all parties to this action.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system.  Parties may access this filing through the court's CM/ECF System.

Peter E. Gillespie, Esq.
46 Riverside Avenue
Post Office Box 3416
Westport, Connecticut 06880


_____
Lori B. Alexander
Federal Bar No.: CT08970