UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
*************************************************
KIMBERLY BACHIOCCHI,                *
                                    *
              Plaintiff,            *   CIVIL ACTION NO. 02-CV-908 (CFD)
                                    *
       v.                           *
                                    *
THE SOUTHERN NEW ENGLAND            *
TELEPHONE COMPANY,                  *   MAY 5, 2008
                                    *
              Defendant.            *
                                    *
*************************************************
```

## PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF DEFENDANT'S RETAINED EXPERT STUART KLEINMAN, M.D.

Pursuant to Fed. R. Civ. P. 16(c) and Rules 403, 702 and 703 of the Federal Rules of Evidence, Plaintiff respectfully files this motion seeking to exclude the testimony of Defendant's retained and designated expert witness, Stuart B. Kleinman, M.D.

Fed. R. Civ. P. 26(a)(2)(B) requires a retained expert to file a report. The report is to contain, *inter alia*, a complete statement of all opinions to be expressed and the reasons therefore; qualifications of the expert and the

compensation to be paid to the expert the study and testimony. The purpose of requiring such a complete report is to avoid the need for further discovery as to the expert and to eliminate surprise at trial. See, Notes of the Advisory Committee as set forth in <u>Smith v. State Farm Fire and Cas. Co</u>., 164 F.R.D. 49 , 53 (S.D.W.Va. 1995).

<u>Defendant's Designation of Dr. Kleinman</u>  Defendant timely designated a retained expert, Stuart B. Kleinman, M.D. Pursuant to Fed. R. Civ. P. 26(a)(2) Defendant provided its Designation, dated April 12, 2004, together with Dr. Kleinman's brief, double spaced, five page Report. A copy of the designation and report are attached hereto as Exhibit A.

Thereafter, by Supplemental Designation dated April 27, 2004, Defendant provided additional materials identical to the original disclosures, subject to the following exceptions: In the supplemental designation counsel sought to correct and expand upon the rates of compensation charged by Dr. Kleinman, provided a copy of Dr. Kleiman's signature on the report, and included a schedule of his testimonial record both at depositions and in court. A copy of the supplemental designation is attached hereto as Exhibit B, exclusive of the report which is largely duplicative.

As set forth in greater detail below, Plaintiff believes that Dr. Kleinman's report establishes that he will seek to testify outside of his area of expertise; that his testimony is of very limited relevance with respect to the material issues in

this matter and that any potential relevance is far outweighed by the potential for prejudice to the Plaintiff.

Further, Plaintiff believes that Dr. Kleinman's report is deficient in light of the requirements of Fed. R. Civ. P. 26(a)(2). The expert's compensation is not adequately reported in either the report or the designation. Additionally, although the report incorporates a long list of documents, numbering several hundred pages, it does not identify which excerpts, if any, form the basis for the expert's conclusions nor does the report explain how the conclusion reached relates to any specific fact. In this way the report fails to specify the basis for the expert's opinion.

Plaintiff believes that any one of these concerns is sufficient to warrant the exclusion of Dr. Kleinman's testimony under the provisions of Fed. R. Civ Pro. 16 and 26(a)(2) as well as Rules 403, 702 and 703 of the Federal Rules of Evidence.

**I.  Dr. Kleinman's Opinions Beyond His Area of Expertise**

In his report Dr. Kleinman sets forth a single, straight-forward, if speculative, opinion :  there is **a risk** that the methodology used by Plaintiff's treating professional, Gary Zachariah, D.Psy., may have resulted in an incorrect conclusion as to the cause of Plaintiff's distress.  Kleinman Report at p. 5.

A.  <u>The Narrow and Limited Scope of the Report</u>.  At the outset, it should be noted that Dr. Kleinman is not opining on Plaintiff's condition or its causation.

His opinion is limited to a discussion of the methodology used by Plaintiff's treating professional. The report concludes that there is a possible risk that an inaccurate conclusion concerning causation may have been reached by the treating professional based upon his choice of methodology.

> The report starts with the observation that:
>
> The methodology used in treatment settings to evaluate causation of emotional distress differs in fundamental ways <u>from that used in legal settings</u> to assist courts in resolving legal issues. (Emphasis added.)
>
> Kleinman Report at p.1.

Dr. Kleinman then acknowledges the proper methodology used in treatment, stating:

> The treater ordinarily accepts information offered by a patient as generally accurate, and does not – nor according to generally accepted practice is expected to – attempt to independently corroborate or investigate this information.
>
> Kleinman Report at p. 2

Dr. Kleinman never questions that the treating professional adhered to the ordinary, medically accepted method of treatment. It just happens that Dr. Kleinman believes that where a legal claim exists, a different standard should be imposed.

Dr. Kleinman's report is not focused on normal issues of psychiatric/psychological practice or treatment, his area of training and expertise.

As noted above, he admits – or at least does not question - that the normal, medically accepted method of treatment was followed.  Instead, his opinion is being directed to legal issues and standards – areas beyond his training and expertise.

B.  The Report's Reach Beyond Psychiatry.  Dr. Kleinman notes that the normal, apparently accepted, method of psychiatric/psychological treatment is not enough.  As he states the issue, it entails more that psychiatry or psychology :

> Did Dr. Zachariah employ – **within the legal context he did so** – methodology which permits reliable determination of the causation of the distress Ms. Bachiocchi has reported ?  (Emphasis in original.)

Kleinman Report at p.1

It is clear that Dr. Kleinman is venturing beyond his medical and psychiatric training.  In this case, although he acknowledges the normal methodology normally and correctly employed in his field, he is, by his own admission, trying to hold Dr. Zachariah's treatment methodology to a different standard :  the standard required for a legal conclusion.  It is as though he wants treating professionals to engage in a rigorous cross-examination of the patient.

If Dr. Kleinman had wanted to opine on his view of the causative factors giving rise to Plaintiff's distress, perhaps he could have done so.  But Dr. Kleinman's testimony has nothing to do with Plaintiff – he has never met her;

never examined her; never treated her; never observed her.  He does not opine on either the actual causation of her condition, nor her actual condition.  Never having met or examined her, he has no such views.

Dr. Kleinman merely wants to attack the <u>legal sufficiency</u> of the methodology used by Plaintiff's treating psychologist, and the <u>possible risk</u> that it could give rise to an incorrect conclusion at law.  Perhaps this testimony would be relevant in claim of negligent treatment, but it seems to have little relevance in this matter.

<u>C. Prejudicial Aspects of the Kleinman Report</u>.  In pursuing this speculative attack on Dr. Zachariah's methodology, Dr. Kleinman delves into several potential areas of trauma, each of them prejudicial to Plaintiff.

For example, he notes that certain "psychiatric conditions and adverse life experiences, e.g. childhood trauma, **may** influence how an individual **perceives** events."  Kleinman Report at p.4 (Emphasis added.)

Plaintiff notes that at this point in his report Dr. Kleinman does not identify any childhood trauma – he merely exposes his pre-existing prejudice to believe that such traumas may influence perceptions.  Further, the impact of such a trauma, if it exists and was considered, would be to <u>potentially</u> alter perception, not to actually result in any causal connection.  Nevertheless, in the face of such testimony, jurors are left to speculate about potentially terrible, although unspecified, events during Plaintiff's childhood – whether or not they occurred;

whether or not they are remote in time; whether or not they actually impacted anyone; or whether or not they are relevant.

In similarly vague, speculative and prejudicial terms Dr. Kleinman suggests that there are four areas of actual inquiry : (a) the nature of Plaintiff's marriage, "particularly her history of documented marital difficulties;" (b) Plaintiff's financial well-being; (c) Plaintiff's "acknowledged exposure" to trauma during childhood; and (d) Plaintiff's psychiatric history, including "documented history" of mental health treatment.  Kleinman Report at pp. 4-5.

Of the four areas of inquiry cited by Dr. Kleinman, one (financial well-being) seems to have no factual basis.  Of the remaining three, Dr. Kleinman refers to them as being either documented or acknowledged.  However, he does not set forth any factual basis or explanation for his statements.  We are left to speculate as to just what facts he may be thinking of, if any, set forth somewhere in the hundreds of pages cited in the Appendix to Dr. Kleinman's report.

On what basis, for example, does he conclude that earlier marital issues or childhood trauma are unresolved?  Why would either of these issues matter, if they are remote in time from the workplace issues in this case ?  Why are these remote, resolved issues more likely to have caused Plaintiff's distress than the actual workplace incidents which immediately preceded the onset of her distress?  To what extent can each of these remote items be weighted with respect to a likelihood of causing distress in 2000 ?  Similar questions arise

concerning any earlier psychiatric history relating to Plaintiff. And none of these questions can be addressed, much less answered, without an identification of exactly what it is to which Dr. Kleinman is referring.

Of course, airing these issues in front of a jury is, for Plaintiff, an embarrassing and unhappy exercise. Why should she be put to that when these vague issues relate not to her, but to the methodology utilized by her treating psychologist ? A methodology acknowledged to be normally correct, but now objected to in the context of a legal analysis.

**The Report Lacks Adequate Specificity**  Throughout his report, Dr. Kleinman fails to identify a specific basis for his opinions. In addition to the examples set forth above, Dr. Kleinman concludes that the risk of an incorrect conclusion about causation is "substantial." Yet he does not Set forth actual facts upon which his conclusion rests, nor does he make any attempt to quantify that conclusion in any way.

A.  A Failure of Specificity   From the report, we do not know if Dr. Kleinman is concerned about a 10% chance of inaccuracy, or a 90% chance. We only know that he has concluded that the risk is "substantial," a completely undefined term, resting on a completely undisclosed and unsupported basis. His conclusions, it seems, are indicated merely by "the voluminous data reviewed." Kleinman Report at p. 3.

In <u>Smith v. State Farm Fire and Cas. Co</u>., 164 F.R.D. 49, 53-54 (S.D.W.Va. 1995) the Court considered the adequacy of retained experts' reports.  Although the reports were entitled "Preliminary Report," the Court carefully considered the contents of the reports at issue.  The Court noted that the reports referred to "massive amounts of documents" as the basis for opinions which were expressed in vague terms. In this respect, <u>Smith</u> seems to be on "all fours" with the instant matter.  The Court found that the report was inadequate and granted a motion to compel.  Accord,  6 Moore's Federal Practice §26.23(2)(b) (Matthew Bender 3d Ed.) citing <u>Smith</u> at n. 20

<u>B. A Failure To Adequately Disclose Compensation</u>  Dr. Kleinman's report is completely silent on the issue of compensation, notwithstanding that a statement of the compensation to be paid to the expert is to be included in the report and the report is to be signed by the witness.  Fed. R. Civ. P. 26(a)(2)((B).  Instead, Defendant's counsel included a statement in her designation, noting the hourly rate paid to Dr. Kleinman.

In the original designation, we were told that only that "Dr. Kleinman's hourly rate for testimony is $500.00 an hour."  No other information was provided.  See Exhibit A.  In the supplemental designation, however, Exhibit B, Defendant stated:

> Dr. Stuart Kleiman's rate for deposition and court testimony is $4,000 a day (for up to a maximum of 8 hours).  After 8 hours, Dr. Kleinman bills at his

>hourly testimonial appearance rate of $500.00 an hour.
>His travel time is charged at $400.00 an hour. Dr. Kleinman
>was paid at a rate of $400.00 for his study.

Exhibit B at p. 1

Even assuming that Dr. Kleinman was billing at $400/hour for the time spent in reviewing all of those documents and preparing the study, , nowhere does Defendant or the witness disclose how many hours he spent reading those hundreds of pages and crafting his report. Therefore the compensation to be paid to the designated expert has never been disclosed. Moreover, there is no explanation of the difference in rates set forth in Exhibit A and Exhibit B. Further, the supplemental materials do not actually specify that compensation for the study was based upon <u>an hourly rate</u> of $400, as opposed to a total cost or a daily rate.

Rule 26(a)(2)(B) requires disclosure of "compensation" paid to a retained expert. Disclosure of an hourly rate alone is not sufficient. <u>Boselli v. Southeastern Pennsylvania Transp. Auth</u>., 108 F.R.D. 723 (E.D. PA. 1985) (ordering disclosure of compensation paid.); See also, <u>Cary Oil Co. v. MG Ref. & Mktg, Inc.</u>, 257 F.Supp.2d 751, 756 (S.D.N.Y. 2003); <u>US v. Fell</u>, 372 F.Supp.2d 786, 791 (D. Vt. 2005) (It is legitimate for a juror to analyze an expert witnesses's testimony for bias. This is why courts allow parties to examine an expert witness's compensation in an effort to impeach for bias.); <u>Accord</u>, 6 Moore's Federal Practice §26.23(2)(b) (Matthew Bender 3d Ed.) citing <u>Cary Oil</u> at n. 23.1

If Dr. Kleinman is permitted to testify, Plaintiff is likely to be prejudiced. Every time Dr. Kleinman specifies a factual basis for his conclusion, Plaintiff will face a new surprise, not having received such information in his report. Plaintiff's preparation will have been hampered and the ability of her counsel to cross-examine the witness will have been impaired.

Further, given the nature of the possible, remote causative factors that Dr. Kleinman may raise, Plaintiff will be subject to embarrassment; and the jury is almost certain to be confused, assuming that Dr. Kleinman's testimony actually relates to Plaintiff's condition, not merely his view of the treatment methods used by her treating professional, all in contravention of Rule 403 of the Federal Rules of Evidence.

In light of each and all of the arguments set forth above, Plaintiff respectfully requests that the testimony of Stuart Kleinman, M.D., Defendant's retained expert, be excluded.

Respectfully submitted,

THE PLAINTIFF
KIMBERLY BACHIOCCHI

By: *(signature)*

Peter E. Gillespie  (ct06554)
46 Riverside Avenue

                                                     P. O. Box 3416  
                                                     Westport, CT 06880  
                                                     Tel: (203) 227-7000  
                                                   Fax: (203) 454-5508  
                                                   Email: petelaw@mac.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 5, 2008 a copy of this motion in limine was filed electronically and served by mail on unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System:

Lori B. Alexander, Esq.
Littler Mendelson
110 Washington Avenue – 3rd Floor
North Haven, CT 06473

Peter E. Gillespie (ct06554)