UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| * * * * * * * * * * * * * * * * *<br>KIMBERLY BACHIOCCHI, | * <br> * <br> * <br> * <br> * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. 02-CV-908 (CFD) <br> * <br> * |
| THE SOUTHERN NEW ENGLAND TELEPHONE COMPANY, | * <br> * <br> * <br> * |
| Defendant. | * MAY 5, 2008 |
| * * * * * * * * * * * * * * * * * | * |

**DEFENDANT'S SUPPLEMENT TO JOINT TRIAL MEMORANDUM**

Pursuant to the Court's pre-trial deadlines established in this case, the defendant, the Southern New England Telephone Company, hereby submits this Supplement to the Joint Trial Memorandum filed by both parties to this action on December 1, 2006.

1. **Exhibit D, Proposed Jury Instructions, Pages 9-10.**

Defendant hereby adds five sentences and supporting citations to its objection to Plaintiff's Requested Instruction No. 5. That objection is found on Pages 9 and 10 of the parties' Proposed Jury Instructions. The following constitutes the whole of that objection as supplemented, with the added section in boldface:

1

"***Defendant's Objection:*** *Defendant does not object to the first two paragraphs of Instruction 5.  Defendant does object to the inclusion of "net lost wages and benefits, if any, to the date of trial" among the damages available for plaintiff's hostile work environment claims.  Back pay is not available for a claim of a hostile work environment that did not end in a constructive discharge.  <u>Spencer v. Wal-Mart Stores, Inc.</u>, Nos. 05-2143, 05-3436, 05-3471, 2006 U.S. App. LEXIS 28952 at \*12 (3d Cir. Nov. 22, 2006); <u>Bonner v. Guccione</u>, No. 94-Civ.-7735, 1997 U.S. Dist. LEXIS 11382 at \*5 (S.D.N.Y. Aug. 6, 1997 ), <u>partially rev'd on other grounds</u> <u>Bonner v. Guccione</u>, 178 F.3d 581 (2d Cir. 1999); <u>see also</u> <u>Cruz v. Coach Stores, Inc.</u>, 202 F.3d 560, 571 n. 6 (2d Cir. 2000) ("[n]or does Cruz's hostile work environment claim affect her claim for backpay").  Plaintiff in this case continues to work for SNET and has been successively promoted.  **Even if a claim for net lost wages and benefits is available, defendant objects to the submission of any such claim to the jury.  Because a lost wages award under Title VII is an equitable remedy, a party is generally not entitled to a jury determination regarding such an award.  <u>Robinson v. Metro-North Communter R.R.</u>, 267 F.3d 147, 157 (2d Cir. 2001).  Jury consideration of lost wages may be available if neither party objects.  <u>Broadnax v. City of New Haven</u>, 415 F.3d 265, 272 (2d Cir. 2005).  However, defendant hereby objects to the submission of any issue of lost wages to the jury, and therefore does <u>not</u> consent under Federal Rule of Civil Procedure 39(c) to any such submission.  Thus, no such issue may be submitted to the jury.**  Defendant also objects to the inclusion of punitive damages.  Punitive damages are available under Title VII only if a managerial employee of SNET's acted with malice or with reckless indifference*

2

*to the federally protected rights of an aggrieved individual, and if SNET itself did not act in a good-faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.* Kolstad v. Am. Dental Ass'n, *527 U.S. 526, 536-46 (1999). As noted below in plaintiff's instruction on punitive damages, plaintiff can offer no evidence whatever to meet this standard. Even if plaintiff offered such evidence, the Court should not instruct the jury that it "should consider punitive damages," as plaintiff requests. Furthermore, the instruction is confusing as to the relationship between the categories of damages alluded to in this instruction and those alluded to in the following instruction."*

2. **Exhibit E, Proposed Jury Verdict Form, Page 3**

Defendant hereby adds a one-sentence objection to Section IV of the Proposed Jury Verdict Form, which constitutes Page 3 of that Form. The following constitutes the whole of Section IV as supplemented, with the added objection in boldface italics and the existing objections in non-boldface italics:

"VI. **DAMAGES**

\_\_\_\_\_  The jury has found in favor of the defendant on all counts of the Complaint by checking box "B" for each count of the Complaint.

\_\_\_\_\_  The jury has found in favor of the plaintiff on at least one count of the Complaint by checking box "A" and awards damages to the plaintiff as follows:

3

Back wages: _____

*[Defendant objects to including a line for back wages or any reference to back wages.]*

Compensatory damages: _____

If you have concluded to award damages to plaintiff, Kimberly Bachiocchi for mental anguish and emotional harm, please state the amount of such damages which were awarded by you pursuant to the state law claims, Counts 2 and/or 4 of the Complaint:

_____

*[Defendant objects to including the above phrase from "If you have included ..." and to the inclusion of a separate line for such damages.]*

Punitive damages, if any: _____

*[Defendant believes there should be no line for punitive damages and objects to the inclusion of any such language.]*"

3. **Revised Defendant's Exhibit List**

1. Memorandum from Ron Dursza to Kevin West, 11/09/00
2. Affidavit of Ivan Boulet
3. Affidavit of Ron Dursza
4. none
5. Email from Carl Lorentzen, 5/15/00
6. Absence and tardiness record 2000 and 2001 for Ms. Bachiocchi
7. Notice of MAR Dismissal
8. Dismissal and Notice of Rights
9. Attendance Record, BCS Group, week of 1/15/01
10. Derby Police Department Incident Report, 6/04/01
11. SBC Summary Plan Description for Disability Income Plan
12. EEO Policy
13. Discrimination Policy
14. Keith Casey performance documents
15. Ron Dursza performance documents
16. Frank Andrews performance documents

17. Chris Manouse performance documents
18. Chris Manouse certifications
19. none
20. Bachiocchi performance documents
21. Wage records
22. Other wage records
23. SBC Leave of Absence Policy
24. Lorraine Mattei letter 01/23/01
25. Weather report for 01/18/01
26. Management Compensation Plan
27. Pages from Bachiocchi personal calendar
28. Asset Protecton/Security Report
29. Draft statement by Ms. Bachiocchi to Asset Security
30. Final statement by Ms. Bachiocchi to Asset Security
31. Memorandum "Documentatoin: Nick Faiella by Kevin West Manager PTS"
32. Richard Light log
33. Robert Valleria log
34. Notes regarding 12/01/00 meeting with Nick Faiella
35. Kevin West email re 12/05/00 meeting with Nick Faiella
36. Memorandum re 12/05/00 meeting with Nick Faiella
37. Memorandum from Yvan Boulet dated 11/14/00
38. Memorandum from Robert Vallerio
39. Memorandum from Ron Dursza
40. Memorandum from William Volkert, Jr.
41. Letter from Lorraine Mattei of 02/19/01
42. Absence and Tardiness Record – 2000
43. Absence and Tardiness Record – 2001
44. none
45. Return to work note from Jeffrey Sumner
46. SNET Standards of Conduct
47. Bachiocchi acknowledgement of receipt of Standards of Conduct
48. EEOC Review Sign-In Sheet
49. Bachiocchi 1998 performance evaluation
50. Bachiocchi earnings records 2002
51. Bachiocchi earnings records 2003
52. Bachiocchi earnings records 2004-2007
53. none
54. none
55. Bachiocchi 2002 performance evaluation
56. Bachiocchi Employee Orientation Check List
57. Wage record for Bachiocchi for hire date
58. none
59. none
60. Email of 06/13/01 from Ms. Bachiocchi to Laurie Moffett

61. Email of 06/18/01 from Ms. Bachiocchi to Ms. Companik
62. Moffett 09/24/01 note to file
63. Bachiocchi resume
64. Candidate selection form
65. Bachiocchi tax records (need update from plaintiff)
66. Inspection sheets and supporting documents
67. Wage History for Ms. Bachiocchi
68. Training profile
69. Vacation document
70. none
71. none
72. Medical note 04/11/95 from Dr. Sumner
73. Medical note 09/16/97 from Dr. Kligfield
74. Medical note 07/13/98 from SNET
75. none
76. Medical note 01/21/00 from Dr. Lyall
77. none
78. none
79. none
80. none
81. Medical report 02/01/02 from Dr. Bridgers
82. Gary Zachariah notes
83. Medical note 01/31/03 from Dr. Sarfeh
84. Letter 06/30/03 from Dr. Kligfield
85. Medical record St. Mary's Hopital 12/23/03
86. Letter 01/08/04 from Dr. Roman
87. Letter 02/24/04 from Dr. Zachariah
88. none
89. none
90. Harry Kurtz Department of Public Safety Records
91. Harry Kurtz Accurint Report
92. Jeff Kurtz Criminal record
93. Nick Faiella Absence Record – 2000
94. Nick Faiella Absence Record – 2001
95. Affidavit of William Volkert
96. Kevin West notes June 2000
97. Kevin West 05/31/01 notes
98. Kevin West 06/01/01 notes
99. Email 05/21/01 from Ms. Bachiocci
100. Richard Light notes of engineering meeting 03/06/00
101. Bachiocchi family photos
102. none
103. none
104. Email from Ms. Bachiocci to Chris Manouse 03/04/02

105. Time Line (to be agreed upon)
106. Report of Stuart Kleinman
107. Affidavits and transcripts of depositions as need for impeachment or rebuttal.

**D.**     **Additional Defendant's Jury Instruction**

**Deciding Whether Environment Was Based on Gender.**

The second element of plaintiff's hostile work environment claim is that her treatment was based on her sex. In order to prevail on a claim of an unlawful hostile work environment, a plaintiff must show that the environment was hostile because of a protected trait, in this case plaintiff's sex. "[W]hile the harassment complained of need not take the form of sexual advances or explicitly sexual conduct in order to be actionable under Title VII, the plaintiff is required to establish that the conduct was based on her gender."[1] You must decide whether the conduct about which Ms. Bachiocchi complains was because of her gender or for some other reason.

In essence, in determining plaintiff's hostile work environment claim, if you find that Ms. Bachiocchi was subjected to an environment that was permeated with discriminatory intimidation and ridicule because she was a woman, then you must find in her favor on the hostile work environment claim. If, on the other hand, you decide that SNET's treatment of Ms. Bachiocchi was a non-discriminatory response to the quality of her work, or otherwise did not rise to the level of an unlawful hostile work environment based on sex, then you must find in favor of SNET on the hostile work environment claim.

---

[1] Galdieri-Ambrosini v. National Realty & Development Corp., 136 F.3d 276 (2d Cir. 1998).

Dated at North Haven, Connecticut this 5th day of May, 2008.

        THE DEFENDANT,

        SOUTHERN NEW ENGLAND TELEPHONE COMPANY

By _/s/ Lori B. Alexander_
    Lori B. Alexander
    Federal Bar No. CT08970
    Littler Mendelson, P.C.
    110 Washington Avenue
    North Haven, Connecticut 06473
    Tel. (203) 234-6344
    Fax (203) 234-6345
    E-Mail: lalexander@littler.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2008, a copy of the foregoing was filed electronically on all parties to this action. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's CM/ECF System.

**Plaintiff's Counsel**
Peter E. Gillespie, Esq.
46 Riverside Avenue
Post Office Box 3416
Westport, Connecticut 06880

                                          */s/ Lori B. Alexander*
                                          Lori B. Alexander (ct08970)