THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| * * * * * * * * * * * * * * * * * | * |
| KIMBERLY BACHIOCCHI, | * |
| | * |
| | * |
| | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * CIVIL ACTION NO. 02-CV-908 (CFD) |
| | * |
| | * |
| THE SOUTHERN NEW | * |
| ENGLAND TELEPHONE | * |
| COMPANY, | * |
| | * |
| Defendant. | * MAY 5, 2008 |
| * * * * * * * * * * * * * * * * * | * |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION IN LIMINE AND OBJECTIONS TO PLAINTIFF'S
## EXHIBITS

This memorandum is filed by the defendant, the Southern New England

Telephone Company ("SNET"), in support of its Motion in Limine filed on this same

date, to preclude plaintiff Kimberly Bachiocchi from offering Exhibit Nos. 5, 6, 7, 9, 11,

12, 14 and 21 for the reasons set forth below.

    A.    <u>Plaintiff's Exhibit No. 5 Is Irrelevant</u>

Plaintiff's Exhibit No. 5 consists of slides from a power point presentation on

workplace violence presented by SNET to certain employees in 2001. These slides are

wholly irrelevant to the plaintiff's claims of sexual harassment and violation of the Equal

Pay Act in this case and should be excluded from evidence.

Under Rule 402 of the Federal Rules of Evidence, "[e]vidence which is not

relevant is not admissible." Under Rule 401, "relevant evidence" means "evidence

having any tendency to make any fact that is of consequence to a determination of the action more probable or less probable than it would be without the evidence." The Second Circuit has explained that "[i]mplicit in that definition are two distinct requirements: (1) the evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action." United States v. Diaz, 878 F.2d 608, 614 (2d. Cir. 1989), citing United States v. Hall, 652 F.2d 1002, 1005 (5th Cir. 1981).

Here, the slides used by SNET as part of its Workplace Violence Awareness Workshop in 2001 to increase awareness are wholly irrelevant to plaintiff's claims in this matter and thus, cannot be admitted at trial.

B.    Plaintiff's Exhibit No. 6 Constitutes Inadmissible Hearsay and Dr. Zachariah Lacks Personal Knowledge Of The Statements Concerning SNET's Workplace

Plaintiff's Exhibit No. 6 consists of two letters from plaintiff's treating psychologist, Gary Zachariah Psy.D, to Diane Deny, RN, in SNET's Medical Department concerning plaintiff's work environment. These letters should be excluded from evidence because (1) they are inadmissible hearsay, (2) Dr. Zachariah lacks personal knowledge concerning SNET's workplace, and (3) Dr. Zachariah's statement as to the cause of plaintiff's depression, as well as Dr. Zachariah's personal feelings of anger at SNET should be precluded for the reasons set forth in the Defendant's Motion in Limine to Preclude Certain Testimony from Plaintiff's Expert Witness and Request for Daubert Hearing dated May 5, 2008.

Plaintiff seeks to introduce Dr. Zachariah's letters to SNET dated January 4, 2001 and January 19, 2001. In his first letter, Mr. Zachariah informs SNET that the

"precipitating factor" for plaintiff's depression was "harassment from male co-workers and supervisors" at SNET. Pl. Ex. 6. Dr. Zachariah further states that plaintiff should be allowed to return to work for one day on January 18, 2001 as a "get reacquainted day" before she returns to work full time.

On January 19, 2001, Dr. Zachariah writes that "I must admit that as an emotional health professional that I am *very upset* about what occurred upon Ms. Bachiocci's return to work yesterday her one day of reacquaintance with her job." Pl. Ex. 6 (emphasis added) Dr. Zachariah writes to SNET that plaintiff informed him of the following:

*       she went to work at SNET on January 18, 2001,

*       only her supervisor and one part time employee were present at the office that day,

*       that the rest of the staff were signed out on jobs, and

*       that for all of the employees to be gone at the same time from SNET's office was "extremely odd and unusual."

Pl. Ex. 6. Based upon plaintiff's statements, Dr. Zachariah, further states that he is "upset" because neither he nor plaintiff were informed that most of the employees would be out of the office, and that he "can't believe that this situation has occurred".

First, Dr. Zachariah's statements in his letters to Ms. Deny constitute inadmissible hearsay and should be precluded. Rule 801 of the Federal Rules of Evidence define hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Hearsay is not admissible unless it fits within one of the well established exceptions. Fed. R. Evid. 802. Dr. Zachariah's letters are out of court statements being

offered for the truth of the matter asserted.  As such, they are inadmissible hearsay and should be excluded.

Secondly, Dr. Zachariah lacks personal knowledge of the SNET workplace and plaintiff's return to work.  Under Rule 602 "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.  It is undisputed that Dr. Zachariah does not have any personal knowledge of the SNET workplace, or the events of January 18, 2001.  Therefore, these statements must be precluded from evidence.

Finally, to the extent the entire documents are not excluded, Dr. Zachariah's statements as to the cause of plaintiff's depression  should be precluded as his opinion lacks a scientific basis. See Defendant's Motion in Limine to Preclude Dr. Zachariah's Testimony dated May 5, 2008. Similarly, Dr. Zachariah's inflammatory statements concerning his anger and "upset" at SNET should be precluded.  See Defendant's Motion in Limine to Preclude Dr. Zachariah's Testimony dated May 5, 2008.

C.     Plaintiff's CCHRO Charges Are Inadmissible Hearsay

Plaintiff's Exhibit Nos. 7 and 9 are her charges of discrimination filed with the Connecticut Commission of Human Rights and Opportunities ("CCHRO") on July 24, 2000, and June 12, 2001, respectively.

Here, plaintiff seeks to offer her out of court statements to the CCHRO for the truth of the matters asserted at trial.  Plaintiff will testify at trial as to her claims in this matter. Defendant will not, however, have had an opportunity to cross examine her on the statements made in the CCHRO charges. Moreover, defendant agrees to stipulate that the plaintiff filed an initial  CCHRO charge July 24, 2000, and a second one on June 12,

2001. Therefore, defendant objects to the admission into evidence of the plaintiff's CCHRO charges.

> D.    <u>Plaintiff's Exhibit No. 11 Is Inadmissible Hearsay and Irrelevant</u>

Plaintiff's Exhibit No. 11 is an Affidavit she filed with the CCHRO in support of Nick Faiella's claims against SNET and two of his supervisors. Plaintiff's Affidavit should be precluded because (1) it is inadmissible hearsay,  (2) it is not relevant to the claims made in this matter, and (3) any possible probative value is outweighed by the prejudice to the defendant.

Plaintiff's statements in her Affidavit supporting Mr. Faiella's claims constitute inadmissible hearsay.  They are out of court statements offered for the truth of the matter asserted and therefore, should be excluded.

Furthermore, Mr. Faiella's claims of alleged age discrimination and disability discrimination are not probative of the plaintiff's claims in this case of sexual harassment and violation of the Equal Pay Act.

Similarly, plaintiff's statements in her Affidavit include:

*    Mr. Faeilla was good at his job,

*    Mr. Faeilla  had a good rapport with customers,

*    Mr. Faeilla frequently replaced the supervisor when the supervisor was out of the office,

*    that the supervisor told plaintiff Mr. Faeilla would be promoted to his position when he retired,

*    Mr. Faeilla's work assignments at SNET,

*    statements allegedly made to plaintiff concerning Mr. Faeilla's work performance, and

    \*        statements made to plaintiff that Mr. Faeilla was not going to get a promotion.

These statement are not relevant to plaintiff's claims and should be precluded under Rule 402 of the Federal Rules of Evidence.

Furthermore, to the extent there are any statements in the Affidavit which could be arguably probative of the plaintiff's allegations in this action, any probative value is substantially outweighed by the danger of unfair prejudice to defendant of admission into evidence of this exhibit. Therefore, pursuant to Rule 403 of the Federal Rules of Evidence.

Moreover, if the court finds that plaintiff's filing of this Affidavit probative, defendant can stipulate that plaintiff submitted an Affidavit in support of another employee's CCHRO claim on March 21, 2001. The introduction of the entire Affidavit, however, would prejudice defendant.

    E.     <u>Plaintiff's Exhibit No. 12 Is Inadmissible Hearsay and Irrelevant</u>

Plaintiff's Exhibit No. 12 is Nick Faiella's charge of discrimination to the CCHRO filed December 15, 2000. Mr. Faeilla's CCHRO charge should be excluded from evidence because (1) it is inadmissible hearsay, (2) it is not relevant to the claims made in this matter, and (3) any probative value is outweighed by the prejudice to the defendant.

In his CCHRO charge, Mr. Faiella claims that he was transferred, warned, poorly evaluated, retaliated against, harassed, not promoted and denied commissions due to his age (60) and his mental disability (anxiety) in violation of the Americans with Disabilities Act and the Connecticut disability law. In support of his claims, he alleges that he was retaliated against due to his support of plaintiff in the workplace.

First, Mr. Faeilla's allegations in his CCHRO charge that he was discriminated against by SNET constitute inadmissible hearsay. Plaintiff is offering them for the truth of the matter asserted, ie. that SNET allegedly discriminated against Mr. Faiella. Therefore, they should be excluded.

Secondly, Mr. Faiella's claims of alleged age discrimination and disability discrimination are not probative of the plaintiff's claims in this case of sexual harassment and violation of the Equal Pay Act. Mr. Faiella's factual allegations, which include statements that SNET informed him that complaints were made against him by contractors, customers and coworkers that his service area changed, that he was harassed on a daily basis, that he was placed on a performance plan, that he was not promoted, and that he has suffered emotional distress and was "forced to take a disability leave" are not relevant to plaintiff's claims.

Furthermore, to the extent there are any statements in the CCHRO charge which could be arguably probative to the plaintiff's allegations in this action, the probative value is substantially outweighed by the danger of unfair prejudice to defendant of admission into evidence of this exhibit, and would lead to a confusion of issues. Therefore, they should be excluded pursuant to Rule 403 of the Federal Rules of Evidence.

F.    Plaintiff's Exhibit No. 14 Is Inadmissible Hearsay and Irrelevant

Plaintiff's Exhibit 14 consists if a selection of handwritten notes taken by Chris Manouse dated November 31, 2000, December 8, 2000, April 2, 2001 and April 30, 2001. These handwritten notes are out of court statements offered for the truth of the matters assert. Although Mr. Manouse can testify about matters at trial, his handwritten

7

notes written by him cannot be cross examined, and therefore, constitute inadmissible hearsay.

G.    Plaintiff's Exhibit No. 21 Is Inadmissible Hearsay

Exhibit No. 21 is an entry on Dr. Sarfeh's medical chart for June 4, 2001 that states in part:

> Today while at work was grabbed in the left wrist by her manager. She was able to pull her wrist away from him. Events occurred at 9 am. She became acutely agitated after this event and extremely anxious and afraid. She asked a friend who was an employee out on leave. Police were called. She spoke with her attorney. She reports a subsequent redness and pain in the area which was grabbed. The area has become tender . . .

Pl. Ex. 21. These statements are inadmissible hearsay and should be excluded from evidence.

Rule 801 of the Federal Rules of Evidence define hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). The statements in plaintiff's Exhibit No. 21 constitute inadmissible hearsay, as they are out of court statements offered from the truth of the matter asserted. Plaintiff offers this Exhibit to establish that these events did occur.

Plaintiff's statements to Dr. Sarfeh do not fall within the exception to the hearsay rule for statements made for purposes of medical diagnosis or treatment because they are immaterial to Dr. Sarfeh's diagnosis and treatment of plaintiff's bruise. Any statement made for the purposes of medical diagnosis or treatment falls within this exception only so far as it is "reasonably pertinent to diagnosis or treatment." Fed. R. Evid. 803(4). Therefore, in order to fall within this exception, "it is not enough that the declarant made the statement with an intent to facilitate diagnosis or treatment; the statement must in

8

addition in fact be reasonably pertinent to diagnosis or treatment." Federal Practice and Procedure, §7045 at 464.

Plaintiff's statements to Dr. Sarfeh as to what her manager allegedly did, what actions she took, what time this happened, who she called, her feelings about this and her description of the bruise are not "reasonably pertinent to diagnosis or treatment" as specifically required by the exception contained in Rule 803(4). See e.g. Roberts v. Hollocher, 664 F.2d 200, 204-204 (8th Cir. 1981) (statement made to treating physician that patient's injuries were caused by "excessive force" found inadmissible).

Furthermore, the Advisory Committee's Notes to Rule 803(4) make clear that "[s]tatements as to fault would not ordinarily qualify" for this exception. Note to Rule 803(4). Therefore, they should be excluded from evidence.

WHEREFORE, defendant respectfully requests that the Court grant its Motion in Limine to Preclude Certain of Plaintiff's Exhibits.

> THE DEFENDANT
> SOUTHERN NEW ENGLAND
> TELEPHONE COMPANY
>
>
> By __/s/  Deborah DeHart Cannavino
>     Deborah DeHart Cannavino
>     Federal Bar No. CT08144
>     Littler Mendelson, P.C.
>     One Stamford Plaza
>     263 Tresser Blvd., 9th Fl.
>     Stamford, CT  06901
>     Tel. (203) 564-1449
>     Fax (203) 564-1723
>     E-Mail: dcannavino@littler.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2008, a copy of the foregoing was filed

electronically on all parties to this action.  Notice of this filing will be sent by e-mail to

all parties by operation of the court's electronic filing system.  Parties may access this

filing through the court's CM/ECF System.

Peter E. Gillespie, Esq.
46 Riverside Avenue
Post Office Box 3416
Westport, Connecticut 06880


   __/s/ Deborah DeHart Cannavino
Deborah DeHart Cannavino
Federal Bar No.: CT08144

Firmwide:85109459.1 053999.1009