UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| KIMBERLY BACHIOCCHI, | \* | |
| | \* | |
| Plaintiff, | \* | CIVIL ACTION NO. 3:02-CV-908 (CFD) |
| | \* | |
| v. | \* | |
| | \* | |
| THE SOUTHERN NEW ENGLAND | \* | |
| TELEPHONE COMPANY, | \* | MAY 14, 2008 |
| | \* | |
| Defendant. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO LIMIT THE TESTIMONY OF NICHOLAS FAIELLA

Defendant has moved to limit the testimony of Nicholas Faiella, prohibiting him from recounting two exchanges he had with Robert Vallario. In its papers Defendant characterizes Vallario as a SNET employee or as a "co-worker." In fact, Vallario spoke for SNET, being the supervisor who headed the installation unit of the West Group, also formally known as the Business Communications Sales Group.

In the two exchanges at issue, Vallario enquired about Ms. Bachiocchi's physical attributes and qualities. The specific exchanges seem to be accurately set forth in Defendant's Memorandum at p. 4.

There can be no doubt that these two exchanges relate to the subject matter of this case as they are sexually based and offensive comments. Defendant seeks to exclude these exchanges, however, on the theory that the comments were not made to Plaintiff, or within her hearing, and that she was unaware of them.

In support of its theory, Defendant relies, inter alia, upon two cases from the Second Circuit Court of Appeals : *Schwapp v. Town of Avon*, 118 F.3d 106, 111 (2d Cir. 1997) and *Whidbee v. Garzarelli Food Specialties, Inc*., 223 F.3d 62, 71 (2d Cir. 2000). Plaintiff submits that Defendant has construed these cases incorrectly.

It is true that in *Schwapp* the Court admitted comments which had not been heard by Plaintiff, but had been related to him by another. Defendant seems to see this as a narrow, limited extension as to the nature of admissible evidence. It therefore argues that if Plaintiff was unaware of the comments made to Faiella, then they cannot be relevant or admissible.

Plaintiff, however, takes a broader view. She sees the holding in *Schwapp* as a natural extension of the Court's mandate to consider the totality of the circumstances in discrimination cases. *Schwapp* at 111. In its analysis the Court cited *Perry v. Ethan Allen, Inc*., 115 F.3d 143,151 (2d Cir. 1997), noting :

> *Perry* was a hostile environment sexual harassment case. There we found error in the trial court's exclusion of evidence of sexual harassment of other women even though the plaintiff did not witness that harassment. We determined that such conduct, "if part of a pervasive or continuing pattern of conduct, was surely relevant to show the existence of a hostile environment." *Id*.

*Schwapp* at 111-112.

2

The holding in Perry was not premised on the Plaintiff's knowledge, either direct or indirect.

The reasoning of *Schwapp* illustrates the flexible, inclusive nature of inquiry, looking to the totality of the circumstances, which is appropriate for discrimination cases. The next case cited by Defendant seems to support Plaintiff's view.

In *Whidbee* the Court considered another instance of second-hand comments. In discussing the nature of the inquiry which should be permitted, however, the Court relied upon the reasoning of *Schwapp*, endorsed a totality of the circumstances analysis, and specifically referred to the *Schwapp* decision :

> Whether [plaintiff] was aware of them during his employment, and, more significantly, whether in light of these incidents, the incidents [plaintiff experienced more directly "would reasonably be perceived, and [were] perceived, as hostile or abusive," *are factual issues that should be resoled by a trier of fact*.
>
> *Whidbee* at 71. (Emphasis in original.)

The *Whidbee* Court also cited *Cruz v. Coach Stores, Inc*., 202 F.3d 560 (2d Cir. 2000), a case not mentioned by Defendant. In *Cruz*, the Court considered the statements of employees other than the Plaintiff. Those employees also had been subjected to improper conduct. In considering those statements the Court said :

> Moreover, even if Cruz herself were not present or were not the target of some of Bloom's racial remarks, a jury plausibly could find that his persistently offensive conduct created an overall "hostile or abusive environment," . . . which exacerbated the effect of the harassment Cruz experienced individually.
>
> *Cruz* at 571

3

Taken together, these cases show that Vallario's remarks are relevant and admissible in this proceeding. Those comments show the true motive driving Defendant's harassment of Plaintiff, establish the pervasive and severe nature of the hostile environment to which Plaintiff was exposed and, as in <u>Cruz</u>, Vallario's comments set a tone which exacerbated the harassment directed at Plaintiff individually.

For the foregoing reasons, Plaintiff respectfully requests that Defendant's motion to limit Mr. Faiella's testimony be denied.

THE PLAINTIFF
KIMBERLY BACHIOCCHI


By: *[signature: Peter E. Gillespie]*
Peter E. Gillespie  (ct06554)
46 Riverside Avenue
P. O. Box 3416
Westport, CT 06880
Tel: (203) 227-7000
Fax: (203) 454-5508
Email: petelaw@mac.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 14, 2008 a copy of this Opposition was filed and served by first class post upon anyone unable to accept electronic filing (as noted where applicable). Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Lori B. Alexander, Esq.
Litter Mendelson
110 Washington Avenue – 3rd Floor
North Haven, CT 06473

By: *[signature]*