THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| * * * * * * * * * * * * * * * * * * | * |
|---|---|
| KIMBERLY BACHIOCCHI, | * |
|  | * |
|  | * |
|  | * |
|  | * |
|    Plaintiff, | * |
| v. | * |
|  | *  CIVIL ACTION NO. 02-CV-908 (CFD) |
|  | * |
|  | * |
| THE SOUTHERN NEW ENGLAND TELEPHONE COMPANY, | * |
|  | * |
|  | * |
|  | * |
|    Defendant. | * MAY 28, 2008 |
| * * * * * * * * * * * * * * * * * * | * |

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE AND OBJECTIONS TO PLAINTIFF'S EXHIBITS**

I.    INTRODUCTION

The defendant, Southern New England Telephone Company, Inc. ("SNET"), hereby files this supplemental memorandum addressing certain issues that were raised during the May 21, 2008 oral argument on the Defendant's Motion in Limine and Objections to Plaintiff's Exhibits dated May 5, 2008. Specifically, SNET would like to respond to plaintiff's contention that the letters sent from Dr. Zachariah to SNET are admissible as they fall within the hearsay exception for statements made for the purposes of diagnosis and treatment (Pl. Ex. 6), and plaintiff's contention that Chris Manouse's handwritten notes are admissible as an admission of a party opponent (Pl. Ex. 14).

SNET respectfully requests that Dr. Zachariah's letters to SNET be precluded from evidence for a number of reasons: (1) they constitute hearsay, (2) they do not fall

within the hearsay exception for statements made for the purposes of diagnosis or treatment, (3) Dr. Zachariah lacks personal knowledge concerning SNET's workplace, (4) Dr. Zachariah's statement as to the cause of plaintiff's depression, as well as Dr. Zachariah's personal feelings of anger at SNET should be precluded for the reasons set forth in the Defendant's Motion in Limine to Preclude Certain Testimony from Plaintiff's Expert Witness and Request for Daubert Hearing dated May 5, 2008.

In addition, SNET respectfully requests that Mr. Manouse's handwritten notes be precluded from evidence on the grounds that: (1) they are inadmissible hearsay, (2) they are not admissions of the defendant, (3) they are irrelevant, and (4) they do not appear to have been provided by plaintiff during discovery.

II.     ARGUMENT

   A.     Plaintiff's Exhibit No. 6 Should be Precluded

Plaintiff's Exhibit No. 6 consists of two letters from plaintiff's treating psychologist, Gary Zachariah Psy.D, to Diane Deny, RN, in SNET's Medical Department concerning plaintiff's work environment. These letters should be excluded from evidence because (1) they are inadmissible hearsay, (2) they do not fall within the hearsay exception for statements made for the purposes of diagnosis or treatment, (3) Dr. Zachariah lacks personal knowledge concerning SNET's workplace, (4) Dr. Zachariah's statement as to the cause of plaintiff's depression, as well as Dr. Zachariah's personal feelings of anger at SNET should be precluded for the reasons set forth in the Defendant's Motion in Limine to Preclude Certain Testimony from Plaintiff's Expert Witness and Request for Daubert Hearing dated May 5, 2008.

Plaintiff seeks to introduce Dr. Zachariah's letters to SNET dated January 4, 2001 and January 19, 2001. In his first letter, Mr. Zachariah informs SNET that the "precipitating factor" for plaintiff's depression was "harassment from male co-workers and supervisors" at SNET. Pl. Ex. 6. Dr. Zachariah further states that plaintiff should be allowed to return to work for one day on January 18, 2001 as a "get reacquainted day" before she returns to work full time. Pl. Ex. 6.

On January 19, 2001, Dr. Zachariah writes that "I must admit that as an emotional health professional that I am *very upset* about what occurred upon Ms. Bachiocci's return to work yesterday her one day of reacquaintance with her job." Pl. Ex. 6 (emphasis added) Dr. Zachariah writes to SNET that plaintiff informed him of the following:

* she went to work at SNET on January 18, 2001,

* only her supervisor and one part time employee were present at the office that day,

* that the rest of the staff were signed out on jobs, and

* that for all of the employees to be gone at the same time from SNET's office was "extremely odd and unusual."

Pl. Ex. 6. Based upon plaintiff's statements, Dr. Zachariah, further states that he is "upset" because neither he nor plaintiff were informed that most of the employees would be out of the office, and that he "can't believe that this situation has occurred". Pl. Ex. 6.

First, Dr. Zachariah's statements in his letters to Ms. Deny constitute inadmissible hearsay and should be precluded. This fact cannot be overcome by redacting certain portions of the letters, since they are entirely hearsay. Rule 801 of the Federal Rules of Evidence define hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter

3

asserted." Fed. R. Evid. 801(c).  Hearsay is not admissible unless it fits within one of the well established exceptions.  Fed. R. Evid. 802.  Here, Dr. Zachariah's letters are out of court statements being offered for the truth of the matter asserted.  As such, they are inadmissible hearsay and should be excluded.

Secondly, Dr. Zachariah's statements to SNET do not fall within the exception to the hearsay rule for statements made for purposes of medical diagnosis or treatment because they are not statements made by plaintiff to her physician for the purposes of her diagnosis or treatment.  These letter are statements made by *Dr Zachariah to SNET*.

Importantly, not even all statements made by a patient to their doctor are covered by this exception. Under Rule 801(c), any statement made for the purpose of medical diagnosis or treatment falls within this exception only so far as it is "reasonably pertinent to diagnosis or treatment."  Fed. R. Evid. 803(4). Therefore, in order to fall within this exception, "it is not enough that the declarant made the statement with an intent to facilitate diagnosis or treatment; the statement must in addition in fact *be reasonably pertinent* to diagnosis or treatment."  Federal Practice and Procedure, §7045 at 464.

Furthermore, courts have limited the Rule 803(4) exception to the hearsay rule to "statements made by a person seeking medical attention to the person providing that attention." Bombard v. Fort Wayne Newspapers, Inc., 92 F.3d 560, ** 11 (7th Cir. 1996). "Rule 803(4) does not purport to except, nor can it reasonably be interpreted as excepting, statements made by the person providing the medical attention to the patient." Id; see also Field v. Trigg County Medical Hosp., Inc., 386 F.3d 729, ** 14-16 (6th Cir. 2004) ("[t]he rationale behind this exception is that statements made by an individual to physicians for purposes of diagnosis or treatment are considered exceptionally

4

trustworthy because the declarant has a strong motive to tell the truth in order to receive proper case.  As such, courts have interpreted the exception to be limited to statements made by the one actually seeking the medical care or treatment"); Gong v. Edward Hirch,  913 F.2d 1269 (7th Cir. 1990) (precluding letter from plaintiff's physician to her former employer concerning her medical condition).[1]

Thirdly, Dr. Zachariah lacks personal knowledge of the SNET workplace and plaintiff's return to work.  Under Rule 602 "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.  It is undisputed that Dr. Zachariah does not have any personal knowledge of the SNET workplace, or the events of January 18, 2001.  Therefore, these statements must be precluded from evidence.

Finally, Dr. Zachariah's statements as to the cause of plaintiff's depression  must be precluded as his opinion lacks a scientific basis. See Defendant's Motion in Limine to Preclude Dr. Zachariah's Testimony dated May 5, 2008. Similarly, Dr. Zachariah's inflammatory statements concerning his anger and "upset" at SNET should be precluded. See Defendant's Motion in Limine to Preclude Dr. Zachariah's Testimony dated May 5, 2008.  Accordingly, plaintiff's Exhibit No. 6 should be precluded.

B. Plaintiff's Exhibit No. 14 Should be Precluded

Plaintiff's Exhibit No. 14 consists if a selection of handwritten notes taken by Chris Manouse dated November 31, 2000, December 8, 2000, April 2, 2001 and April 30, 2001. It is undisputed that plaintiff was not present in the workplace when these notes were allegedly taken by Mr. Manouse.  During oral argument, plaintiff's attorney stated

---

[1] Here, the statements offered are not by plaintiff to anyone providing medical attention to her.  To the extent the letters written by Dr. Zachariah to SNET contains statements plaintiff allegedly made to Dr. Zacharia which are in turn being communicated to SNET, they are double hearsay.

5

that these notes are being offered as evidence that *during plaintiff's leave of absence* group meetings were held and the business issues contained in the notes were discussed. These notes should be precluded from evidence because (1) they are inadmissible hearsay, (2) they are not admissions of the defendant, (3) they are irrelevant, and (4) they do not appear to have been provided by plaintiff during discovery.

First, these handwritten notes are out of court statements offered for the truth of the matters asserted and as such constitute inadmissible hearsay.  It is well settled that "hearsay is a statement, other than one made by the declarant . . . offered as evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). Although Mr. Manouse can testify about matters at trial, his handwritten notes cannot be cross examined, and therefore, constitute inadmissible hearsay.

At oral argument, the plaintiff's counsel stated that these notes were not hearsay and are admissible as admissions by a party-opponent under Rule 801(d)(2). This argument fails. Rule 801(d)(2) provides that a statement is not hearsay if "the statement is offered against a party and is (A) the party's own statement, . . . (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, or (E) a statement by a coconspirator of a party in furtherance of the conspiracy."  Fed.R.Evid. 801(d)(2).

To constitute an admission, the statement must be either the party's own statement or one "of which the party has manifested an adoption or belief in its truth." Fed.R.Evid. 801 (d)(2)(A)." <u>New Creation Fellowship of Buffalo v. Town of Cheektowaga</u>, 2004 U.S.

6

Dist. LEXIS 25431 (W.D.N.Y. July 2, 2004). In order to introduce evidence of an out-of-court statement as nonhearsay under Rule 801(d)(2)(D), a party must lay a sufficient foundation by establishing (1) the existence of the agency relationship, (2) that the statement was made during the course of the relationship, and (3) that it relates to a matter within the scope of the agency. Maric v. Reinauer Transp. Cos., 397 F.3d 120, 128 (2d Cir. 2005). Moreover, the Second Circuit has held that "[t]he opinions of lower level employees without management responsibility, absent some indication that the senior management has seriously considered and endorsed those views, simply do not constitute evidence of a corporate intent or commitment to enter a business de novo." United States v. Siemens Corp., 621 F.2d 499, 508 (2d Cir. 1980).

Here, plaintiff has not and cannot make any of the required showings under Rule 801(d)(2). First, these notes do not purport to be statements made by Mr. Manouse. There is no evidence that these are Mr. Manouse's own written assertions or statements. These are merely notes taken by Mr. Manouse as to the statements made *by others* at a meeting. Secondly, these notes are not admissions. Black's Law Dictionary defines an "admission" as " a voluntary acknowledgement of the existence of facts relevant to an adversary's case." Black's Law Dictionary 48 (7th Ed. 1999). There are no such admissions in Mr. Manouse's notes. In fact, Mr. Manouse's notes have no bearing on the issues in this case – i.e., whether the plaintiff was sexually harassed or paid the same as men, and certainly cannot constitute admissions as to any fact relevant to those claims. Furthermore, there is no evidence that these purported admissions were made by an agent of SNET, during his agency about matters within the scope of the agency as required by the express language of the Rule.

7

As a second basis for inadmissibility, Mr. Manouse's notes are irrelevant. Under Rule 402 of the Federal Rules of Evidence, "[e]vidence which is not relevant is not admissible." Under Rule 401, "relevant evidence" means "evidence having any tendency to make any fact that is of consequence to a determination of the action more probable or less probable than it would be without the evidence." The Second Circuit has explained that "[i]mplicit in that definition are two distinct requirements: (1) the evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action." United States v. Diaz, 878 F.2d 608, 614 (2d. Cir. 1989), citing United States v. Hall, 652 F.2d 1002, 1005 (5th Cir. 1981).

Here, plaintiff was on a leave of absence during the time period of Mr. Manouse's notes. Plaintiff can have no claims that relate to activities in the workplace during that period of time. At oral argument, plaintiff's counsel stated that he was introducing the notes to establish that SNET occasionally held group meetings during her absence to discuss business issues. Plaintiff offered no basis the relevance of such meetings. Indeed, there is none. The fact that business issues were discussed, such as new cell phone procedures, employee vacation plans, new computers, SNET clothing and market data on projects, at group meetings has no bearing on plaintiff's claims. Even so, defendant is willing to stipulate that it had occasional group meetings.

Plaintiff's counsel further stated that the notes of April 30, 2001 contain a reference a fishing trip which is one of the trips plaintiff states she was not invited to attend. The notes read "Ortronics fishing trip -2 days." There is no dispute that there were fishing trips and the plaintiff has introduced pictures taken at one of those trips (See

8

Pl. Ex. 15). These five words, however, is certainly not a basis to introduce the 6 pages of notes. Accordingly, plaintiff's Exhibit No. 14 should be precluded.

Case 3:02-cv-00908-CFD    Document 248    Filed 05/28/2008    Page 9 of 11

WHEREFORE, based on the foregoing, and the defendant's supporting Memorandum dated May 5, 2008, defendant respectfully requests that the Court grant its Motion in Limine to Preclude Certain of Plaintiff's Exhibits.

>                THE DEFENDANT
>                SOUTHERN NEW ENGLAND
>                TELEPHONE COMPANY
>
>
>                By __/s/ Deborah DeHart Cannavino__
>                   Deborah DeHart Cannavino
>                   Federal Bar No. CT08144
>                   Littler Mendelson, P.C.
>                   One Stamford Plaza
>                   263 Tresser Blvd., 9th Fl.
>                   Stamford, CT  06901
>                   Tel. (203) 564-1449
>                   Fax (203) 564-1723
>                   E-Mail: dcannavino@littler.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2008, a copy of the foregoing was filed electronically on all parties to this action. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's CM/ECF System. In addition, a copy of the foregoing was sent by first class mail, postage prepaid, to the following:

Peter E. Gillespie, Esq.
46 Riverside Avenue
Post Office Box 3416
Westport, Connecticut 06880

    /s/ Deborah DeHart Cannavino
Deborah DeHart Cannavino
Federal Bar No.: CT08144

Firmwide:85357341.1 053999.1009
DRAFT 5/28/08 6:33 PM