**STATE OF CONNECTICUT**

**COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES**


KIMBERLY BACHIOCCHI          :          DECISION ON RECONSIDERATION
*Complainant*                :
                             :
v.                           :          REQUEST GRANTED
                             :
                             :
SOUTHERN NEW ENGLAND         :
TELEPHONE COMPANY            :          CHRO NO. 0130048
*Respondent*                 :          EEOC NO. 16aa03399


## SECTION I - SUMMARY OF COMPLAINT AND ORIGINAL INVESTIGATION

The Complainant filed this complaint with the CHRO on July 24, 2000, alleging

that the Respondent (her employer) sexually harassed her, discriminated against her in

her rate of pay, and retaliated against her for filing a complaint, in violation of Conn.

Gen. Stat. § 46a-60, Title 7, and the Equal Pay Act of 1964.  The Respondent filed an

answer to the complaint on September 21, 2000, in which it denied the Complainant's

allegations of discrimination.

This case was dismissed pursuant to the MAR process on December 19, 2000,

on the grounds that there was no reasonable possibility that further investigation would

result in a finding of reasonable cause, and the parties were so notified by certified mail

on that date.

## SECTION II - SUMMARY OF RECONSIDERATION

The Complainant filed this request for reconsideration on December 29, 2000, within the 15 day statutory deadline. In her request, the Complainant argued among other things, that the CHRO improperly evaluated the facts with respect to the legal requirements necessary to establish a case of hostile sexual environment, and that no negative inference should have been made because Complainant did not file a rebuttal to Respondent's answer.

## SECTION III - ANALYSIS

Section 46a-54-79(d) of the Regulations of the CHRO provides that a request for reconsideration may be granted if:

(1)    an error of fact or law should be corrected;

(2)    new evidence has been discovered; or

(3)    other good cause for reconsideration has been shown.

At least two of these requirements have been met in the present case.

The U.S. Supreme Court has held that a hostile environment claim arises when the sexual harassment is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. See Meritor Savings Bank v. Vinson, 477 U.S. 57 (1986); Harris v. Forklift Sys., Inc., 510 U.S. 17 (1993). Sexual harassment can include non-sexual actions directed towards interfering with an employee's work because of gender, as well as offensive language or behavior aimed at women generally or women in the workplace. See e.g. Pollard v. E.I. Dupont, 213

2

F.3d 933 (6th Cir. 2000), cert. granted, 121 S.Ct. 756 (2001). In her request for reconsideration, the Complainant argues that her allegations, combined with Respondent's admissions, are sufficient to make out a prima facie case of hostile sexual environment and harassment, or at least enough to provide good cause for reconsideration of the dismissal of her case. She is correct that there is good cause for reconsideration. Whether or not there is enough evidence to support a cause finding will depend on the outcome of the full investigation, including the investigator's determination as to the credibility of the witnesses.

The facts gathered thus far (which will be re-examined during the full investigation) show the following. The Complainant is the only woman working in a group of six Analyst Technical Sales engineers. She has worked for Respondent since 1984 in positions in which most of her co-workers have been men, so that she is by no means surprised by or overly sensitive to, the behavior of men in the workplace. She has never previously filed a complaint of this kind. Her alleged experience at the Derby workplace was different than at her previous work sites, because women in Derby were referred to as "broads," women's sports were made fun of, and women were generally disparaged. See Complaint ¶ 14. Respondent's reaction to this allegation was first to deny it, but then to belittle it by stating that it was "hardly the type of...conduct that would alter the terms and conditions of Complainant's employment." Perhaps not, but in addition to these allegations, Complainant alleged, and Respondent admitted, that she caught her supervisor printing directions to her home off the Internet. This fact would upset any reasonable woman in the workplace. In addition to that, all of

3

Complainant's co-workers questioned her regularly, and over an extended period of time, about an affair they said she was having with a co-worker-an affair which both she and the co-worker deny. Respondent only partially denied these allegations. Respondent did not claim that they tried to stop these rumors. Also, Complainant's supervisors re-assigned the two to break up the alleged "affair." Another supervisor allegedly told Complainant that "you're not so bad. I'd go out with you myself if I were younger." Complaint ¶ 11. Respondent denies this, so it needs to be investigated, along with the other allegations. If these allegations turn out to be true, however, a cause finding will be justified. Mr. Faiella's testimony will be very important.

Lastly, Complainant argues that CHRO should not have made a negative inference against the Complainant for not having filed a rebuttal to the Respondent's answer. While it is true that this fact was mentioned in the MAR decision, there is no indication that CHRO made a negative inference from it. Also, since reconsideration is recommended for other reasons, this issue need not be addressed further.

## SECTION IV - RECOMMENDATION

For the reasons set forth herein, it is hereby recommended that this request for reconsideration be GRANTED.

_____1/14/02_____            _____
Date                                          David M. Teed
                                              Assistant Attorney General

## SECTION V - DECISION

_____1/22/03_____            RECOMMENDATION
Date                              APPROVED/DISAPPROVED

                                  _____
                                  Cynthia Watts Elder
                                  Executive Director
                                  Commission on Human Rights and
                                      Opportunities

5