## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **KIMBERLY BACHIOCCHI,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No.:  02-CV-908 (CFD) |
| v. | : | |
| | : | |
| **THE SOUTHERN NEW ENGLAND** | : | May 28, 2008 |
| **TELEPHONE COMPANY, Inc.** | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |

### DEFENDANT'S SUPPLEMENTAL FILING REGARDING "PLAINTIFF'S MOTION IN LIMINE SETTING FORTH PLAINTIFF'S OBJECTIONS TO CERTAIN OF DEFENDANT'S PROPOSED EXHIBITS"

## I.     INTRODUCTION

Pursuant to the Court's Order, the Southern New England Telephone Company, Inc. ("SNET") submits the supplemental memorandum addressing certain issues that were raised during the May 21, 2008 hearing on the parties' motions in limine and objections to trial exhibits.  This memorandum is a supplement to the arguments made at the oral argument on the motions.  SNET does not repeat the arguments previously made — but rather offers additional legal authority related to certain key issues addressed by the Court at oral argument.

Specifically, SNET responds to plaintiff's contention that the memoranda and affidavits documenting plaintiff's co-workers' complaints about her inappropriate relationship with Nicholas Faiella ("Faiella") are inadmissible hearsay under Fed. R. Evid. 801 and 802 with

***ORAL ARGUMENT IS REQUESTED***

authority that they are admissible to show the state of mind of SNET decisionmakers. (Def.'s Exs. 1-3; 37, 38, 40). Additionally, SNET clarifies its argument concerning the admissibility of the CHRO and EEOC notices of administrative dismissal. (Def.'s Exs. 7, 8.) Last, SNET offers legal authority for the admissibility of the Derby police report. (Def.'s Ex. 10)

## II.    ARGUMENT

### A.    Exhibits 1, 2, 3, 37, 38, and 40 Are Admissible Because They Are Not Being Offered for the Truth of Any Matters Asserted in Them.

SNET has included in its trial exhibits several documents that were sent to Kevin West ("West") by four SNET employees, Ronald Dursza, Yvan Boulet, Robert Vallario, and William Volkert (Def.'s Exs. 1, 37-40), as well as affidavits from Ronald Dursza and Yvan Boulet (Def.'s Exs. 2, 3.). The letters and affidavits, which were received and read by West, as plaintiff's manager, chronicle incidents of inappropriate physical contact between plaintiff and Faiella. Through these documents, the authors communicated to West that they observed Faiella rubbing plaintiff's neck and arms in the workplace, that plaintiff's co-workers perceived that Faiella and plaintiff isolated themselves from the other technicians at trade shows, that Faiella rubbed plaintiff's thigh in front of co-workers and outside contractors who worked for SNET, that the other workers felt uncomfortable by plaintiff's and Faiella's public displays of affection while working, and that co-workers felt their conduct was inappropriate and caused "stress" in the work environment.

West received and read the documents written by plaintiff's co-workers before plaintiff returned to work from her paid leave of absence in May 2001. His knowledge of plaintiff's inappropriate conduct with Faiella and the effect it was having on his workforce is based in large part on these written communications.

2.

As this Court is aware, plaintiff complains bitterly in this litigation that when she returned to work following her leave of absence in May 2001, West assigned technicians other than Faiella to work on jobs with her. She has claimed West violated Title VII by not assigning Faiella to work with her in order to "break up the Nick and Kim thing." She claims this was a form of unlawful sex discrimination and/or retaliation against her.

To respond to this claim, West will explain his legitimate business reasons for his assignment decisions. Those reasons rest heavily on the written communications from her co-workers, which he read and considered important in making decisions that would result in a cooperative and productive work environment and avoid the stress that plaintiff's and Faiella's conduct was causing. To preclude SNET from introducing such evidence would be to substantially undermine its inability to defend itself against plaintiff's claim and eliminate proof of West's legitimate business reasons for the very actions about which plaintiff complains.

Plaintiff has objected to the admission of this evidence as inadmissible hearsay under Rules 801 and 802 of the Federal Rules of Evidence. "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence *to prove the truth of the matter asserted*." Fed. R. Evid. 801(c) (emphasis added). However, as stated during the oral argument on plaintiff's objections, these documents are not hearsay because they are not being offered to prove the truth of the matters asserted. Instead, the memoranda and affidavits will be offered to show that West knew that employees had complained about inappropriate conduct and touching between plaintiff and Faiella, that their interactions were causing stress in the workplace, and that something needed to be done. West's knowledge of the complaints is critical because it demonstrates that circumstances wholly unrelated to plaintiff's gender or CHRO complaints informed West's actions at that time. Ultimately, it lends support to SNET's

3.

position that the company acted solely on the basis of legitimate business concerns, rather than because of plaintiff's membership in a protected class.

The truth or falsity of the complaints themselves is irrelevant. Because the complaints are being offered to show West's state of mind, irrespective of the truth of the matters asserted, they are not inadmissible hearsay under the Federal Rules of Evidence. See Fed. R. Evid. 801 (c) advisory committee's note to 1972 proposed rules ("If a statement's significance lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay.").

The Second Circuit has repeatedly held that complaints made to an employer or supervisor about an employee are admissible to prove the employer's state of mind and thus are not hearsay. For example, in Barrett v. Orange County Human Rights Comm'n, 194 F.3d 341, 348 (2d Cir. 1999), the Second Circuit rejected the plaintiff's claim that the district court improperly admitted several supervisors' testimony regarding complaints and unfavorable comments that were made about the plaintiff by his colleagues. See id. The Second Circuit stated:

> The issue was whether the testifying [supervisors] were motivated to terminate [the plaintiff] by his constitutionally protected speech, as [the plaintiff] claimed, or by his insubordination, as asserted by the defendants. The very fact that according to the [supervisors] these statements were made tends to establish that it was [the plaintiff's] behavior, not his speech, that animated the defendants. The witnesses' testimonial reports of the third parties' statements were thus not allowed for the purpose of establishing whether the third parties' comments . . . were true. They were admitted to assist the [supervisors] in seeking to demonstrate that they were motivated by [the plaintiff's] behavior, and not by his comments on politically sensitive issues. They were therefore not hearsay. See Fed. R. Evid. 801(c).

Id.

Likewise, in Cameron v. Cmty. Aid For Retarded Children, Inc., 335 F.3d 60 (2d Cir.

2003), the plaintiff argued that the district court improperly granted summary judgment on her disability discrimination claim after crediting evidence that her subordinates had made complaints about her to her supervisor. See id. at 165. The plaintiff claimed that the complaints were inadmissible hearsay despite the defendant's allegation that they were part of its reason for terminating her employment. Id.

The Second Circuit affirmed the court's consideration of the complaints, noting that "[b]ecause these statements are not used to prove the truth of the matter asserted, but to establish [the decisionmaker's] state of mind, they are not hearsay as [the plaintiff] contends." Id. at 65 n.2. Furthermore, "*[t]he inaccuracy of those reports does not matter* if [her supervisor] believed them." Id. at 165 (emphasis added); see Wong v. Lenox Hill Hosp., No. 99-9420, 2000 U.S. App. LEXIS 14119, at *4 (2d Cir. June 14, 2000) (affirming admission of supervisor's testimony about a complaint made against the plaintiff because "[t]hese statements formed part of the basis for [the defendant's] decision to terminate [the plaintiff]. As such, these statements were properly admitted not for their truth, but to establish [the defendant's] state of mind.").

Similarly, many courts in the Second Circuit have admitted evidence of complaints about a plaintiff when offered to prove the employer's state of mind, rather than the truth of the allegations asserted therein. See, e.g., McDermott v. Case Town of Windham Pub. Sch., 225 F. Supp. 2d 180, 183 (D. Conn. 2002) ("The factual findings of the impartial hearing panel, on whose recommendation plaintiff's position was terminated . . . are not hearsay because they are offered as evidence of defendant's motivation in terminating plaintiff's employment rather than as evidence of the truth of the matters asserted."); Weiss v. JPMorgan Chase & Co., No. 06 Civ. 4402, 2008 U.S. Dist. LEXIS 4970, at *19 (S.D.N.Y. Jan. 22, 2008) (ruling in ADEA case that complaints by plaintiff's subordinates to his supervisors were not hearsay because "they are

offered to demonstrate that members of the [plaintiff's] team complained about [the plaintiff], and their state of mind in lodging such complaints, as well as the state of mind of [the plaintiff's] superiors upon hearing these complaints."); <u>Vigil v. ExpressJet Airlines, Inc.</u>, No. 1:05-CV-84, 2006 U.S. Dist. LEXIS 82788, at *14-15 (D. VT. Nov. 13, 2006) (concluding in ADEA case that complaints by plaintiff's coworkers to his supervisor were not hearsay because they were offered "not for the truth of the matter asserted, but instead to show that [the defendant] was aware of the complaints and allegations and as evidence of [the defendant's] motivation in acting the way it did."); <u>Rodriguez v. Am. Friends of Hebrew Univ.</u>, No. 96 Civ. 0240, 2000 U.S. Dist. LEXIS 18517, at *10 n.6 (S.D.N.Y. Dec. 26, 2000) (noting in Title VII case that supervisors' testimony about complaints they received from other employees about plaintiff was not hearsay because "[t]he evidence of complaints is offered . . . merely for the fact that the complaints were made to [plaintiff's supervisors], and therefore formed part of the information base on which they acted.").

### B.    Exhibits 7 and 8 Are Admissible For The Non-Hearsay Purpose Of Showing Plaintiff's State Of Mind During Her Leave of Absence.

Plaintiff also has moved to exclude the notices of dismissal of her first set of administrative complaints with the CHRO and EEOC ("the dismissals"). (Def.'s Ex. 7 and 8.) According to plaintiff, these documents should be excluded under Fed. R. Evid. 403, because "these notices . . . are incomplete and misleading in that they overlook the fact that Plaintiff sought, and was granted, reconsideration of those findings below." (Pl.'s Mot. In Limine Setting Forth Pl.'s Objections to Certain of Def.'s Proposed Exs. 2.) Neither of these arguments has merit.

SNET will offer this evidence not for a hearsay purpose, but to show that there were alternative reasons for plaintiff's alleged emotional distress during her leave of absence. Plaintiff

intends to introduce expert testimony that sexual harassment by SNET and resulting emotional distress was so severe that it caused her to take a year-long leave of absence from work. Since plaintiff claims that SNET caused her emotional distress during that period, SNET should be allowed to present evidence of other likely causes which existed at that time. Specifically, SNET should be allowed to present evidence showing that plaintiff suffered distress because of the dismissals of her discrimination complaints, and particularly the CHRO's findings that there was no "substantive evidence or information to show discrimination," and "one comment by [Robert] Vallario . . . [did] not rise to sexual harassment." See CHRO Notice of Dismissal, Def.'s Ex. 7.

When admitted for the purpose of establishing plaintiff's state of mind during her leave of absence, the dismissals are not hearsay. See cases cited, *supra*. Likewise, because the dismissals are being offered for a non-hearsay purpose, their admissibility is not affected by the fact that the CHRO never completed its investigation. Furthermore, to the extent plaintiff claims that SNET's actions caused the emotional distress that led to her twelve-month leave of absence, the dismissals are highly probative evidence which contradict that claim.

### C.    Exhibits 7 and 8 Are Also Admissible as Public Records and Reports.

The CHRO and EEOC dismissals are also admissible for the truth of the matters asserted in them, because they are public records subject to the hearsay exception under Rule 803(8). Rule 803(8) states that "[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, . . . or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness." Fed. R. Evid.

803(8). The CHRO and EEOC documents are records and reports of factual findings resulting

from the CHRO's investigation and of the CHRO and EEOC. As such, they are admissible as

public records.

In addition to her hearsay objection, plaintiff also claimed at the hearing that these

records should not be admitted because of Rule 403's provision that relevant evidence may be

excluded if its probative value is substantially outweighed by its prejudicial effect. "Because

Rule 403 excludes relevant evidence, 'it is an extraordinary remedy that must be used

sparingly.'" Highland Capital Mgmt., L.P. v. Schneider, No. 02 Civ. 8089, 2008 U.S. Dist.

LEXIS 7019, at *4 (S.D.N.Y. Jan. 31, 2008) (quoting George v. Celetox Carp., 914 F.2d 26, 31

(2d Cir. 1990)). In this case, plaintiff has raised a general objection under Rule 403 without even

explaining *why* the probative value of this evidence is substantially outweighed by the danger of

unfair prejudice. See Fed. R. Evid. 403; see also Perry v. Ethan Allen, Inc., 115 F.3d 143, 150

(2d Cir. 1997) ("[F]or relevant evidence to be excluded on this basis, the imbalance must be

*substantial*, and the prejudice must be *unfair*." (emphasis added)); Costantino v. Herzog, 203

F.3d 164, 174 (2d Cir. 2000) ("Because virtually all evidence is prejudicial to one party or

another, to justify exclusion under Rule 403 the prejudice must be *unfair*." (citing Weinstein's

Federal Evidence § 403.04[1][a] (2d ed. 1997)). SNET on the other hand has provided an in

depth explanation of why these documents are highly probative of the causation aspect of

plaintiff's emotional distress claim, and in any event are not hearsay. Moreover, at least three

courts in the Second Circuit have admitted similar evidence notwithstanding objections under

Rule 403. See Watson v. E.S. Sutton, Inc., No. 02 Civ. 2739, 2005 U.S. Dist. LEXIS 31578, at

*62-65 (S.D.N.Y. Sept. 6, 2005) (denying motion for a new trial based on claim that the court

improperly admitted the EEOC Determination, the EEOC right to sue letter, two affidavits, and

two letters under Rules 803(8)(C) and 403); Murphy v. General Electric Co., 245 F. Supp. 2d 459, 466-67 (N.D.N.Y. 2003) (denying motion to preclude the EEOC determination under Fed. R. Civ. P. 403); O'Shea v. Childtime Childcare, No. 01-CV-1264, 2002 U.S. Dist. LEXIS 22998, at *10 (N.D.N.Y. Dec. 2, 2002) (denying motion to strike findings of the New York State Division on Human Rights under Fed. R. Civ. P. 403).

### D.   Exhibit 10 is Admissible as a Public Record.

Exhibit 10 is a report of the Derby Police Department related to the June 4, 2001 incident in which Faiella called the police because plaintiff reported that West had snatched a piece of paper out of her hand. The report is a public record, subject to the hearsay exception for "matters observed pursuant to duty imposed by law as to which matters there was a duty to report," and "factual findings resulting from an investigation made pursuant to authority granted by law." See Fed. R. Evid. 803(8).

Exhibit 10 consists of the officer's description of his assignment, his personal observations upon arrival on the scene, statements made to him by the plaintiff, and statements made to him by West. Plaintiff's statements are admissions of a party opponent and are therefore not hearsay. To the extent plaintiff objects to the statements by West, SNET would agree to redact such statements from the report. All other information contained in the report is admissible under Rule 803(8).

"Federal Rule of Evidence 803(8)(C) explicitly excepts public records and reports `resulting from an investigation made pursuant to authority granted by law,' from exclusion under the hearsay rule, because official reports contain inherent indicia of trustworthiness." Clark v. Clabaugh, 20 F.3d 1290, 1294 (3rd Cir. 1994). As such, a police report "which was authored by officers charged with a legal duty and authorized to conduct the investigation is

presumed admissible under Rule 803(8)(C), *including its opinions, conclusions and recommendations, unless [the opposing party] demonstrate its untrustworthiness.*"[1]  Id. at 1294-1295 (emphasis added) (affirming admissibility of police report, including statements of third parties incorporated into the report).  The Second Circuit has held that police reports are admissible as public records, but "statements made by third persons under no business duty to report" contained in the reports may not be admissible.  Parsons v. Honeywell, Inc., 929 F.2d 901 (2d Cir. 1991); Bradford Trust Co. v. Merrill Lynch, Pierce, Fenner and Smith, Inc., 805 F.2d 49, 54 (2d Cir. 1986) ("[t]he weight and credibility extended to government reports admitted as exceptions to the hearsay rule are to be determined by the trier of fact.").

Like all public records, the party opposing the admission of a police report as a public record has the burden of proving lack of trustworthiness.  See Faries v. Atlas Truck Body Mfg. Co., 797 F.2d 619 (8th Cir. 1986) (party opposing admission of public record bears burden of proving lack of trustworthiness).

As for the facts and the officer's observations contained in the report, "As a general rule, a statement appearing in a police report relating to responsibility for an accident or injury would properly be admitted in evidence if (1) it constituted a statement of fact, as distinguished from an opinion or conclusion, and (2) it represented the personal observations of the reporter, not a relaying of what someone else had told him."  Phillips v. Northwest Airlines Corp., 88 Fed. Appx. 862 (6th Cir. 2004) (citations and quotations omitted); see also Colvin v. United States, 479 F.2d 998, 1003 (9th Cir. 1973) (personal observations of officers contained in police reports are generally admissible).  "[T]he public records exception to the hearsay rule covers both 'activities of the office or agency' and 'matters observed pursuant to duty imposed by law.'"

---

[1]  Plaintiff offered nothing at the oral argument on the objections to challenge the trustworthiness of the report at issue.

Crim v. King, 65 Fed Appx. 591, 594 (9th Cir. 2003) (citing Fed. R. Ev. 803(8)(A), (B));

see also Coles v. Jenkins, No. CIV A. 97-0031-C, 1998 WL 964506  at *3 (W.D.Va. 1998)

(admitting police report); Roland v. Johnson, 933 F.3d 1009 (6th Cir. 1991) (same); Baker v.

Elcona Homes Corp., 588 F.2d 551, 558 (6th Cir. 1978).   With the possible exception of the

description of West's statement, the police report is admissible in its entirety under Rule 803(8),

and the weight of the report will be properly determined by the jury based on all the evidence.

Dated at North Haven, Connecticut this 28th day of May, 2008.

THE DEFENDANT,

SOUTHERN NEW ENGLAND TELEPHONE
COMPANY

By _____
Lori B. Alexander
Federal Bar No. CT08970
Littler Mendelson, P.C.
110 Washington Avenue
North Haven, Connecticut  06473
Tel. (203) 234-6344
Fax (203) 234-6345
E-Mail: lalexander@littler.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2008, a copy of the foregoing was filed electronically on

all parties to this action.  Notice of this filing will be sent by e-mail to all parties by operation of

the court's electronic filing system.  Parties may access this filing through the court's CM/ECF

System.

Peter E. Gillespie, Esq.
46 Riverside Avenue
Post Office Box 3416
Westport, Connecticut 06880


Lori B. Alexander
Federal Bar No.: CT08970