UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **KIMBERLY BACHIOCCHI,** : | |
| Plaintiff, : | |
| : | Civil Action No.: 02-CV-908 (CFD) |
| v. : | |
| : | June 17, 2008 |
| **THE SOUTHERN NEW ENGLAND** : | |
| **TELEPHONE COMPANY,** : | |
| Defendant. : | |

## JOINT STIPULATIONS

Pursuant to the Court's Pretrial Order of May 6, 2008, the defendant, The Southern New England Telephone Company, hereby files the joint stipulations of the parties, as follows:

The parties stipulate to the following facts:

1. Plaintiff Kimberly Bachiocchi is an individual who at all times material hereto has been a resident of the State of Connecticut living at 21 Silano Drive, Oxford CT 06418.

2. Defendant Southern New England Telephone Company is and was at all relevant times a corporation conducting business in the State of Connecticut and having an office at 310 Orange Street, New Haven, Connecticut and, among others, a facility at 90 Elizabeth Street, Derby, Connecticut. The defendant is subject to Title VII, the Connecticut law governing employment discrimination and the federal Equal Pay Act.

3. The plaintiff has been employed by the defendant since July 1984 in a variety of positions, and is currently employed by the defendant.

4. The plaintiff was employed in the defendant's Business Communications Sales ("BCS") Group from June 1998 to June 2001. In or about June 1998, the plaintiff was offered and accepted a position in the BCS Group at SNET's facility located at 90 Elizabeth Street, Derby, Connecticut. The department manager was Kevin West.

5. Richard Light oversaw the engineering functions of the department. Initially, the plaintiff reported to Mr. Light who, in turn, reported to Mr. West. Mr. Light retired from the company in mid-November, 2000. The plaintiff's job title was Analyst Technical Sales (Engineering).

6. The plaintiff's duties, like those of other Analysts Technical Sales, consisted of designing, documenting and pricing voice and data communications platforms for businesses in Connecticut. She would contact customers and go to job sites to assess job requirements. She would then lay out the job, develop a materials and labor list, and determine the price of the job.

7. The plaintiff, who lived in the New Haven area, was frequently assigned to engineer jobs in that area. Nicholas Faiella, an Analyst Technical Sales (Installation), also lived in the New Haven area, and also frequently was assigned to jobs in the New Haven area. Faiella was sometimes the installation technician for jobs that Bachiocchi had engineered.

8. The plaintiff received paid medical leave from the defendant from May 19, 2000 to mid-May, 2001. During that period, she did not attend work or do work for the defendant, with the exception of one day on January 18, 2001. For the first six months of this period, she received her full base pay. She received 60% of her base pay thereafter until her return.

> *Plaintiff's Objection*: *Both parties agree and stipulate that this is a correct statement of fact. Plaintiff, however, believes that medical leave payments are an insurance benefit and therefore are not relevant. On that basis she objects to the reference to "paid" medical leave in the first sentence as well as to the inclusion of the final two sentences of this paragraph.*

9. The plaintiff is currently employed by the defendant as a Service Executive.

10. On July 24, 2000, the plaintiff filed complaints against the defendant with the Connecticut Commission on Human Rights and Opportunities ("CHRO"), Complaint #0130048, and the U.S. Equal Employment Opportunity Commission, Charge #16aa03399.

11. On June 21, 2001, the plaintiff filed complaints against the defendant with the Connecticut Commission on Human Rights and Opportunities ("CHRO"), Complaint #0130598, and the U.S. Equal Employment Opportunity Commission, Charge #16aa13352.

12. The plaintiff filed the present action on May 28th, 2002.

Dated at North Haven, Connecticut this 17th day of June, 2008.

        THE DEFENDANT
SOUTHERN NEW ENGLAND
TELEPHONE COMPANY


By   /s/ Deborah DeHart Cannavino
    Deborah DeHart Cannavino
    Federal Bar No. CT08144
    Littler Mendelson, P.C.
    One Stamford Plaza
    263 Tresser Blvd., 9th Fl.
    Stamford, CT 06901
    Tel. (203) 564-1449
    Fax (203) 564-1723
    E-Mail: dcannavino@littler.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2008, a copy of the foregoing was filed electronically on all parties to this action. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's CM/ECF System. In addition, a copy of the foregoing was sent by first class mail, postage prepaid, to the following:

Peter E. Gillespie, Esq.
46 Riverside Avenue
Post Office Box 3416
Westport, Connecticut 06880

_____
Deborah DeHart Cannavino
Federal Bar No.: CT08144