UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
| | |
|---|---|
| KIMBERLY BACHIOCCHI, | \* |
| Plaintiff, | \*  CIVIL ACTION NO. 3:02-CV-908 (CFD) |
| v. | \* |
| THE SOUTHERN NEW ENGLAND TELEPHONE COMPANY, | \*  JUNE 23, 2008 |
| Defendant. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **PLAINTIFF'S POST HEARING BRIEF**

The parties appeared before the Court on June 19, 2008. Defendant presented argument both at the opening of the hearing and later in the day. Due to the lateness of the hour, Plaintiff was not able to offer argument at the conclusion of the hearing. Therefore, she respectfully requests to submit this brief with her observations concerning the testimony and exhibits offered.

1. <u>Failure of Factual Specificity</u>  Defendant's retained expert, Dr. Stuart Kleinman, testified at the hearing. Dr. Kleinman had issued his report on March 15, 2004. DX3. The Report contained an Appendix setting forth the voluminous factual record that Dr. Kleinman had reviewed prior to issuance. Nevertheless, Plaintiff objected to the Report because, among other reasons, it did not specify the particular facts on which it relied. Pl. Motion in Limine at pp. 6-8. While testifying,

however, Dr. Kleinman opened another, even more troubling problem with his Report and testimony.  He made clear that for the most part he was relying on materials which had not been disclosed in any was as a basis for his opinion.

While attempting to link the facts of this case to his Report, Dr. Kleinman relied on a series of exhibits, each of which was a compendium of several documents.  DX 4, 5 and 6.  It developed that several of the documents contained therein were not included in the Appendix of Dr. Kleinman's Report.  He admitted, for example, that although both DX4 and DX5 contained excerpts from Dr. Zachariah's deposition of December 19, 2003, that document was not in the appendix.  Similarly, although DX5 and DX6 included excerpts from the plaintiff's deposition of July 23, 2003, that document was not in the Appendix to the report.

In a like manner, DX 6 included the typewritten log of Richard Light.  Yet Dr. Kleinman admitted that this document had not been listed in the Appendix to his Report.  Review of the documents now also shows that DX6 contains an annual summary of Plaintiff's financial records from the Oppenheimer Funds.  No mention of this financial statement was made in the Appendix to the Kleinman Report.

So, Plaintiff has now been subjected not only to a Report with inadequate specificity.  In addition, Plaintiff is now faced with an an expert who, without notice or disclosure, places substantial, recurring reliance on information and sources beyond even his earlier, inadequate disclosure.  This form of testimonial analysis by ambush leaves Plaintiff unprepared and, more importantly, strips her of the ability to prepare.

It runs entirely contrary to the reasons underlying the issuance of an expert report in the first place.

    2.  <u>Dr. Kleinman's Testimony is Speculative and Irrelevant</u>  Dr. Kleinman's testimony also exposed the speculative and largely irrelevant nature of his testimony, not to mention its potential for causing prejudice to Plaintiff. As the Court saw, Dr. Kleinman did offer an opinion on the actual cause of Plaintiff's distress. Although he readily admitted that such an opinion could have been reached, he did not do so.

    Essentially, Dr. Kleinman's description of a forensic analysis involved raising and ruling out potential causes for distress. As his testimony illustrated, some of those potential causes may be completely hypothetical, having no nexus of operative facts with the actual circumstances of the instant case. Nevertheless, until such possible stressors are discussed and eliminated, there remains, in Dr. Kleinman's mind, a substantial risk of an erroneous conclusion concerning causation. So, he criticizes Dr. Zachariah's conclusion, but makes no offer of any actual information.

    Dr. Kleinman did not and could not rule out the possibility that Dr. Zachariah had correctly identified the cause of Plaintiff's distress. His actual opinion was extremely narrow, noting merely that there may be a risk that Dr. Zachariah's conclusion about causation is in error. As noted, however, Dr. Kleinman's testimony does nothing to illuminate that important issue in this case.

    3.  <u>Dr. Kleinman's Approach Is Prejudicial To Plaintiff</u>  The potential for prejudice and embarrassment to Plaintiff was also clear. Dr. Kleinman's approach led, for example, to Defendant's "concern" over the fact that Dr. Zachariah failed to

investigate the possibility that she had a history of miscarriages or that Plaintiff had given up a child - - neither one having any basis in fact.  It also led, again by way of example, to the fact that there had been a withdrawal from Plaintiff's savings.  Dr. Kleinman then offered up the completely speculative possibility that this withdrawal might have been due to financial hardship, which then, if investigated; and if true; and if proven; and then if explored in cournselling might be shown to be a causative stressor.  But this possibility is the sheerest of speculations, never explored; never shown to be true; never proven.

Dr. Kleinman's inquiries lead to an almost unlimited number of speculative hypothetical horribles involving repulsive conduct, none of which has ever been proven to have occurred.  Such an approach, if allowed to proceed, offers scant illumination of the issue in the case, but carries with it an almost unlimited number of possible ways to impugn Plaintiff's reputation and improperly prejudice the jury against her cause.

4.  <u>Testimony Beyond Psychiatry</u>  Dr. Kleinman also continued to insist that he was testifying about assessments of "causation in the legal setting."  He admitted that the concluding phrase used by Dr. Goldstein in his definition was acceptable ([Forensic psychology seeks] "to provide professional psychological expertise to the judicial system."), yet he continued to return time and again to his own formulation concerning "causation in the legal setting."

It seems to Plaintiff that Dr. Kleinman is seeking to overturn years of precedent concerning treating healthcare professionals, insisting that as a matter of law only

4

forensic methods are admissible to establish causation.  If this point of view is correct, then Dr. Kleinman is clearly testifying beyond his area of expertise.

     5.  <u>Issues of Compensation Are Still Unanswered</u>  Finally, Dr. Kleinman did address the issue of his compensation, but did so with such a paucity of exactitude as to make the issue more pressing, not less.  He estimated that he had worked somewhere in the area of 30 to 50 hours.  It did not seem that he was firm as to either the upper or lower limit.  It also seemed that he was excluding time spent on trial preparation and his court appearance.

     However, taking just the scant information provided together with the disclosed amount of his hourly rate, his fees  - -  before trial preparation and actual testimony  - - are in a range of $12,000 to $20,000.  Surely Plaintiff is entitled to a more reliable showing of total compensation than that.

     **<u>CONCLUSION</u>**

     For all of these reasons, Plaintiff renews her request that Dr. Kleinman should not be permitted to testify in this matter.  Alternatively, he should be ordered to disclose his compensation and to confine any testimony to his theory that forensic technique offers a more reliable method for determining causation than a clinical approach.  However, since he has no actual opinion to offer on causation he should not be permitted to describe any actual or potential stressor, event or experience which may have contributed to Plaintiff's distress or which he believes should have

been explored in therapy, other than her workplace environment, the only causative agent actually identified in this case.

 

THE PLAINTIFF
KIMBERLY BACHIOCCHI


By: *[signature: Peter E. Gillespie]*
Peter E. Gillespie  (ct06554)
46 Riverside Avenue
P. O. Box 3416
Westport, CT 06880
Tel: (203) 227-7000
Fax: (203) 454-5508
Email: petelaw@mac.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 23, 2008 a copy of this Brief was filed and served by first class post upon anyone unable to accept electronic filing (as noted where applicable). Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Lori B. Alexander, Esq.
Litter Mendelson
110 Washington Avenue – 3rd Floor
North Haven, CT 06473

By: *[signature]*