# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **KIMBERLY BACHIOCCHI,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No.:  02-CV-908 (CFD) |
| v. | : | |
| | : | |
| **THE SOUTHERN NEW ENGLAND** | : | July 2, 2008 |
| **TELEPHONE COMPANY,** | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO EXCLUDE A PHOTOGRAPH THAT WAS PRODUCED ON THE EVE OF TRIAL

The Southern New England Telephone Company ("SNET") hereby files this memorandum of law in support of its motion under Rule 37(c)(1) to preclude plaintiff from introducing into evidence a photograph that she allegedly took of her wrist after an incident with Kevin West that is hotly disputed in this case.  Putting aside all issues of authenticity, plaintiff should be prevented from introducing the photograph as evidence due to her false representations about its existence, her failure to disclose it in response to SNET's discovery requests, her general resistance to providing relevant photographic depictions, and this Court's clear order to produce all photographs that relate to the allegations in plaintiff's complaint.  A pretrial order precluding such evidence is especially appropriate given plaintiff's documented abuses of the discovery process and her defiance of the Court's prior order.  In addition, admitting this belatedly disclosed evidence would be highly prejudicial to SNET as it pertains to a key issue in the case and there is no time to reopen discovery in the two business days remaining before trial.

## I.    **Relevant Facts**

SNET served plaintiff with a Second Request For the Production of Documents on February 12, 2004.  Request No. 5 sought "[a]ny and all videotape(s), pictures or other visual depiction concerning the allegations in the complaint."  Exhibit 1.  Plaintiff objected to the request on the ground that it sought "copies of photographs already produced."  Exhibit 2.  In a letter to defense counsel dated April 9, 2004, plaintiff's counsel repeated this assertion and affirmatively represented that "[c]opies of all still photographs are enclosed herewith.  *We are unaware of any additional photographs or videotapes.*"  Exhibit 3. (emphasis added)

SNET subsequently filed a motion to compel a videotape that it knew existed and had not been produced, as well as any other pictures or visual depictions responsive to Request Nos. 4 and 5.[1]  In this Court's June 17, 2004 order granting the motion, Magistrate Judge Smith directed plaintiff to "make a good, viewable copy of the videotape . . . as well as a copy of any other visual depiction responsive to Requests 4 and 5."  Exhibit 4.  The court then warned plaintiff that she either "[would] produce the aforesaid to defendant's counsel within 10 days of this date or [would] face the imposition of drastic sanctions, including possible dismissal of her case."[2]  Exhibit 4.

Discovery closed on September 17, 2004.  Later, on June 30, 2008, four business days before trial, defense counsel received in the mail an unexpected envelope from plaintiff's counsel containing a photograph that plaintiff allegedly took of her left wrist following an incident on June 4, 2001, along with a letter from plaintiff's counsel stating that, "While preparing, Mrs.

---

[1]  Request No. 4 sought "[a]ny and all videotape(s) or pictures taken of SNET, its current or former employees, as referenced in plaintiff's calendar previously produced."  Exhibit 1.

[2]  Recognizing plaintiff's evasiveness in producing photographic and video depictions, the Court also "agree[d] with SNET that no party 'should be required to undergo' what SNET has had to endure at the hands of plaintiff's counsel in order to obtain legitimate discovery.  At the conclusion of all proceedings in this case, on application, the court will consider the amount of attorney's fees that many be awarded in connection with defendant's successful pursuit of this motion."  Exhibit 4.

Bachiocchi found the picture which she had taken of her left arm on or June 4, 2001. The photograph first came into my possession on Thursday evening." Exhibit 5.

Defense counsel wrote to plaintiff's counsel stating that she was surprised by this last minute disclosure and assumed plaintiff would not attempt to introduce the picture into evidence given its untimely disclosure on the eve of trial, its relevance to a key issue in the case, SNET's prior request for any and all pictures, and the clear prejudice to SNET of not having received the photograph earlier in order to question witnesses about it during the numerous depositions that were taken in this case. Exhibit 6. Plaintiff's counsel responded that he did not "plan to introduce it into evidence," but he "reserve[d] the right to do so if it comes to be in issue." Exhibit 7. With regard to the four-year delay in disclosure, plaintiff's counsel stated simply that the photograph "had been lost" and was delivered "as soon as it was found." Exhibit 7.

In an effort to avoid Court intervention and obtain a clear statement that plaintiff would not attempt to introduce the photograph at trial, defense counsel wrote that she did not understand the contradictory statements that counsel had no plan to use the photograph at trial, but nonetheless reserved the right use it at trial, and asked again whether the photograph would be introduced at trial. Exhibit 8. Plaintiff did not reply and has subsequently given no assurances that she will not try to offer the photograph as an exhibit.[3]

## II.    Discussion

### A.    Legal Standard

Rule 37(c)(1) provides, "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as

---

[3] Obviously, SNET would also be prejudiced by having to raise an objection to the photograph in front of the jury, creating the harmful impression that it is attempting to prevent the jury from seeing a key evidentiary document.

required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial . . . [any] information not so disclosed." Fed. R. Civ. P. 37(c)(1). In deciding whether to preclude a party from using belatedly disclosed evidence, the court should consider "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the [evidence]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new [evidence]; and (4) the possibility of a continuance." Haas v. Del. & Hudson Ry. Co., No. 07-1198-cv, 2008 U.S. App. LEXIS 13417, at *5 (2d Cir. June 24, 2008) (copy attached); see Design Strategy, Inc. v. Davis, 469 F.3d 284, 296 (2d Cir. 2006).

### B.    Plaintiff's Failure To Produce The Photograph Lacks Substantial Justification.

Under the circumstances, plaintiff cannot claim that her failure to produce the photograph was justified, let alone substantially so. SNET requested that plaintiff produce any "pictures or other visual depiction[s] concerning the allegations in the complaint" over four years ago. The request was the subject of a motion to compel filed with the court. Plaintiff and her attorney repeatedly stated that they had produced everything and were "unaware of any additional photographs or videotapes." See Exhibits 2; 3. In addition, there is no excuse for her failure to disclose the picture after Magistrate Judge Smith ordered that she do so "or face the imposition of drastic sanctions, including possible dismissal of her case." Exhibit 4.

Plaintiff's explanation that the photograph was "lost" and now suddenly "found" days before trial is clearly inadequate, particularly in light of the nature of the evidence and the prior discovery abuses that were documented by Magistrate Judge Smith. Plaintiff's disclosure of the photograph at this late date is especially egregious given that, as Magistrate Judge Smith noted previously in this case, plaintiff consistently exhibited "unjustified recalcitrance" with regard to

4.

her discovery obligations.[4]  Exhibit 9.

### C.   SNET Would Be Severely Prejudiced By The Use of This Evidence At Trial.

Even if the Court were to find that plaintiff's sudden discovery of the photograph was somehow substantially justified, the photograph should be precluded because there is no doubt that SNET would suffer extreme prejudice from the introduction of this belatedly produced evidence at trial.  The picture purports to show the condition of plaintiff's wrist after an encounter with West.  If authenticated, it would be highly probative evidence of a hotly contested issue in the case, which is whether West grabbed plaintiff's wrist.

SNET did not have the opportunity to investigate the circumstances under which the photograph was taken or to explore its authenticity, including an analysis of when the photograph was developed.  It was unable to question plaintiff at her lengthy deposition about the photograph, what it allegedly depicts, and what efforts she made to find it earlier.  Perhaps most importantly, plaintiff has denied SNET the ability to question her examining physician, Dr. Sarfeh, at his deposition which was conducted years ago concerning his observation of plaintiff's wrist after the incident, as compared with the photograph.

In addition, SNET has been deprived of the opportunity to have an expert of its own choosing examine the photograph and offer his or her own testimony concerning the nature of the injury depicted and the likelihood that it resulted from the incident as plaintiff alleges.  SNET can no longer provide the photograph to the Derby police offer who examined plaintiff's wrist and observed there was *no bruising* while the incident was still fresh in his mind.  Last, SNET

---

[4] In granting another one of SNET's motion of compel, Magistrate Judge Smith observed that his "[p]rior warnings have been unavailing.  Plaintiff continues to skirt the rules, imposing unnecessary costs on the defendant." Exhibit 9.  The Court found plaintiff's objections wholly "unmeritorious," and noted that "[t]he defendant should never had had to file this motion, the fifteen page memorandum that accompanies it, or the eighty pages of exhibits that the court had had to wallow through in an attempt to fathom why plaintiff has acted as she has." Exhibit 9.  Moreover, after reviewing the evidence the Court stated it "believe[d] plaintiff's counsel was improperly attempting to conceal discoverable documents." Exhibit 9.

cannot obtain an opinion from its own expert, Dr. Kleinman, concerning plaintiff's behavior based on the taking of the photograph. As plaintiff is well aware, there is no chance to reopen discovery at this point, since a jury has been selected and trial is only two business days away. The only fair and just action at this point is to preclude plaintiff from using the late-disclosed photograph at trial. See, e.g., Alfano v. Nat'l Geographic Channel, No. CV 06-3511, 2007 U.S. Dist. LEXIS 74674, at *6-8 (E.D.N.Y. Oct. 5, 2007) (precluding a witness's testimony where the party failed to disclose the witness in response to interrogatory requests, and discovery was closed by the time the party disclosed the witness); Texas Instruments, Inc. v. PowerChip Semiconductor Corp., No. 06 Civ. 2305, 2007 U.S. Dist. LEXIS 38312, at *48 (S.D.N.Y. May 24, 2007) (precluding a party from using belatedly disclosed evidence when the issue of incomplete discovery had been brought to the attention of the party and the court, and the evidence pertained to an issue at the heart of the case).

THE DEFENDANT,

SOUTHERN NEW ENGLAND TELEPHONE
COMPANY

By: _Lori B. Alexander_____
     Lori B. Alexander (Federal Bar No. CT08970)
     LITTLER MENDELSON, P.C.
     110 Washington Avenue, Third Floor
     North Haven, CT 06473
     Tel: 203.234.6344
     Fax: 203.234.6345
     lalexander@littler.com

# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KIMBERLY BACHIOCCHI | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:02CV908(CFD) |
| v. | : | |
| | : | |
| SOUTHERN NEW ENGLAND | : | |
| TELEPHONE COMPANY | : | |
| | : | |
| Defendant. | : | FEBRUARY 12, 2004 |

## DEFENDANT'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant, The Southern New England Telephone Company, ("Defendant"), requests that plaintiff Kimberly Bachiocchi. ("Plaintiff"), provide legible copies of all of the documents requested herein to be delivered to the offices of Tyler Cooper & Alcorn. LLP. 1 Landmark Square. Stamford, Connecticut 06901–2501, within thirty (30) days from the date of certification of service of the Defendant's Second Request for the Production of Documents to Plaintiff.

## I. INSTRUCTIONS

In response to these requests, you shall furnish all information available to you, including information in the possession of your attorneys, agents and investigators and all persons acting on your behalf, and not merely such information known of your own personal knowledge. If you cannot respond to these requests in full after exercising due diligence to secure the information requested, you shall so state and answer to the extent possible, specifying the nature of your inability to fully comply.

Questions regarding the interpretation of the requests should be resolved in favor of the broadest possible construction.

The requests which follow are to be considered as continuing, and you are requested to provide, by way of supplementary responses thereto, such additional information as you or any persons acting on your behalf may hereafter obtain which will augment, clarify, or otherwise modify the responses now given. Such supplementary responses are to be filed and served upon counsel within thirty (30) days after receipt of such information or documents.

If any document or file demanded herein or any document formerly contained in a file is no longer in your possession, custody or control, identify the file or document and the reason for loss of possession, custody or control.

-2-

## II. DEFINITIONS

Pursuant to Local Rule 39 and Fed. R. Civ. P. 34(a), these terms have the meanings indicated:

1.  *Communication*. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2.  *Document*. The term "document" includes writings, drawings, graphs, charts, photographs, phonorecords, tape and other electronic recordings, computer files and other data compilations from which information can be obtained and translated, if necessary, by the respondent through detection devices into reasonably useful form. Each original, draft and nonidentical copy (including any with handwritten or other notations) is a separate "document" within the meaning of this term.

3.  *Identify (with respect to persons)*. When referring to a person, "identify" means to provide, to the extent known, (1) the person's full name, (2) present or last known address, and (3) when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

-3-

4.    *Identify (with respect to documents)*. When referring to documents, "identify" means to provide to the extent known information about the (1) type of document; (2) its general subject matter; (3) the date of the document; and (4) author(s), addressee(s) and recipient(s).

5.    *Parties*. The term "plaintiff" and "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

6.    *Person*. The term "person" means any natural person or any business, legal or governmental entity or association.

7.    *Concerning*. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

8.    *All/Each*. The terms "all" and "each" shall both be construed as all and each.

9.    *And/Or*. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

10.    *Number*. The use of a singular form of any word includes the plural and vice versa.

11.    *You*. The term "you" refers to plaintiff, Kimberly Bachiocchi.

-4-

## III. DOCUMENT REQUESTS

Request No. 1.    Copies of all pharmacy records showing all prescriptions from 1990 through the present.

Response:

Request No. 2.    Any and all family photographs sent. if any. for Christmas 1999 to the present.

Response:

Request No. 3.    A copy of the family photograph taken during November 2000.

Response:

-5-

Request No. 4.    Any and all videotape(s) or pictures taken of SNET, its current or former employees, as referenced in plaintiff's calendar previously produced.

Response:

Request No. 5.    Any and all videotape(s), pictures or other visual depiction concerning the allegations in the complaint.

Response:

Request No. 6.    Any and all picture taken during all family vacations taken during 2000 and 2001.

Response:

Request No. 7.    Any and all documents concerning correspondence to or from any current or former employee of SNET, including but not limited to, Nick Faiella.

-6-

Response:


Request No. 8.    Copies of all of your, and your family's, brokerage, stock  or other investment accounts from 1999-2001.

Response:


Request No. 9.    Copies of all bank account records from 1999-2001 including but not limited to, all monthly statements, deposit slips, withdrawal slips, cancelled checks  and account transfers.

Response:


-7-

 

Request No. 10.     Copies of all telephone bills, including cell phones, for all phones you used from 1999-2001.

Response:

 

Request No. 11.     Copies of all emails and letters sent to or received from any person while you were on a leave of absence from SNET.

Response:

 

Request No. 12.     Any and all documents submitted to or received from any disability insurance company, or other entity, concerning your claim for and receipt of benefits. In addition, please execute the attached authorization.

Response:

-8-

<u>Request No. 13.</u>    Copies of all documents concerning you pension, 401(k) or similar plans, including but not limited to, statements of account, withdrawals, and deposits. In addition, please execute the attached authorization for such records.

<u>Response</u>:

<u>Request No. 14.</u>    Copies of all credit card statements for all accounts held by you or jointly with others during the period 1999-2001.

<u>Response</u>:

THE DEFENDANT,
SOUTHERN NEW ENGLAND
TELEPHONE COMPANY

By: _Debbie Canno_

Deborah DeHart Cannavino  (CT 08144)
TYLER COOPER & ALCORN, LLP
One Landmark Square
Stamford, CT  06901-2501
Telephone: (203)348-5555
Fax: (203) 348-3875
Cannavino@TylerCooper.com

-9-

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed first class mail, postage prepaid, to all counsel and pro-se parties of record this 12th day of February, 2004:

Peter E. Gillespie, Esq.
46 Riverside Avenue
P.O. Box 3416
Westport, CT 06880

Deborah DeHart Cannavino

-10-

# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KIMBERLY BACHIOCCHI          :
:
Plaintiff,          :
:                    CIVIL ACTION NO.
:                    3:02CV908(CFD)
v.          :
:
SOUTHERN NEW ENGLAND          :
TELEPHONE COMPANY          :
:                    MARCH 12, 2004
Defendant.          :            ~~FEBRUARY 12, 2004~~

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant, The Southern

New England Telephone Company, ("Defendant"), requests that plaintiff Kimberly Bachiocchi,

("Plaintiff"), provide legible copies of all of the documents requested herein to be delivered to the

offices of Tyler Cooper & Alcorn, LLP, 1 Landmark Square, Stamford, Connecticut 06901–2501,

within thirty (30) days from the date of certification of service of the Defendant's Second Request

for the Production of Documents to Plaintiff.

## I. INSTRUCTIONS

In response to these requests, you shall furnish all information available to you, including information in the possession of your attorneys, agents and investigators and all persons acting on your behalf, and not merely such information known of your own personal knowledge. If you cannot respond to these requests in full after exercising due diligence to secure the information requested, you shall so state and answer to the extent possible, specifying the nature of your inability to fully comply.

Questions regarding the interpretation of the requests should be resolved in favor of the broadest possible construction.

The requests which follow are to be considered as continuing, and you are requested to provide, by way of supplementary responses thereto, such additional information as you or any persons acting on your behalf may hereafter obtain which will augment, clarify, or otherwise modify the responses now given. Such supplementary responses are to be filed and served upon counsel within thirty (30) days after receipt of such information or documents.

If any document or file demanded herein or any document formerly contained in a file is no longer in your possession, custody or control, identify the file or document and the reason for loss of possession, custody or control.

-2-

## II. DEFINITIONS

Pursuant to Local Rule 39 and Fed. R. Civ. P. 34(a), these terms have the meanings indicated:

1.    *Communication.*  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2.    *Document.*  The term "document" includes writings, drawings, graphs, charts, photographs, phonorecords, tape and other electronic recordings, computer files and other data compilations from which information can be obtained and translated, if necessary, by the respondent through detection devices into reasonably useful form.  Each original, draft and nonidentical copy (including any with handwritten or other notations) is a separate "document" within the meaning of this term.

3.    *Identify (with respect to persons).*  When referring to a person, "identify" means to provide, to the extent known, (1) the person's full name, (2) present or last known address, and (3) when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

-3-

4.    *Identify (with respect to documents).* When referring to documents, "identify" means to provide to the extent known information about the (1) type of document; (2) its general subject matter; (3) the date of the document; and (4) author(s), addressee(s) and recipient(s).

5.    *Parties.* The term "plaintiff" and "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

6.    *Person.* The term "person" means any natural person or any business, legal or governmental entity or association.

7.    *Concerning.* The term "concerning" means relating to, referring to, describing, evidencing or constituting.

8.    *All/Each.* The terms "all" and "each" shall both be construed as all and each.

9.    *And/Or.* The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

10.    *Number.* The use of a singular form of any word includes the plural and vice versa.

11.    *You.* The term "you" refers to plaintiff, Kimberly Bachiocchi.

## III. DOCUMENT REQUESTS

Request No. 1.    Copies of all pharmacy records showing all prescriptions from 1990 through the present.

Response:

Objection:  The request is overbroad and burdensome as to the time period sought. Further, the information sought is not relevant, nor is it likely to lead to relevant evidence. Notwithstanding the objection all Pharmacy records within Plaintiff's possession, are produced herewith.

Request No. 2.    Any and all family photographs sent, if any, for Christmas 1999 to the present.

Response:

Objection:  This request is unduly intrusive and burdensome to Plaintiff and to others who are not parties to this litigation.

Request No. 3.    A copy of the family photograph taken during November 2000.

Response:

Objection: This request is unduly intrusive and burdensome to Plaintiff and to others who are not parties to this litigation.

-5-

<u>Request No. 4.</u>   Any and all videotape(s) or pictures taken of SNET, its current or former employees, as referenced in plaintiff's calendar previously produced.

<u>Response:</u>

<u>Objection:</u> A vhs cassette including a duplicate copy of all such videotapes was produced by Plaintiff and forwarded to Defendant in or about July, 2003. It is duplicative and burdensome to demand production of these materials a second time.

There are some still photographs which are extant. Plaintiff agrees to have copies of the photographs produced and they will be forwarded under separate cover.

<u>Request No. 5.</u>   Any and all videotape(s), pictures or other visual depiction concerning the allegations in the complaint.

<u>Response:</u>

<u>Objection:</u>  This request is vague and overbroad. Further, the request is duplicative to the extent that it (1) seeks copies of photographs already produced including, by way of example, certain photographs of a fishing trip(s) and/or (2) seeks the same information as was sought in item 4, above.

<u>Request No. 6.</u>   Any and all picture taken during all family vacations taken during 2000 and 2001.

<u>Response:</u>

<u>Objection:</u> This request is unduly intrusive and burdensome to Plaintiff and to others who are not parties to this litigation.

<u>Request No. 7.</u>   Any and all documents concerning correspondence to or from any current or former employee of SNET, including but not limited to, Nick Faiella.

-6-

Response:

Objection:  This request is vague, overbroad and unduly burdensome.  The information sought is not relevant, nor is it likely to lead to relevant evidence.  Finally, to the extent that correspondence has already been produced, this request is duplicative.

Request No. 8.    Copies of all of your, and your family's, brokerage, stock   or other investment accounts from 1999-2001.

Response:

Objection: This request is unduly intrusive and burdensome to Plaintiff and to others who are not parties to this litigation.

Request No. 9.    Copies of all bank account records from 1999-2001 including but not limited to, all monthly statements, deposit slips, withdrawal slips, cancelled checks  and account transfers.

Response:

Objection:  This request is unduly intrusive and burdensome to Plaintiff and to others who are not parties to this litigation.

Request No. 10.    Copies of all telephone bills, including cell phones, for all phones you used from 1999-2001.

Response:

Objection: This request is vague, overbroad and unduly intrusive and burdensome to Plaintiff and to others who are not parties to this litigation. It is not likely to produce relevant evidence or to lead to the production of relevant evidence.

Request No. 11.    Copies of all emails and letters sent to or received from any person while you were on a leave of absence from SNET.

Response:

Objection: This request is vague, overbroad and unduly intrusive and burdensome to Plaintiff and to others who are not parties to this litigation. It is not likely to produce relevant evidence or to lead to the production of relevant evidence. Further, to the extent that correspondence has already been produced, this request is duplicative.

Request No. 12.    Any and all documents submitted to or received from any disability insurance company, or other entity, concerning your claim for and receipt of benefits. In addition, please execute the attached authorization.

Response:

Request No. 13.    Copies of all documents concerning you pension, 401(k) or similar plans, including but not limited to, statements of account, withdrawals, and deposits. In addition, please execute the attached authorization for such records.

Response:

Objection:    No authorization was attached or produced.  Therefore, it can neither be evaluated or signed.  Further, this request seeks material which is not relevant and not likely to lead to the discovery of relevant material.

Request No. 14.    Copies of all credit card statements for all accounts held by you or jointly with others during the period 1999-2001.

Response:

Objection:  This request is vague, overbroad and unduly intrusive and burdensome to Plaintiff and to others who are not parties to this litigation.  It is not likely to produce relevant evidence or to lead to the production of relevant evidence.

THE DEFENDANT,
SOUTHERN NEW ENGLAND
TELEPHONE COMPANY

By: _Debbie Canna_

Deborah DeHart Cannavino  (CT 08144)
TYLER COOPER & ALCORN, LLP
One Landmark Square
Stamford, CT  06901-2501
Telephone: (203)348-5555
Fax: (203) 348-3875
Cannavino@TylerCooper.com

-9-



I have reviewed the foregoing Objections and Answers to Defendant's Second Request for the Production of Documents and I swear that it is true and complete to the best of my knowledge and belief, so help me God.

_____
Kimberly Bachiocchi

Subscribed and sworn to before me
this 12th day of March, 2004.

_____
Peter E. Gillespie
Commissioner of the Superior Court

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the forgoing was transmitted by first class post this 12th day of March, 2004 to the following:

Lori B. Alexander, Esq.
Tyler, Cooper & Alcorn, LLP
205 Church Street
New Haven, CT 06510

Deborah DeH. Cannavino, Esq.
Tyler, Cooper & Alcorn, LLP
One Landmark Square
Stamford, CT 06901

_____
Peter E. Gillespie



I have reviewed the foregoing Objections and Answers to Defendant's Second Request for the Production of Documents and I swear that it is true and complete to the best of my knowledge and belief, so help me God.

_Kimberly Bachiocchi_
Kimberly Bacchiocchi

Subscribed and sworn to before me
this 12ᵗʰ day of March, 2004.

Peter E. Gillespie
Commissioner of the Superior Court

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the forgoing was transmitted by first class post this 12th day of March, 2004 to the following:

Lori B. Alexander, Esq.
Tyler, Cooper & Alcorn, LLP
205 Church Street
New Haven, CT 06510

Deborah DeH. Cannavino, Esq.
Tyler, Cooper & Alcorn, LLP
One Landmark Square
Stamford, CT 06901


Peter E. Gillespie

# EXHIBIT 3

PETER E. GILLESPIE

COUNSELLOR AND ATTORNEY AT LAW

46 RIVERSIDE AVENUE

POST OFFICE BOX 3416

WESTPORT, CONNECTICUT 06880

TELEPHONE (203) 227-7000

TELECOPIER (203) 454-5508

April 9, 2004

Deborah DeH. Cannavino, Esq.
Tyler, Cooper & Alcorn
One Landmark Square
Stamford, CT 06904

Re: Bachiocchi v. SNET

Dear Ms. Cannavino:

This is in response to your letter of March 29, 2004.

As to Request 1, we renew our objection. Notwithstanding that objection, we note that with the possible exception of her current treatments for thyroid cancer which are not relevant here, Plaintiff previously has disclosed all pharmacy records within her control or possession.

As to request 2, we renew our objection. You now seem to narrow your request to pictorial holiday greeting cards that "were presumably sent to many other people." To then have concluded that because of this fact your request is not intrusive or burdensome is confounding. Assuming, *arguendo*, that such cards were produced and distributed, they would have been sent to those with whom Plaintiff and her family have a personal relationship. To the extent that you state that Plaintiff has offered photographs to support her claim, I again am puzzled by your argument. If you are referring to the "fishing trip" photographs, you are aware that those photographs were displayed in public areas of SNET's Elizabeth street facility, having been posted by others. Finally, now that you partially clarify your request, it has become apparent that it is completely irrelevant in any event.

As to request 3, we renew our objection. Further, upon additional discussion with Plaintiff, it has become apparent that you have a particular photograph in mind. Neither Plaintiff nor I are sure as to what particular photograph is being referenced.

Deborah DeH. Cannavino, Esq.
Page 2

April 9, 2004

As to requests 4 and 5, the video tape was previously provided to you.  I sent it.  I do have in my office one remaining copy.  If you would like to review it here, you are welcome to do so.  If you would like me to have another copy made at your expense, I would be happy to undertake that effort for you.  Copies of all still photographs are enclosed herewith.  We are unaware of any additional photographs or videotapes.  If you have any further particular question, please contact me.

As to request 6, we reiterate our objection.  Further, now that you explain the theory of your request, it becomes clear that the request itself is vague and ambiguous as to the meaning of the phrase "family vacation" and, in any event, is irrelevant.  Notwithstanding the objection, I am authorized to inform you that as best we can determine from the common usage of the term, Plaintiff did not attend any vacations with her family in either 2000 or 2001.

As to request 7 we renew our objection.  Notwithstanding the objection, and without waiving it, Plaintiff understands this request to be seeking social correspondence and or correspondence relating to her work at the Elizabeth Street facility.  If that understanding is correct, she has no materials which she believes would be responsive to this request.

As to requests 8, 9, 13 and 14 Plaintiff renews and relies upon her earlier objections.  We note that Plaintiff has already voluntarily exceeded her normal obligations with respect to discovery of her financial records.  She did so in good faith in the spirit of full and fair disclosure and an effort to avoid disputes over this type of unseemly and intrusive enquiry.  Further, we note that neither item 13 nor the broadly worded release provided therewith are limited in time as are the other two items.  Moreover, as to the proposed release, it is not limited in any meaningful way as to the type of documents which would, or could, be sought.  Finally, notwithstanding our objections, I am authorized to disclose that with respect to item 14 Plaintiff does not retain her credit card records following payment of her periodic bills.

As to requests 10 and 11 plaintiff renews and relies upon her earlier objections.  Further, other than materials previously produced, Plaintiff has does not have any emails from the period specified in request 11 and upon a preliminary search does not appear to have any personal letters from that period.

As to request 12, plaintiff renews and relies upon her earlier objection.  To the extent that Defendant seeks execution of a release for medical records which release does not

Deborah DeH. Cannavino, Esq.
Page 2

April 9, 2004

include a time limitation, that issue is already the subject of a motion to compel to which Plaintiff will object. Without waiving her rights or the objection, Plaintiff notes that to the extent that Defendant seeks information relating to Plaintiff's recent treatment for thyroid cancer, Defendant is in possession of a currently effective release for that purpose. Further, Plaintiff believes that the recent submissions to disability carriers were initiated by her Doctors and she does not have that documentation.

Very truly yours,

Peter E. Gillespie

CC:  K. Bachiocchi

# EXHIBIT 4

| 06/17/2004 | 95 | ORDER granting 50 Motion to Compel. The plaintiff will make a good, viewable copy of the videotape which is the subject of this motion, as well as a copy of any other visual depiction responsive to Requests 4 and 5 of Defendant's Second Request for the Production of Documents and will produce the aforesaid to defendant's counsel within 10 days of this date or will face the imposition of drastic sanctions, including possible dismissal of her case. The court does not credit the representations of plaintiff's counsel (Dkt. #84 at 2 and n.1) that copies have already been provided. The court instead credits SNET's representations in its reply memorandum (Dkt. #92 at 1 -4) and agrees with SNET that no party "should be required to undergo" what SNET has had to endure at the hands of plaintiff's counsel in order to obtain legitimate discovery. At the conclusion of all proceedings in this case, on application, the court will consider the amount of attorney's fees that may be awarded in connection with defendant's successful pursuit of this motion. Signed by Judge Thomas P. Smith on June 17, 2004. (Smith, Thomas) (Entered: 06/17/2004) |

# EXHIBIT 5

# PETER E. GILLESPIE
**Counsellor & Attorney at Law**

46 Riverside Avenue
P. O. Box 3416
Westport, CT 06880

Tel: (203) 227-7000
Fax: (203) 454-5508
Email: petelaw@mac.com

June 27, 2008

Lori B. Alexander, Esq.
Littler Mendelson
110 Washington Avenue – 3rd Floor
North Haven, CT 06473

Re: Bachiocchi v. SNET

Dear Ms. Alexander:

While preparing, Ms. Bachiocchi found the picture which she had taken of her left arm on or about June 4, 2001. The photograph first came into my possession on Thursday evening.

The photograph is enclosed herewith for your file.

Very truly yours,

Peter E. Gillespie

# EXHIBIT 6

**From:**    Alexander, Lori B.
**Sent:**    Tuesday, July 01, 2008 11:09 AM
**To:**    Peter E. Gillespie
**Cc:**    Cannavino, Deborah D.
**Subject:** Bachiocchi

Attorney Gillespie,

I was shocked to receive from you in the mail late yesterday a photograph allegedly taken by Ms. Bachiocchi in 2001 of her left wrist following the incident involving Kevin West. As you have described it, this photograph is directly relevant to a hotly disputed issue in this case, yet it was never produced to us in response to discovery during the 6 years the case has been pending until 4 business days before trial. We are obviously prejudiced by this late disclosure, including by not having had the opportunity to inquire about the photo during the depositions of Ms. Bachiocchi and Dr. Sarfeh, and by not having had the opportunity to select and consult with our own experts concerning the photo.

I assume you will not be attempting to introduce this late-disclosed photograph into evidence at the trial.

Lori Alexander


Lori B. Alexander
Littler Mendelson, P.C.
110 Washington Avenue, 3rd Floor
North Haven, CT 06473
tel. (203) 234-6344 ext. 2360
fax (203) 234-6345
lalexander@littler.com

# EXHIBIT 7

**From:** Peter E. Gillespie [mailto:petelaw@mac.com]
**Sent:** Tuesday, July 01, 2008 11:12 AM
**To:** Alexander, Lori B.
**Subject:** Re: Bachiocchi

I am sorry you are shocked. As you know, the photograph had been lost. As soon as it was found, it was delivered to you.

As for your question : No, I do not plan on introducing it, however, I reserve the right to do so if it comes to be in issue.

Very truly yours,

Peter E. Gillespie

On Jul 1, 2008, at 11:08 AM, Alexander, Lori B. wrote:

> Attorney Gillespie,
> I was shocked to receive from you in the mail late yesterday a photograph allegedly taken by Ms.
> Bachiocchi in 2001 of her left wrist following the incident involving Kevin West.  As you have
> described it, this photograph is directly relevant to a hotly disputed issue in this case, yet it was
> never produced to us in response to discovery during the 6 years the case has been pending until 4
> business days before trial.  We are obviously prejudiced by this late disclosure, including by not
> having had the opportunity to inquire about the photo during the depositions of Ms. Bachiocchi
> and Dr. Sarfeh, and by not having had the opportunity to select and consult with our own experts
> concerning the photo.
> I assume you will not be attempting to introduce this late-disclosed photograph into evidence at the
> trial.
> Lori Alexander
>
> Lori B. Alexander
> Littler Mendelson, P.C.
> 110 Washington Avenue, 3rd Floor
> North Haven, CT 06473
> tel. (203) 234-6344 ext. 2360
> fax (203) 234-6345
> lalexander@littler.com
>
> ----
>
> To ensure compliance with requirements imposed by the IRS, we inform you
> that
> any U.S. federal tax advice contained in this document (including any
> attachments)
> is not intended or written to be used, and cannot be used, for the
> purpose of (i)
> avoiding penalties under the Internal Revenue Code or (ii) promoting,
> marketing

or recommending to another party any transaction or matter addressed
herein.

This email may contain confidential and privileged material for the sole
use of the
intended recipient(s). Any review, use, distribution or disclosure by
others is strictly
prohibited. If you are not the intended recipient (or authorized to
receive for the
recipient), please contact the sender by reply email and delete all
copies of this
message.

To reply to our email administrator directly, send an email to
postmaster@littler.com

Littler Mendelson, P.C.
http://www.littler.com

# EXHIBIT 8

**From:** Alexander, Lori B.
**Sent:** Tuesday, July 01, 2008 11:36 AM
**To:** Peter E. Gillespie
**Cc:** Cannavino, Deborah D.
**Subject:** RE: Bachiocchi

Mr. Gillespie,

I do not know what you mean when you say you're not planning on introducing the photograph, but you reserve the right to introduce it "if it becomes an issue." It clearly is an issue whether Mr. West touched Ms. Bachiocchi. Are you going to try to introduce it or not?

Lori Alexander


Lori B. Alexander
Littler Mendelson, P.C.
110 Washington Avenue, 3rd Floor
North Haven, CT 06473
tel. (203) 234-6344 ext. 2360
fax (203) 234-6345
lalexander@littler.com

# EXHIBIT 9

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2004 SEP 26  A 9 00

U.S. DISTRICT COURT
HARTFORD, CT

KIMBERLY BACHIOCCHI,
            -Plaintiff

        -v-                                3-02-CV-908 (CFD)

SOUTHERN NEW ENGLAND
TELEPHONE COMPANY,
            -Defendant

RULING ON MOTION TO COMPEL (Dkt. 122)

     This is the latest in a series of discovery motions that the
plaintiff's unjustified recalcitrance has necessitated.  Prior
warnings have been unavailing.  Plaintiff continues to skirt the
rules, imposing unnecessary costs on the defendant.

     **The pending motion is granted in its entirety.** The defendant
should never have had to file this motion, the fifteen page
memorandum that accompanies it, or the eighty pages of exhibits
the court has had to wallow through in an attempt to fathom why
plaintiff has acted as she has.

     The following are findings, which, if 28 U.S.C. § 636(b)(1)(A)
is to have any sway at all, are reviewable pursuant to the "clearly
erroneous" statutory standard of review:

     (1) The discovery that is sought by this motion is the subject
of a discovery request to which the plaintiff failed to interpose

a timely objection.  The law is clear that an objection which is not timely made is waived.  The court finds that the plaintiff has waived her objection to each and every discovery request that she has resisted;

(2) The court has nevertheless considered each of the untimely objections that plaintiff has interposed and overrules them because they are unmeritorious.  The information that defendant seeks is relevant, non-privileged, and not unduly burdensome to produce;

(3) Plaintiff's invocation of the attorney-client privilege is simply unmeritorious.  The plaintiff does not seem to understand that the burden of establishing privilege belongs to the party asserting the privilege.  It is not the defendant's burden to prove that the privilege does *not* apply with respect to documents as to which the claim of privilege has been improperly perfected.  Where privilege is asserted, Local Rules require the preparation of a privilege log, non-privileged portions of documents are to be produced in redacted form, and the one asserting the privilege is expected to provide the court with adequate analysis and case authority to support its position.  The plaintiff has failed to do this.  The court questions the bona fides of plaintiff's attempt to withhold documents on grounds of privilege.  In connection with yet another motion to compel that defendant was forced to file, the court has reviewed other documents which it ordered submitted for

-2-

in camera review.    On examination, the court found that the documents were not only unprivileged, but that even a modicum of effort on plaintiff's part would have made this clear.  Having so reviewed the documents in question, the court believes that plaintiff's counsel was improperly attempting to conceal discoverable documents.

Perhaps defense counsel should have filed her motion to compel sooner, but she reasonably believed that plaintiff's lawyer would make good on his representations to supply the requested documents. She has been burned once again.  But the plaintiff was in no way prejudiced by defendant's patiently waiting for her to do what she was legally obligated to do.

Plaintiff's lawyer now attempts to resuscitate his long-lapsed right to object by belatedly offering his interpretation of various conversations that he purportedly had with defendant's counsel, inviting the court to deconstruct his attempts to bargain his way out of providing discovery that the plaintiff is legally bound to provide.  The court declines to do this.  The defendant is entitled to the discovery it has requested.  Plaintiff's attempt to portray herself as the victim of unfair or oppressive conduct on defendant's part is simply not true.

IT IS ORDERED that within 15 days of this date the plaintiff will provide complete responses to Requests Nos. 30, 38, 39, 45, 46

and 51 of Defendant's February 6, 2003 Request for the Production of Documents;

**IT IS ORDERED** that within 15 days of this date the plaintiff will provide a sworn, signed supplemental discovery response identifying which documents in her supplemental production of July 5, 2003 were in response to which specific requests;

**IT IS ORDERED** that the plaintiff's objections to Requests Nos. 29, 32 and 49 are overruled, and that the the plaintiff will respond to the aforesaid discovery requests fully and completely within 15 days hereof.

At the conclusion of all proceedings in this case, on application, the court will consider the amount of attorney's fees to be awarded in connection with this motion.

This is not a "recommended ruling." This is a discovery ruling and order. It is subject to review by the trial judge, if timely sought, pursuant to the "clearly erroneous" or "contrary to law" standard that is prescribed by 28 U.S.C. §636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure.

Dated at Hartford, Connecticut, this 26th day of September, 2004.

Thomas P. Smith
**United States Magistrate Judge**

-4-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 2, 2008, a copy of the foregoing was filed electronically on all parties to this action.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system.  Parties may access this filing through the court's CM/ECF System.

**<u>Plaintiff's Counsel</u>**
Peter E. Gillespie, Esq.
46 Riverside Avenue
Post Office Box 3416
Westport, Connecticut 06880

Lori Alexander
Federal Bar No.: CT08970