UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KIMBERLY BACHIOCCHI | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 3:02-CV-908 (CFD) |
| SOUTHERN NEW ENGLAND | | |
| TELEPHONE COMPANY | : | |
|     Defendant. | | |

### RULING ON MOTIONS IN LIMINE

In anticipation of trial, the parties made six motions in limine. The Court now addresses these motions.

**1.  Plaintiff's Motion in Limine Setting Forth Plaintiff's Objections to Certain of Defendant's Proposed Exhibits [Dkt. # 231]**

The plaintiff, Kimberly Bachiocchi ("Bachiocchi") moved to exclude various exhibits proposed by the defendant, Southern New England Telephone Company ("SNET"). The Court will address each exhibit or group of exhibits in turn.

    **A.  Written Statements by SNET Employees**

The plaintiff seeks to exclude the typed statements and affidavits of several of SNET's employees (Defendant's Exhibits 1, 2, 3, 37, 38, 39, and 40) because they are hearsay not within any exception. The statements are in the form of affidavits, or letters from the employees to Kevin West, the plaintiff's former supervisor, which describe incidents concerning the plaintiff, and SNET argues that they are admissible as records of regularly conducted activity under Federal Rule of Evidence 803(6). However, the incidents described occurred more than six months prior to the date they were written, and the letters and affidavits appear to have been

created in response to a request from Robert Vallario, a supervisor at SNET. Thus, the statements do not appear to have been conducted in the normal course of business but rather in anticipation of litigation and/or the CHRO investigations pending at the time. Furthermore, the information was not recorded contemporaneously with the events they describe. See Wilco Kuwait (Trading) S.A.K. v. deSavary, 843 F.2d 618, 628 (1st Cir. 1988) (document did not fit within 803(6) exception when made three months after event); United States v. Lemire, 720 F.2d 1327, 1350-51 (D.C. Cir. 1983) (memoranda prepared in November describing December to June transaction not timely). Thus, the Court finds these exhibits are not presently admissible for their truth under a hearsay exception. However, the defendant is free to attempt to establish the foundational requirements for a business record at trial. Counsel shall alert the Court before doing so.

    SNET argues, in the alternative, that the statements are admissible as non-hearsay not for the truth of the matters asserted, but rather to show that Kevin West was on notice as to the complaints about the plaintiff in order to explain his later actions. In other words, the statements should be admissible to show the effect on the listener. See Barrett v. Orange County Human Rights Comm'n, 194 F.3d 341, 347-48 (2d Cir. 1999) (third party statements about terminated employee admitted to show effect on decision-maker, not to establish truth of statements). It is not clear at this juncture what the relationship is between these statements and any later alleged retaliatory actions or sexual harassment by West. Thus, the motion in limine is denied without prejudice as to the Defendant's Exhibits 1, 2, 3, 37, 38, 39, and 40. Plaintiff may object at trial.

    **B.**    **Notices of Dismissal from CCHRO and EEOC**

Bachiocchi also seeks to exclude the findings of the Connecticut Commission on Human Rights and Opportunities and of the Equal Employment Opportunities Commission (Defendant's Exhibits 7 and 8) that the respective agencies were closing their files on the plaintiff's charges. The CHRO notice stated there was no reasonable possibility that further investigation would result in a finding of reasonable cause, and gave the substantive reasons that Bachiocchi's claim was dismissed. The EEOC notice deferred to the CHRO's finding.

Although these findings are admissible as public records under the hearsay exception in Rule 803(8), they may still be excluded under Rule 403 if the Court finds that their probative value is substantially outweighed by the danger of unfair prejudice. See Paolitto v. John Brown E. & C., Inc., 151 F.3d 60, 64 (2d Cir. 1998). Before admitting an agency finding, a court must "consider the quality of the report, its potential impact on the jury, and the likelihood that the trial will deteriorate into a protracted and unproductive struggle over how the evidence admitted at trial compared to the evidence considered by the agency." Id. at 65.

After consideration of these factors, the Court finds that the agency dismissals should be excluded under Rule 403 because the limited probative value of the reports is substantially outweighed by the danger of unfair prejudice and delay if the notices are admitted. For example, the jury will be confused and time wasted when the plaintiff attempts to demonstrate the unreliability of the reports. In addition, the reports might lead the jury to believe they should come to the same conclusion, when in fact, a motion for reconsideration was granted on substantive grounds and was never resolved prior to this litigation's commencement. Finally, the defendant argues that the findings should be admitted as non-hearsay, not for the truth of the matters within them, but to show the effect on the plaintiff because they are a potential source of

her emotional distress. However, the Court finds that any potential probative value in this regard is minimal in comparison to the prejudicial effect and delay if the findings were admitted. Thus, the plaintiff's motion in limine is granted as to Defendant's Exhibits 7 and 8.

### C. Police Report

Bachiocchi also objects to the admission of the police report (Defendant's Exhibit 10) documenting an incident in which the police were called to SNET's office after an alleged altercation between Bachiocchi and Kevin West, as inadmissible hearsay. The Court finds the report is likely admissible under the exception to hearsay for public records in Rule 803(8) and for business records under Rule 803(6). Since the report is being offered by SNET, the plaintiff's statements within the report are admissible as statements by a party-opponent under Federal Rule of Evidence 801(d)(2)(A).

However, the second sentence, indicating that a third party contacted the police and reported that Kim Bachiocchi had been assaulted by her supervisor, as well as the portion of the report that relates West's statement to the police officer are inadmissible hearsay and must be redacted. In addition, the final paragraph, including the police officer's conclusion as to probable cause, contains legal conclusions, and must be redacted. See Hines v. Brandon Steel Decks, Inc., 886 F.2d 299, 302 (11th Cir. 1989) (Rule 803(8)(C) does not provide for the admissibility of the legal conclusions contained within an otherwise admissible public report); McCormick on Evidence § 296 (6th ed. 2006). Moreover, the police officer's concluding paragraph concerning probable cause has limited probative value because it is not clear which particular crimes he considered when he determined there was no probable cause, and would likely lead to undue delay, confusion of issues, or misleading the jury, which warrants excluding this portion under

Rule 403.

The plaintiff's motion in limine as to Defendant's Exhibit 10 is granted in part and denied in part. Counsel are also to propose an instruction to the jury to disregard the redactions.

### D. Summary of Wage Increases

SNET has now provided the supporting documentation for this wage summary chart (Defendant's Exhibit 22) and as such has satisfied the requirements of Rule 1006. The motion in limine is denied, absent objection, as to Defendant's Exhibit 22.

### E. Plaintiff's Typed Statement with Handwritten Notations

Bachiocchi object to the admission of this document (Defendant's Exhibit 29) on the ground that it is covered by the attorney-client privilege and should not have been produced to SNET. Without resolving these underlying issues, the Court finds that this exhibit should be excluded under Rule 403 because its probative value is extremely low and outweighed by the potential for undue delay and confusion at trial. The final version of this statement will likely be admitted at trial and the handwritten notations do little to add to the probative value of the final statement. Thus, the plaintiff's motion in limine is granted as to Defendant's Exhibit 29.

### F. Logs of SNET Employees

Bachiocchi moved to exclude Defendant's Exhibits 31, 32, 33, 34, and 36[1] as inadmissible hearsay that does not fall under the hearsay exception for business records in Rule 803(5), as they appear to have been created in anticipation of litigation or investigation by the CHRO and/or were not created contemporaneously with the events they describe. These exhibits

---

[1] Exhibit 31 is a log by Kevin West. Exhibit 32 is a log by Richard Light. Exhibit 33 is a log by Robert Vallario. Exhibit 34 is a log by Laurie Moffett. Exhibit 36 is by an unknown SNET employee, perhaps Vallario.

are typed accounts of incidents at SNET involving Bachiocchi and a co-worker, Nick Faiella, over a period of time.

SNET and its employees have informed the Court that the logs are typed statements made later from handwritten notes taken contemporaneously with the events. However, without the underlying notes, there is no way to ensure accuracy, and the dates in the logs appear to be approximated.

In addition, when such records concerning employee behavior are offered on behalf of the business entity that prepared them, they are often excluded as untrustworthy because of concerns over motivation. 4 CHRISTOPHER B. MUELLER & LAIRD C. KIRKPATRICK, FEDERAL EVIDENCE § 8:80, at 734 (3d ed. 2007), citing Bean v. Montana Bd. of Labor Appeals, 965 P.2d 256, 261-62 (1998) (in suit by dismissed employee for wrongful termination, excluding employee incident report prepared reflecting misconduct of plaintiff).

Furthermore, insofar as the logs contain statements of customers, they contain double hearsay. When an employer relies on customer reactions as a reason for employment decisions, the customer's complaints about the employee are not within the business records exception because they are not made in the routine of business pursuant to employment duties. See Rowland v. Am. Gen. Fin.,Inc., 340 F3d 187, 194 (4th Cir. 2003) (in sex discrimination suit, error to admit letter from customer complaining about plaintiff); Alexander v. Cit Tech. Fin. Servs., 217 F. Supp. 2d 867, 880 (N.D. Ill. 2002) (in discrimination suit, customer complaint letter offered by defendant did not qualify as business record).

The plaintiff's motion in limine is granted as to Defendant's Exhibits 31, 32, 33, 34, and 36, but without prejudice to establish a sufficient foundation as business records. Counsel shall

alert the Court before doing so.

### 2. Defendant's Motion in Limine and Objections to Plaintiff's Exhibits [Dkt. # 233]

SNET moved to exclude various exhibits proposed by Bachiocchi. The Court will address each exhibit or group of exhibits in turn.

#### A. Workplace Violence Presentation

SNET moved to exclude a slide presentation on workplace violence used at SNET (Plaintiff's Exhibit 5) as irrelevant. The motion is denied without prejudice as to Plaintiff's Exhibit 5. The defendant may object at trial.

#### B. Correspondence between Dr. Zachariah and SNET

SNET moved to exclude two letters from Bachiocchi's treating psychologist (Plaintiff's Exhibit 6) to the nurse at SNET, as hearsay. One letter, dated January 4, 2001, was written in anticipation of Bachiocchi spending a day in the office as a step toward making a full-time return to work, and detailed the reasons for the office visit and what the doctor hoped it would accomplish. While this letter is not admissible as a statement made in the course of seeking medical treatment under Rule 803(4), as it was made by Dr. Zachariah to SNET, it is possible (although unlikely) that it may fall within other exceptions to the hearsay rule, such as the exception for records of regularly conducted activity under Rule 803(6). See Stengel v. Beicher, 522 F.3d 438 (6th Cir. 1975) (physician's diagnosis and treatment admitted as part of hospital record under the business records exception). The motion in limine is granted as to the January 4 letter, without prejudice to establishing the foundation for admission as a business record or other

basis at trial.[2]

The second was written after the day in question, on January 19, 2001, and expressed Dr. Zachariah's dismay at the report of Bachiocchi about the office visit, and his hope that a more productive visit would take place in the near future. This letter largely consists of inadmissible double hearsay and Dr. Zachariah's opinions as to the wrongfulness of SNET's conduct, and thus must be excluded.

The motion is granted without prejudice as to the January 4 letter in Plaintiff's Exhibit 6, and granted as to the January 19 letter in Plaintiff's Exhibit 6.

### C. Plaintiff's CHRO Charges

SNET argues that the Plaintiff's CHRO charges against SNET (Plaintiff's Exhibits 7 and 9) are inadmissible hearsay. The plaintiff argues they will be offered to rebut a charge of recent fabrication, and also for the non-hearsay purpose of supporting Bachiocchi's claim that she was retaliated against for filing the complaint. The motion is denied without prejudice as to Plaintiff's Exhibits 7 and 9. The defendant may object at trial. If admitted, the parties are encouraged to propose limiting instructions.

### D. Plaintiff's Affidavit in Support of Faiella's CHRO Complaint

SNET argues that the Plaintiff's affidavit in support of Nick Faiella's CHRO charge against SNET (Plaintiff's Exhibit 11) is inadmissible hearsay. The plaintiff argues it will be offered to rebut a charge of recent fabrication, and also for the non-hearsay purpose of supporting

---

[2]The Court notes, however, that if such a foundation is established, the sentence describing harassment at SNET as the precipitating factor for the plaintiff's depression must be redacted because, among other things, its probative value in light of Dr. Zachariah's anticipated testimony on the same topic is outweighed by the potential for unfair prejudice under Rule 403.

Bachiocchi's claim that she was retaliated against for filing the complaint. The motion is denied without prejudice as to Plaintiff's Exhibit 11. The defendant may object at trial.

### E. Nicholas Faiella's CHRO Charge

SNET argues that Nicholas Faiella's CHRO charge against SNET (Plaintiff's Exhibit 12) is inadmissible hearsay. The motion is denied without prejudice as to Plaintiff's Exhibit 12. The defendant may object at trial.

### F. Handwritten Notes by Manouse

SNET seeks to exclude Plaintiff's Exhibit 14, the handwritten notes of Christopher Manouse, as hearsay and as irrelevant. The plaintiff argues they are admissible under the hearsay exception for business records or as non-hearsay admissions of a party opponent under Rule 801(d)(2).

The motion is denied without prejudice as to Plaintiff's Exhibit 14. The defendant may object at trial.

### G. Dr. Sarfeh's Notes in Medical Chart

SNET seeks to exclude the notes from Dr. James Sarfeh's medical chart from June 4, 2001 (Plaintiff's Exhibit 21) as inadmissible hearsay, particularly the statements regarding the causation of her injury. The plaintiff argues the statements are admissible under the hearsay exception for statements made in the course of seeking medical treatment under Rule 803(4).

The statements pertaining to the identity of the person who grabbed her wrist and about asking a friend to call the police must be redacted, but portions of the exhibit consist of statements by Bachiocchi pertinent to medical diagnosis and treatment, and business records of Dr. Sarfeh (as to his observations). The motion in limine as to Plaintiff's Exhibit 21 is granted in

part and denied in part. The plaintiff and the defendant are to submit a proposed redacted exhibit.

### 3. Defendant's Motion in Limine to Preclude Certain Testimony of Plaintiff's Witness, Nicholas Faiella [Dkt. #223]

SNET seeks to exclude certain testimony by the plaintiff's witness, Nicholas Faiella. Specifically, SNET argues the plaintiff should be barred from offering testimony from Faiella alleging that SNET employee Robert Vallario made certain remarks of which plaintiff was unaware until after this litigation commenced, in support of the plaintiff's sexual harassment claims. SNET argues that these remarks are not relevant to the plaintiff's claims of sexual harassment because she did not know about them at the time she filed the lawsuit, and thus should be excluded under Rule 402.

The motion in limine as to testimony by Faiella about Vallario's comments is denied without prejudice. The defendant may object at trial.

### 4. Defendant's Motion in Limine to Preclude Testimony Concerning Events That Occurred Outside the Applicable Statute of Limitations Period [Dkt. # 228]

SNET sought to exclude testimony concerning two events that occurred outside the applicable stature of limitations period: the plaintiff's 1988 filing of a sexual harassment complaint, and an incident involving a telephone call by the plaintiff to SNET's payroll department in June of 1999. However, the plaintiff has indicated it will not offer evidence of the plaintiff's earlier CHRO complaint, and the defendant has withdrawn its objection to testimony regarding the telephone call. Thus, this motion in limine is denied as moot.

### 5. Defendant's Motion in Limine to Preclude Certain Testimony from Plaintiff's Expert Witness, Gary Zachariah [Dkt. # 226]

SNET seeks to preclude the plaintiff's expert witness, Dr. Gary Zachariah, from testifying because he allegedly destroyed medical records and spoliated evidence. The Court finds this argument to be without merit. The Second Circuit has defined spoliation as "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999). Here, the defendant is in possession of all relevant records and thus is not prejudiced by not being able to use them as evidence. Dr. Zachariah and plaintiff's counsel provided defendant's counsel with copies of all such evidence prior to the alleged spoliation. Furthermore, the Court is satisfied that Dr. Zachariah's actions in misplacing or destroying several pages were completely accidental and did not constitute a significant alteration of evidence. Thus, insofar as the motion in limine seeks to preclude Dr. Zachariah from testifying, it is denied.

In the alternative, SNET seeks to preclude Dr. Zachariah from testifying on the following matters: (1) his opinion as to the causation of the plaintiff's alleged emotional distress; (2) his perception of the plaintiff's mental state prior to working in the Business Customer Service ("BCS") Group; (3) the actions of the defendant or its employees;(4) legal terms of art such as "harassment" or "discrimination;" and (5) his own emotions toward SNET and SNET's employees.

The Court's discretion to admit expert testimony is governed principally by Federal Rule of Evidence 702, which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an

>expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702; Nimely v. N.Y., 414 F.3d 381, 395 (2d Cir. 2005).

After considering the testimony of Dr. Zachariah and the defendant's rebuttal expert, Dr. Stuart Kleinman, at the hearing on motions in limine, the Court is satisfied that Dr. Zachariah may testify as an expert witness under Rule 702 as to his opinion as to the causation of the plaintiff's alleged emotional distress, and the basis of that opinion. He may also testify about his diagnosis and treatment of the plaintiff. Dr. Zachariah is trained and skilled as a clinical psychologist. He has earned a bachelor's degree in psychology, and masters and doctoral degrees in clinical psychology. He completed internships and post-doctoral work, is licensed to practice clinical psychology in Connecticut, and is a member of the American Psychological Association. As the plaintiff's treating psychologist, Dr. Zachariah met with her on over fifty occasions. In arriving at his conclusions regarding the plaintiff's diagnosis and its causation, Dr. Zachariah relied on sufficient facts and used reliable and accepted clinical methodologies for a treating, clinical psychologist. Namely, he asked Bachiocchi a series of questions in their initial sessions about her history, her current situation, why she sought treatment, and her symptoms, and also made observations of the plaintiff's physical presentation. At subsequent sessions, he continued to probe relevant areas of her history and symptoms. Using the information gained in these sessions, Dr. Zachariah came to a conclusion that she had Major Depressive Disorder, as well as suicidal ideation, precipitated by events in her workplace. He then applied these diagnostic methods to the facts of this case, formed a treatment plan, and confirmed his preliminary

conclusions through his continued therapy sessions and treatment of the plaintiff.

The United States Supreme Court has made clear that Rule 702 charges district courts with "the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 597 (1993); see also Nimely, 414 F.3d at 396. In Daubert, the Supreme Court set out a list of non-exclusive factors that trial courts may consider in determining whether an expert's reasoning and methodology are reliable: (1) whether the theory or technique on which the expert relies has been or could be tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the technique or theory when applied; (4) the existence and maintenance of standards controlling the technique's operation; and (5) whether the theory or technique has been generally accepted in the scientific community. Daubert, 509 U.S. at 593-94, see also Nimely, 414 F.3d at 396. However, the test of reliability is a "flexible" one depending on the "nature of the issue, the expert's particular expertise, and the subject of his [or her] testimony" and no one factor will necessarily be determinative of the reliability of an expert's testimony, because the district court need only "consider the specific factors identified in Daubert where they are reasonable measures of the reliability of expert testimony." Kumho Tire Co. v. Carmichael, 526 U.S. 137, 150, 152 (1999); Amorgianos v. Nat'l R.R. Passenger Corp., 303 F.3d 256, 265-66 (2d Cir. 2002).

The Court finds, after applying the tests mandated by Daubert to the particular facts of this case and the particular expertise of Dr. Zachariah, that his methodology was sufficiently reliable and meets the other tests of Rule 702. The defendant's expert witness, Dr. Kleinman, admitted in both his expert report and his testimony that Dr. Zachariah's methods, though

perhaps insufficient for a forensic psychologist, were acceptable and standard methodologies for a treating clinician, indicating acceptance in the psychological community.

The Court's conclusion that Dr. Zachariah may testify as to causation in this case is consistent with the decisions of many other courts in the employment context allowing treating and non-treating psychologists and psychiatrists testify as to whether the plaintiff has experienced emotional distress caused by sexual harassment. See, e.g., Karcher v. Emerson Elec. Co., 94 F.3d 502, 509 (8th Cir. 1996) (testimony by plaintiff's treating psychiatrist and psychologist tying plaintiff's depression and emotional stress to her job-related problems), cert. Denied, 117 S. Ct. 1692 (1997); Hirschfield v. N.M. Corr. Dep't, 916 F.2d 572, 581 (10th Cir. 1990) (expert psychiatric testimony on whether sexual harassment caused plaintiff's depression); Phillips v. Smalley Maint, Servs, Inc., 711 F.2d 1524, 1528 (11th Cir. 1983) (expert testimony by family practice physician and psychiatrist admissible as to whether distress was caused by termination); Hurley v. Atlantic City Police Dep't, 933 F. Supp. 396, 409, 424 (D.N.J. 1996) (allowing testimony of plaintiff's psychological expert that plaintiff suffered "psychological assault" in form of sexual harassment, which caused plaintiff's depression); Webb v. Hyman, 861 F. Supp. 1094, 1114 (D.D.C. 1994) (psychological expert testimony used to show sexual harassment triggered repressed childhood trauma); Moffett v. Gene B. Glick Co., 621 F. Supp. 244, 265-65 (N.D. Ind. 1985) (psychiatrist, psychologist, and counselor testified about plaintiff's psychological damages and their causal connection to harassment at work), rev'd on other grounds, Reeder-Baker v. Lincoln Nat. Corp.; 644 F. Supp. 983 (7th Cir. 1986).

Testimony from Dr. Zachariah regarding the plaintiff's mental state prior to her employment in the BCS Group or the actions of the defendant or its employees as reported by the

plaintiff in the course of her seeking treatment, shall be allowed only if it would be otherwise admissible.  See Fed. R. Evid. 703 ("Facts or data that are otherwise inadmissible shall not be disclosed to the jury. . .unless the court determines that their probative value. . . substantially outweighs their prejudicial effect.").  For example, some of the plaintiff's statements to Dr. Zachariah were made in the course of seeking psychological treatment, and thus are admissible under the hearsay exception of Rule 803(4).  The defendant may object as necessary to specific portions of testimony.   In addition, a limiting instruction will be considered, if requested, to remind the jury that Dr. Zachariah does not have any first-hand, personal knowledge of the actions of SNET or its employees, but that it is permitted that Dr. Zachariah rely on such information in arriving at his opinions.

Finally, Dr. Zachariah shall also be allowed to use the terms "harassment" or "discrimination," as they are not strictly legal terms of art.  A limiting instruction will be considered, if requested.  Dr. Zachariah shall not be allowed, however, to testify as to his own emotions toward SNET.

This portion of the motion in limine is granted in part and denied in part, without prejudice to renew objections to specific portions of Dr. Zachariah's testimony.

**6.     Plaintiff's Motion in Limine As To Defendant's Retained Expert [Dkt. # 230]**

Bachiocchi seeks to exclude the testimony of the defendant's retained expert witness, Dr. Stuart Kleinman, on various grounds.  First, the plaintiff argues that Dr. Kleinman seeks to testify outside his area of expertise.  The Court finds this be without merit, as Dr. Kleinman is clearly an expert in the field of forensic psychology and his anticipated testimony will be confined to that field.  Second, the plaintiff argues that Dr. Kleinman's expert report is deficient under the

requirements of Federal Rule of Civil Procedure 26(a)(2) because it does not adequately report the expert's compensation, or which excerpts from voluminous supporting documents he is relying on as the basis for his conclusions. The plaintiff further argues that Dr. Kleinman's testimony at the motions in limine hearing suggested he had relied on materials not disclosed in his expert report. However, the Court finds the compensation report is adequate under Rule 26(a)(2) such that Dr. Kleinman's testimony should not be precluded. Furthermore, since Dr. Kleinman testified extensively at the motions in limine hearing, the plaintiff has adequate notice of the materials on which he relied in forming his opinion.

Finally, the plaintiff argues that Dr. Kleinman's testimony is of limited relevance to material issues in the case, and any potential probative value is outweighed by the potential for unfair prejudice to the plaintiff under Rule 403. However, Dr. Kleinman's testimony is relevant because it goes to the appropriate probative value and weight to be given to Dr. Zachariah's testimony. See Alberts v. Wickes Lumber Co., No. 90C4397, 1995 WL 557473, at *3 (N.D. Ill. 1995) (defendant's rebuttal psychological expert testimony permissible to show plaintiff's expert's conclusions were not supported by data relied upon). The plaintiff is free to raise objections to particular portions of Dr. Kleinman's trial testimony. In addition, although Rule 704 now allows for expert opinion as to the ultimate legal issue in a case, if Dr. Kleinman offers his opinion as to legal causation, the Court will consider a limiting instruction, if requested, reminding the jury that they should draw their own conclusions in this case as to the elements of the causes of action.

Thus, the motion in limine is denied, without prejudice to renew objections to specific testimony. The Court notes that further argument will likely be required on various issues

regarding the specific testimony of both parties' experts, and counsel are directed to alert the Court prior to such anticipated testimony.

**Conclusion**

     The Plaintiff's Motion in Limine Setting Forth Plaintiff's Objections to Certain of Defendant's Proposed Exhibits [Dkt. # 231] is GRANTED in part and DENIED, without prejudice, in part.  The Defendant's Motion in Limine and Objections to Plaintiff's Exhibits [Dkt. # 233] is GRANTED in part and DENIED, without prejudice, in part.  The Defendant's Motion in Limine to Preclude Certain Testimony of Plaintiff's Witness, Nicholas Faiella [Dkt. #223] is DENIED without prejudice.  The Defendant's Motion in Limine to Preclude Testimony Concerning Events That Occurred Outside the Applicable Statute of Limitations Period [Dkt. # 228] is DENIED as moot.  The Defendant's Motion in Limine to Preclude Certain Testimony from Plaintiff's Expert Witness, Gary Zachariah [Dkt. # 226] is GRANTED in part, and DENIED without prejudice in part.  The Plaintiff's Motion in Limine As To Defendant's Retained Expert [Dkt. # 230] is DENIED without prejudice.

     The defendant's motions to seal supporting memoranda [Dkt. # 222, Dkt. # 225] are DENIED.

        SO ORDERED this   2nd    day of July 2008, at Hartford, Connecticut.


                                                                        /s/ Christopher F. Droney
                                                                        **CHRISTOPHER F. DRONEY**
                                                                        **UNITED STATES DISTRICT JUDGE**