UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ****************<br>KIMBERLY BACHIOCCHI, | *<br>*<br>*<br>*<br>* |
| Plaintiff, | * |
| v. | *  CIVIL ACTION NO. 02-CV-908 (CFD)<br>*<br>* |
| THE SOUTHERN NEW<br>ENGLAND TELEPHONE<br>COMPANY, | *<br>*<br>*<br>* |
| Defendant. | *  JULY 3, 2008 |
| **************** | * |

**DEFENDANT'S SUPPLEMENT TO
MOTION IN LIMINE TO EXCLUDE PHOTOGRAPH
PRODUCED ON THE EVE OF TRIAL**

By way of supplementation to defendant's previously filed motion, defendant the Southern New England Telephone Company ("SNET") states that as of the current time it has still been unable to obtain a clear answer from plaintiff's counsel to its question as to whether plaintiff will attempt to introduce into evidence at trial a photograph provided to defense counsel for the first time on Monday, June 30, 2008.[1]  Plaintiff's counsel's final statement on the issue

---

[1] Although plaintiff's counsel's cover letter enclosing the photograph stated that he became aware of the photograph on the prior Thursday, June 26, 2008, the photograph was later mailed to defense counsel by regular mail with no prior communication.  As a result, the undersigned first saw the photograph late in the day on June 30th after being out of the office in meetings most of the day.  See letter attached hereto.

1

was that he did "not plan on introducing it, however I reserve the right to do so if it comes to be in issue." See attached email.

As set forth in SNET's Motion in Limine, SNET would be severely prejudiced by the admission of this exhibit at the trial of this matter, which is scheduled to begin on Monday, July 6, 2008. More than four years have passed since the photograph was requested in discovery and all photographs were ordered by the Court to be provided to defendant. Memories have faded, and therefore defense counsel would be unable to fully eliminate the substantial prejudice to it of the late disclosure no matter what steps were taken at this point. In addition, under the current District Court rules, the photograph should be precluded for the additional reasons that plaintiff did not list it in the Joint Trial Memorandum which was filed on December 1, 2006, nor were copies provided to defense counsel when the parties exchanged exhibits. The District Court's Standing Order Regarding Trial Memoranda in Civil Cases Cases states that "[e]xhibits not listed [in the joint trial memorandum], except rebuttal and impeachment exhibits, will not be admissible at trial except for good cause shown."[2] For this and the reasons set forth in its prior motion, the Court should preclude the plaintiff from introducing the photograph as an exhibit at trial.

However, if defendant's Motion in Limine is denied by the Court, SNET reluctantly but necessarily requests an adjournment of the trial of this matter in order to conduct further discovery and other activities that it would have engaged in if the photograph had been timely disclosed to it. These activities are necessary in order to prepare its defense. The activities

---

[2] This clearly is not a rebuttal document, because it does not respond to a new or unexpected piece of evidence produced by the defendants. See, e.g., Aktiebolag v. Andrx Pharm., 99 Civ. 8926, 2002 U.S. Dist. LEXIS 1892 (S.D.N.Y. 2002).

include, but are not limited to, re-deposing the plaintiff concerning the photograph, its location, how it was suddenly found, and the image depicted in the photograph; re-deposing Dr. Sarfeh, who examined the plaintiff's wrist on the day of the incident and who was deposed on September 2, 2003; obtaining its own independent medical assessment of the medical probability of the injury shown in the photograph having been caused by the incident as alleged and as described by the police officer on the scene; considering an independent forensic analysis of when the photograph was taken; and conducting other investigation and consultation with other case witnesses concerning the photograph. SNET also requests that the plaintiff be ordered to pay SNET's attorneys' fees and costs related to these additional activities necessitated by plaintiff's late disclosure literally four business days before trial.

 For the foregoing reasons, following its unsuccessful attempts to resolve this issue without court intervention, SNET respectfully requests that the Court grant its Motion in Limine prior to the commencement of the trial of this matter. In the alternative, if the motion were to be denied, SNET requests an adjournment/postponement of the trial so that defense counsel may address the substantial prejudice to it of the late disclosure by re-deposing relevant witnesses concerning the photograph and conducting further investigation as described above.

Dated at North Haven, Connecticut this 3rd day of July, 2008.

        THE DEFENDANT,

        SOUTHERN NEW ENGLAND TELEPHONE
        COMPANY

        By _/s/ Lori B. Alexander_____
          Lori B. Alexander
          Federal Bar No. CT08970
          Littler Mendelson, P.C.
          110 Washington Avenue
          North Haven, Connecticut  06473
          Tel. (203) 234-6344
          Fax (203) 234-6345
          E-Mail: lalexander@littler.com

**PETER E. GILLESPIE**
*Counsellor & Attorney at Law*

46 Riverside Avenue
P. O. Box 3416
Westport, CT 06880

Tel: (203) 227-7000
Fax: (203) 454-5508
Email: petelaw@mac.com

June 27, 2008

Lori B. Alexander, Esq.
Littler Mendelson
110 Washington Avenue – 3rd Floor
North Haven, CT 06473

Re: Bachiocchi v. SNET

Dear Ms. Alexander:

While preparing, Ms. Bachiocchi found the picture which she had taken of her left arm on or about June 4, 2001. The photograph first came into my possession on Thursday evening.

The photograph is enclosed herewith for your file.

Very truly yours,

Peter E. Gillespie

**Alexander, Lori B.**

| | |
|---|---|
| **From:** | Alexander, Lori B. |
| **Sent:** | Tuesday, July 01, 2008 11:36 AM |
| **To:** | Peter E. Gillespie |
| **Cc:** | Cannavino, Deborah D. |
| **Subject:** | RE: Bachiocchi |

Mr. Gillespie,

I do not know what you mean when you say you're not planning on introducing the photograph, but you reserve the right to introduce it "if it becomes an issue." It clearly is an issue whether Mr. West touched Ms. Bachiocchi. Are you going to try to introduce it or not?

Lori Alexander



Lori B. Alexander
Littler Mendelson, P.C.
110 Washington Avenue, 3rd Floor
North Haven, CT 06473
tel. (203) 234-6344 ext. 2360
fax (203) 234-6345
lalexander@littler.com



**From:** Peter E. Gillespie [mailto:petelaw@mac.com]
**Sent:** Tuesday, July 01, 2008 11:12 AM
**To:** Alexander, Lori B.
**Subject:** Re: Bachiocchi

I am sorry you are shocked. As you know, the photograph had been lost. As soon as it was found, it was delivered to you.

As for your question : No, I do not plan on introducing it, however, I reserve the right to do so if it comes to be in issue.

Very truly yours,

Peter E. Gillespie

On Jul 1, 2008, at 11:08 AM, Alexander, Lori B. wrote:

> Attorney Gillespie,
> I was shocked to receive from you in the mail late yesterday a photograph allegedly taken by Ms.
> Bachiocchi in 2001 of her left wrist following the incident involving Kevin West. As you have
> described it, this photograph is directly relevant to a hotly disputed issue in this case, yet it was
> never produced to us in response to discovery during the 6 years the case has been pending until 4
> business days before trial. We are obviously prejudiced by this late disclosure, including by not

having had the opportunity to inquire about the photo during the depositions of Ms. Bachiocchi and Dr. Sarfeh, and by not having had the opportunity to select and consult with our own experts concerning the photo.
I assume you will not be attempting to introduce this late-disclosed photograph into evidence at the trial.
Lori Alexander

Lori B. Alexander
Littler Mendelson, P.C.
110 Washington Avenue, 3rd Floor
North Haven, CT 06473
tel. (203) 234-6344 ext. 2360
fax (203) 234-6345
lalexander@littler.com

----

```
To ensure compliance with requirements imposed by the IRS, we inform you
that
any U.S. federal tax advice contained in this document (including any
attachments)
is not intended or written to be used, and cannot be used, for the
purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii) promoting,
marketing
or recommending to another party any transaction or matter addressed
herein.

This email may contain confidential and privileged material for the sole
use of the
intended recipient(s). Any review, use, distribution or disclosure by
others is strictly
prohibited. If you are not the intended recipient (or authorized to
receive for the
recipient), please contact the sender by reply email and delete all
copies of this
message.

To reply to our email administrator directly, send an email to
postmaster@littler.com

Littler Mendelson, P.C.
http://www.littler.com
```

7/3/2008

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2008, a copy of the foregoing was filed electronically on all parties to this action. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's CM/ECF System.

Peter E. Gillespie, Esq.
46 Riverside Avenue
Post Office Box 3416
Westport, Connecticut 06880


*Lori B. Alexander*
Lori B. Alexander
Federal Bar No.: CT08970

5