UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
*********************************************
KIMBERLY BACHIOCCHI,              *
                                  *
            Plaintiff,            *    CIVIL ACTION NO. 3:02-CV-908 (CFD)
                                  *
       v.                         *
                                  *
THE SOUTHERN NEW ENGLAND          *
TELEPHONE COMPANY,                *    JULY 11, 2008
                                  *
            Defendant.            *
                                  *
*********************************************
```

## **PLAINTIFF'S OBJECTION TO DEFENDANT'S EXHIBITS**

Defendant has offered a series of written passages through Mr. Kevin West, each of which contains entries of Mr. West's discussions with vendors which had performed work for the BCS Group and others. The vendors were interviewed by Mr. West who then reduced his recollections of what they said, together with his conclusions based upon their statements, to a typed format. Plaintiff has objected to Defendant's offer and submits this short statement in support of her position.

In <u>US v. Cruz</u>, 894 F. 2d 41 (2d Cir. 1990), the Court considered whether the district court had erred in excluding two arrest investigation reports which the criminal Defendant had offered. Each of the reports contained hearsay within hearsay. In concluding that the complete exclusion of the reports was proper, the Court stated:

> The remaining grounds--that the reports are admissible as proof of government fabrication, as prior inconsistent statements, and as business records--are without merit. Regardless of the evidentiary rule invoked to assert the admissibility of the reports, the reports contain multiple hearsay and cannot be admitted under any exception to the hearsay rule. Whether the investigation reports are public or business records, prior inconsistent statements, or proof of fabrication, the reports remain inadmissible because Geisel's recording of what Hunt told him Perez said constitutes multiple hearsay. See 4 J. Weinstein & M. Berger, Weinstein's Evidence p 805, at 805-5 (1988). Each hearsay statement within multiple hearsay statements must have a hearsay exception in order to be admissible. Fed.R.Evid. 805; see *Felice v. Long Island R.R*., 426 F.2d 192, 197 (2d Cir.), cert. denied, 400 U.S. 820, 91 S.Ct. 37, 27 L.Ed.2d 47 (1970). The district court correctly refused to receive the two versions of the report into evidence in the absence of a showing that they fit within the hearsay within hearsay exception.

*US v. Cruz*, 894 F.2d 41 (2d Cir. 1990).

Similarly, in *Crowley v. L.L.Bean, Inc*., 303 F. 3d 387, 410 (1st Cir. 2002) the district court's decision to exclude a report containing multiple layers of hearsay was upheld on appeal. The decision noted not only that the Employer in that matter had failed to address the problem of hearsay within hearsay, but also noted that there was no proffer of any fact to indicate "why the information in the report could not have been elicited through direct testimony rather than through the hearsay document." *Crowley* at 410. Here of course, all of the vendors and people whose statements are recounted, appear on Defendant's witness list.

In addition, Plaintiff wishes to bring another concern to the Court's attention. It is often said that admission of business records pursuant to Rule 803(6) "is chiefly a matter of trustworthiness." *See, e.g*., *Miss. River Grain Ele.*

<u>V. Bartlett & Co., Grain</u>, 659 F. 2d 1314, 1319 (5th Cir. 1981).   Plaintiff believes that Mr. West's notations do not necessarily have a probability of trustworthiness sufficient to meet the standards of Rule 803(6).

For example, Joseph Bordieri, a vendor, was deposed.  Excerpts of his deposition are attached as Exhibit A.  Although he at first verified the West notes, TR 25-27, he went on to acknowledge that it had been Nick who confronted him, TR33 at L11-13; Nick who spoke to him at the job, TR 33 at L14-16;  and Nick who had told him he was incompetent, TR 33 at L17-23.  He admitted that Ms. Bachiocchi was neither rude nor confrontational, TR 33-34.  This information certainly seems to put a different light on Mr. Bordieri's outlook than the conclusory language of the proffered exhibit.

It may simply be that Mr. West does not do enough investigative human resources work to do it well.  He did not testify to any special training or to the actual extent of his experience, other than to say when he does not call Ms. Moffett, he handles personnel issues for the Group himself.  Rule 803(6) not only requires that the records be kept by a person with knowledge, but also that they be kept "in the course of a <u>regularly</u> conducted business activity."  It may be that Mr. West is not involved in the personnel function with sufficient regularity to provide the probability of trustworthiness which lies at the very heart of the rule.

For these reasons, Plaintiff believes that the proffered passage should be excluded in their entirety.  Alternatively, the passages of hearsay within

3

hearsay, at a minimum, must be redacted.

 

THE PLAINTIFF
KIMBERLY BACHIOCCHI

By:
Peter E. Gillespie  (ct06554)
46 Riverside Avenue
P. O. Box 3416
Westport, CT 06880
Tel: (203) 227-7000
Fax: (203) 454-5508
Email: petelaw@mac.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 11, 2008 a copy of this Brief was filed and served by first class post upon anyone unable to accept electronic filing (as noted where applicable). Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Lori B. Alexander, Esq.
Litter Mendelson
110 Washington Avenue – 3rd Floor
North Haven, CT 06473

By: _____