## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **KIMBERLY BACHIOCCHI,** | : | |
| Plaintiff, | : | |
| | : | Civil Action No.: 02-CV-908 (CFD) |
| v. | : | |
| | : | |
| **THE SOUTHERN NEW ENGLAND** | : | July 15, 2008 |
| **TELEPHONE COMPANY,** | : | |
| Defendant. | : | |
| | : | |
| | : | |

### DEFENDANT'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS

The defendant, the Southern New England Telephone Company ("SNET"), hereby submits the following additional proposed jury instructions relating to the Faragher/Ellerth affirmative defense, the types of conduct that may be used to establish a claim of hostile work environment or retaliation, and the kinds of incidents that may qualify as "materially adverse actions" under Burlington Northern & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006).

### I.    Hostile Work Environment - Conduct Of Which Plaintiff Was Unaware

In deciding whether Ms. Bachiocchi was subjected to a hostile work environment, you may not consider any remarks, conduct, or events that Plaintiff was not aware of at the time she worked for the BCS group.[1]  If Ms. Bachiocchi had no knowledge of the remarks, conduct, or

---

[1]  See Harris v. Forklift Sys., 510 U.S. 17, 22 (1993) ("[I]f the victim does not subjectively perceive the environment to be abusive, the conduct has not actually altered the conditions of the victim's employment, and there is no Title VII violation."); Cottrill v. MFA, Inc., 443 F.3d 629, 636 (8th Cir. 2006) ("A Title VII plaintiff may only rely on evidence relating to harassment of which she was aware during the time that she was allegedly subject to a hostile work environment." (internal punctuation and citation omitted)); Mason v. S. Ill. Univ. at Carbondale, 233 F.3d 1036, 1046 (7th Cir. 2000) ("Mean-spirited or derogatory behavior of which a plaintiff is unaware, and thus never experiences, is not 'harassment' of the plaintiff (severe, pervasive, or other). Thus, for alleged incidents of racism to be relevant for showing the severity or pervasiveness of the plaintiff's hostile work environment, the plaintiff must know of them."); see also Burnett v. Tyco Corp., 203 F.3d 980, 981 (6th Cir. 2000) (affidavits about harassing behavior submitted by other employees were disregarded because there was no evidence that plaintiff was

events, then they could not have contributed to her belief that her work environment was hostile.

---

aware of that behavior at the time of the alleged harassment); <u>Hirase-Doi v. U.S. West Commc'ns, Inc.</u>, 61 F.3d 777, 782 (10th Cir. 1995) (plaintiff could rely only on evidence relating to harassment of which she was aware).

## II.    Hostile Work Environment – Conduct That Plaintiff Did Not Find Subjectively Offensive

Ms. Bachiocchi testified that she was only sexually harassed by John Dunn, Bob Vallario, and Richard Light.    Because of Ms. Bachiocchi's subjective belief that no one else sexually harassed her, you must decide the merits of her sexual  harassment claim based solely on conduct of those three individuals.[2]

---

[2] See Harris v. Forklift Sys., 510 U.S. 17, 22 (1993) ("[I]f the victim does not subjectively perceive the environment to be abusive, the conduct has not actually altered the conditions of the victim's employment, and there is no Title VII violation.").

3.

## III.     Retaliation – Events That Occurred Prior To Plaintiff's Protected Activity

SNET could not have retaliated against Ms. Bachiocchi for something she had not done yet.  Therefore, in deciding whether any unlawful retaliation occurred in this case, you may not consider any actions or events that occurred before July 24, 2000.  July 24, 2000, as you may recall, was the date that Ms. Bachiocchi filed her first complaint of discrimination with the CHRO.[3]

---

[3]  See Sardina v. United Parcel Serv., Inc., 254 Fed. Appx. 108, 110 (2d Cir. 2007) (affirming grant of summary judgment on employee's retaliation claim where there was no evidence of causation and "[p]laintiff provide[d] no evidence to establish that the supervisor who allegedly retaliated against her . . . knew about her complaint"); Montanile v. Nat'l Broadcasting Co., 57 Fed. Appx. 27, 30 n.2 (2d Cir. 2003) (same)

## IV.    Hostile Work Environment – Exclusion Of Any Conduct That Was Not Based On Sex

You have heard testimony concerning many events that Ms. Bachiocchi claims occurred during her employment at BCS.  Some of the events are gender-neutral on their face, and some of them are not.  Before you consider any gender-neutral events, you must first find that each event was not, in fact, gender-neutral and instead occurred because Ms. Bachiocchi is a woman.[4] In deciding whether Ms. Bachiocchi's work environment was hostile, you may rely only on those incidents, circumstances, and events that you find occurred because Ms. Bachiocchi is a woman.

---

[4] See Alfano v. Costello, 294 F.3d 365, 377 (2d Cir. 2002) ("[T]o the extent that the plaintiff relies on facially neutral incidents . . . she must have established a basis from which a reasonable fact-finder could infer that those incidents were infected by discriminatory animus.").

## V.    Retaliation – Materially Adverse Actions

Ms. Bachiocchi must prove that she suffered a materially adverse action as a result of SNET's retaliatory conduct. A "materially adverse employment action" is an action that may dissuade a reasonable worker from making or supporting a charge of discrimination. The standard refers to a "reasonable worker," meaning that any action must be judged objectively. It not dependent upon Ms. Bachiocchi's opinions, feelings, or beliefs as to what she personally considered to be materially adverse.

You must keep certain principles in mind when deciding whether any of the acts alleged by Ms. Bachiocchi satisfy this standard. A materially adverse action cannot be characterized as a petty slight, minor annoyance, personality conflict, or a snub.[5] Yelling, name-calling, and the occasional use of foul language is not enough.[6] Nor is a simple lack of good manners.

In particular, inconvenient changes to Ms. Bachiocchi's schedule or job responsibilities are not materially adverse actions.[7] Any warnings that Ms. Bachiocchi received from Mr. West, her supervisor, would not be materially adverse actions.[8] Likewise, Mr. West's supervision of Ms. Bachiocchi, including any questioning of her, is not a materially adverse action.

---

[5] Martinez v. New York City Dep't of Educ., No. 04 Civ. 2728, 2008 U.S. Dist. LEXIS 41454, at *40 (S.D.N.Y. May 27, 2008); see Burlington Northern & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006).

[6] Martinez v. New York City Dep't of Educ., No. 04 Civ. 2728, 2008 U.S. Dist. LEXIS 41454, at *40 (S.D.N.Y. May 27, 2008).

[7] Nicholls v. Brookdale Univ. Hosp. & Med. Ctr., 205 Fed. Appx. 858, 861 (2d Cir. 2006) (affirming district court's conclusion that unfavorable scheduling is not an adverse employment action because "[t]o be 'materially adverse,' a change in working conditions must be more disruptive than a mere inconvenience or alteration of job responsibilities"); see also Mutts v. S. Conn. State Univ., 242 Fed. Appx. 725, 727 (2d Cir. 2007) (holding that transferring plaintiff custodian to the residence halls, and thereby exposing her to cleaning agents and chemicals in a poorly ventilated area; asking her to clean up mold on one occasion; and assigning her an increased workload due to hiring freezes are not "materially adverse" actions).

[8] Chang v. Safe Horizons, 254 Fed. Appx. 838, 839 (2d Cir. 2007) (holding that a supervisor's questioning and issuance of oral and written warnings "do not constitute 'materially adverse' actions in the view of a 'reasonable employee.'").

IV.    <u>**Retaliation –Finding Must Be Based On The Alleged Grabbing Of Plaintiff's Wrist**</u>

In order to find in favor of Ms. Bachiocchi on her retaliation claim, you must find that Mr. West grabbed her wrist on June 4, 2001, and that the act of grabbing an employee's wrist constitutes a "materially adverse action."  A "materially adverse employment action" is an action that may dissuade a reasonable worker from making or supporting a charge of discrimination. The standard refers to a "reasonable worker," meaning that any action must be judged objectively.  It not dependent upon Ms. Bachiocchi's opinions, feelings, or beliefs as to what she personally considered to be materially adverse.

## VI.    The Faragher/Ellerth Affirmative Defense

If you find that the plaintiff has proven the elements of her hostile work environment claim, then you must consider SNET's affirmative defense that it is not liable because, as a company, it made a reasonable attempt to prevent and correct any such harassment.  SNET has established its affirmative defense if it proves both of the following elements by a preponderance of the evidence:

First:  SNET exercised reasonable care to prevent and promptly correct any sexually harassing behavior.

Second:  Ms. Bachiocchi unreasonably failed to take advantage of any preventative or corrective opportunities provided by SNET or to avoid harm otherwise.[9]

Proof of the following four items will be enough to establish the first element concerning the prevention and correction of harassment:

1.  SNET has established an explicit policy against gender-based harassment in the workplace.

2.  That policy was communicated to employees.

3.  That policy provided a reasonable way for Ms. Bachiocchi to bring a claim of harassment to higher management.

4.  Reasonable steps were take to correct any problem raised by Ms. Bachiocchi.[10]

With regard to the second element, proof that Ms. Bachiocchi did not follow a reasonable complaint procedure provided by SNET will be enough to establish that Ms. Bachiocchi unreasonably failed to take advantage of a preventative or corrective opportunity.  In making this

---

[9]  Faragher v. City of Boca Raton, 524 U.S. 775, 807 (1998).
[10]  From a jury instruction approved by the Third Circuit Court of Appeals in Robinson v. City of Pittsburgh, 120 F.3d 1286, 1304 (3d Cir. 1997); see Model Civil Jury Instructions for the District Courts of the Third Circuit (2006 ed.) at 287-88.

determination, you may not consider any complaints or affidavits that were filed with the CHRO, since that was not a part of SNET's internal complaint procedure. You also may not consider any complaints that would not have alerted SNET that she was being harassed or discriminated against.[11]

You may find that Ms. Bachiocchi failed to follow a reasonable complaint procedure if she improperly delayed her use of that procedure, and the delay was not caused by an objectively credible fear that SNET would retaliate or not respond. An example of an "improper delay" would be waiting one year after the harassment began.[12] If SNET has proven both of these elements in any of the ways described, then you must find in favor of SNET on its affirmative defense.

---

[11] See Duviella v. Counseling Serv. Of The E. District of N.Y., 52 Fed. Appx. 152, 153-54 (2d Cir. 2002)(agreeing that employer established the Faragher/Ellerth defense where "no reasonable fact-finder could conclude that plaintiff's initial complaint to [one of her supervisors] was sufficient to alert [the defendant] that plaintiff was being harassed"); Eichler v. Am. Int'l Group, Inc., No. 05 Civ. 5167, 2007 U.S. Dist. LEXIS 23445, at *28-29 (S.D.N.Y. Mar. 30, 2007) (concluding employer established the Faragher/Ellerth defense where the employee's complaints made no mention of sexual harassment and stated only that her supervisor "had an 'outburst' and repeatedly shouted that [the plaintiff] should "shut the fuck up and get the fuck out of his office," and "was being disrespectful, 'nasty', and not constructive, and that she and he were 'going at it' in a manner that was disruptive to their co-workers."); Smith v. Niagara Frontier Transp. Auth., No. 03-CV-0548E, 2007 U.S. Dist. LEXIS 28029 (W.D.N.Y. Apr. 16, 2007)(finding that the plaintiff failed to take advantage of preventative and corrective opportunities where he complained of one incident, but did not complain about any of the other sexually harassing behavior).

[12] Eichler v. Am. Int'l Group, Inc., No. 05 Civ. 5167, 2007 U.S. Dist. LEXIS 23445, at *31-32 (S.D.N.Y. Mar. 30, 2007) (delay of more than one year in complaining about the harassment was unreasonable as a matter of law); Schmidt v. State Univ., No. 02CV6083, 2006 U.S. Dist. LEXIS 27663, at *44 (E.D.N.Y. May 5, 2006)(same) O'Dell v. Trans World Entm't Corp., 153 F. Supp. 2d 378, 391 (S.D.N.Y. 2001)(delay of nearly one year is unreasonable as a matter of law); Dayes v. Pace Univ., No. 98 Civ. 3675, 2000 U.S. Dist. LEXIS 3698, at *15-16 (S.D.N.Y. Mar. 24, 2000) ("Plaintiff's one-year delay in bringing her complaint to the attention of management was unreasonable as a matter of law."); see also Williams v. Mo. Dep't of Mental Health, 407 F.3d 972, 976-77 (8th Cir. 2005) (affirming that employer established the Faragher/Ellerth defense where the plaintiffs waited more than four months to report the harassing conduct); Gawley v. Ind. Univ., 276 F.3d 301, 312 (7th Cir. 2001) (affirming that employer established the Faragher/Ellerth defense where the plaintiff "waived seven months before availing herself of the formal complaint procedures available").

Dated at North Haven, Connecticut this 15th day of July, 2008.

THE DEFENDANT,
SOUTHERN NEW ENGLAND TELEPHONE
COMPANY

By ___Lori B. Alexander___

    Lori B. Alexander
    Federal Bar No. CT08970
    Littler Mendelson, P.C.
    110 Washington Avenue
    North Haven, Connecticut  06473
    Tel. (203) 234-6344
    Fax (203) 234-6345
    E-Mail: lalexander@littler.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2008, a copy of the foregoing was filed electronically on all parties to this action. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's CM/ECF System.

**Plaintiff's Counsel**
Peter E. Gillespie, Esq.
46 Riverside Avenue
Post Office Box 3416
Westport, Connecticut 06880

                                       _____
                                        Lori B. Alexander (ct08970)

11.