UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY BACHIOCCHI, : | |
| Plaintiff, : | |
| : | Civil Action No.: 02-CV-908 (CFD) |
| v. : | |
| THE SOUTHERN NEW ENGLAND : | July 16, 2008 |
| TELEPHONE COMPANY, : | |
| Defendant. : | |

**SUPPLEMENT TO DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR JUDGMENT AS A MATTER OF LAW**

The defendant, Southern New England Telephone Company, Inc. ("SNET"), hereby files this supplement to its memorandum in support of its motion for judgment as a matter of law relating to the Faragher-Ellerth affirmative defense. At this juncture, Plaintiff has presented no evidence that she suffered a "tangible employment action," and SNET has sustained its burden of establishing both elements of the affirmative defense. Accordingly, in addition to the reasons set forth in its memorandum, SNET respectfully requests that the court enter judgment in its favor on Plaintiff's sexual harassment claim on this ground as well.

**I.    SNET Has Established Both Elements Of The Faragher/Ellerth Defense.**

Plaintiff has presented no evidence that she suffered a "tangible employment action," which is "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 765 (1998). Accordingly, SNET is entitled to claim as an affirmative defense that "(1) [it] exercised

reasonable care to prevent and promptly correct any sexual harassment by [a] supervisor, and (2) [Plaintiff] unreasonably failed to avail herself of any corrective or preventative opportunities provided by the employer or to avoid harm otherwise." Bakalova v. Maimonides Med. Ctr., 83 Fed. Appx. 372, 374-75 (2d Cir. 2003) (citing Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 765 (1998) and Farager v. City of Boca Raton, 524 U.S. 775, 807 (1998)).

### A.   SNET Exercised Reasonable Care To Prevent And Promptly Correct Any Sexually Harassing Behavior.

SNET has a strong anti-discrimination and harassment policy that is published in its Code of Business Conduct. (See excerpt from Pl.'s Exh. 4, attached.) Included in that policy are specific directions for filing internal complaints with SNET. Those directions state that "[a]ll employees should report any incident of discrimination/harassment to a manager, higher management, Human Resources Personnel or directly to the **EEO Information Line**." (See id.) The policy lists the numbers for the EEO Information Line, and states that callers may remain anonymous. (See id.) Moreover, the policy protects employees from any acts of retaliation that they fear may result from reporting acts of discrimination or harassment. (See id.)

Furthermore, SNET requires that all of its employees receive training on unlawful discrimination and harassment, and understand its company policy prohibiting any and all acts of the same. Consistent with that mandate, Plaintiff and Mr. West testified that they attended SNET's EEO training programs. Mr. West also confirmed that the program indeed was mandatory for all company employees.

Accordingly, SNET has shown that its anti-discrimination and harassment policy and complaint procedures are reasonable and comprehensive. See Leopold v. Baccarat, Inc., 239 F.3d 243, 245 (2d Cir. 2001) ("Although not dispositive, the existence of an anti-harassment policy with complaint procedures is an important consideration in determining whether the

employer has satisfied the first prong of the defense."). Moreover, the evidence shows that the complaint procedure was effective at preventing and correcting incidents of discrimination and harassment. Although the harassment allegedly began in 1998 with Light's comment regarding his termination of a black woman, the evidence shows that Plaintiff waited until May 2000 to complain about it.[1] At that time, Plaintiff testified that she spoke with Chris Macri at SNET EEO about "the happenings" in the office, but asked her not to take any action. Plaintiff also told West that Lorentzen had been assigned to follow her and report back to Vallario regarding her work and whereabouts.

West promptly investigated Plaintiff's allegation, and then informed Plaintiff of his conclusion that Lorentzen was not following her, and no one had instructed Lorentzen to do so. Plaintiff has not claimed, and the evidence does not show, that the conduct continued after West's investigation.[2] Accordingly, SNET has satisfied its burden of proving the first element of the defense.

> **B.   Plaintiff Unreasonably Failed To Take Advantage Of Any Of These Preventative Or Corrective Opportunities, Or Otherwise Avoid Harm.**

---

[1] Although Plaintiff may claim that she complained by bringing up the subject of the directions at the office meeting on March 16, 2000, it is unclear from the evidence whether Plaintiff's statements were sufficient to have alerted her supervisors that she was claiming unlawful sexual harassment and discrimination. In the absence of such evidence, there is no basis for concluding that SNET had notice of her claims, and therefore had an opportunity to correct them. See Duviella v. Counseling Serv. Of The E. District of N.Y., 52 Fed. Appx. 152, 153-54 (2d Cir. 2002)(agreeing that employer established the Faragher/Ellerth defense where "no reasonable fact-finder could conclude that plaintiff's initial complaint to [one of her supervisors] was sufficient to alert [the defendant] that plaintiff was being harassed"); Eichler v. Am. Int'l Group, Inc., No. 05 Civ. 5167, 2007 U.S. Dist. LEXIS 23445, at *28-29 (S.D.N.Y. Mar. 30, 2007) (concluding employer established the Faragher/Ellerth defense where the employee's complaints made no mention of sexual harassment and stated only that her supervisor "had an 'outburst' and repeatedly shouted that [the plaintiff] should "shut the fuck up and get the fuck out of his office," and "was being disrespectful, 'nasty', and not constructive, and that she and he were 'going at it' in a manner that was disruptive to their co-workers."); Smith v. Niagara Frontier Transp. Auth., No. 03-CV-0548E, 2007 U.S. Dist. LEXIS 28029 (W.D.N.Y. Apr. 16, 2007)(finding that the plaintiff failed to take advantage of preventative and corrective opportunities where he complained of one incident, but did not complain about any of the other sexually harassing behavior).

[2] SNET also responded immediately to the incident that occurred on June 4, 2001 by relocating West and promoting Plaintiff. SNET's prompt and effective response to that situation further evidences its exercise of reasonable care to prevent harassment of any sort.

It is undisputed that Plaintiff knew about the policy during the time she was employed in the BCS group. She attended an SNET-mandated training program, and signed an acknowledgement stating that she had carefully reviewed the materials and understood the policy. (See Def.'s Exh. 48, attached.)

Nevertheless, the undisputed evidence shows that Plaintiff waited almost two years before attempting to avail herself of SNET's internal complaint procedure. She did not complain in June 1998 when Light allegedly told her that he once fired a black woman. She took no action during the summer and fall of 1999 when West and Vallario allegedly told her not to call people outside the BCS group, and warned her that doing so would jeopardize her compensation and other incentives. She continued waiting despite West's alleged references to women as "broads" and "bitches," and Vallario's alleged questions and comments regarding her alleged affair with Faiella. She did nothing after Vallario allegedly told her, "I go for you myself if I were younger." Indeed, by the time Plaintiff finally said something in May 2000, most of the conduct she now claims constituted unlawful harassment had already occurred.

Title VII's "primary objective," as the Supreme Court recognized in Faragher, is to avoid harm to employees, not provide them with redress. See Faragher v. City of Boca Raton, 524 U.S. 775, 805-806 (1998). In this case, by waiting almost two years to make any sort of complaint about the alleged harassment, Plaintiff deprived SNET of the opportunity to address and remedy the situation. Given her knowledge of SNET's policy and procedure for filing complaints, her two-year delay was unreasonable as a matter of law. See Eichler v. Am. Int'l Group, Inc., No. 05 Civ. 5167, 2007 U.S. Dist. LEXIS 23445, at *31-32 (S.D.N.Y. Mar. 30, 2007) (delay of more than one year in complaining about the harassment was unreasonable as a matter of law); Schmidt v. State Univ., No. 02CV6083, 2006 U.S. Dist. LEXIS 27663, at *44

(E.D.N.Y. May 5, 2006)(same) O'Dell v. Trans World Entm't Corp., 153 F. Supp. 2d 378, 391 (S.D.N.Y. 2001)(delay of nearly one year is unreasonable as a matter of law); Dayes v. Pace Univ., No. 98 Civ. 3675, 2000 U.S. Dist. LEXIS 3698, at *15-16 (S.D.N.Y. Mar. 24, 2000) ("Plaintiff's one-year delay in bringing her complaint to the attention of management was unreasonable as a matter of law."); see also Williams v. Mo. Dep't of Mental Health, 407 F.3d 972, 976-77 (8th Cir. 2005) (affirming that employer established the Faragher/Ellerth defense where the plaintiffs waited more than four months to report the harassing conduct); Gawley v. Ind. Univ., 276 F.3d 301, 312 (7th Cir. 2001) (affirming that employer established the Faragher/Ellerth defense where the plaintiff "waived seven months before availing herself of the formal complaint procedures available").

Furthermore, there is no evidence that her failure to complain was justified by an objectively credible fear that SNET would retaliate or not respond. See Finnerty v. Sadlier, Inc., 176 Fed. Appx. 158, 163 (2d Cir. 2006) ("A plaintiff must produce evidence showing that his or her fear [of reprisal] is 'credible,' such as proof that the employer has ignored or resisted similar complaints or has taken adverse actions against employees in response to such complaints."(internal quotation marks omitted)); Ferraro v. Kellwood Co., 440 F.3d 96, 103 (2d Cir. 2006) (stating that a defendant employer may establish the second element of the Faragher/Ellerth defense "by first introducing evidence that the plaintiff failed to avail herself of the defendant's complaint procedure and then relying on the absence or inadequacy of the plaintiff's justification for that failure."). Although Plaintiff testified that she told Chris Macri in May 2000 that she was afraid "they would take away more" if Macri told anyone about the "happenings" in her office, there is no evidentiary basis for finding that her fear was objectively credible. As such, SNET has satisfied the second element of the affirmative defense as well.

Because SNET has established both elements of the Faragher/Ellerth affirmative defense, it cannot be held vicariously liable for any of the allegedly harassing conduct at issue in this case. Accordingly, it respectfully requests that judgment be entered in its favor on Plaintiff's sexual harassment claim.

THE DEFENDANT,

SOUTHERN NEW ENGLAND TELEPHONE COMPANY

By: _____
Jennai S. Williams (Federal Bar No. CT27762)
LITTLER MENDELSON, P.C.
110 Washington Avenue, Third Floor
North Haven, CT 06473
Tel: 203.234.6344
Fax: 203.234.6345
JSWilliams@littler.com

6.

# EXHIBIT

# 4

Given 12-6-99
Kim Bachiocchi
Not Reviewed 12-6-99



# EQUAL EMPLOYMENT OPPORTUNITY
# POLICIES

September 1999

# Equal Employment Opportunity Policy

Revised 09/14/99

- Equal Employment Opportunity Policy
- Management Responsibilities
- EEO Information Line

---

**Equal Employment Opportunity (EEO) Policy**

It is the Company's policy to provide equal employment opportunity for all employees and applicants in the administration of personnel policies such as:

- Appraisals
- Benefits and privileges of employment
- Compensation
- Disciplinary actions
- Recruiting, hiring, placements, upgrades, promotions, lateral movement
- Social and recreational programs
- Terminations of employment, layoffs and recalls
- Training and educational assistance
- Working conditions

All employees are protected from unlawful discrimination and harassment on the basis of race, color, religion, national origin, sex, age, sexual orientation, marital status, veteran status, or disability. Sexual harassment in all forms is prohibited and is a violation of the EEO Policy.

Each employee is responsible for complying with the Company's Equal Employment Opportunity Policy. Managers are responsible for enforcement of the Company's Equal Employment Opportunity Policy.

Employees are protected from retaliation for reporting, participating in an investigation or opposing potentially unlawful discrimination or harassment. All employees should report any incident of discrimination/harassment to a manager, higher management, Human Resources Personnel or directly to the **EEO Information Line**. In addition, all employees have the right to file a complaint with a federal or state agency.

**Management Responsibilities**

All Company managers have certain EEO responsibilities which include:

EEO Policy                                                                                             Page 2 of 2

- Assurance of a work environment free of unlawful discrimination and sexual harassment
- Coverage of Company EEO policies with all employees
- Acknowledging and documenting coverage (i.e., by signing a form in the personnel binder or electronically record the coverage on a computerized training log)
- Acknowledgment of employees' differences and their individual value to the Company.

**EEO Information Line**

Designated management representatives have been authorized and trained to handle EEO discrimination and sexual harassment complaints. Callers may remain anonymous. In order to resolve some individual EEO allegations, specific information will be required. Employees should call the **EEO Information Line** for their location.

---

EEO Phone Numbers                                                                                      Page 1 of 1

## EEO Information Line Phone Numbers

| | |
|---|---|
| Southwestern Bell Companies except for: | 888-EEO-LINE (336-5463) |
| Southwestern Bell Mobile/Wireless | 800-999-8553 |
| Southwestern Bell Yellow Pages | 314-957-2389 |
| SBC Technology Resources | 512-372-5951 |
| Pacific Bell (Northern California) | 925-823-5777 |
| Pacific Bell (Southern California) | 213-975-3737 |
| Nevada Bell | 702-333-4015 |
| SNET | 203-771-4712 |

http://intranet.sbc.com/SBCWIN/policies/eeo/eeopol.html                                                10/8/99

**SBC** SBC Communications, Inc. and Participating Companies

# EQUAL EMPLOYMENT OPPORTUNITY REVIEW LOG

Retention Period: 10 Years After Termination

DEFENDANT'S EXHIBIT 48

EMPLOYEE _____

DEPARTMENT _____

### ACKNOWLEDGEMENT
I have carefully read and reviewed the material on the Equal Employment Opportunity Annual Employee Coverage Program and understand the provisions of the policies.

| Booklet Dated | Employee Signature | Title | Date Reviewed | Supervisor Signature | Title | Date |
|---|---|---|---|---|---|---|
| SEPT 99 | [signature] | Mgr Engr | 12-6-99 | [signature] Ken Ellert | Manager | 12-6-99 |
| | [signature] | | 12-6-99 | | | |
| | William Ellert | Analyst Tech Sales | 12-6-99 | | | |
| | Rusty Vento | Analyst Tech Sales | 12-6-99 | | | |
| | B. Williams | Tech Sales Consult | 12-6-99 | | | |
| | Christy Munroe | Analyst Tech Sales | 12-6-99 | | | |
| | Walter W. Gagen | Engineering Specialist | 12-6-99 | | | |
| | Wayne Henson | Analyst Tech Sales | 12-6-99 | | | |
| | Donald Ewing | Assoc. Engr PTS | 12-6-99 | | | |
| | R.E. Deem | Analyst Tech Sales | 12-6-99 | | | |
| | K Bachochi | Analyst Tech Sales | 12-8-99 | | | |
| SEPT 99 | David Stanovich | Admin Assistant | 12-8-99 | [signature] Ken Ellert | Manager | 12-10-99 |

NOTE: Refusing to sign this certificate does not exempt you from complying with the standards of the Equal Employment Opportunity Policies.

☐ Official File Copy, it ☐ ...ked In Red

D000C84

203 6/97

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2008, a copy of the foregoing was hand-delivered to all parties to this action and filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's CM/ECF System.

**Plaintiff's Counsel**
Peter E. Gillespie, Esq.
46 Riverside Avenue
Post Office Box 3416
Westport, Connecticut 06880

_____
Jennai S. Williams
Federal Bar No.: CT27762

7.