UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
*********************************************
KIMBERLY BACHIOCCHI,              *
                                  *
              Plaintiff,          *    CIVIL ACTION NO. 3:02-CV-908 (CFD)
                                  *
       v.                         *
                                  *
THE SOUTHERN NEW ENGLAND          *
TELEPHONE COMPANY,                *    JULY 16, 2008
                                  *
              Defendant.          *
                                  *
*********************************************
```

PLAINTIFF'S REQUEST FOR A JURY INSTRUCTION ON SPOLIATION

Plaintiff herewith submits a request to charge the jury on the issue of spoliation concerning the loss or destruction of sign-out logs at Defendant's facility located on Elizabeth Street in Derby, CT.

A copy of the requested instruction is attached hereto.

THE PLAINTIFF
KIMBERLY BACHIOCCHI

By: *[signature]*
Peter E. Gillespie  (ct06554)
46 Riverside Avenue
P. O. Box 3416
Westport, CT 06880
Tel: (203) 227-7000
Fax: (203) 454-5508
Email: petelaw@mac.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 16, 2008 a copy of this Request to Charge was served by hand upon the following:

Lori B. Alexander, Esq.
Litter Mendelson
110 Washington Avenue – 3rd Floor
North Haven, CT 06473

By: _____

## **Plaintiff's Requested Jury Charge**

## **SPOLIATION**

You have heard testimony concerning the sign-out logs utilized by the BCS group, also known as the PTS Group and the CSS Group and referred to by Plaintiff as West Group. These logs were maintained at the West Group office on Elizabeth Street in Derby, Connecticut. You have also heard that these logs are no longer available and have never been produced for inspection or copying by Plaintiff, except for one sheet from the log for the week ending January 20, 2001.

Because Defendant, SNET, failed to preserve those logs, you should infer that if the logs were available, the evidence that they contain would be unfavorable to Defendant and Defendant's position[1].

Under the law, failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation is called "spoliation," and the spoliation of evidence supports an inference that the evidence would have been unfavorable to the party responsible for its loss or destruction. Since SNET lost or destroyed the West Group sign out logs, you should draw the inference that the evidence contained in those logs would undermine SNET's position in this case and that such evidence would have been favorable to Plaintiff.

---

[1] *Byrnie v. Town of Cromwell Bd. Of Educ.*, 243 F.3d 93, 107 (2d Cir. 2001); *Doe v. Norwalk Community College*, 3:04-cv-1976 (JCH), 2007 U.S.Dist. LEXIS 51084 (D. Conn. 2007).