UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
*************************************************
KIMBERLY BACHIOCCHI,                *
                                    *
            Plaintiff,              *    CIVIL ACTION NO. 3:02-CV-908 (CFD)
                                    *
        v.                          *
                                    *
THE SOUTHERN NEW ENGLAND            *
TELEPHONE COMPANY,                  *    July 29, 2008
                                    *
            Defendant.              *
                                    *
*************************************************
```

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
<u>MOTION FOR JUDGMENT AS A MATTER OF LAW</u>

On July 10, 2008 Defendant filed a motion for judgment as a matter of law.

Following the conclusion of all testimony Defendant renewed its motion on July 16,

2008 and supplemented its earlier memorandum of law.  The Court took the motion

under advisement pending jury deliberations and determined that the motion would be

treated as one which arose under Fed. R. Civ. P. 50(b).  Plaintiff submits this

memorandum in opposition to Defendant's motion.

In determining the merits of a motion for judgment as a matter of law, the Court

considers the evidence in the light most favorable to the non-moving party, the

Plaintiff in this matter.  <u>Galloway v. United States</u>, 310 U.S. 372 (1943); <u>Perez v.</u>

_Volvo Car Corp._, 247 F.3d 303 (1st Cir. 2001).  The test used in the consideration of

such motions is whether there is no legally sufficient evidence for a reasonable jury to

find for the non-moving party with respect to the issues raised in the motion.

_Anderson v. Liberty Lobby, Inc._, 477 U.S. 242 (1986).

In applying this test the Court must draw all reasonable inferences in favor the

party opposing the motion.  _Andrade v. Jamestown Housing Authority_, 82 F.3d 1179,

1186 (1st Cir. 1996).  In carrying forth this inquiry, the Court should not make

credibility resolutions, nor should the weight of the evidence be considered.  _This Is_

_Me, Inc. v. Taylor_, 157 F.3d 139, 142 (2d Cir. 1998).  Plaintiff believes that when

these standards are applied to Defendant's motion, the motion must fail[1].

Defendant maintains that the hostile environment allegations of the complaint

consist of facially neutral incidents and circumstances.  Defendant advances this

claim using two analytical devices :   1) it seeks to minimize each item it discusses by

treating it as a single, isolated incident separate from any overall course of conduct

and 2) it fails to address some of the evidence presented, including by way of

example, the hostile and sexually charged comments made by manager Vallario to

both Plaintiff and Mr. Faiella, frequent sex-based jokes and cartoons,  degrading

references to women which permeated this working environment, references to

women as "broads," "bitches," and "knuckleheads," and the degrading code words

---

[1]

       In its motion, Defendant attacked both of Plaintiff's claims:  hostile environment and
retaliation.  In light of the jury's verdict finding for plaintiff on hostile environment
alone, and rejecting the alternate Title VII theory of retaliation, Plaintiff addresses the
motion only to the extent that it is directed to the hostile environment claim, all other
issues being moot.

used by Defendant's witnesses themselves during trial, including for example, Mr. Light's instruction to Plaintiff that she should refrain from speaking with contractors because "it is not your place,"  his apparently invented recollection of Plaintiff's reference to "**mass** confusion,"  and his reference to Plaintiff as having become "aggressive."

All of this conduct, of course, taints the other conduct directed against plaintiff which might, under other circumstances, be viewed as "facially neutral" conduct.  A few examples of the testimony offered on these "facially neutral" subjects would include :  Vallario examining Plaintiff's work more stringently and more frequently than he did for other male employees; Mr. Lorentzen being assigned to "check up on Kim's work," as Ms. Peterson testified; Plaintiff's exclusion from the fishing trip being arranged at the time of her return from medical leave; her exclusion from a training opportunity;  her assignment to geographically diverse projects of significant complexity while she was being refused overtime; and a newly imposed requirement that her work had to be reviewed[2].

In addition, Plaintiff testified that upon her return to the workplace in May, 2001 she was shunned by her co-workers and supervisors; that she was assigned a car that was delivered and left blocking her suburban street;  that the car itself was dirty, smelling of smoke; that Mr. West grabbed her wrist and ripped a paper from her hand;

---

[2]

      Defendant discussed some of these later incidents only in the context of Plaintiff's retaliation theory.  Clearly, however, the jury was free to consider these later acts by Defendant as a continuation of the conduct which supported a finding of an hostile environment within Plaintiff's sexual harassment claim.

and that Mr. Dunn circulated a new telephone and e-mail list for the Elizabeth Street

facility (omitting Plaintiff's name) and noting that he did so "with great pleasure."

As was discussed in argument, the test in this Circuit looks to the totality of the

circumstances. In *Schwapp v. Town of Avon*, 118 F.3d 106, 111 (2d Cir. 1997) the

Court endorsed and explained its mandate to consider the totality of the

circumstances in discrimination cases. Citing *Perry v. Ethan Allen, Inc*., 115 F.3d

143,151 (2d Cir. 1997), the Court stated:

> *Perry* was a hostile environment sexual harassment case.
> There we found error in the trial court's exclusion of evidence
> of sexual harassment of other women even though the
> plaintiff did not witness that harassment. We determined
> that such conduct, "if part of a pervasive or continuing
> pattern of conduct, was surely relevant to show the
> existence of a hostile environment." *Id*.
>
> *Schwapp* at 111-112.

The reasoning of *Schwapp* illustrates the flexible, inclusive nature of inquiry,

looking to the totality of the circumstances, which is appropriate for discrimination

cases. In later cases the Court has continued to apply this standard.

In *Whidbee v. Garzarelli Food Specialties, Inc*., 223 F.3d 62, 71 (2d Cir. 2000)

the Court considered another instance of second-hand comments. In discussing the

nature of the inquiry which should be permitted, however, the Court relied upon the

reasoning of *Schwapp*, and endorsed a totality of the circumstances analysis.

The *Whidbee* Court also cited *Cruz v. Coach Stores, Inc*., 202 F.3d 560 (2d

Cir. 2000). In *Cruz*, the Court considered the statements of employees other than the

Plaintiff.   Those employees also had been subjected to improper conduct.   In considering those statements the Court said :

> Moreover, even if Cruz herself were not present or were not the target of some of Bloom's racial remarks, a jury plausibly could find that his persistently offensive conduct created an overall "hostile or abusive environment,"   .    .    . which exacerbated the effect of the harassment Cruz experienced individually.

> *Cruz* at 571.

The direct and graphic sexually-charged comments proven by Plaintiff show the hostility of her working environment and the discriminatory motive behind the remainder of this extensive list of harassing and hostile behavior, even if such remaining conduct was "facially neutral."  The fact that Ms. Bachiocchi was the only woman within the compliment of engineers, installation supervisors and managers assigned to this facility only adds to the circumstantial basis for her well-documented position.

In its supplemental memorandum Defendant also maintains that it should prevail on its Faragher/Ellerth defense.  Defendant contends that it make good faith attempts to enforce its sexual harassment policy.  Plaintiff disagrees.

Contrary to Defendant's factual references, both Plaintiff and Faiella, on her behalf, testified that they made multiple complaints without receiving any relief.  They complained to manager Vallario, manager West, and EEO counselor Macri.  Plaintiff further explained that she was reluctant to make complaints to others outside of the West group in light of the earlier treatment she had received after placing calls to

building maintenance and payroll.  Notwithstanding Defendant's assertions, Plaintiff's fear of reprisal seems quite reasonable not only in light of the repeated nature of the warnings from West and Light, but also in light of Vallario's comments to Faiella that Plaintiff was deprived of an MVP Award as the direct result of her earlier inquiries made outside of the West group offices.

Further, Defendant claims that West "investigated" Plaintiff's complaint about Mr. Lorentzen checking up on her work and concluded that there was nothing to it. Yet at trial, Mr. West repeatedly denied being an investigator and his own handwritten notes indicated that Mr. Lorentzen had given several equivocal responses about which he failed to follow up.  It was also clear that he made no attempt to speak with Ms. Vereb Peterson who had verified Plaintiff's claim.  This faulty, ineffectual and erroneous resolution of Plaintiff's complaint can hardly be the kind of good faith enforcement required under Faragher/Ellerth.

Moreover, the "investigation" cited by Defendant occurred in May, 2000.  Any claim that it was an effective enforcement of SNET's policy is swept away in light of the events of Plaintiff's one day return on January 18, 2001 and her return from medical leave the following May.  These events are the first work experiences to which Plaintiff was exposed after the West "investigation."  They establish the continued and pervasive nature of the course of conduct constituting the hostile environment to which Plaintiff was exposed.

**Conclusion**

For all of the foregoing reasons, Plaintiff respectfully requests that Defendant's motion be denied in its entirety.

THE PLAINTIFF
KIMBERLY BACHIOCCHI

By:
Peter E. Gillespie  (ct06554)
46 Riverside Avenue
P. O. Box 3416
Westport, CT 06880
Tel: (203) 227-7000
Fax: (203) 454-5508
Email: petelaw@mac.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 29, 2008 a copy of this memorandum was filed and served by first class post upon anyone unable to accept electronic filing (as noted where applicable). Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Lori B. Alexander, Esq.
Litter Mendelson
265 Church Street – Suite 300
New Haven, CT 06510

By: