UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
*********************************************
KIMBERLY BACHIOCCHI,              *
                                  *
            Plaintiff,            *   CIVIL ACTION NO. 3:02-CV-908 (CFD)
                                  *
       v.                         *
                                  *
THE SOUTHERN NEW ENGLAND          *
TELEPHONE COMPANY,                *   JULY 31, 2008
                                  *
            Defendant.            *
                                  *
*********************************************
```

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER VERIFIED BILL OF COSTS AND MOTION FOR ATTORNEY'S FEES

Plaintiff filed a suit in the above-captioned matter alleging a cause of action arising under Title VII of the Civil Rights Act of 1964. A jury verdict issued in her favor on July 18, 2008 and the Court entered Judgment on July 21, 2008. Plaintiff is the prevailing party within the meaning of 42 U.S.C. §2000e-5(k). Pursuant to Fed. R. Civ. P. 54 and Local Rule 54 she now files[1] a motion for fees, a Verified Bill of Costs, supporting affidavits and this memorandum.

---

[1] Plaintiff acknowledges that a motion for judgment as a matter of law remains pending. Should that motion be granted, her application for fees and costs likely will become moot. However, in light of the 14 day filing requirement set forth in Fed. R. Civ. P. 54, Plaintiff files her applications now to avoid any possible claim of a late filing.

In her supporting papers, bill and motion plaintiff sets forth her claims and calculations in detail. In her Verified Bill of Costs she seeks:

Reimbursement of costs for deposition transcripts - $8,964.38;

Marshall's fees for service of subpoenae and witness fees - $441.92

Filing Fee for the Complaint - $ 150.00.

In her motion for fees she seeks total accrued fees to date in the amount of $196,828.25 and travel expenses of $975.

This memorandum is submitted in support of plaintiff's applications for fees and costs.

I.  PLAINTIFF IS A PREVAILING PARTY

The statute, 42 U.S.C. §2000e-5(k), provides that in its discretion, the Court may allow a reasonable attorney's fee to the prevailing party as part of the costs of the action. The Second Circuit has discussed what it means to be a prevailing party. In *Bridges v. Eastman Kodak Co*., 102 F.3d 56, 58 (2d Circuit 1996) the Court stated:

> A plaintiff prevails when she "succeeds 'on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit.'" . . . A plaintiff "succeeds" -- and hence "prevails" --- when actual relief on the merits of [her] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."

*Bridges* at 58

The plaintiff in *Bridges* was awarded $20,000 in compensatory damages and an additional $11,214 in backpay. With respect to backpay, however, it was found

that plaintiff failed to mitigate her losses.  As a result, the entire backpay award was eliminated, leaving Ms. Bridges with an award of $20,000.  The Court noted that her civil rights claim had been heard, decided in her favor, and that she won a "substantial monetary award."  The Court concluded that because the defendant was required to pay damages, the legal relationship between the parties had been materially altered.  <u>Bridges</u> at 59.

Here plaintiff received compensatory damages of $20,000, vindication on her claim arising under Title VII, and $80,000 in punitive damages.  Surely this substantial award materially alters the relationship between the parties.  The award of punitive damages seems to carry a special impact in this regard.  Such an award is intended as a rebuke to the defendant for its treatment of plaintiff and an instruction requiring better behavior and more effective enforcement of non-discrimination policies in the future.

II  THE FEES SOUGHT ARE REASONABLE.

The calculation of attorney's fees to be granted generally is referred to as the "lodestar."  Typically courts calculate the lodestar based upon the number of hours reasonably spent multiplied by a reasonable hourly rate.  See, e.g. <u>Cruz v. Local Union No. 3 of Intern. Broth. Of Elec. Workers</u>, 34 F.3d 1148, 1159 (2d Cir. 1994).

A.  <u>Hours Spent Are Reasonable</u> Hours spent are detailed in Exhibit A to the Affidavit of Counsel submitted herewith.  While there are a considerable number of hours, plaintiff believes that the detail establishes that these hours are well

documented and reasonably spent. This was a factually complex matter involving two repeating patterns of hostile incidents, and a "back to work day." Further, not all of incidents presented included sexually charged conduct or references. There were also frequent credibility conflicts.

Plaintiff also believes that this expenditure of time was necessitated, at least in part, in light of the aggressive litigation style employed by Defendant, another factor leading to the conclusion that the hours claimed were reasonably spent.

As just one example of Defendant's approach to this matter, it fully pursued its theory of spoliation by Dr. Zachariah. That pursuit included extensive questioning of both Dr. Zachariah and his Group's office manager, Ms. Morisse during their depositions; preparation of a jury instruction on this issue; putting forth a motion in limine and supporting brief; and litigating this theory during the _Daubert_ hearing.

Plaintiff does not criticize Defendant for this effort, although Defendant's theory of spoliation seemed, from Plaintiff's view, to have nothing more than a marginal likelihood of success. Ultimately that theory was rejected by the Court. Nevertheless, Defendant exhausted every approach in attempting to prevail on this theory. So it was throughout the litigation. The inevitable result of such a litigation strategy is that it requires a large expenditure of time.

B. The Rate Sought Is Reasonable. Plaintiff has submitted affidavits from two Connecticut attorneys, Livia Barndollar and Robert Mitchell, attesting to the reasonableness of the hourly rate sought. Rates higher than that sought in this case have previously been approved in this District. _N.A.A.C.P. v. The Town of East_

4

*Haven*, 44 F. Supp.2d 422 (D. Conn. 1999), *rev'd. on other grounds*, 259 F. 3d 113 (2d Cir. 2001) (approving a rate of $330/hour for Attorney David Rosen of New Haven).

Finally, there is no requirement in this Circuit that the amount of attorney's fees be limited by, or be proportional to, the damages awarded.  *Dunlap-McCuller v. Riese Org.*, 980 F.2d 153, 160 (2d Cir. 1992).

## **CONCLUSION**

For all of the foregoing reasons, plaintiff respectfully requests that she be granted the costs sought in her verified bill of costs and that she be awarded attorney's fees and the related costs as set forth in her motion.

THE PLAINTIFF
KIMBERLY BACHIOCCHI

By: *[signature]*
Peter E. Gillespie  (ct06554)
46 Riverside Avenue
P. O. Box 3416
Westport, CT 06880
Tel: (203) 227-7000
Fax: (203) 454-5508
Email: petelaw@mac.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 31, 2008 a copy of this memorandum was filed and served by first class post upon anyone unable to accept electronic filing (as noted where applicable). Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Lori B. Alexander, Esq.
Litter Mendelson
265 Church Street – Suite 300
New Haven, CT 06510

By: *[signature]*