UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KIMBERLY BACHIOCCHI, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No.: 02-CV-908 (CFD) |
| v. | : | |
| | : | |
| THE SOUTHERN NEW ENGLAND | : | August 27, 2008 |
| TELEPHONE COMPANY, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

**DEFENDANT'S MOTION FOR ENFORCEMENT OF ORDER GRANTING
DEFENDANT'S ATTORNEY'S FEES AND COSTS RE: DISCLOSURE OF
PLAINTIFF'S DRAFT STATEMENT**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, the defendant, Southern

New England Telephone Company ("SNET"), moves for entry of an Order enforcing the award

of attorney's fees entered on September 22, 2004 by Magistrate Judge Thomas P. Smith relating

to the costs incurred by the defendant in securing a copy of the plaintiff's draft statement in

discovery, and requiring the plaintiff to pay defendant its attorney's fees of $3,766.93, within 10

days.

In support of the foregoing motion, the undersigned counsel for defendant states the

following:

1.      On May 3, 2004, the defendant moved for an Order compelling the plaintiff to

provide a copy of the draft statement to the defendant's investigator in response to Request No.

25 of the Defendant's First Request for Production of Documents.

2.      On June 22, 2004, Magistrate Judge Smith issued an Order directing the plaintiff

to submit the draft statement, which she contended she was entitled to withhold on the grounds

of the attorney client privilege, as well as the final copy of the statement she provided to SNET's investigator within 10 days. The Magistrate Judge further stated that since the plaintiff had not asserted work product immunity, such a claim was waived.

3.   On September 22, 2004, after an in camera review of the plaintiff's draft statement and her final statement, Magistrate Judge Smith issued a Ruling granting defendant's motion to compel and ordering plaintiff to provide the draft statement to defendant.

4.   In its Ruling, the court found the plaintiff's contention that the draft statement was protected by the attorney client privilege "**utterly baseless**" and "[a]n award of attorney's fees is wholly appropriate." Ruling, at 2 (emphasis added).

5.   The Ruling further instructed the defendant to "file an affidavit setting for the amount of attorney's fees and costs that have been incurred in bringing the motion to compel to secure discovery of the attached document." Id.

6.   The Ruling further directed that "[w]ithin 10 days thereafter [after the defendant's submission of the requested affidavit] the plaintiff shall file whatever papers she wishes challenging the amount of fees claimed, showing cause, if there is any, why an award of attorney's fees and costs should not be immediately imposed on plaintiff and/or her counsel." Id.

7.   In accordance with the court's Ruling, the defendant filed an Affidavit on October 12, 2004 stating that the work performed by defense counsel and the amount of attorney's fees and costs incurred in securing the discovery, which totaled $3,766.93. See Affidavit of Deborah DeHart Cannavino in Support of Attorney's Fees and Costs in Accordance with the Court's Order of September 22, 2004 and filed with the Court on October 12, 2004, at 2.

8.   Plaintiff did not file any papers challenging the amount of fees claimed, showing cause, "if there is any why an award of attorney's fees should not be immediately imposed on

plaintiff and/or her counsel" as specifically directed by the Ruling. [1]

9.    In a subsequent Ruling by Magistrate Judge Smith concerning a separate claim of attorney client privilege by the plaintiff, the court reiterated its concerns over the plaintiff's use of the attorney client privilege to withhold discoverable documents:

> The court questions the <u>bona</u> <u>fides</u> of plaintiff's attempt to withhold documents on grounds of privilege.  In connection with yet another motion to compel that defendant was forced to file, the court has reviewed other documents which it ordered submitted for <u>in</u> <u>camera</u> review.  On examination, the court found that the documents were not only unprivileged, but that even a modicum of effort on plaintiff's part would have made this clear.  **Having so reviewed the documents in question, the court believes that plaintiff's counsel was improperly attempting to conceal discoverable documents.**

Ruling on Motion to Compel, September 26, 2004, at 2-3 (emphasis added).

10.    To date, despite the submission of the court ordered Affidavit detailing the costs and its lack of an objection that said Affidavit, plaintiff has not paid the defendant the attorney's fees and costs incurred in securing a copy of the plaintiff's draft statement.

---

[1]    On October 4, 2004, *before* the defendant filed its Affidavit setting forth its attorneys' fees and costs, the plaintiff filed an Objection to the Rulings of the Magistrate Judge Concerning Plaintiff's Claim of Lawyer-Client Privilege.  Defendant filed an Opposition to the plaintiff's Objection on October 24, 2004.  Plaintiff's Objection has not yet been ruled upon by the court.  It is important to note, however, that nothing in plaintiff's Objection addresses the amount or award of attorney's fees in any way.

WHEREFORE, based on the foregoing, SNET respectfully requests that its Motion for Enforcement of Order Granting Defendant's Attorney's Fees and Costs Re: Disclosure of Plaintiff's Draft Statement be granted, and plaintiff be ordered to pay defendants $3,766.93 for its attorney's fees and costs incurred in securing the draft statement within 10 days.

THE DEFENDANT,

SOUTHERN NEW ENGLAND TELEPHONE
COMPANY

By /s/ Deborah DeHart Cannavino
Deborah DeHart Cannavino (CT08144)
Littler Mendelson, P.C.
One Stamford Plaza
263 Tresser Blvd, 9th Floor
Stamford, CT 06901
Telephone: (203) 564-1405
Facsimile: (203) 564-1723
Dcannavino@littler.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2008, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system.  Parties may access this filing through the court's CM/ECF System.

**Plaintiff's Counsel**
Peter E. Gillespie, Esq.
46 Riverside Avenue
Post Office Box 3416
Westport, Connecticut 06880


                                        /s/  Deborah DeHart Cannavino
                                        Deborah DeHart Cannavino


Firmwide:86411589.1 053999.1009