UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **KIMBERLY BACHIOCCHI,** | : |
| Plaintiff, | : |
| | : Civil Action No.: 02-CV-908 (CFD) |
| v. | : |
| | : August 27, 2008 |
| **THE SOUTHERN NEW ENGLAND TELEPHONE COMPANY,** | : |
| Defendant. | : |

**DEFENDANT'S MOTION FOR AN ORDER ENFORCING THE AWARD OF ATTORNEY'S FEES AND COSTS RE: PLAINTIFF'S CONDUCT DURING HER DEPOSITION AND THEREAFTER**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, the defendant, Southern New England Telephone Company ("SNET"), moves for entry of an Order enforcing the September 23, 2004 Order granting SNET's Motion for Attorney's Fees and requiring the plaintiff and/or her counsel to pay SNET its attorneys' fees incurred in connection with the plaintiff's walking out of her deposition on June 1, 2004, and for her conduct thereafter in filing and pursuing a Motion for Protective Order seeking to limit her deposition even after the Court's clear Order stating that the plaintiff's deposition "will continue until it is concluded" as well as the costs in incurred in conducting the continued deposition of the plaintiff, which total $9,162.67.

In support of the foregoing motion, the undersigned counsel for defendant states the following:

1.  Plaintiff's conduct in filing three motions attempting to limit her deposition, none of which were granted by the court, and walking out of her June 1, 2004 deposition well before

it was completed formed the basis for SNET's Motion for Attorney's Fees which was granted by the court on September 23, 2004 and, therefore, SNET seeks reimbursement of the attorney's fees incurred as a result of plaintiff's conduct.

2. The first time plaintiff addressed the limitation on her deposition was as part of the briefing on SNET's Motion for Extension of Time To Complete Fact Witnesses Depositions through June 2, 2004, dated May 3, 2004. On May 6, 2004, plaintiff responded with 14-page Objection plus exhibits asserting that SNET had no legitimate reason to question the plaintiff for more than 7 hours. Defendant filed a Reply in which it responded to plaintiff's inaccurate statement in her Opposition and also sought permission to exceed the 7 hour time limit. See Defendant's Reply to Plaintiff's Objection to Defendant's Request for Extension of Time dated May 12, 2004, at 2. On May 13, 2004, the Court overruled the plaintiff's Objection and granted SNET's Motion for Extension of Time. See Endorsement Order dated May 13, 2004.

3. Therefore, SNET re-noticed the plaintiff's deposition for June 1, 2004.

4. Just two business days before the plaintiff's continued deposition, SNET received from plaintiff a Motion to Limit Continued Deposition on June 1 dated May 28, 2004. SNET was forced to file an Objection to plaintiff's motion and did so on May 28, 2004.

5. Prior to the deposition, defense counsel pointed out to plaintiff's counsel that the court had already overruled plaintiff's Objection to the continuation of her deposition in the briefing on the extension of time, that defense counsel's position was that it had obtained the court's authorization to exceed the 7 hour guidelines prior to the deposition by the court's order on the extension of time, and that the court had not placed any limitation on the time for questioning of the plaintiff, despite plaintiff's efforts to obtain some limitation which were not granted. See Memorandum in Support of Defendant's Motion for Order and Award of

2.

Attorney's Fees and Costs dated June 8, 2004, at 4.

6. Moreover, discovery was scheduled to close by court order the next day and the plaintiff's deposition needed to be conducted.

7. Notwithstanding these discussions between counsel, the prior briefing on the issue, and that fact that the court had not limited plaintiff's deposition in any way, plaintiff's counsel announced at the commencement of plaintiff's deposition that they would stay for only 2 and ½ hours. Id. at 4-5.

8. Then, after a lunch break, when questioning plaintiff on her medical records, the plaintiff testified that she did not "recall" a number of events concerning her claim for emotional distress and the existence of other stressors in her life, such as being out of work for 5 months due to a physical injury, being out of work on a separate disability leave due to a hand injury, telling Dr. Kligfeld that she was concerned about her marriage or that she was ever emotionally distressed over marital issues, even though she was treated by Dr. Kligfeld (who she describes as a marriage counsel), that she was past medical treatment for pain in her legs, telling Dr. Zachariah that she is stressed because she was contacted by EEO about a complaint made by a co-worker at SNET in 2000, even though her medical records so indicate, or telling Dr. Zachariah that she was stressed about the possibility of taking an early retirement package even though the medical records reflect this. Id. at 6-7.

9. Following this testimony, plaintiff suddenly interrupted the deposition to make a critical remark directly to the SNET representative who was attending the deposition and sitting several seats away from her out of her line of vision ("Do you want to answer for me?") and accusing him of "shaking [his] head." Id. at 7.

10. Plaintiff's counsel first advised the plaintiff just to answer the questions posed.

Id. At no time did SNET's counsel address the plaintiff or verbally respond to her remarks. Id. Plaintiff abruptly stated that she needed a break and left the room with her counsel where they proceeded directly to a conference room to confer. Id.

11. The deposition resumed for a few questions, and then the plaintiff and her counsel walked out. See Memorandum in Support of Defendant's Motion for Order and Award of Attorney's Fees and Costs dated June 8, 2004, for additional facts and supporting deposition transcripts.

12. After leaving the deposition, plaintiff filed a lengthy Motion for Protective Order seeking, among other things, *for the third time*, that SNET be prevented from completing the deposition of the plaintiff, or in the alternative that her deposition be conducted at court before a Special Master or Magistrate Judge. See Plaintiff's Motion for Protective Order dated June 2, 2004.

13. On June 2, 2004, the Court denied plaintiff's Motion to Limit Continued Deposition on June 1, concluding, inter alia, that the

> [Plaintiff's Motion to Limit Continued Deposition on June 1] is DENIED substantially for the reasons set forth in defendant's opposition papers (Dkt. #86). The plaintiff's deposition will continue until it is concluded. **The imposition of any time limitation is inappropriate in the circumstances of this case, as is the instant motion itself.** If conduct such as the filing of this motion persists, at the conclusion of all proceedings in this case, the court will entertain an application for an imposition of attorney's fees against plaintiff's counsel personally pursuant to 28 U.S.C. § 1927.

See Court's Endorsement Order on Plaintiff's Motion to Limit Continued Deposition on June 1 (emphasis added).

14. Plaintiff did not heed Magistrate Judge Smith's stern warning, and despite the Court's clear Order denying the plaintiff's motion seeking to limit the plaintiff's deposition, plaintiff continued to pursue limiting her deposition.

15. Given that plaintiff did not withdraw or modify her Motion for a Protective Order, defendant had to file an Opposition addressing plaintiff's mischaracterization of defendant's conduct at the deposition. Specifically, defendant explained how the plaintiff had made clear from the beginning of the deposition that they were staying only for 2 and one-half hours, provided transcripts to support the plaintiff's surprising lack of memory on a series of events, and documenting the plaintiff and her counsel's walking out of the deposition shortly thereafter. Defendant's Amended Objection to Motion for Protective Order dated June 28, 2004, at 2-5. The Court denied plaintiff's Motion for Protective Order "for the reasons set forth in defendant's opposing papers." See Endorsement Order on September 27, 2004.

16. On June 8, 2004, the defendant filed a Motion for Order and Award of Attorney's Fees and Costs in connection with the conduct of the plaintiff and her counsel when they walked out of the plaintiff's deposition held on June 1, 2004 before it was concluded, and for their conduct thereafter in filing a Motion for a Protective Order related to that same deposition.

17. On September 23, 2004, Magistrate Judge Smith issued an Order granting the defendant's Motion for Attorney's Fees and stated "[a]t the conclusion of all proceedings herein, on application, the court will determine the amount of attorney's fees to be awarded."

18. As directed by the court, SNET submits the instant motion seeking to enforce the grant of its attorney's fees and costs and setting forth the amount of attorney's fees incurred as a result of the plaintiff's conduct.

19. The attorney's fees and costs incurred by the defendant in preparing the Motion for Attorney's Fees were $1,251.44, in preparing the Opposition to the Plaintiff's Motion to Limit the Plaintiff's Continued Deposition were $888.08, in preparing the Opposition to the Plaintiff's Motion for Protective Order were $2,594.36, in conducting the plaintiff's continued

deposition on December 13, 2004 were $1,741.65 and in preparing the instant Motion for Enforcement were $1,861.50. Affidavit of Deborah DeHart Cannavino dated August 27, 2008, at ¶9-10.

20. Accordingly, in accordance with the Court's September 23, 2004 Order granting its Motion for Attorney's Fees and Costs, SNET seeks reimbursement for the attorney's fees and costs incurred as a result of the plaintiff's conduct in the amount of $9,162.67.

WHEREFORE, based on the foregoing, SNET respectfully requests that the Court grant its Motion for Enforcement of Order Granting Defendant's Attorney's Fees and Costs Re: Plaintiff's Conduct During Her Deposition and Thereafter be granted, requiring plaintiff to pay defendants $9,162.67 for its attorney's fees within 10 days.

THE DEFENDANT,

SOUTHERN NEW ENGLAND TELEPHONE COMPANY

By: /s/ Deborah DeHart Cannavino
Deborah DeHart Cannavino (CT08144)
Littler Mendelson, P.C.
One Stamford Plaza
263 Tresser Blvd, 9th Floor
Stamford, CT 06901
Telephone: (203) 564-1405
Facsimile: (203) 564-1723
Dcannavino@littler.com

7.

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2008, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's CM/ECF System.

**Plaintiff's Counsel**
Peter E. Gillespie, Esq.
46 Riverside Avenue
Post Office Box 3416
Westport, Connecticut 06880

/s/ Deborah DeHart Cannavino
Deborah DeHart Cannavino

Firmwide:86411822.1 053999.1009