## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **KIMBERLY BACHIOCCHI,** | : | |
| | : | |
| Plaintiff, | : | Civil Action No.:  02-CV-908 (CFD) |
| | : | |
| v. | : | |
| | : | September 5, 2008 |
| **THE SOUTHERN NEW ENGLAND** | : | |
| **TELEPHONE COMPANY,** | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |

### AFFIDAVIT OF DEBORAH DEHART CANNAVINO IN SUPPORT OF DEFENDANT'S MOTION FOR ENFORCEMENT OF PRIOR ORDERS RE: ATTORNEY'S FEES AND COSTS AND MOTION FOR AN AWARD OF ATTORNEY'S FEES RE: MOTIONS TO COMPEL

I, Deborah DeHart Cannavino, being duly sworn, hereby depose and say:

1.     I am over 18 years of age and believe in the  obligations of an oath.

2.     I have personal knowledge of the facts set forth in this affidavit, and the facts are true and accurate to the best of my knowledge and belief.

3.     I represent the defendant Southern New England Telephone Company in this matter and I submit this Affidavit in Support of Defendant's Motion for Enforcement of Prior Orders Re: Attorney's Fees and Costs and Motion for an Award of Attorney's Fees Re: Motions to Compel.

4.     I am an attorney currently practicing at Littler Mendelson.

5.      Prior to practicing at Littler Mendelson, I practiced at Tyler Cooper & Alcorn while representing the defendant in this matter. During that period, Tyler Cooper & Alcorn prepared monthly invoices to the defendant.  These invoices contain a contemporaneous

itemization of the attorney's fees and costs as well as a description of the services rendered.

6.     I have reviewed the invoices sent by Tyler Cooper & Alcorn to defendant for the period May 27, 2004 through December 13, 2004 to determine the amount of attorney's fees that were associated with the instant motion.

7.     The hourly rates charged in connection with this matter during the above-referenced time period for work performed by Attorney Lori Alexander was $242.00 and for work performed by me was $238.00.

8.     Based upon my review of the invoices, with regard to obtaining the videotape, counsel for SNET spent 14.45 hours trying to obtain the videotape from plaintiff without court intervention, drafting the Motion to Compel a Viewable Copy of the Videotape, studying the plaintiff's Opposition, preparing its Reply, studying the Ruling and following up with plaintiff's counsel and two more video companies to an effort to obtain a copy of the original videotape.

9.     Based upon the invoices, the total attorney's fees incurred in obtaining the videotape were $3,343.99.

10.     With regard to obtaining complete responses to the Second Request for the Production of Documents, counsel for SNET spent 14.45 hours studying plaintiff's response to the discovery, preparing a "meet and confer" letter, drafting the Motion to Compel a Complete Response to the Second Request for Production of Documents, studying the Ruling and following up with plaintiff's counsel and obtaining the discovery sought.[1]

11.     Therefore, the total attorney's fees incurred in obtaining responses to the Second Request for the Production of Documents were $2,722.65.

---

[1]     Given that the plaintiff filed an opposition to both the motion to compel the videotape and the motion to compel the responses to the second set of discovery, and SNET's counsel submitted one Reply to both motions, we have only billed the time to study the Opposition and prepare a Reply and Sur-Reply once and it is set forth in the total for the motion relating to the videotape above.

12.     With regard to obtaining responses to the First Request for the Production of Documents, counsel for SNET spent 11.18 hours studying plaintiff's response to the discovery, preparing a "meet and confer" letter, drafting the Motion to Compel a Complete Response to the First Request for Production of Documents, hours studying the plaintiff's Opposition and preparing its Reply, and hours in studying the court's Ruling and following up with the plaintiff to obtain the discovery and review it.

13.     Therefore, the total attorney's fees incurred in obtaining responses to the First Request for the Production of Documents were $5,507.29.

14.     I spent approximately 15 hours preparing this Affidavit as well as the instant Motion.  Presently, my hourly rate on this matter is $310.25.  Therefore, the attorney's fees incurred in preparing the instant Motion and Affidavit were $4,653,75.

15.     Therefore, the total attorney's fees sought by defendant are $ 16,227.68.

16.     These attorney's fees were reasonable and necessary.  Copies of the entries associated with the amounts described above are available for inspection at the court's request.

17.     The court issued a Ruling granting SNET's Motion to Compel dated February 27, 2004 requiring plaintiff to supplement her responses to Interrogatory No. 9 and 10.  Even after the court Order, I had to follow up with the plaintiff because she had failed to provide the supplemental response to the Interrogatories as directed by the court. A true and complete copy of my May 10, 2004 letter is attached hereto as Exhibit A.

18.     It was not until May 17, 2004 that plaintiff supplemented her responses in accordance with that court Order.

19.     The court issued a Ruling granting SNET's Motion to Compel on September 26, 2004. Pursuant to the court's Order, plaintiff's responses were due by October 12, 2004.

3.

Unfortunately, however, defendant did not receive any responses nor did plaintiff contact the defendant to discuss the production.

20.    Therefore, in early on October, defense counsel called plaintiff's attorney to discuss with him the outstanding discovery.  As he was unavailable, she left him a message concerning plaintiff's need to comply with the court's recent Ruling.

21.    Because plaintiff's counsel did not return the call, defendant wrote plaintiff's attorney a letter outlining the deficiencies in his responses.  A true and complete copy of my October 19, 2004 letter is attached hereto as Exhibit C.

22.    On October 20, 2004, defense counsel discovered that that plaintiff's attorney had sent the Plaintiff's Supplemental Disclosures to its New Haven office, despite the fact that the undersigned resided in the firm's Stamford office.


_____
Deborah DeHart Cannavino


STATE OF CONNECTICUT )
COUNTY OF FAIRFIELD     )          ss:  Stamford, Connecticut


Personally appeared, Deborah DeHart Cannavino, who swore to and subscribed the above affidavit before me, this 5th day of September, 2008.


_____
Notary Public

MICHELLE A. VILLEGAS
NOTARY PUBLIC
MY COMMISSION EXPIRES JUNE 30, 2013

4.

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2008, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's CM/ECF System.

**Plaintiff's Counsel**
Peter E. Gillespie, Esq.
46 Riverside Avenue
Post Office Box 3416
Westport, Connecticut 06880


_____
Deborah DeHart Cannavino


Firmwide:86452956.1 053999.1009

5.

# EXHIBIT A



**Tyler Cooper**
**& Alcorn, LLP**
*Counsellors at Law*

Deborah D. Cannavino
Counsel
203.425.2475
Fax: 203.348.3875
cannavino@tylercooper.com
www.tylercooper.com

Two Landmark Square
Suite 214
Stamford, CT
06901-2501
203.348.5555

New Haven
Hartford
Stamford
Madison

May 10, 2004



<u>Via Facsimile</u>
Peter E. Gillespie, Esq.
46 Riverside Avenue
Westport, Connecticut 06880

Re:    <u>Kimberly Bachiocchi v. Southern New England Telephone Company</u>

Dear Peter:

   Thank you for providing me the executed medical authorization last week in accordance with Magistrate Judge Smith's Order granting Defendant's Motion to Compel a Current Medical Authorization.

   However, in accordance with the Order, please provide us with a supplemental response to Request No. 9, seeking the identity of all doctors who have treated plaintiff from 1982 to the present, and a supplemental response to Interrogatory No. 10, seeking the identity of all institutions, including hospitals, where she has received medical or counseling services from 1982 to the present, as specifically requested in defendant's Motion.

   Very truly yours,

   Deborah DeHart Cannavino

cc:    Lori B. Alexander, Esq.

# EXHIBIT B



**Tyler Cooper & Alcorn, LLP**
*Counsellors at Law*

Deborah D. Cannavino
Counsel
203.425.2475
Fax: 203.348.3875
cannavino@tylercooper.com
www.tylercooper.com

Two Landmark Square
Suite 214
Stamford, CT
06901-2501
203.348.5555

New Haven
Hartford
Stamford
Madison

September 10, 2004

<u>Via Facsimile</u>
Peter E. Gillespie, Esq.
46 Riverside Avenue
Westport, Connecticut 06880

    Re: <u>Kimberly Bachiocchi v. Southern New England Telephone Company</u>

Dear Peter,

   I write to inform you that we have been told by the video company that they are unable to view or copy the original videotape you provided to us. I was told that the tape appeared to be corrupted.

   As you can imagine, we are quite concerned about this development and are considering our options.

    Very truly yours,

    Deborah DeHart Cannavino

cc: Lori B. Alexander, Esq.

# EXHIBIT C



**Tyler Cooper**
**& Alcorn, LLP**
*Counsellors at Law*

Deborah D. Cannavino
Counsel
203.425.2475
Fax: 203.348.3875
cannavino@tylercooper.com
www.tylercooper.com

Two Landmark Square
Suite 214
Stamford, CT
06901-2501
203.348.5555

New Haven
Hartford
Stamford
Madison

October 19, 2004

<u>Via Facsimile</u>
Peter E. Gillespie, Esq.
46 Riverside Avenue
Westport, Connecticut 06880

Re:     <u>Kimberly Bachiocchi v. SNET</u>

Dear Peter,

It is my understanding that Lori Alexander left you a message a few days ago concerning plaintiff's need to comply with the court's recent Rulings on SNET's Motions to Compel. As you have not returned her telephone call, I write to set forth the outstanding discovery.

First, on September 27, 2004, Magistrate Judge Smith issued an Order granting Defendant's Motion to Compel. He ordered plaintiff to provide the following within 15 days of his Order: (1) complete responses to Request Nos. 29, 30, 32 38, 39, 45, 46, 49 and 51 of Defendant's First Request for the Production of Documents, and (2) a sworn signed supplemental discovery response identifying which documents in plaintiff's supplemental production of July 5, 2003 were in response to which specific requests. Plaintiff's responses were due by October 12th. To date, plaintiff has failed to provide any information in response to the Court's Order.

Secondly, plaintiff's responses to Defendant's Supplemental Interrogatories and Requests for Production were due within 30 days, or by October 16th. Once again, to date, plaintiff has failed to respond.

Third, on June 21, 2004, Magistrate Judge Smith issued an Order requiring the plaintiff to provide complete responses to Defendant's Second Request for the Production of Documents dated February 12, 2004. On July 1st, plaintiff provided a Supplemental Production. On September 14th, we sent you a letter outlining certain issues that were not addressed. Again, we have not heard from you.

Very truly yours,

Deborah DeHart Cannavino